**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (*if known*): _____ Chapter __11__

❑ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Zen JV, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   9 9 - 3 8 2 0 2 2 5

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 200 N. LaSalle Street | |
   | Number     Street | Number     Street |
   | #900 | |
   | | P.O. Box |
   | Chicago          IL     60601 | |
   | City          State    ZIP Code | City          State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Cook | |
   | County | Number     Street |
   | | |
   | | City          State    ZIP Code |

5. **Debtor's website** (URL)     N/A

Debtor    <u>Zen JV, LLC</u>
Name

Case number *(if known)* _____

**6. Type of debtor**

- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5   6   1   3

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No
- ☐ Yes. District _____ When _____ Case number _____
                              MM / DD / YYYY
  
  District _____ When _____ Case number _____
                              MM / DD / YYYY

Debtor      Zen JV, LLC_____        Case number (if known)_____
            Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor   See Schedule 1_____   Relationship   See Schedule 1_____

District   Delaware_____   When   06/24/2025____
                                                 MM / DD / YYYY

Case number, if known   _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number       Street

_____

_____       _____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis with all affiliated debtors)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Zen JV, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| **15. Estimated assets** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☒ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/24/2025
           MM  / DD / YYYY

✖ /s/ Jeff Furman
   Signature of authorized representative of debtor

Jeff Furman
Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

✖ /s/ Zachary I. Shapiro
   Signature of attorney for debtor

Date        06/24/2025
        MM  / DD / YYYY

Zachary I. Shapiro
Printed name

Richards, Layton & Finger, P.A.
Firm name

One Rodney Square, 920 North King Street
Number        Street

Wilmington                          DE          19801
City                                State      ZIP Code

(302) 651-7700                      shapiro@rlf.com
Contact phone                       Email address

5103                                Delaware
Bar number                          State

**ACTION BY WRITTEN CONSENT OF**

**THE MAJOR DECISION MEMBERS OF
ZEN JV, LLC**

**THE BOARD OF MANAGERS OF
ZEN JV, LLC**

**THE SOLE MEMBER OF EACH OF
CAMARO ACQUISITION, LLC
CAREERBUILDER, LLC
CAREERBUILDER FRANCE HOLDING, LLC
FASTWEB, LLC
MILITARY ADVANTAGE, LLC
MONSTER GOVERNMENT SOLUTIONS, LLC
MONSTER WORLDWIDE, LLC**

**THE BOARDS OF DIRECTORS OF
CAREERBUILDER GOVERNMENT SOLUTIONS LLC
LUCEO SOLUTIONS, LLC**

June 23, 2025

The undersigned, being the Major Decision Members[1] of Zen JV, LLC, a Delaware limited liability company ("Zen JV"), and all of the members of the boards of managers, boards of directors, and the sole member, as applicable (collectively, excluding the Major Decision Members, the "Members") of Zen JV, FastWeb, LLC, a Delaware limited liability company ("FastWeb"), Monster Government Solutions, LLC, a Delaware limited liability company ("Monster Government Solutions"), CareerBuilder Government Solutions LLC, a Delaware limited liability company ("CareerBuilder Government Solutions"), Luceo Solutions, LLC, a Delaware limited liability company ("Luceo"), Monster Worldwide, LLC, a Delaware limited liability company ("Monster Worldwide"), Military Advantage, LLC, a Delaware limited liability company ("Military Advantage"), Camaro Acquisition, LLC, a Delaware limited liability company ("Camaro Acquisition"), CareerBuilder, LLC, a Delaware limited liability company ("CareerBuilder") and CareerBuilder France Holding, LLC, a Delaware limited liability company ("CareerBuilder France", and collectively with Zen JV, FastWeb, Monster Government Solutions, CareerBuilder Government Solutions, Luceo, Monster Worldwide, Military Advantage, Camaro Acquisition, and CareerBuilder, the "Companies" and each, a "Company"), acting pursuant to applicable law and their respective organizational documents (collectively, the "Organizational Documents"), waiving all notice and in lieu of a meeting, hereby consents to, adopts and approves the following resolutions and each and every action effected thereby with the same force and effect as if they had been adopted at a duly convened meeting:

---

[1] As defined in the Amended and Restated Limited Liability Company Agreement of Zen JV, LLC.

