# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ZEN JV, LLC, *et al.*,[1] | ) Case No. 25-11195 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related to Docket Nos. 82 and 123** |

## EQUINIX, INC.'S OBJECTION TO CURE NOTICES

Equinix, Inc., on behalf of itself and its affiliates ("Equinix")[2] hereby objects (the "Objection") to the above-captioned debtors' (the "Debtors") notice of potential assumption [D.I. 82] (the "Original Cure Notice") and supplemental notice of potential assumption [D.I. 123] (the "Supplemental Notice" and, together with the Original Cure Notice, the "Cure Notices"). In support of this Objection, Equinix states as follows:

## PRELIMINARY STATEMENT

1. Equinix disputes the cure amounts in the Cure Notices. Equinix is owed at least $150,685.08 for the prepetition period, plus any amounts owed at the time of assumption, including reasonable attorneys' fees.

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] The Cure Notices list Equinix, Inc. and Monster Worldwide, LLC, CareerBuilder, LLC, and QuickHire LLC as a counterparties. The Debtors' listed counterparties may be incomplete, and the corporate names may be inaccurate. For the avoidance of doubt, this Objection is made on behalf of all Equinix affiliates that are counterparties with the Debtors or the Debtors' affiliates, regardless of whether such Equinix affiliates are correctly specified in the Debtors' Cure Notices.

55848743.5 07/14/2025

2.      Further, the Cure Notices do not accurately reflect the contracts. The Original Cure Notice vaguely describes Equinix's contract with Debtor Monster Worldwide, LLC as a "Tech contract." The Original Cure Notice does not identify Equinix's contract with Debtor CareerBuilder, LLC. Equinix's contracts with Debtor Monster Worldwide, LLC and Debtor CareerBuilder, LLC are MSAs (as defined below), under which Equinix issues orders. If the Debtors intend to seek to assume and assign the MSAs, the Cure Notices should be clarified.

3.      The Supplemental Cure Notice (as defined below) lists a contract between Equinix and QuickHire LLC and Monster Worldwide, LLC. QuickHire LLC is not a debtor in these cases. Equinix respectfully submits that this Court cannot approve the assumption and assignment of contracts of non-debtors.

4.      Equinix respectfully requests that this Court sustain this Objection, and condition assumption and assignment of any contract consistent with this Objection.

## BACKGROUND

**A.      Data Centers, Generally, and Equinix's MSA.**

5.      A data center is any facility that houses centralized computer and telecommunications systems. A data center can be as small as a server closet, or as large as a millions-of-square-feet standalone building. When an organization requires a data center, it may not necessarily build and operate that data center on its own. Instead, an organization can turn to vendors to provide those services.

6.      Equinix is the world's largest data center and colocation provider. Equinix connects the world's leading businesses to their customers, employees, and partners inside the world's most connected data centers, spread across twenty-four countries on five continents. As a colocation provider, Equinix supplies cooling, power, internet bandwidth, and physical security to many

customers in a particular data center, while Equinix's various customers provide their own servers and other computing hardware installed in that facility.

7. Typically, Equinix's relationship with its customer is governed by a master services agreement, a master country agreement, global terms and conditions, or similar governing agreement (a "MSA"), under which Equinix and the customer enter into individual orders. Among other details, the orders typically specify any services to be provided by Equinix, the specific Equinix data center(s) involved, the type of equipment the customer is entitled to install, the specific Equinix product description, and a specific allocation of the amount of electricity and cooling to which the customer is entitled.

**B.    The Debtors' Operations in Equinix's Data Centers.**

8. The Debtors own or lease their hardware and servers, and license space in Equinix's data centers, as is typical for most of Equinix's customers. Specifically, through a MSA (or MSAs) and orders, the Debtors are granted a license to install their owned or leased servers within Equinix's data centers. As is typical, the Debtors' license is limited to specified cabinets, cages, or subdivisions of cabinets or cages. The applicable contract documents generally limit assignment, delegation, and transfer of all or any part of the licensed space.

**C.    The Debtors' Cure Notices and the Amount Owed to Equinix.**

9. The Debtors' Original Cure Notice lists one asserted contract described as "Tech contract" between Equinix, Inc. and Debtor Monster Worldwide, LLC. However, Equinix is a contract counterparty to two agreements with the Debtors: a MSA with Debtor Monster Worldwide, LLC and a MSA with Debtor CareerBuilder, LLC.

