IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

ZEN JV, LLC, *et al.*,[1]

        Debtors.

---

Chapter 11

Case No. 25-11195 (JKS)

(Jointly Administered)

**Docket Ref. No. 28, 82, and 110**

### AMENDED[2] SUPPLEMENTAL NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that, on June 24, 2025 ("**Petition Date**"), the above-captioned debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

**PLEASE TAKE FURTHER NOTICE** that, on the Petition Date, the Debtors filed a motion [Docket No. 28] (the "**Bidding Procedures Motion**") seeking entry of (a) an order (the "**Bidding Procedures Order**"), (i) authorizing the Debtors to enter into and perform under asset purchase agreements with JobGet, Valnet, and Valsoft (the "**Stalking Horse Agreements**" and "**Stalking Horse Bidders**"),[3] (ii) authorizing and approving bidding procedures (the "**Bidding Procedures**")[4] in connection with one or more sales or dispositions (collectively, the "**Sale**") of all or substantially all of the Debtors' assets (the "**Assets**"), (iii) establishing certain dates and deadlines for the sale process, including scheduling an auction of the Assets (the "**Auction**"), if applicable, in accordance with the Bidding Procedures, and the hearing with respect to the approval of the Sale (the "**Sale Hearing**"), (iv) approving the form and manner of notice of the Auction, if any, the Sale and the Sale Hearing, (v) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale (the "**Assumption**

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding LLC (9339); and Military Advantage LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] **The Debtors file this amended Supplemental Cure Notice to correct the Contract Objection Deadline, which is 10 days from the filing of the Supplemental Cure Notice, July 21, 2025 at 4:00 p.m. (prevailing Eastern Time).**

[3] Copies of the Stalking Horse Agreements are filed at Docket No. 28.

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bidding Procedures Motion or the Bidding Procedures, as applicable.

**and Assignment Procedures**") and approving the form and manner of notice thereof, and (vi) granting related relief; and (b) one or more orders (each, a "**Sale Order**"), as applicable, authorizing and approving: (i) the Sale of the Assets to the Stalking Horse Bidders or otherwise Successful Bidder(s), as applicable (the "**Buyer**"), free and clear of all liens, claims, interests, and encumbrances to the extent set forth in the Stalking Horse Agreements or asset purchase agreement(s) with the otherwise Successful Bidder(s), as applicable (the "**Asset Purchase Agreements**"), (ii) the assumption and assignment of the Selected Assigned Contracts as set forth in the Asset Purchase Agreements, and (iii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that, on July 3, 2025, the Debtors filed a *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 82] (the "**Initial Cure Notice**").

**PLEASE TAKE FURTHER NOTICE** that, on July 8, 2025, the Court entered an order [Docket No. 110] (the "**Bidding Procedures Order**") granting the relief sought in the Bidding Procedures Motion, including, among other things, approving (i) the Bidding Procedures, which establish the key dates and times relating to the Sale and Auction and (ii) the Assumption and Assignment Procedures.

**PLEASE TAKE FURTHER NOTICE** that, on July 11, 2025, the Debtors filed a *Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 123] (the "**Supplemental Cure Notice**").

**PLEASE TAKE FURTHER NOTICE** that, upon the closing of the Sale, the Debtors <u>may</u> assume and assign to the Buyer certain executory contracts and unexpired leases (the "**Potentially Assigned Contracts**"). A schedule listing the contracts and leases that <u>may</u> potentially be assumed and assigned as part of the Sale is attached hereto as **Exhibit 1** (the "**Contracts Schedule**") and may also be viewed free of charge on the Debtors' case information website, located at https://omniagentsolutions.com/CareerBuilderMonster, or can be requested by calling the Debtors' claims and noticing agent, Omni Agent Solutions, Inc., at (888) 841 – 0521 (US & Canada) or (818) 924 – 2298 (International).

**Exhibit 1 includes the following schedules: (a) contracts related to the MMP Business; (b) contracts related to the MGS Business; (c) contracts related to the Job Board Business (Vendors); (d) contracts related to the Job Board Business (CareerBuilder Customers); (e) contracts related to the Job Board Business (Monster Next Customers); and (f) contracts related to the Job Board Business (Monster Now Customers)**.

