**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ZEN JV, LLC, *et al.*,[1] | : | Case No. 25-11195 (JKS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**INITIAL OBJECTION OF RANDSTAD N.V. AND RANDSTAD**
**NORTH AMERICA INC. TO DEBTORS' PROPOSED CURE AMOUNTS**

Randstad N.V. ("Randstad NV") and Randstad North America Inc. ("Randstad US" and, together with Randstad NV, "Randstad"), by and through their undersigned counsel, hereby: (i) submit their joint objection (this "Cure Objection") to certain cure amounts set forth in the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (Docket No. 82) (the "Cure Notice"), filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); (ii) assert total estimated cure amounts as of the Contract Objection Deadline (as defined below) of at least **$1,196,274.28**, which consists of **$937,234.16** with respect to Randstad NV and **$259,040.12** with respect to Randstad US, as summarized on the schedule attached hereto as Exhibit A (the "TSA Cure Schedule"); (iii) reserve their rights to assert additional cure costs as of the assumption of the TSA (as defined below); and (iv) respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding LLC (9339); and Military Advantage LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

**BACKGROUND**

1.  On June 24, 2025 (the "Petition Date"), the Debtors commenced with the Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  Prior to the Petition Date, Debtor Monster Worldwide, LLC ("Monster WW") and Randstad NV entered into that certain Transition Services Agreement dated as of September 16, 2024 (the "TSA").[2] Pursuant to the TSA (a) Randstad NV agreed to provide or cause to be provided to Monster WW and its subsidiaries and permitted assigns certain services on a transitional basis and (b) Monster WW agreed to pay for such services, in each case in accordance with the terms and subject to the conditions set forth therein. See, e.g., TSA, §§ 1.01, 7.05.

3.  Pursuant to the TSA, Randstad NV provided certain services directly to Monster WW, including, without limitation, certain technology-related services. In addition, Randstad NV caused Randstad US to provide certain other services to Monster WW, including, without limitation, certain payroll-related services. Monster WW paid either Randstad NV or Randstad US for the transition services depending on the entity that actually provided the services.

4.  On July 3, 2025, the Debtors filed the Cure Notice. Exhibit 1 to the Cure Notice (the "Contracts Schedule") identifies certain executory contracts and unexpired leases that the

---

[2] A copy of the TSA is attached hereto as Exhibit B. Monster WW and Randstad also entered into that certain *Reverse Transition Services Agreement* dated as of the same date (the "Reverse TSA"). All amounts asserted in this Cure Objection relate to the TSA and not to the Reverse TSA.

Debtors may assume and assign to the applicable buyer in connection with any sale of assets of any of the Debtors (collectively, the "Potentially Assigned Contracts"). With respect to each such contract or lease, the Contracts Schedule identifies, among other things the proposed amount necessary to cure any defaults arising under such contract or lease in accordance with section 365(b)(1) of the Bankruptcy Code (collectively, the "Cure Costs").

5. On July 8, 2025, the Court entered the *Order (I) Authorizing and Approving (A) the Bidding Procedures for Sale of the Debtors' Assets Free and Clear, (B) the Scheduling of an Auction and Sale Hearing, (C) the Form and Manner of Notice of Sales, Auctions, and Sale Hearings, (D) the Notice and Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (E) the Designation of Stalking Horse Bidders, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing Designation of Stalking Horse Bidders, and (III) Granting Related Relief* (Docket No. 110) (the "Sales Procedures Order"). The Sales Procedures Order provides that objections any proposed Cure Costs must be filed and served by the date that is 10 days after service of the Cure Notice, which is July 14, 2025 (the "Contract Objection Deadline"), provided, however, that any counterparty to a Potentially Assigned Contract may assert additional Cure Costs on account of any defaults occurring between the Contract Objection Deadline and assumption of such Potentially Assigned Contract by no later than seven days after the Debtors file and serve a notice of the closing of the applicable sale (the "Supplemental Cure Cost Deadline"). See Sales Procedures Order, ¶ 14.

6. In the Cure Notice, the Debtors propose Cure Costs of (a) $708,156 with respect to Randstad NV and (b) $81,030 with respect to Randstad US. See Contracts Schedule, 9. In each case, the Cure Notice specifies that the proposed Cure Cost relates to a "Transition

Services Agreement." Randstad submits that the correct Cure Costs arising from the TSA are at least **$1,196,274.28** in total, which consists of **$937,234.16** with respect to Randstad NV[3] and **$259,040.12** with respect to Randstad US as of the Contract Objection Deadline, as summarized on the TSA Cure Schedule, plus any additional charges, attorneys' fees, interest and costs to be incurred through the date of assumption.

