**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ZEN JV, LLC, *et al.*, | : | Case No. 25-11195 (JKS) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket No. 82** |

---------------------------------------------------x

**OBJECTION OF IKOKAS TECHNOLOGIES PRIVATE LIMITED TO**
**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT**
**OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Ikokas Technologies Private Limited ("Ikokas"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the *Debtors' Notice of Possible Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 82] (the "Cure Notice") and states as follows:

**Background**

1.  On June 24, 2025 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.  Upon information and belief, the Debtors are operating its businesses and managing its properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  Prior to the Petition Date, Debtor Monster Government Solutions, LLC ("MGS") and Ikokas entered into (i) that certain Master Services Agreement dated April 4, 2025 and (ii) Statement of Work #1 dated April 3, 2025 (collectively, the "MSG/Ikokas Contract"), pursuant to

which, Ikokas provided database-engineering and SAP BusinessObjects services to MGS through June 27, 2025.

4. Further, prior to the Petition Date, Debtor CareerBuilder, LLC and Ikokas entered into various statements of work (collectively, the "CareerBuilder/Ikokas Contract").

5. On July 3, 2025, the Debtors filed the Cure Notice which identifies both the MSG/Ikokas Contract and the CareerBuilder/Ikokas Contract as potentially being assumed by the Debtors.

6. The Cure Notice lists a cure amount of $457,109.00 for the CareerBuilder/Ikokas Contract. As of the date of this objection, that cure amount is correct. Ikokas does not object to the cure amount for the assumption of the CareerBuilder/Ikokas Contract but reserves the right to object should additional amounts accrue between now and the date that the CareerBuilder/Ikokas Contract is assumed.

7. The Cure Notice lists a cure amount of $0.00 for the MGS/Ikokas Contract. As of the date of this objection, that cure amount is incorrect. The correct amount to cure the MGS/Ikokas Contract is $13,097.00. Invoices were submitted as follows:

| Invoice # | Service Period | Date | Amount (USD) |
|---|---|---|---|
| ITPL-2526-0042 | 1–31 May 2025 | 31 May 2025 | $7,000.00 |
| ITPL-2526-0056 | 1–27 Jun 2025 | 27 Jun 2025 | $6,300.00 |
| Total | | | $13,300.00 |

Copies of the invoices are attached collectively attached hereto as Exhibit A. MGS's written acknowledgement that the invoices have been fully processed is attached as Exhibit B.

**Cure Amount Objection**

8. Ikokas objects to the Cure Notice to the limited extent that the Cure Notice understates the amount necessary to cure outstanding payment defaults by MGS.

9. According to Ikokas's records, the total amount outstanding under the MGS/Ikokas Contract by MGS is $13,300.00. The Cure Notice inexplicitly asserts that the amount necessary to cure all defaults by MGS under the MGS/Ikokas Contract is $0.00, creating a discrepancy of $13,300.00.

### Cure of Defaults Under § 365(b)(1)(A)

10. Under 11 U.S.C. § 365(b)(1)(A), the debtor-in-possession may not assume and assign an executory contract unless the debtor-in-possession "cures, or provides adequate assurance that [it] will cure" any monetary defaults under the contract. *See Spyglass Media Group, LLC V. Bruce Cohen Productions, et al., (In re Wienstein Company Holdings)*, 997 F.3d 497, 501 (3d Cir. 2021) ("To assume an executory contract, a debtor must cure existing defaults and put the contract in the same place as if the bankruptcy never happened."); *see also In re Airlift Intern, Inc.*, 761 F.2d 1503, 1508 (11th Cir. 1985) ("Upon assuming an executory contract or unexpired lease under section 365, the estate must (i) cure all defaults, (ii) compensate the other party for any pecuniary losses arising from such default, and (iii) provide adequate assurance of future performance under the agreement.").

11. The Debtors identification of the MGS/Ikokas Contract in the Cure Notice fails to provide accurate cure amounts.

12. Ikokas objects to the assumption and assignment of the MGS/Ikokas Contract unless the Debtors cure all monetary defaults under the Lease, which are currently no less than $13,300.00.

13. Further, no potential assignee of either the MGS/Ikokas Contract or the CareerBuilder/Ikokas Contract has provided adequate assurance that it can cure any defaults under such contracts or that it has the financial wherewithal to continue to service such contracts going forward. As such, Ikokas demands that any potential assignee seeking to assume MGS/Ikokas Contract and/or the CareerBuilder/Ikokas Contract provide evidence of its ability to (a) cure the all arrearages at closing and (b) timely pay all post-closing charges.

### Reservation of Rights and Notice

14. Ikokas reserves its right to supplement, amend or modify this Objection, including the cure amounts to include additional amounts that may be or become due, and further reserves any other rights that it may have under applicable law. Nothing herein is intended to be a waiver by Ikokas of any right, objection, argument, claim, or defense with respect to any matter, all of which are hereby expressly reserved.

WHEREFORE, Ikokas respectfully requests that the Court condition any assumption of the MGS/Ikokas Contract on the Debtors paying the full cure amount, which is no less than $13,300.00 and condition any assignment of the MGS/Ikokas Contract and/or the CareerBuilder/Ikokas Contract on proof of adequate assurance of future performance by any potential assignee, and grant such other and further relief as is just and equitable.

Dated: July 14, 2025

CROSS & SIMON, LLC

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
kmann@crosslaw.com

*Counsel to Ikokas Technologies Private Limited*