## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 82** |

### OBJECTION OF VERINEXT CORP. TO CURE NOTICE

Verinext Corp. ("Verinext"), by and through its undersigned counsel, files this Objection to the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "Cure Notice") [Docket No. 82], and in support thereof, respectfully states as follows:

### BACKGROUND

1.      On June 24, 2025 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Since the Petition Date, the Debtors have operated their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      On the Petition Date, the Debtors filed a motion seeking authorization to enter into a stalking horse agreement, authorizing and approving bidding procedures, establishing certain sale procedures, and approving procedures for the assumption and assignment of executory

---

[1]      The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

contracts (the "Bidding Procedures Motion") [Docket No. 28].  Before the Court had a chance to rule on the Bidding Procedures Moton, on July 3, 2025, the Debtors sent out the Cure Notice [Docket No. 82].  On July 8, 2025, the Court entered an order granting the Bidding Procedures Motion [Docket No. 110].

3.      The Cure Notice identifies eleven (11) different contracts between Verinext and the Debtors, each with a with a cure amount of $0 ("Proposed Cure Amount").

4.      However, there is only one contract.[2]    Forty8Fifty Labs, LLC, an affiliate/predecessor of Verinext, and debtor CareerBuilder, LLC ("CareerBuilder") are parties to that certain Master Application Service Provider Agreement, dated as of March 20, 2017 (as amended, modified, or supplemented from time to time, the "MSA").

5.      Under the MSA, the Debtors owe Verinext **$1,313,704.91** for services provided during the prepetition period.  A Statement of Account is attached as **Exhibit A**.  Verinext notes that it continues to reconcile and review its records and, as such, it reserves all rights to modify all such amounts as necessary or in connection with any discussions with the Debtors.

## OBJECTION

6.      Verinext asserts that the correct cure amount for the MSA is not less than **$1,313,704.91** (the "Correct Cure Amount"), plus any amounts due and payable under the MSA for work performed postpetition that is not paid in the ordinary course when due and payable.  For the avoidance of doubt, Verinext asserts that the Correct Cure Amount, which is currently limited to amounts payable for work performed prior to the Petition Date, is the amount necessary for Debtors to cure all prepetition defaults under the MSA.

---

[2]      Verinext suspects that the 11 identified "contracts" in the Notice are service orders issued under the MSA but is currently investigating.

7.     In order to assume the MSA, the Debtors are required to cure defaults existing under such agreements pursuant to section 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures … such default…" 11 U.S.C. § 365(b)(1)(A).  This includes both pre-petition and post-petition defaults. *See In re Aleris International, Inc.,* 2010 WL 3492664, at *16 (Bankr. D. Del. May 13, 2010).

8.     Verinext is owed at least **$1,313,704.91** by Debtors under the MSA. Verinext has not agreed to any concession on this amount with the Debtors or any potential assignee. Thus, the Proposed Cure Amount with respect to Verinext is incorrect.

9.      The Debtors should be required to pay the Correct Cure Amount before assuming and/or assigning the MSA, as set forth in 11 U.S.C. § 365(b)(1)(A).

## **RESERVATION OF RIGHTS**

10.     Verinext specifically reserves its rights to amend and/or supplement this objection and the Correct Cure Amount.  Verinext reserves the right to file further objections with respect to any assumption and assignment of the MSA.  All objections and reservations asserted herein with respect to the Correct Cure Amount, adequate assurance, or otherwise apply with equal force to any proposed sale, assumption or assignment.

*-Remainder of Page Intentionally Blank-*

3

WHEREFORE, Verinext respectfully requests that the Court address Verinext's issues raised herein with respect to the MSA and grant such further relief as is just and proper.

Dated: July 14, 2025

BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP

By: */s/ Jennifer R. Hoover*
Jennnifer R. Hoover (DE #5111)
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801
Tel: (302) 442-7006
Email: jhoover@beneschlaw.com

Sven T. Nylen (*pro hac vice* forthcoming)
Mary V. Gilmore (*pro hac vice* forthcoming)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Tel: (312) 212-4949
    (872) 302-6477
Email: snylen@beneschlaw.com
      mgilmore@beneschlaw.com

*Counsel to Verinext Corp.*