**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered) |

**UNITED STATES OF AMERICA'S OBJECTION TO DEBTORS' SUPPLEMENTAL NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The United States of America ("United States") objects to the above-captioned Debtors' *Supplemental Notice of Possible Assumption and Assignment of Executory Contacts and Unexpired Leases* [Docket No. 123] (the "Assumption Notice"). In support of its objection, the United States avers as follows:

**BACKGROUND**

1. On June 24, 2025, the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). [Docket No. 1].

2. On July 11, 2025, the Debtors filed the Assumption Notice identifying contracts and agreements that may be assumed and assigned in connection with a sale. Additionally, the Valsoft Corporation stalking horse asset purchase agreement[2] indicates that the stalking horse desires to assume contracts with the United States. *See* Valsoft APA § 7.25.

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.
[2] The asset purchase agreement ("Valsoft APA") is Exhibit C to the Sale Motion, further described at FN 3, *infra*.

1

3.  The Assumption Notice identifies certain contracts with the United States, including, among others, the U.S. Department of State, U.S. Department of Agriculture, the Consumer Financial Protection Bureau, the Smithsonian Institution, the U.S. Government Publishing Office, the National Institute of Standards and Technology, the U.S. General Services Administration, the Federal Aviation Administration, the U.S. Department of the Interior, and components of the U.S. Department of Homeland Security (the "Federal Contracts").

4.  On June 25, 2025, the Debtors filed the Sale Motion.[3] Pursuant to the Sale Motion, Debtors seek this Court's approval of the sale of substantially all of their assets. The Sale Motion contemplates selling these assets in three separate groups to three separate buyers. One of these groups of assets are those pertaining to the Debtors' government customers.

5.  On July 8, 2025, this Court entered the Sale Procedures Order.[4] The Sale Procedures Order provides that counterparties to contracts that may be assumed and assigned, who have issues with assumption and assignment, cure, or adequate assurance of future performance, including assignment without consent, must object to the assumption and assignment. The United States objects to the assumption and assignment of these Federal Contracts because the Debtors cannot assume and assign any contract with the United States without the United States' consent.

---

[3] *Motion of Debtors for Entry of Orders (I) Authorizing and Approving (A) the Bidding Procedures for Sale of the Debtors' Assets Free and Clear of , (B) the Scheduling of an Auction and Sale Hearing, (C) the Form and Manner of Notice of Sales, Auctions and Sale Hearings, (D) the Notice and Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, € the Designation of Stalking Horse Bidders, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing Designation of Stalking Horse Bidders and (III) Granting Related Relief* [Docket No. 28] (the "Sale Motion").

[4] *Order (I) Authorizing and Approving (A) the Bidding Procedures for Sale of the Debtors' Assets Free and Clear of , (B) the Scheduling of an Auction and Sale Hearing, (C) the Form and Manner of Notice of Sales, Auctions and Sale Hearings, (D) the Notice and Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, € the Designation of Stalking Horse Bidders, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing Designation of Stalking Horse Bidders and (III) Granting Related Relief* [Docket No. 110] (the "Sale Procedures Order").

6. The assignment of these Federal Contracts without the United States' consent violates the Anti-Assignment Act, 41 U.S.C. § 6305, and the Federal Acquisition Regulations ("FAR"). *See also In re West Electronics, Inc.*, 852 F.2d 79, 83 (3d Cir. 1988) (requiring compliance with applicable law, including obtaining the United States' consent, prior to the assumption and assignment of federal contracts).

**OBJECTION**

7. This Court cannot permit the Debtors to assume and assign the Federal Contracts without the United States' consent and without strictly complying with applicable non-bankruptcy law, including the Anti-Assignment Act and the FAR.

8. The assignment of these Federal Contracts without the United States' consent violates the Anti-Assignment Act, 41 U.S.C. § 6305, and the FAR. *See also In re West Electronics, Inc.*, 852 F.2d 79, 83 (3d Cir. 1988) (requiring compliance with applicable law, including obtaining the United States' consent, prior to the assumption and assignment of federal contracts). Under 11 U.S.C. § 365(c)(1) the Debtors "may not assume or assign any executory contract or unexpired lease of the debtor…if applicable law excuses such a party, other than the debtor, to such a contract or lease from accepting performance from or rendering performance to any entity other than the debtor or the debtor in possession." At least two federal laws excuse the United States from accepting performance here.

