**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
ZEN JV, LLC, et al.,[1]                                         :    Case No. 25-11195 (JKS)
                                                                :
          Debtors.                                              :    (Jointly Administered)
                                                                :
                                                                :    **Re: Docket No. __**
                                                                :
--------------------------------------------------------------- x

**ORDER (I) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF PJT PARTNERS LP AS INVESTMENT BANKER TO
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE
PETITION DATE, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS
PURSUANT TO LOCAL RULE 2016-2, AND (III) GRANTING RELATED RELIEF**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (a) authorizing the Debtors to, under sections 327 and 328(a) of the Bankruptcy Code, retain and employ PJT Partners LP ("**PJT**") as investment banker to the Debtors effective as of the Petition Date on the terms set forth in the engagement letter dated as of June 24, 2025 (the "**Engagement Letter**"), (b) waiving certain information requirements pursuant to Local Rule 2016-2 and the U.S. Trustee Guidelines, and (c) granting related relief, all as more fully set forth in the Application; and upon and the Robbins Declaration; this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1]  The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and this Court being satisfied that PJT neither holds not represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed; and this Court being satisfied that PJT is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ PJT as their investment banker in these chapter 11 cases under sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, effective as of the Petition Date, on the terms and conditions set forth in the Application and the Engagement Letter, attached as <u>Exhibit B</u> to the Application, as modified by this Order.

3. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), including the Fee Structure, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter.

Subject to paragraph 6 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

4. The Debtors are authorized to pay PJT's fees and to reimburse PJT for its reasonable costs and expenses as provided in the Engagement Letter, and in particular, all of PJT's fees and expenses in these chapter 11 cases, including the Restructuring Fee, are hereby approved pursuant to section 328(a) of the Bankruptcy Code, subject to paragraph 6 of this Order. For the avoidance of doubt, PJT shall be entitled to seek interim allowance and payment of any Restructuring Fee by filing and serving an application in respect of the Restructuring Fee immediately upon the consummation of such Restructuring (including any Sale Transaction) in accordance with the "Monthly Fee Application" procedures set forth in any order approving interim compensation procedures in these chapter 11 cases (the "**Interim Compensation Order**") and in accordance with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Notwithstanding the foregoing, the full amount of the Restructuring Fee will be escrowed upon the consummation of the applicable transaction until such amounts are permitted to be paid to PJT pursuant to this Order, the Interim Compensation Order, or a further order of this Court. The Debtors are authorized and directed to release such funds from the escrow account and pay PJT such funds (x) following compliance by PJT, and in accordance with the provisions of this paragraph and the Interim Compensation Order, or (y) to the extent the Court otherwise allows compensation and/or reimbursement following the filing of any interim or final fee application. All fees paid to PJT are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of PJT's final fee application.

5. PJT shall apply to this Court for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court; *provided* that the requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Rule 2016-2 are hereby modified such that PJT's professionals shall only be required to maintain summary records in half-hour increments describing each professional's tasks on a daily basis in support of each fee application, including reasonably detailed descriptions of those services and the individuals who provided those services, and will present such records to this Court; *provided*, *further* that PJT's professionals shall not be required to keep time records on a project category basis or provide or conform to any schedules of hourly rates.

6. PJT shall be compensated in accordance with the terms of the Engagement Letter as modified by this Order, and in particular, all of PJT's fees and expenses in these chapter 11 cases are hereby approved pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the fees and expenses payable to PJT pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"). This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of PJT's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code; provided, that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in this case to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of chapter 11 cases,

and shall not be evaluated solely on the basis of time committed or the length of these cases. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of PJT's compensation.

7. The indemnification, contribution, and reimbursement provisions included in the Engagement Letter are approved, subject, during the pendency of these chapter 11 cases, to the following modifications:

   a. subject to the provisions of subparagraphs (b), (c) and (d), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, each PJT Party in accordance with the Indemnity Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

   b. notwithstanding subparagraph (a) above or any provisions of the Indemnity Agreement to the contrary, the Debtors shall have no obligation to indemnify any PJT Party or provide contribution or reimbursement to any PJT Party:  (i) for any claim or expense that is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from such PJT Party's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct, or gross negligence; (ii) for a contractual dispute in which the Debtors allege the breach of such PJT Party's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which such PJT Party should not receive indemnity, contribution, or reimbursement under the terms of the Indemnity Agreement, as modified by this Order;

   c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, a PJT Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement

5

          obligations under the Indemnity Agreement, as modified by this Order, including without limitation the advancement of defense costs, a PJT Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to such PJT Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which this Court shall have jurisdiction over any request by any PJT Party for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contribution or reimbursement to, any PJT Party; and

   d.    notwithstanding any provision in the Engagement Letter to the contrary, subject to the terms of, and the Debtors' indemnification, reimbursement, and contribution obligations under, the Indemnity Agreement, there shall be no limitation of PJT's liability in connection with its engagement.

8.    The following clause of the Engagement Letter is of no force or effect during these chapter 11 cases: "PJT Partners shall not be required to maintain receipts for expenses in amounts less than $75."

9.    PJT shall not seek reimbursement of fees or expenses of its counsel incurred in defending any of PJT's fee applications in these chapter 11 cases.

10.    Notwithstanding anything to the contrary in the Application, PJT shall: (a) to the extent that PJT uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these chapter 11 cases, pass through the cost of such Contractors to the Debtors at the same rate that PJT pays the Contractors; and (b) seek reimbursement for actual costs only. The Debtors shall require that the Contractors are subject to the same conflicts checks as required for PJT, and file with this Court such disclosures required by Bankruptcy Rule 2014.

11.    Notwithstanding anything to the contrary in the Application and/or Engagement Letter, PJT shall have whatever duties, fiduciary or otherwise, that are imposed upon it by applicable law.

12. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

13. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.