IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
ZEN JV, LLC, et al.,¹                                  :    Case No. 25-11195 (JKS)
                                                       :
          Debtors.                                     :    (Jointly Administered)
                                                       :
                                                       :    Obj. Deadline: July 28, 2025 at 4:00 p.m. (ET)
                                                       :    Hearing Date: August 21, 2025 at 1:00 p.m. (ET)
                                                       :
------------------------------------------------------ x
```

**APPLICATION OF DEBTORS TO RETAIN AND EMPLOY
RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL
TO THE DEBTORS EFFECTIVE AS OF PETITION DATE**

Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

**RELIEF REQUESTED**

1. By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the employment and retention of Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel to the Debtors effective as of the Petition Date (as defined herein). In support of this Application, the Debtors submit the declaration of Zachary I. Shapiro, a director of RL&F, which is attached hereto as **Exhibit B** (the "**Shapiro Declaration**"), and the declaration of Sheri Drucker Davis, the Debtors' General Counsel, which is attached hereto as **Exhibit C** (the "**Davis Declaration**").

---

¹ The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

RLF1 33216724v.2

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

5. On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Chapter 11 Cases. On July 2, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). *See* Docket No. 65.

7. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**"), filed on June 26, 2025 and incorporated herein by reference.[2]

## SCOPE OF SERVICES

9. The Debtors require RL&F to render a variety of legal services during the pendency of the Chapter 11 Cases and to assist the Debtors in addressing the myriad issues that may arise. Subject to further order of the Court, the Debtors request the employment and retention of RL&F to render professional services, including, but not limited to:

   a. assisting in preparing necessary petitions, motions, applications, orders, reports, and papers necessary to commence the Chapter 11 Cases;

   b. advising the Debtors of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

   c. preparing on behalf of the Debtors motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtors' estates;

   d. taking action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors in the Chapter 11 Cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors;

   e. assisting with any sale or sales of assets, including preparing any necessary motions, purchase agreements and papers related thereto;

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

       f.     assisting in preparing the Debtors' disclosure statement and any related motions, pleadings, or other documents necessary to solicit votes on the plan of reorganization;

       g.     assisting in preparing the plan of reorganization;

       h.     prosecuting on behalf of the Debtors the proposed plan of reorganization and seeking approval of all transactions contemplated therein and in any amendments thereto; and

       i.     performing all other necessary and desirable legal services in connection with the Chapter 11 Cases.

10. In addition to the services set forth in paragraphs 9(a) through 9(i) above, RL&F may perform all other services assigned to it by the Debtors, in consultation with Latham & Watkins LLP ("**Latham**"), the Debtors' bankruptcy co-counsel. To the extent RL&F determines that such services fall outside of the scope of services historically or generally performed by RL&F as co-counsel in a bankruptcy case, RL&F will file a supplemental declaration.

## BASIS FOR RELIEF

11. Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C § 328(a).

12. The Debtors believe that RL&F is well qualified to represent the Debtors in these bankruptcy cases in an efficient and timely manner. The Debtors have selected RL&F as their bankruptcy co-counsel because of, among other things, (i) the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, (ii) its expertise, experience, and knowledge in

4

practicing before the Court, (iii) its proximity to the Court, and (iv) its ability to respond quickly to emergency hearings and other emergency matters. RL&F's services will enable the Debtors to execute faithfully their duties as debtors in possession.

13. To that end, RL&F has stated its desire and willingness to act in the Chapter 11 Cases and to render the necessary professional services as co-counsel to the Debtors.

14. In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ (i) Latham, as bankruptcy co-counsel, (ii) Omni Agent Solutions, Inc., as claims and noticing agent and, separately, as administrative advisor; (iii) AlixPartners, LLP, as financial advisor; and (iv) PJT Partners LP, as investment banker. The Debtors may also file applications to employ additional professionals. The Debtors understand the division of responsibilities among these professionals and intend to carefully monitor these and any other retained professionals to ensure a clear delineation of their respective duties and roles to prevent duplication of effort. The Debtors recognize that efficient coordination of efforts among the Debtors' professionals will greatly add to the effective administration of the Chapter 11 Cases.

