# EXHIBIT C

**Davis Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
ZEN JV, LLC, *et al.*,[1] : Case No. 25-11195 (JKS)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------ x

**DECLARATION OF SHERI DRUCKER DAVIS IN SUPPORT OF APPLICATION OF DEBTORS TO RETAIN AND EMPLOY RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF PETITION DATE**

I, Sheri Drucker Davis, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the General Counsel of the above-captioned debtors (the "**Debtors**"). I submit this declaration (the "**Declaration**") in support of the *Application of Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel to the Debtors Effective as of Petition Date* (the "**Application**")[2] for authority to retain and employ Richards, Layton & Finger, P.A. ("**RL&F**"), as co-counsel for the Debtors effective as of the Petition Date. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by other members of the Debtors' personnel and the Debtors' advisors.

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

RLF1 33216724v.2

## SELECTION OF RL&F AS CO-COUNSEL

2. As noted in the Application, the Debtors seek to retain Latham as their bankruptcy co-counsel in connection with the Chapter 11 Cases. Upon determining that the Chapter 11 Cases would be filed in the United States Bankruptcy Court for the District of Delaware, Latham recommended to the Debtors that the Debtors retain RL&F as their bankruptcy co-counsel based on, among other things, the firm's extensive experience and knowledge in the field of debtor's and creditor's rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge in practicing before the Court, its proximity to the Court, its ability to respond quickly to emergency hearings and other emergency matters, and its familiarity with the Debtors and their business due to RL&F's prepetition representation of the Debtors. Based on such recommendation, the Debtors evaluated and selected RL&F as bankruptcy co-counsel. Under the circumstances, the Debtors did not believe it was necessary to interview or consider other firms to serve as bankruptcy co-counsel. As such, the Debtors believe that RL&F is uniquely qualified to represent them in the Chapter 11 Cases.

## COST SUPERVISION

3. RL&F has informed the Debtors that RL&F intends to charge the Debtors for services rendered in the Chapter 11 Cases at RL&F's normal hourly rates in effect at the time the services are rendered. As General Counsel for the Debtors, I work with the Debtors' management team responsible for supervising outside counsel retained in the ordinary course of business, including monitoring legal costs. I, and others acting under my direction, are also responsible for reviewing the invoices regularly submitted by RL&F, and I understand that the rates RL&F charged the Debtors in the prepetition period are the same as the rates RL&F will charge the

Debtors in the postpetition period, subject to annual and customary firm-wide adjustments in the ordinary course of RL&F's business.

4. RL&F and the Debtors are in the process of developing a prospective budget and staffing plan for the first interim fee period in the Chapter 11 Cases. The Debtors recognize that in large chapter 11 cases such as the Chapter 11 Cases, it is possible there may be unforeseen fees and expenses that will need to be addressed by the Debtors and RL&F. The Debtors also recognize it is their responsibility to closely monitor the billing practices of RL&F to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations taking into account the exigencies of the Chapter 11 Cases. To that end, the Debtors will review and monitor the regular invoices submitted by RL&F to the Debtors and, together with RL&F, intend to periodically amend the budget and staffing plans to reflect developments in the Chapter 11 Cases, as applicable.

5. The Debtors will monitor the fees and expense reimbursement process during the Chapter 11 Cases so that the Debtors are an active participant in that process. Recognizing that every chapter 11 case is unique, the Debtors, together with RL&F, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals who will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

Dated: July 14, 2025

                                                   */s/ Sheri Drucker Davis*
                                                   Sheri Drucker Davis
                                                   General Counsel