IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- x
: 
In re: : Chapter 11
: 
ZEN JV, LLC, *et al.*,[1] : Case No. 25-11195 (JKS)
: 
Debtors. : (Jointly Administered)
: 
: **Obj. Deadline: July 28, 2025 at 4:00 p.m. (ET)**
: **Hearing Date: August 21, 2025 at 1:00 p.m. (ET)**
: 
--------------------------------------------------------- x

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 331, 330, AND 105(a) AND FED. R. BANKR. P. 2016 FOR ENTRY OF ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS, AND (II) GRANTING RELATED RELIEF**

Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) establishing procedures for interim compensation and reimbursement of expenses incurred by attorneys and other professionals that will be retained pursuant to sections 327, 333, or 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and are required to file fee applications pursuant to sections 328, 330, and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Rule 2016 of the Federal Rules of

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and (ii) granting related relief. Specifically, the Debtors request the payment of fees and reimbursement of expenses of Retained Professionals (as defined below) be structured in accordance with the Interim Compensation Procedures (as defined below).

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 331, 330, and 105(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5. On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Chapter 11 Cases. On July 2, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**")

"]

appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").  *See* Docket No. 65.

7. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**"), filed on June 26, 2025 and incorporated herein by reference.[2]

## RETENTION OF PROFESSIONALS

9. The Debtors require the assistance of various professionals to manage the Chapter 11 Cases efficiently to achieve one or more value-maximizing sales of all or substantially all of the Debtors' assets and wind down their estates. Accordingly, the Debtors have filed, or intend to file, separate applications with the Court to employ and retain a number of professionals, including, without limitation: (i) Latham & Watkins LLP, as bankruptcy co-counsel, (ii) Richards, Layton & Finger, P.A., as bankruptcy co-counsel, (iii) Omni Agent Solutions, Inc., as claims and noticing agent and, separately, as administrative advisor, (iv) AlixPartners, LLP, as financial advisor, and (v) PJT Partners LP, as investment banker (collectively, the "**Debtors' Professionals**").  The Debtors may also retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of the Chapter 11 Cases as the need arises.  In addition, the Creditors' Committee and the consumer privacy ombudsman appointed pursuant to section 332 of the Bankruptcy Code has

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

or will likely retain professionals as well (any such retained professionals, collectively, with the Debtors' Professionals, the "**Retained Professionals**").

## PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES

10.     The Debtors believe establishing orderly procedures to pay the Retained Professionals will streamline the administration of the Chapter 11 Cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all other parties in interest. Specifically, a streamlined process for serving interim fee applications and notices thereof is in the best interest of the Debtors because it will facilitate efficient review of the Retained Professionals' fees and expenses and will save the Debtors from incurring unnecessary expenses.

11.     Accordingly, the Debtors request the Court authorize and establish procedures for the interim compensation and reimbursement of Retained Professionals on terms comparable to procedures approved in other large chapter 11 cases in this District, and in accordance with the following procedures (the "**Interim Compensation Procedures**"):

    **A.**    **Monthly Fee Applications**

        i.    On or after the tenth (10th) day of each calendar month, following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Retained Professional seeking interim allowance of its fees and expenses will file with the Court an application, which will include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"). Retained Professionals may submit the first Monthly Fee Application, covering the period from the Petition Date through July 31, 2025, on or after August 10, 2025.

        ii.    Each Retained Professional that files a Monthly Fee Application will serve a copy of such Monthly Fee Application on the following parties by email (collectively, the "**Fee Notice Parties**"):

            a.    the Debtors, c/o Zen JV, LLC., 200 N. LaSalle Street #900, Chicago, Illinois 60601, Attn: Sheri D. Davis, General Counsel (Sheri.Davis@careerbuilder.com);

4

    b. proposed co-counsel to the Debtors: (i) Latham & Watkins LLP, (a) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (b) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com);

    c. counsel to the DIP Lender, (i) Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019, Attn: Robert M. Hirsh (robert.hirsh@nortonrosefulbright.com) and James Copeland (james.copeland@nortonrosefulbright.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street Wilmington, Delaware 19801, Attn: Matthew Lunn, Esq. (mlunn@ycst.com) and Robert Poppiti (rpoppiti@ycst.com);

    d. the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov); and

    e. proposed counsel to the Creditors' Committee, Cole Schotz P.C., (i) 500 Delaware Avenue, Suite 600, Attn: Justin Alberto (jalberto@coleschotz.com), Melissa Hartlipp (mhartlipp@coleschotz.com), and Elazar Kosman (ekosman@coleschotz.com); and (ii) 1325 Avenue of the Americas, 19th Floor, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah Carnes (scarnes@coleschotz.com).

iii. Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications will comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

iv. The deadline to object to any Monthly Fee Application is **4:00 p.m. (Eastern Prevailing Time)** on the **21st day** (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served (the "**Objection Deadline**").

v. To object to a Retained Professional's Monthly Fee Application, the objecting party must (i) file with the Court a written objection

    (an "**Objection**") on or before the Objection Deadline and (ii) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties.

  vi. Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO, the Debtors will promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

  vii. If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection, or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved Objections.