## I.    **CONFIRMATION OF OFFICERS**

**WHEREAS,** each of the applicable Members has determined that it is advisable and in the best interests of the applicable Company to confirm, ratify and/or elect the individuals to the positions stated next to such individual's name listed on Schedule 1 attached hereto for the applicable Company as of the date hereof;

**NOW THEREFORE BE IT RESOLVED,** that the Members hereby, in all respects, accept and confirm the individual and the office, offices, or positions as stated next to such individual's name as listed on Schedule 1 attached hereto for the applicable Companies, such that those individuals set forth on Schedule 1 attached herein shall serve at the direction of the applicable Member until such time as such individual's successor shall be duly appointed and duly qualified or until such individual's earlier death, resignation or removal; and

**RESOLVED FURTHER,** that any and all actions taken or agreements, documents and instruments executed on behalf of the applicable Company by the applicable individual listed on Schedule 1 attached hereto prior to the date hereof to effectuate the actions and decisions of the applicable Company are hereby approved, adopted, ratified and confirmed in all respects.

## II.    **COMMENCEMENT OF CHAPTER 11 CASES**

**WHEREAS,** the Board of Managers of Zen JV (the "Zen Board") previously determined it was advisable and in the best interests of Zen JV and its stakeholders for the Strategic Review Committee of the Board (the "Strategic Review Committee") to review, consider, and, if appropriate, recommend to the Board potential sale, divestiture, transfer, liquidation, repayment, amendment, forbearance, waiver, refinancing, restructuring, or other transactions related to the Companies' assets and funded debt obligations (the "Strategic Transactions"); and

**WHEREAS,** in connection with the Strategic Review Committee's review of Strategic Transactions, the Strategic Review Committee has recommended, and the Members have determined in good faith, that it is desirable and in the best interests of the Companies, their creditors, and other stakeholders generally that they seek relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in furtherance of the Companies ceasing regular business activities and focusing on winding down the business and liquidating the Companies' assets through court approved sales, while preserving as many jobs as possible for employees who may transition to the purchasers as part of the liquidation.

**NOW THEREFORE, BE IT RESOLVED**, that in the judgment of the Members, after consultation with management and the Companies' financial and legal advisors, it is desirable and in the best interests of the Companies, their creditors, and other stakeholders generally, that the Companies seek relief under the provisions of the Bankruptcy Code;

**RESOLVED FURTHER**, that each Company is hereby authorized, and any officer of such Company (each, an "Authorized Officer") shall be, and hereby is, authorized and empowered on behalf and in the name of such Company, to commence a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case" and, together with the chapter 11 cases of the other Companies, the "Chapter 11 Cases") by executing, verifying, and delivering a voluntary petition

in the name of such Company under chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in such form and at such time as the Authorized Officer executing said petition shall determine;

**RESOLVED FURTHER**, that each Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of such Company, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on its behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, all plans, petitions, affidavits, declarations, statements, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers, including all credit documents, and to take and perform any and all actions that such Authorized Officer deems necessary or appropriate in connection with the Chapter 11 Case, including, without limitation, (i) the payment of fees, costs, expenses, and taxes such Authorized Officer deems necessary or appropriate and (ii) negotiating, executing, delivering, performing, filing, and recording any and all additional documents, schedules, statements, lists, papers, agreements, certificates, notices, and instruments (or any amendments, supplements, or modifications thereto) in connection with, or in furtherance of, the prosecution of the Chapter 11 Case of such Company which provides for such Company's successful liquidation (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and

**RESOLVED FURTHER,** that the Major Decision Members consent to the transactions contemplated by the foregoing resolutions in this Section II.

## III.    STALKING HORSE AGREEMENTS & BID PROCEDURES

**WHEREAS,** there has been presented to the applicable Members of Zen JV, Monster Worldwide, Camaro Acquisition, CareerBuilder, CareerBuilder France, CareerBuilder Government Solutions and Luceo that certain Stalking Horse Agreement, by and among Zen JV, Monster Worldwide, Camaro Acquisition, CareerBuilder, CareerBuilder France, CareerBuilder Government Solutions, Luceo, CBM Acquisition, LLC and JobGet Inc., on terms and conditions substantially similar to those attached hereto as Exhibit A (the "Core Stalking Horse Agreement");

**WHEREAS,** there has been presented to the Members of Zen JV and Monster Government Solutions that certain Stalking Horse Agreement, by and among Zen JV, Monster Government Solutions, and Valsoft Corporation, Inc., on terms and conditions substantially similar to those attached hereto as Exhibit B (the "MGS Stalking Horse Agreement");