10. The Debtors' Original Cure Notice asserts that the amount necessary to cure the default under the referenced contract is $113,684. If the Debtors are seeking to assume and assign

3

the contracts relating to the Equinix data centers used by Monster Worldwide, Inc. and CareerBuilder, LLC, the cure amount is wrong. The total prepetition liquidated amount owed by those Debtors is $150,685.08, as summarized below:

| Debtor | Customer Number | Amount Owed |
|---|---|---|
| Monster Worldwide, Inc. | 3456 | $113,683.86 |
| CareerBuilder, LLC | 4082 | $37,001.22 |
| Total: | | $150,685.08 |

11.  On July 11, 2025, a business day before the objection deadline, the Debtors filed the Supplemental Notice lists a "Master Service Agreement; purchase orders" between Equinix Operating Co., Inc. and QuickHire LLC and Monster Worldwide, LLC with a cure amount of $0.00. Because this Supplemental Notice was filed a business day before the objection deadline, Equinix has not yet had a chance to fully form its position as to the purported assumption and assignment or the asserted cure amount in the Supplemental Notice.

## **OBJECTION**

12.  In order to assume an executory contract or unexpired lease, section 365(b) of the of title 11 of the United States Code (the "Bankruptcy Code") requires a debtor to cure any defaults. 11 U.S.C. § 365(b)(1)(A). Furthermore, section 365(b)(1)(B) requires a debtor, at the time of assumption, to compensate the counterparty for any actual pecuniary loss resulting from a default. 11 U.S.C. § 365(b)(1)(B).

13.  Equinix disputes the Debtors' asserted cure amount. It is unclear as to which contract the Debtors are assuming and assigning, and which contracts the asserted cure amount ties to. A total of $150,685.08 is owed prepetition by Monster Worldwide, LLC and CareerBuilder, LLC so, at the very least, this appears to be the true amount necessary to cure all

prepetition defaults. In addition to curing the current liquidated prepetition amount owed, the Debtors must also cure any defaults existing at the time of assumption.

14. Nor do the Cure Notices put Equinix on notice as to which contracts are to be assumed and assigned. Equinix's contractual relationships with Debtor Monster Worldwide, LLC and Debtor CareerBuilder, LLC are each governed by a MSA and any individually entered orders related to each respective MSA.

15. Furthermore, in connection with the Debtors' obligation to cure all defaults, the Debtors are obligated to pay Equinix its reasonable attorneys' fees in connection with assumption and assignment, which Equinix currently estimates at $10,000. See 11 U.S.C. § 365(b)(1)(B); see also, e.g., In re Crown Books Corp., 269 B.R. 12, 15 (Bankr. D. Del. 2001) (holding that a debtor's obligation to cure includes attorney's fees to the extent provided under a contract).

16. Given that the Supplemental Notice was filed on July 11, 2025 with an objection deadline of July 14, 2025, Equinix's has not had sufficient time to fully analyze the listed agreement. However, it appears that QuickHire LLC is not one of the Debtors in the case. Section 365 of the Bankruptcy Code allows a debtor to assume and assign, not nondebtors.

17. Finally, assumption and assignment of Equinix's contracts should be subject to all of Equinix's indemnification rights, including rights that are unknown and unknowable at this time. Pursuant to Equinix's right of adequate assurance of future performance, any purchaser, as assignee of Equinix's executory contracts, must be responsible for all indemnification obligations or, alternatively, the Debtors must otherwise provide adequate assurance that such indemnification obligations will be satisfied. See 11 U.S.C. § 365(b)(1)(C) (providing that the debtor may not assume an executory contract unless, at the time of assumption, the debtor provides adequate assurance of future performance); see generally In re Great Atl. & Pac. Tea Co., Inc., 472 B.R. 666, 674–75

55848743.5 07/14/2025

(S.D.N.Y. 2012) (noting that the phrase "adequate assurance of future performance" is not defined under the Bankruptcy Code, and holding that the phrase means that it must appear to the court that obligations under the executory contract or lease will be met, based on the facts and circumstances of the case).

## RESERVATION OF RIGHTS

18.     Equinix reserves the right to supplement this Objection, including, but not limited to, for the purpose of asserting additional attorneys' fees, expenses, or interest. Equinix also reserves the right to alter, modify, or assert additional cure amounts.

## CONCLUSION

19.     Equinix respectfully requests that this Court sustain this Objection, and condition assumption and assignment of any contract with this Objection.

Dated: July 14, 2025

**SAUL EWING LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6898
luke.murley@saul.com

*Attorneys for Equinix, Inc. and Its Affiliates*

55848743.5 07/14/2025