**PLEASE TAKE FURTHER NOTICE** that, Cure Costs, if any, for the potential assumption and assignment of such contracts and leases are also set forth on the Contracts Schedule. If no Cure Cost is listed, the Cure Cost is $0. Each Cure Cost listed on the Contracts Schedule represents all defaults of any nature of the Debtors arising under a contract or lease prior to the closing of the Sale or other applicable effective date of the assumption and assignment of such contract or lease, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such liabilities arise out of or relate to events

occurring prior to the closing of the Sale or other applicable effective date of the assumption and assignment of such contract or lease.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A CONTRACT OR LEASE THAT MAY BE ASSUMED AND ASSIGNED AS PART OF THE SALE(S).** Any time before the date that is one business day prior to the Sale Hearing, the Debtors reserve the right, and are authorized but not directed, to (i) add previously omitted Potentially Assigned Contracts to the Contracts Schedule, (ii) remove Potentially Assigned Contracts from the Contracts Schedule, or (iii) modify the previously stated Cure Cost associated with any Potentially Assigned Contracts. *The presence of a contract or lease listed on Exhibit 1 attached hereto does not constitute an admission that such contract or lease is an executory contract or unexpired lease or that such contract or lease will be assumed and assigned as part of any Sale. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and leases listed on Exhibit 1 attached hereto.*

### Filing Objections

Pursuant to the Assumption and Assignment Procedures, objections to the proposed assumption and assignment of a contract or lease on any basis (other than objections related solely to adequate assurance of future performance by a Successful Bidder other than the Stalking Horse Bidder), including any objection relating to Cure Costs or adequate assurance of the Stalking Horse Bidder's future ability to perform, must (i) be in writing; (ii) state the basis for such objection; (iii) if such objection is to the Cure Cost, state with specificity what Cure Cost the counterparty believes is required (in all cases, with appropriate documentation in support thereof); and (iv) be filed with the Court and served **no later than July 21, 2025 at 4:00 p.m.** (prevailing Eastern Time) (the "**Contract Objection Deadline**") on the following parties (the "**Objection Notice Parties**"):

a) proposed counsel to the Debtors, Latham & Watkins LLP, (i) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (ii) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com);

b) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com);

c) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov);

d) counsel to any statutory committee that has been appointed in the Chapter 11 Cases;

e) counsel to the DIP Lender: (i) Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019, Attn: Robert M. Hirsh (robert.hirsh@nortonrosefulbright.com) and James Copeland (james.copeland@nortonrosefulbright.com) and (ii) Young Conaway Stargatt &

        Taylor, LLP, Rodney Square, 1000 North King Street Wilmington, Delaware 19801, Attn: Matthew Lunn, Esq. (mlunn@ycst.com) and Robert Poppiti (rpoppiti@ycst.com); and

  f) counsel to the Stalking Horse Bidders:

     i. counsel to JobGet: Duane Morris LLP,
       100 Crescent Court, Suite 1200, Dallas, TX 75201,
       Attn: James Billingsley (JBillingsley@duanemorris.com) and
       Daniel R. Pierce (DRPierce@duanemorris.com)

     ii. counsel to Valnet: Stoel Rives LLP,
       760 SW Ninth Ave., Suite 3000, Portland, OR 97205,
       Attn: Steven Boender (steven.boender@stoel.com),
       Halley F. Shanley (halley.shanley@stoel.com), and
       Brandon E. Lira (brandon.lira@stoel.com)

     iii. counsel to Valsoft: Proskauer Rose LLP,
       Eleven Times Square, New York, NY 10036,
       Attn: David M. Hillman (dhillman@proskauer.com) and
       Dylan J. Marker (dmarker@proskauer.com).

    Notwithstanding anything to the contrary herein, a counterparty to a Potentially Assigned Contract may seek additional cure amounts on account of any defaults occurring between the Contract Objection Deadline and the assumption of such contract; *provided, however*, that any such amounts shall be asserted no later than three days after the Debtors file a notice of the Sale closing.

    The Debtors shall file a notice identifying the Successful Bidder(s) and Backup Bidder(s) (the "**Notice of Successful Bidder**") and shall serve the Notice of Successful Bidder on each counterparty to a Potentially Assigned Contract as soon as reasonably practicable after closing the Auction, and in any event not less than 24 hours following closing the Auction. Each counterparty to a Potentially Assigned Contract will then have an opportunity to object to the identity of the Successful Bidder(s) (other than the Stalking Horse Bidder) or adequate assurance of future performance with respect to such counterparty's contract or lease provided by the Successful Bidder(s) (other than the Stalking Horse Bidder), which must (i) be in writing, (ii) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (iii) state, with specificity, the legal and factual bases thereof, (iv) be filed with the Court by **12:00 p.m. (prevailing Eastern Time) one day prior to the date of the Sale Hearing** (the "**Post-Auction Objection Deadline**"), and (v) be served on the Objection Notice Parties and any Successful Bidders.