## OBJECTION TO CURE COSTS PROPOSED FOR RANDSTAD

7. Section 365(f) of the Bankruptcy Code provides that the trustee or debtor in possession may assign an executory contract or unexpired lease of the debtor only if, among other things "the trustee assumes such contract or lease in accordance with the provisions of this section." 11 U.S.C. § 365(f)(2)(A).

8. Section 365(b) of the Bankruptcy Code provides that an executory contract or unexpired lease may not be assumed unless the trustee or debtor in possession "cures, or provides adequate assurance that [it] will promptly cure" any defaults, with certain exceptions not relevant here. 11 U.S.C. § 365(b)(1)(A). In addition, an executory contract or unexpired lease may not be assumed unless the trustee or debtor in possession "compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default . . . ." 11 U.S.C. § 365(b)(1)(B).

9. As of the date hereof, which is the Contract Objection Deadline, the Cure Costs associated with amounts due and payable for services provided under the TSA are: (a) **$921,574.16** with respect to Randstad NV and (b) **$259,040.12** with respect to Randstad US,

---

[3] As described below, this amount includes estimated attorneys' fees incurred through the Contract Objection Deadline.

as set forth on the TSA Cure Schedule.  Additionally, pursuant to section 365(b)(1)(B) of the Bankruptcy Code, Randstad is entitled to recover its reasonable attorneys' fees incurred in connection with Monster WW's defaults under the TSA.  See In re Williams, 2011 WL 2533046, at *1 (Bankr. D. Del. June 24, 2011) ("It is beyond cavil that attorneys' fees incurred because of actions taken to enforce the underlying lease or contract may be properly recoverable as part of a cure payment if such lease or contract provides for attorneys' fees.").  Compensable "Losses" under the TSA expressly include "reasonable out-of-pocket and documented costs of investigation and defense and attorneys and other professionals' fees, disbursements and expenses." TSA, § 10.01.  As of the Contract Objection Deadline, Randstad NV estimates that it has incurred approximately **$15,660.00** in attorneys' fees resulting from Monster WW's defaults under the TSA.

10.     The TSA Cure Schedule (a) identifies all outstanding and unpaid invoices as of the Contract Objection Deadline with respect to transition services provided under the TSA by Randstad NV and Randstad US and (b) includes the estimated amount of attorneys' fees payable to Randstad NV incurred through the Contract Objection Deadline.  Additionally, attached hereto as Exhibit C are true and correct copies of the invoices identified on the TSA Cure Schedule.

## RESERVATION OF RIGHTS

11.     Randstad reserves the right to supplement or amend this Cure Objection, including, without limitation, by asserting additional Cure Costs on account of any defaults occurring between the Contract Objection Deadline and any assumption of the TSA by the Supplemental Cure Cost Deadline, as provided for in the Sales Procedures Order.

WHEREFORE, based on the foregoing, to the extent the Debtors seek to assume and assign the TSA, Randstad requests that the Court: (i) set the total cure amount due thereunder in the amount of **$1,196,274.28** as described above, plus any additional charges, attorneys' fees, interest and costs to be incurred through the date of assumption; (ii) direct that the Debtors immediately pay such amount upon assumption pursuant to section 365(b) of the Bankruptcy Code; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: July 14, 2025

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Echo Yi Qian*
Robert J. Dehney, Sr. (No. 3578)
Echo Yi Qian (No. 7330)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Telephone:   (302) 658-9200
Facsimile:    (302) 658-3989
Email:         rdehney@morrisnichols.com
                   eqian@morrisnichols.com

**JONES DAY**
Daniel J. Merrett (admitted *pro hac vice*)
Patrick S. Baldwin (admitted *pro hac vice*)
1221 Peachtree Street N.E.
Atlanta, GA 30361-3580
Telephone:   (404) 521-3939
Facsimile:    (404) 581-8330
Email:         dmerrett@jonesday.com
                   pbaldwin@jonesday.com

and

Carl E. Black (admitted *pro hac vice*)
North Point 901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:   (216) 586-7035
Facsimile:    (216) 579-0212
Email:         ceblack@jonesday.com

Co-Counsel for Randstad