9. First, the Anti-Assignment Act, 41 U.S.C. § 6305(a), provides:

> The party to whom the Federal Government gives a contract or order may not transfer the contract or order, or any interest in the contract or order, to another party. A purported transfer in violation of this subsection annuls the contract or order so far as the Federal Government is concerned, except that all rights of action for breach of contract are reserved to the Federal Government.

The Third Circuit has held that, under the Anti-Assignment Act, debtors may not assume or assign any executory contract with the United States without first obtaining its consent. *In re West Electronics, Inc.*, 852 F.2d 79, 83 (3d Cir. 1988). Reversing the district court, the Third Circuit held that under the Anti-Assignment Act, the debtor-in-possession "could not force the government to accept the 'personal attention and services' of a third party without its consent"; therefore, the debtor-in-possession "c[ould not] assume this contract" under section 365 of the Bankruptcy Code. *Id.* at 83. The same is true here: the Bankruptcy Code only allows the assumption and assignment of the Federal Contracts if the relevant United States agency consents to such assumption and assignment, as required by the Anti-Assignment Act. For the Debtors or any purchaser to receive that consent, the Debtors and the purchaser must comply with applicable non-bankruptcy law as it applies to each Federal Contract.

10. Second, the FAR, codified at Title 48, Chapter 1 of the United States Code of Federal Regulations, *see* 48 C.F.R § 1.105-2, governs the process by which the United States contracts and acquires goods and/or services and regulates the activities of government personnel in carrying out this process. Under the FAR, the Debtor and the purchaser must novate each Federal Contract. FAR 42.1204. This process involves submitting the necessary documentation to the relevant agency—including, *inter alia*, "[e]vidence of the transferee's ability to perform" and "[e]vidence that any security clearance requirements have been met"—and the subsequent approval of the novation by the contracting agency. FAR 42.1204(e)–(f).

11. Finally, the United States is still reviewing the identified Federal Contracts to determine any cure defaults owed. The United States reserves all rights to supplement this objection upon the discovery of any defaults.

4

**WHEREFORE**, the United States requests that the Court require the Debtor to strictly comply with applicable non-bankruptcy law, including obtaining the United States' consent, to assume and assign the Federal Contracts or any other federal contract, federal order or federal agreement, and that the Court provide such other and further relief as the Court deems necessary and just.

Dated: July 14, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

/s/ Leah V. Lerman
KIRK T. MANHARDT
RODNEY A. MORRIS
LEAH V. LERMAN
United States Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005
Tel: (202) 307-0452
Fax: (202) 514-9163
E-mail: leah.v.lerman@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2025, a true and correct copy of the foregoing objection was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System in the above-captioned case, and via email to the below parties:

Ray C. Schrock - ray.schrock@lw.com
Candace M. Arthur - candace.arthur@lw.com
Jonathan Gordon - jonathan.gordon@lw.com
Daniel J. DeFranceschi - defranceschi@rlf.com
Zachary I. Shapiro - shapiro@rlf.com
Linda J. Casey - Linda.Casey@usdoj.gov
Robert M. Hirsh - robert.hirsh@nortonrosefulbright.com
James Copeland - james.copeland@nortonrosefulbright.com
Matthew Lunn, Esq. - mlunn@ycst.com
Robert Poppiti - rpoppiti@ycst.com
James Billingsley - JBillingsley@duanemorris.com
Daniel R. Pierce - DRPierce@duanemorris.com
Steven Boender - steven.boender@stoel.com
Halley F. Shanley - halley.shanley@stoel.com
Brandon E. Lira - brandon.lira@stoel.com
David M. Hillman - dhillman@proskauer.com
Dylan J. Marker - dmarker@proskauer.com

/s/ Leah V. Lerman
LEAH V. LERMAN