## **PROFESSIONAL COMPENSATION**

### A. Professional Fees

15. The Debtors understand that RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. In that regard, the Debtors and RL&F are developing a prospective budget and staffing plan in a reasonable effort to comply with any requests for information and additional disclosures that may be made by U.S. Trustee. Subject to the foregoing, the Debtors propose to pay RL&F its customary hourly rates in effect from time to time as set forth in the Shapiro Declaration. The Debtors submit that these rates are reasonable.

16. RL&F's current hourly rates for matters related to the Chapter 11 Cases are expected to be within the following ranges:

| Position | Range of Hourly Rates |
|---|---|
| Directors | $1,175 to $1,500 an hour |
| Counsel | $975 to $1,025 an hour |
| Associates | $575 to $900 an hour |
| Paraprofessionals | $425 an hour |

17. The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

   a. Daniel J. DeFranceschi        $1,500 per hour
   b. Zachary I. Shapiro            $1,175 per hour
   c. Huiqi Liu                     $800 per hour
   d. Clint M. Carlisle             $800 per hour
   e. Colin A. Meehan               $660 per hour
   f. Rebecca V. Speaker            $425 per hour

18. The Debtors understand that RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.

19. Other than the periodic adjustments described above, RL&F's hourly rates of its attorneys and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein. The Debtors understand that these hourly rates are consistent with the rates that RL&F charges other comparable chapter 11 clients, regardless of the location of the Chapter 11 Cases, and are not significantly different from the rates that RL&F charges in non-bankruptcy representations. None of RL&F's professionals included in this engagement have varied their rate based on the

6

geographic location of the Chapter 11 Cases. Notwithstanding the consistent hourly rates, RL&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiency that may appear before billing.

20. Prior to the Petition Date, the Debtors made two retainer payments to RL&F in the total amount of $117,380.00 (the "**Retainer**"). Also prior to the Petition Date, RL&F drew down the entirety of the Retainer in satisfaction of fees and expenses actually incurred, as well as fees and expenses anticipated to be incurred prior to the commencement of the Chapter 11 Cases. After the Petition Date, RL&F completed a reconciliation of the prepetition fees and expenses actually incurred against the funds received by RL&F prior to the Petition Date. RL&F's fees for prepetition services rendered and expenses incurred exhausted the amount of the Retainer such that the balance of the Retainer is zero. After such reconciliation, RL&F is not owed any amounts on account of prepetition services and, thus, is not a creditor of the Debtors.

21. Other than as set forth in the Shapiro Declaration, no arrangement is proposed between the Debtors and RL&F for compensation to be paid in the Chapter 11 Cases. RL&F has informed the Debtors that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

### B. Expenses

22. The Debtors understand that it is RL&F's policy to charge its clients in all areas of practice for all expenses incurred in connection with clients' cases. The expenses charged to clients include, among other things, regular mail, and express mail charges, special or hand delivery charges, document processing charges, printing and photocopying charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and certain other overtime. RL&F

will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by the Local Rules.  The Debtors understand that it is RL&F's belief that it is fair to charge these expenses to the client incurring them instead of increasing hourly rates and spreading these expenses among all clients.

### RL&F'S DISINTERESTEDNESS

23.    To the best of the Debtors' knowledge: (a) RL&F is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtors' estates; and (c) except as is disclosed in the Shapiro Declaration, neither RL&F, nor any attorney (including any director, counsel or associate) of RL&F, currently represents, or has in the past represented, or has any connection with, the potential parties in interest set forth on **Exhibit 3** to the Shapiro Declaration.

24.    RL&F will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### BANKRUPTCY RULE 5002

25.    As set forth in the Shapiro Declaration, no director, counsel, or associate of RL&F is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the U.S. Trustee, the Assistant United States Trustee for the District of Delaware, the attorneys for the U.S. Trustee assigned to the Chapter 11 Cases or any other employee of the U.S. Trustee that would render RL&F's retention in the Chapter 11 Cases improper under Bankruptcy Rule 5002.  Accordingly, the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

## **NOTICE**

26. Notice of this Application will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as proposed counsel to the Creditors' Committee; (c) Norton Rose Fulbright US LLP and Young Conaway Stargatt & Taylor LLP, as counsel to the DIP Lender; (d) Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (e) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (f) Jones Day, as counsel to the Prepetition Noteholders; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## **NO PRIOR REQUEST**

27. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 14, 2025                                  ZEN JV, LLC, *et al.*

*/s/ Sheri Drucker Davis*
Sheri Drucker Davis
General Counsel