  **B.** **Interim Fee Applications**

(i) At three-month intervals, Retained Professionals will file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through August 31, 2025.

(ii) Retained Professionals will file their applicable Interim Fee Applications on or before the **30th day**, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(iii) The Interim Fee Application will include a brief description identifying the following:

  a. the Monthly Fee Applications that are the subject of the Interim Fee Application;

  b. the amount of fees and expenses requested;

  c. the amount of fees and expenses paid to date or subject to an Objection;

  d. the deadline for parties to file objections to the Interim

          Fee Application (such objections, the "**Additional Objections**"); and

          e.    any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

(iv)    Additional Objections to any Interim Fee Application must be filed with the Court and served upon the affected Retained Professional and each of the Fee Notice Parties on or before **4:00 p.m. (Eastern Prevailing Time)** on the **21ˢᵗ day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

(v)    The Debtors may request the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

(vi)    Each Retained Professional will serve its Interim Fee Application and final fee application upon the Fee Notice Parties. Each Retained Professional will serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice is necessary.

(vii)    Each Retained Professional that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application and/or final fee application.

(viii)    A pending Objection to compensation or reimbursement of a Retained Professional does not disqualify the Retained Professional from future compensation or reimbursement.

(ix)    Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(x)    No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Retained Professional pursuant to sections 327 or 1103

of the Bankruptcy Code.

12. In addition, as part of the Interim Compensation Procedures, any member of the Creditors' Committee may submit statements of expenses (excluding the fees and expenses of an individual member's third-party counsel) and supporting vouchers to counsel to the Creditors' Committee, which counsel will collect and submit the members' requests for reimbursement in accordance with the Interim Compensation Procedures; *provided*, *that*, payment of such expenses may not be authorized to the extent such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

## **BASIS FOR RELIEF REQUESTED**

13. The Bankruptcy Code and Bankruptcy Rules authorize compensating the Retained Professionals and establishing the Interim Compensation Procedures.  Section 330(a)(1) of the Bankruptcy Code provides that "the court may award . . . a professional person employed under section 327 or 1103—(A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Bankruptcy Rule 2016(a) provides that any application seeking such compensation or reimbursement shall set "forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."  Fed. R. Bankr. P. 2016(a).

14. With respect to the Court's review of any such application, section 330(a)(3) of the Bankruptcy Code provides as follows:

> [T]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;

8

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

15. In addition, the Bankruptcy Code provides for allowance and disbursement of professional compensation on an interim basis. Under section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days or more often if the Court permits. Specifically, section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of the Court, section 331 of the Bankruptcy Code limits payment of fees and expenses to Retained Professionals rendering services in the Chapter 11 Cases to three times per year.

16. Furthermore, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

9

of this title." 11 U.S.C. § 105(a). Courts may use their discretionary authority under section 105(a) of the Bankruptcy Code because, while section 331 of the Bankruptcy Code "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Accordingly, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *Id*. (citations omitted).

17. The complexity of the Chapter 11 Cases and the amount of time and effort that will be required of the Retained Professionals to successfully execute the Debtors' chapter 11 strategy justifies the approval of the Interim Compensation Procedures. The Interim Compensation Procedures are necessary to ensure that Retained Professionals are fairly and timely compensated for their services in these cases and do not bear undue financial burden or risk caused by delays in payment. Absent streamlined compensation procedures, the professional fee application and review process could be unduly burdensome on the Debtors, the Retained Professionals, the Court, and other parties.

18. Further, in contrast to the default four-month period under section 331 of the Bankruptcy Code, the proposed Interim Compensation Procedures provide for monthly review, enabling the Debtors to closely monitor the costs of administering the Chapter 11 Cases, maintain appropriate cash flows, and implement efficient cash management procedures. Moreover, the Interim Compensation Procedures will allow the Court and key parties in interest to monitor the reasonableness and necessity of the compensation and reimbursement sought by the Retained Professionals.

19. Based upon the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors' estates, creditors, and all parties in interest, and therefore should be approved.

## NOTICE

20. Notice of this Motion will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as proposed counsel to the Creditors' Committee; (c) Norton Rose Fulbright US LLP and Young Conaway Stargatt & Taylor LLP, as counsel to the DIP Lender; (d) Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (e) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (f) Jones Day, as counsel to the Prepetition Noteholders; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 14, 2025
Wilmington, Delaware

/s/ Clint M. Carlisle

**LATHAM & WATKINS LLP**

Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: ray.schrock@lw.com
candace.arthur@lw.com

  - and -

Jonathan C. Gordon (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: jonathan.gordon@lw.com

**RICHARDS, LAYTON & FINGER, P.A.**

Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Huiqi Liu (No. 6850)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
shapiro@rlf.com
liu@rlf.com
carlisle@rlf.com
meehan@rlf.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*