**WHEREAS,** there has been presented to the Members of Zen JV, Military Advantage and FastWeb, that certain Stalking Horse Agreement, by and among Zen JV, Military Advantage, FastWeb and Valnet US Inc., on terms and conditions substantially similar to those attached hereto as Exhibit C (the "MMP Stalking Horse Agreement", and together with the Core Stalking Horse Agreement and the MGS Stalking Horse Agreement, the "Stalking Horse Agreements"); and

**WHEREAS**, the Strategic Review Committee has recommended, and the Members have determined, that it is fair to, advisable and in the best interests of each applicable Company, its

3

creditors, and other stakeholders generally that, in connection with the Chapter 11 Cases to (i) enter into, execute and deliver the Stalking Horse Agreements and any other documents, agreements, certificates, instruments, and documents attached thereto, referred to therein, contemplated to be delivered by such Company in connection therewith or otherwise ancillary to or reasonably necessary in connection therewith or with the transactions contemplated thereby, including, any exhibits, schedules, appendices and annexes to such document, agreements, certificates and instruments (collectively, with the Stalking Horse Agreements, the "Transaction Documents"), to perform its relevant obligations under the Stalking Horse Agreements and each other Transaction Document and to consummate each of the transactions contemplated thereby and (ii) approve bidding procedures that provide the Companies with the opportunity to maximize value of the sale of assets and ensure the successful liquidation of the Companies' assets (together with any exhibits and other attachments annexed thereto, the "Bidding Procedures") on terms and conditions substantially similar to those set forth in the form of Bidding Procedures previously provided to the Board (with such changes as may be approved pursuant to the delegation set forth herein), in each case in furtherance of the Companies no longer operating as a going concern but winding down and subject to approval by the Bankruptcy Court.

**NOW THEREFORE, BE IT RESOLVED**, that subject to any approval of the Bankruptcy Court, as required in the Chapter 11 Cases, that the Members or any authorized agents of each Company, or other person acting at the direction of any of the foregoing be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of each Company, as applicable, to enter into, execute and deliver the Stalking Horse Agreements and each of the other Transaction Documents, in each case, with such additions thereto, changes therein or deletions therefrom, as such person executing the same on behalf of each Company, may deem necessary, appropriate, advisable or desirable, the execution thereof to be conclusive evidence of any such determination;

**RESOLVED FURTHER,** that the performance by each Company of its obligations and the consummation of each of the transactions contemplated by the Stalking Horse Agreements and each of the other Transaction Documents to which it is party are hereby in all respects authorized, confirmed, ratified and approved;

**RESOLVED FURTHER**, that the Members hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Bidding Procedures and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by each Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith;

**RESOLVED FURTHER,** that each Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to continue the marketing for sale of each Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets pursuant to section 363 of the Bankruptcy Code or otherwise;

**RESOLVED FURTHER**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify,

file, and/or record, and perform the obligations arising under, the Bidding Procedures together with such other documents, agreements, instruments, notices, and certificates as may be required by the Bidding Procedures;

**RESOLVED FURTHER**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Bidding Procedures and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and

**RESOLVED FURTHER,** that the Major Decision Members consent to the transactions contemplated by the foregoing resolutions in this Section III.

## IV.   DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, there has been presented to the Members of the Companies that certain DIP term sheet by and among the Companies and BlueTorch Capital, on terms and conditions substantially similar to those attached hereto as Exhibit D (the "DIP Term Sheet");

**WHEREAS**, the Strategic Review Committee has recommended, and the Members have determined, that it is fair to, advisable and in the best interests of each applicable Company, its creditors, and other stakeholders generally that, in connection with the Chapter 11 Cases and the Companies' cessation of operations other than those in furtherance of liquidation pursuant to sales to enter into, execute and deliver the DIP Term Sheet, a definitive credit agreement reflecting terms and conditions substantially similar to those in the DIP Term Sheet (the "DIP Credit Agreement") and any other documents, agreements, certificates, instruments, and documents attached thereto, referred to therein, contemplated to be delivered by such Company in connection therewith or otherwise ancillary to or reasonably necessary in connection therewith or with the transactions contemplated thereby, including, any exhibits, schedules, appendices and annexes to such document, agreements, certificates and instruments (collectively, with the DIP Term Sheet and DIP Credit Agreement, the "DIP Documents"), to perform its relevant obligations under the DIP Term Sheet, the DIP Credit Agreement and each other DIP Document and to consummate each of the transactions contemplated thereby, subject to approval by the Bankruptcy Court (the "DIP Financing").