    At the Sale Hearing, the Debtors will seek Court approval of the assumption and assignment to the Buyer of only those Potentially Assigned Contracts that have been selected by the Buyer to be assumed and assigned (the "**Selected Assigned Contracts**").

    The Court will hear and determine any objections to the assumption and assignment of the Selected Assigned Contracts to the Buyer at the Sale Hearing or at a later hearing, as determined

by the Debtors. The Debtors are seeking a Sale Hearing to consider the proposed Sale to be held before the Honorable J. Kate Stickles on **July 24, 2025**, or such other date as determined by the Court, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801. The Debtors will provide further notice of the Sale Hearing.

### Consequences of Failing to Timely Assert an Objection

**UNLESS YOU FILE AN OBJECTION TO THE CURE COST AND/OR THE ASSUMPTION OR ASSIGNMENT OF YOUR CONTRACT OR LEASE IN ACCORDANCE WITH THE INSTRUCTIONS AND DEADLINES SET FORTH HEREIN, YOU WILL BE (I) BARRED FROM OBJECTING TO THE CURE COST SET FORTH ON EXHIBIT 1, (II) ESTOPPED FROM ASSERTING OR CLAIMING ANY CURE COST AGAINST THE DEBTORS, THE STALKING HORSE BIDDERS OR OTHERWISE SUCCESSFUL BIDDER(S) THAT IS GREATER THAN THE CURE COST SET FORTH ON EXHIBIT 1, AND (III) DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND/OR ASSIGNMENT OF YOUR CONTRACT OR LEASE.**

### Obtaining Additional Information

Copies of the Bidding Procedures Motion, the Bidding Procedures, the Bidding Procedures Order, the Stalking Horse Agreements and all other documents filed with the Court, are available free of charge on the Debtors' case information website, located at https://omniagentsolutions.com/CareerBuilderMonster, or can be requested by calling the Debtors' claims and noticing agent, Omni Agent Solutions, Inc., at (888) 841 – 0521 (US & Canada) or (818) 924 – 2298 (International).

Adequate assurance of future performance information for the Stalking Horse Bidders is available by contacting counsel to the applicable Stalking Horse Bidder at:

i. counsel to JobGet: Duane Morris LLP,
100 Crescent Court, Suite 1200, Dallas, TX 75201,
Attn: James Billingsley (JBillingsley@duanemorris.com) and
Daniel R. Pierce (DRPierce@duanemorris.com)

ii. counsel to Valnet: Stoel Rives LLP,
760 SW Ninth Ave., Suite 3000, Portland, OR 97205,
Attn: Steven Boender (steven.boender@stoel.com),
Halley F. Shanley (halley.shanley@stoel.com), and
Brandon E. Lira (brandon.lira@stoel.com)

iii. counsel to Valsoft: Proskauer Rose LLP,
Eleven Times Square, New York, NY 10036,
Attn: David M. Hillman (dhillman@proskauer.com) and
Dylan J. Marker (dmarker@proskauer.com).

.

Dated: July 14, 2025
       Wilmington, Delaware

| | |
|---|---|
| | */s/ Clint M. Carlisle* |
| **LATHAM & WATKINS LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
| Ray C. Schrock (admitted *pro hac vice*) | Daniel J. DeFranceschi (No. 2732) |
| Candace M. Arthur (admitted *pro hac vice*) | Zachary I. Shapiro (No. 5103) |
| 1271 Avenue of the Americas | Huiqi Liu (No. 6850) |
| New York, New York 10020 | Clint M. Carlisle (No. 7313) |
| Telephone: (212) 906-1200 | Colin A. Meehan (No. 7237) |
| Facsimile: (212) 751-4864 | One Rodney Square |
| Email: ray.schrock@lw.com | 920 North King Street |
|        candace.arthur@lw.com | Wilmington, Delaware 19801 |
| | Telephone: (302) 651-7700 |
| - and - | Facsimile: (302) 651-7701 |
| | Email: defranceschi@rlf.com |
| Jonathan C. Gordon (admitted *pro hac vice*) |        shapiro@rlf.com |
| 330 North Wabash Avenue, Suite 2800 |        liu@rlf.com |
| Chicago, Illinois 60611 |        carlisle@rlf.com |
| Telephone: (312) 876-7700 |        meehan@rlf.com |
| Facsimile: (312) 993-9767 | |
| Email: jonathan.gordon@lw.com | |

*Proposed Co-Counsel for Debtors and Debtors in Possession*