**NOW THEREFORE, BE IT RESOLVED**, that subject to any approval of the Bankruptcy Court, as required in the Chapter 11 Cases, that the Members or any authorized agents of each Company, or other person acting at the direction of any of the foregoing be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of each Company, as applicable, to enter into, execute and deliver the DIP Term Sheet, the DIP Credit Agreement and each of the other DIP Documents, in each case, with such additions thereto, changes therein or deletions therefrom, as such person executing the same on behalf of each Company, may deem necessary, appropriate, advisable or desirable, the execution thereof to be conclusive evidence of any such determination;

**RESOLVED FURTHER,** that the performance by each Company of its obligations and the consummation of each of the transactions contemplated by the DIP Term Sheet, the DIP Credit Agreement and each of the other DIP Documents, including, without limitation, the granting of liens and security interests on any and all assets of the Company to secure the DIP Financing, or to be taken in connection therewith are hereby in all respects authorized, confirmed, ratified and approved; and

**RESOLVED FURTHER**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and record, and perform the obligations arising under, the DIP Term Sheet, the DIP Credit Agreement and any other DIP Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Document, in accordance with the terms thereof;

**RESOLVED FURTHER**, that any Authorized Officer of the Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Term Sheet, the DIP Credit Agreement and any other DIP Document and any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and

**RESOLVED FURTHER**, that the Major Decision Members consent to the transactions contemplated by the foregoing resolutions in this Section IV.

## V.   **RETENTION OF ADVISORS**

**WHEREAS**, the Companies require the assistance of counsel and other professionals to assist in the prosecution of the Chapter 11 Cases and the liquidation of the Companies.

**NOW THEREFORE, BE IT RESOLVED**, that each Company is hereby authorized, and each relevant Authorized Officer shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of such Company, to employ and retain (i) Latham & Watkins LLP to act as bankruptcy counsel for such Company, (ii) Richards, Layton & Finger, P.A. to act as bankruptcy counsel for such Company, (iii) AlixPartners, LLP to act as financial advisor for such Company, (iv) PJT Partners LP to act as investment banker for such Company, and (v) Omni Agent Solutions to act as claims, noticing, and solicitation agent for such Company, in each case, in connection with the Chapter 11 Cases (such parties in (i) through (v), the "Professionals");

**RESOLVED FURTHER**, that each Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of such Company, to employ and retain such further legal, restructuring, financial, accounting, and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist such Company and its subsidiaries in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful liquidation; and

**RESOLVED FURTHER**, that each Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, empowered and directed, with full power of delegation, on behalf of and in the name of such Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement, or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings, and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Officer shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

## VI.    GENERAL AUTHORIZATION

**NOW THEREFORE, BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Cases or any proceedings or matters related thereto (including, without limitation, the transactions contemplated in the Stalking Horse Agreements and the general liquidation of the Companies' assets), be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the relevant Companies;

**RESOLVED FURTHER**, that any document heretofore executed and any action heretofore taken by any manager, director, or any officer of each Company in furtherance of any or all of the preceding resolutions be, and each of them hereby is, ratified, confirmed, and approved for all purposes and in all respects;

**RESOLVED FURTHER**, that the Board hereby approves of the transactions discussed herein and all related documents, instruments and agreements relating to such transactions on behalf of each Company and hereby authorizes each Company to approve the transactions, and hereby authorizes each Company to enter into and perform its obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby; and

**RESOLVED FURTHER**, that the officers of each Company be, and each of them is, hereby, authorized, empowered, and directed to prepare, execute, deliver, acknowledge, attest, file, and record (or cause to be prepared, executed, delivered, acknowledged, attested, filed, and recorded) such agreements, instruments, applications, statements, certificates, and other documents (together with any amendments or other modifications thereto as any such officer shall deem necessary or advisable), to seek such authorizations and approvals, and to take (or cause to be taken) such other actions as such proper officers or any of them shall deem necessary, appropriate, or advisable in order to carry out the purpose of each of the foregoing resolutions and the intent thereof, including all things incidental thereto, and that the execution, delivery, acknowledgement, attestation, filing, and/or recording of any agreement, instrument, application, statement, certificate, or other document, or the taking of any such action, by such officers shall be conclusive evidence of the due authorization thereof by each Company.

* * * * * * * *

**IN WITNESS WHEREOF**, the undersigned have executed this unanimous written consent in one or more counterparts, each of which shall be deemed to be one and the same instrument, as of the date first set forth above.

**MAJOR DECISION MEMBERS
OF ZEN JV, LLC**

**Camaro Holdings, LLC**

DocuSigned by:

*Sheri Davis*

6C2112587DF14BA...

Name: Sheri Davis

Title: General Counsel

**Randstad MWW Inc. (solely in its capacity as Major Decision Member of Zen JV and not in any other capacity, including as lender, and not on behalf of any of its affiliates)**

_____

Name: Jay Ferguson

Title: Chief Legal Officer

**IN WITNESS WHEREOF**, the undersigned have executed this unanimous written consent in one or more counterparts, each of which shall be deemed to be one and the same instrument, as of the date first set forth above.

**MAJOR DECISION MEMBERS
OF ZEN JV, LLC**

**Camaro Holdings, LLC**

_____

Name: Sheri Davis

Title: General Counsel

**Randstad MWW Inc. (solely in its capacity as Major Decision Member of Zen JV and not in any other capacity, including as lender, and not on behalf of any of its affiliates)**

Signed by:

*Jay Ferguson*

A368F067B2BA4A8...

Name: Jay Ferguson

Title: Chief Legal Officer

**BOARD OF MANAGERS OF ZEN JV, LLC**

Signed by:

*Maxwell David*

—4D634C0A63634B1…

_____
Maxwell David

_____
Jarnail Badwal

Signed by:

*Sam Gallagher*

—942307ECF2F5445…

_____
Sam Gallagher

_____
Rebecca Henderson

_____
Stef Leijdekkers

_____
Fiona van Lede

_____
Daniel Silvers

_____
Kenneth Shea

_____
Anna Phillips

**BOARD OF MANAGERS OF ZEN JV, LLC**

_____
Maxwell David

_____
Jarnail Badwal

_____
Sam Gallagher

_____
Rebecca Henderson

_____
Stef Leidekkers

_____
Fiona van Lede

_____
Daniel Silvers

_____
Kenneth Shea

_____
Anna Phillips

**BOARD OF MANAGERS OF ZEN JV, LLC**

_____

Maxwell David

_____

Jarnail Badwal

_____

Sam Gallagher

_____
_Rebecca Henderson_
DocuSigned by:
5069EF52C79946E...

Rebecca Henderson

_____
Ondertekend door:
522CD86C8C2C411...

Stef Leijdekkers

_____
Signed by:
04BF65B249884B5...

Fiona van Lede

_____

Daniel Silvers

_____

Kenneth Shea

_____

Anna Phillips

**BOARD OF MANAGERS OF ZEN JV, LLC**

_____

Maxwell David

_____

Jarnail Badwal

_____

Sam Gallagher

_____

Rebecca Henderson

_____

Stef Leijdekkers

_____

Fiona van Lede

_____

Daniel Silvers

_____

Kenneth Shea

_____

Anna Phillips

[*Signature Page to Omnibus Consent*]

**BOARD OF MANAGERS OF ZEN JV, LLC**

_____

Maxwell David

_____

Jarnail Badwal

_____

Sam Gallagher

_____

Rebecca Henderson

_____

Stef Leijdekkers

_____

Fiona van Lede

_____

Daniel Silvers

Signed by:

**Kenneth Shea**

7963942D05A347F...

Kenneth Shea

DocuSigned by:

_Anna Phillips_

F00E0ED6DCC644C...

Anna Phillips

[_Signature Page to Omnibus Consent_]

**SOLE MEMBER OF CAREERBUILDER, LLC:**

**Camaro Acquisition, LLC**

By: _____

Name: Jeffrey Furman

Title:  Authorized Signatory

**SOLE MEMBER OF CAREERBUILDER FRANCE HOLDING, LLC:**

**CareerBuilder, LLC**

By: _____
Name: Jeffrey Furman
Title:  Authorized Signatory

**SOLE MEMBER OF EACH OF:**

**MONSTER GOVERNMENT SOLUTIONS, LLC**
**MILITARY ADVANTAGE, LLC**
**MONSTER WORLDWIDE, LLC**
**CAMARO ACQUISITION, LLC**

**Zen JV, LLC**

By: _____
Name: Jeffrey Furman
Title:  Authorized Signatory

**SOLE MEMBER OF FASTWEB, LLC:**

**Military Advantage, LLC**

By: _____

Name: Jeffrey Furman

Title:  Authorized Signatory

**BOARD OF DIRECTORS OF LUCEO SOLUTIONS, LLC**

DocuSigned by:

40507B9CC1084CC...

Jeffrey Furman

*Being all of the members of the Board of Directors of Luceo Solutions, LLC*

[*Signature Page to Omnibus Consent*]

**BOARD OF DIRECTORS OF
CAREERBUILDER GOVERNMENT
SOLUTIONS LLC**



Jeffrey Furman

*Being all of the members of the Board of Directors
of CareerBuilder Government Solutions LLC*

*Omnibus Consent Exhibits Intentionally Omitted*

**Fill in this information to identify the case:**

Debtor Name: <u>Zen JV, LLC et. al.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (If known): _____

❑ Check if this is an amended filing

Official Form 204

Chapter 11 or Chapter 9 Cases: List of Creditors the 30 Who Have
Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor
disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by
secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | JOBVERSE INC. 1913 Championship Franklin, TN 37064 United States | Kevin McCarthy (p) 312-469-0020 (e) kevin@oneredcent.com | Marketing | | $0 | $0 | $2,731,559 |
| 2 | TEXTKERNEL BV Asterweg 15D Amsterdam,  1031 HL Netherlands | Joost Verschoor (p) +31-0204942496 (e) verschoor@textkernel.nl | Professional Services | | $0 | $0 | $2,203,181 |
| 3 | GOOGLE LLC 1600 Amphitheatre Pkwy Mountain View, CA 94043 United States | Ty Suwalski (p) 650-253-0000 (e) tysuwalski@google.com; collections@google.com | Marketing | | $0 | $0 | $1,938,081 |
| 4 | TALROO INC 6433 Champion Grandview Way Bldg 2, Suite 100 Austin, TX 78750 United States | Allison Yager (p) 512-364-0271; 512-717-0630 (e) ayager@talroo.com | Marketing | | $0 | $0 | $1,675,849 |
| 5 | JOBGET INC 50 MILK St 16th Flr Boston, MA 02109 United States | Rachel Essenfeld (p) 916-866-8002 (e) rachel@jobget.com | Marketing | | $0 | $0 | $1,479,348 |
| 6 | AHEAD INC 444 W Lake St, Suite 3000 Chicago, IL 60606 United States | Chris Dagg, Jordan Price (p) 508-414-8993 (e) chris.dagg@ahead.com; jordan.price@ahead.com | IT | | $0 | $0 | $1,179,989 |
| 7 | VERINEXT CORP 510 Township Line Road, Suite 120 Blue Bell, PA 19422 United States | Brian Hull (p) 678-990-1593 (e) brian.hull@verinext.com | IT | | $0 | $0 | $1,156,379 |
| 8 | RACKSPACE US INC 1 Fanatical Place San Antonio, TX 78218 United States | Irene Ali (p) 210-312-4000 (e) irene.ali@rackspace.com | IT | | $0 | $0 | $1,073,765 |
| 9 | APPCAST INC 10 Water St Ste 150, Lebanon, NH 03766-1657 United States | Tod Dillon (p) 603-678-1620 (e) tod.dillon@appcast.io | Marketing | | $0 | $0 | $899,174 |
| 10 | AKIN GUMP STRAUSS HAUER & FELD One Bryant Park, Bank of America Tower New York, NY 10036 United States | Eli Miller (p) 212-872-7493 (e) emiller@akingump.com | Professional Services | | $0 | $0 | $718,785 |
| 11 | JOBCASE INC 201 Broadway St, 7th Floor Cambridge, MA 02139 United States | Samuel Torff (p) 713-304-7505 (e) storff@jobcase.com | Marketing | | $0 | $0 | $701,355 |
| 12 | BRAZEN TECHNOLOGIES INC 3033 Wilson Boulevard, Suite 470 Arlington, VA 22201 United States | Ashley O'Connor (p) 202-525-7924 (e) ashley@brazen.com | IT | | $0 | $0 | $510,200 |
| 13 | VEDDER PRICE PC 222 North LaSalle Street, Suite 2600 Chicago, IL 60601 United States | Juan A. Cruz (p) 312-609-5053 (e) jcruz@vedderprice.com | Professional Services | | $0 | $0 | $469,434 |
| 14 | RECRUITICS INC 230 East Ave, Suite 101 Norwalk, CT 06855 United States | Kayla Sorice (p) 877-410-8004 (e) billing@recruitics.com; info@recruitics.com | Marketing | | $0 | $0 | $438,633 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>United States | Matt Stevens<br>(p) 312-558-6116<br>(e) mstevens@winston.com | Professional Services | | $0 | $0 | $421,062 |
| 16  NEXXT INC<br>676 E Swedesford Rd<br>Wayne, PA 19087<br>United States | David Brensilber<br>(p) 516-669-0016<br>(e) davidb@beyond.com | Marketing | | $0 | $0 | $407,211 |
| 17  ORACLE AMERICA INC<br>500 Oracle Parkway<br>Redwood Shores, CA 94065<br>United States | Chad Ogiba, Delphine Oursaire<br>(p) 508.317.9236<br>(e) chad.ogiba@oracle.com;<br>delphine.oursaire@oracle.com | IT | | $0 | $0 | $380,281 |
| 18  IKOKAS TECHNOLOGIES PRIVATE LTD<br>1917/19 Govindpuri Extension<br>Kalkaji, New Delhi 110019<br>India | Parvinder Singh<br>(p) 987-309-7024<br>(e) parvinder@ikokas.com | IT | | $0 | $0 | $378,254 |
| 19  SECUREIT CONSULTING GROUP INC<br>12110 Sunset Hills Rd, #600<br>Reston, VA 20190<br>United States | Keli Colon; David Trout<br>(p) 703-774-6292; 703-981-0145<br>(e) kcolon@secureit.com; dtrout@secureit.com | IT | | $0 | $0 | $376,841 |
| 20  SALESFORCE.COM INC<br>Salesforce Tower, 415 Mission Street, 3rd floor<br>San Francisco, CA 94105<br>United States | Randi Farage<br>(p) 901-264-2424<br>(e) rfarage@salesforce.com | IT | | $0 | $0 | $372,602 |
| 21  EVERLONG MEDIA LLC<br>4025 Spencer St. #103<br>Torrance, CA 90503<br>United States | Chad Grohman; Amy Adams<br>(p) 310-214-9509<br>(e) chad@everlongmedia.com;<br>amy@everlongmedia.com | Marketing | | $0 | $0 | $314,720 |
| 22  AMPLITUDE INC<br>201 3rd St, Suite 200<br>San Francisco, CA 94103<br>United States | Ken Barrette<br>(p) 510-473-5668<br>(e) ken.barrette@amplitude.com | IT | | $0 | $0 | $286,875 |
| 23  PWC US TAX LLP<br>4040 W. Boy Scout Blvd.<br>Tampa, FL 33607<br>United States | Robert Jensen<br>(p) 312-286-3266<br>(e) robert.a.jensen@pwc.com | Professional Services | | $0 | $0 | $273,000 |
| 24  MICROSOFT ONLINE INC<br>6880 Sierra Center Pkwy<br>Reno, NV 89511<br>United States | Ben Orndorff<br>(p) 775-823-5600<br>(e) naonlineadv@microsoft.com;<br>atlascol@microsoft.com | Marketing | | $0 | $0 | $257,111 |
| 25  JOVEO INC<br>101 Jefferson Drive, 1st Floor<br>Menlo Park, CA 94025<br>United States | Nirala Arun<br>(p) 647-531-3399; 408-896-9030<br>(e) nirala@joveo.com; accounting@joveo.com | Marketing | | $0 | $0 | $254,317 |
| 26  AIMWEL B.V.<br>Capellalaan 65<br>Hoofddorp,  2132 JL<br>Netherlands | Dennis Van Allemeersch<br>(p) +31-610005942<br>(e) dennis.van.allemeersch@persgroep.net | Marketing | | $0 | $0 | $252,349 |
| 27  CAMELOT COMMUNICATIONS LTD<br>2845 West 7th St<br>Fort Worth, TX 76107<br>United States | Jennifer Hooper<br>(p) 214-373-6999<br>(e) jennifer.hooper@pmg.com | Marketing | | $0 | $0 | $250,767 |
| 28  ADWORKS LTD<br>Ha-Yetzira 31<br>Ramat Gan,  5252173<br>Israel | Dan Gorlitsky<br>(p) +972-502135856<br>(e) dan@botson.ai | Marketing | | $0 | $0 | $245,781 |
| 29  ACOUSTIC LP<br>1125 Oak Street, Suite 201<br>Conway, AR 72032<br>United States | Kelly Gesselman<br>(p) 949-285-8536<br>(e) kelly.gesselman@acoustic.com | Marketing | | $0 | $0 | $232,098 |
| 30  EQUINIX INC<br>1 Lagoon Drive, 4th floor<br>Redwood City, CA 94065<br>United States | David Howes; Brian Decker<br>(p) 978-771-1223; 650-513-7000<br>(e) dhowes@equinix.com;<br>bdecker@equinix.com | IT | | $0 | $0 | $187,686 |

## Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Zen JV, LLC.

| Company |
| :---: |
| Zen JV, LLC |
| Monster Worldwide LLC |
| FastWeb, LLC |
| Monster Government Solutions, LLC |
| Camaro Acquisition, LLC |
| CareerBuilder, LLC |
| CareerBuilder Government Solutions LLC |
| Luceo Solutions, LLC |
| CareerBuilder France Holding, LLC |
| Military Advantage, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                          :
In re:                                    :    Chapter 11
                                          :
ZEN JV, LLC,                              :    Case No. 25-_____ (___)
                                          :
              Debtor.                     :
                                          :
-------------------------------------------------------- x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
<u>PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1</u>**

The above-captioned debtor and its debtor affiliates (collectively, the "**<u>Debtors</u>**") respectfully represent as follows pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure:

1.      Non-Debtor Camaro Holdings, LLC owns 51% of the Class A Common Units and 35.65% of the Class B Common Units in Debtor Zen JV, LLC ("**Zen**").  Non-Debtor Randstad MWW Inc. owns 49% of the Class A Common Units and 49% of the Class B Common Units in Zen.  Non-Debtor 2584172 Ontario Inc. owns 15.35% of the Class B Common Units in Zen.

2.      Zen owns 100% of the membership interests in the following Debtors:

- Monster Worldwide LLC;

- Military Advantage, LLC ("**<u>Military</u>**");

- Monster Government Solutions, LLC; and

- Camaro Acquisition, LLC ("**<u>Camaro</u>**").

3.      Military owns 100% of the membership interests in Debtor FastWeb, LLC.

4.      Camaro owns 100% of the membership interests in Debtor CareerBuilder, LLC ("**<u>CareerBuilder</u>**").

5.      CareerBuilder owns 100% of the membership interests in the following Debtors:

- CareerBuilder France Holding, LLC;

- CareerBuilder Government Solutions LLC; and

- Luceo Solutions, LLC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                           :
In re:                                     :    Chapter 11
                                           :
ZEN JV, LLC,                               :    Case No. 25-_____ (___)
                                           :
            Debtor.                        :
                                           :
------------------------------------------------------- x
```

## LIST OF EQUITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following

identifies all of the equity security holder(s) of the above-captioned debtor, the type of interest

held by such holder(s) and the amount or percentage of such interest held by such holder(s).

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage and/or Number of Interests Held |
|---|---|---|
| Camaro Holdings, LLC 200 N. LaSalle Street, #900 Chicago, IL 60601 | Class A Common Units | 236,891.05 (51% of Class A) |
| | Class B Common Units | 165,609.64 (35.65% of Class B) |
| Randstad MWW Inc. Diemermere 25, NL-1112 TC Diemen, Netherlands | Class A Common Units | 227,601.21 (49% of Class A) |
| | Class B Common Units | 227,601.21 (49% of Class B) |
| 2584172 Ontario Inc. 3 McAlpine Street, Suite 504 Toronto, Ontario M5R 3R5 | Class A Common Units | 0 (0% of Class A) |
| | Class B Common Units | 71,281.42 (15.35% of Class B) |

**Fill in this information to identify the case and this filing:**

Debtor Name    Zen JV, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number *(if known)*: _____

<u>Official Form 202</u>
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    *Amended Schedule* ___

☒    *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒    Other document that requires a declaration   Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/24/2025     **X**    */s/ Jeff Furman*
          MM/DD/YYYY           Signature of individual on behalf of debtor

                                      Jeff Furman
                                      Printed name

                                      Chief Executive Officer
                                      Position or relationship to debtor