IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: July 29, 2025 at 4:00 p.m. (ET)** |
| | **Hearing Date: August 21, 2025 at 1:00 p.m. (ET)** |

---

**APPLICATION OF DEBTORS FOR ENTRY OF AN
ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF OMNI AGENT SOLUTIONS INC. AS
ADMINISTRATIVE AGENT EFFECTIVE AS OF THE PETITION DATE**

Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (this "**Application**"):

**RELIEF REQUESTED**

1. By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) authorizing the employment and retention of Omni Agent Solutions, Inc. ("**Omni**") as the Debtors' administrative agent (the "**Administrative Agent**") to perform administrative services that will be necessary during the Chapter 11 Cases, as more fully described herein and in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Omni dated June 18, 2025 (the "**Engagement Agreement**"), a copy of which is attached as **Exhibit 1** to the Proposed Order and

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

incorporated herein by reference; and (ii) granting related relief. In support of this Application, the Debtors submit the *Declaration of Paul H. Deutch in Support of Application of Debtors for Entry of an Order Authorizing the Employment and Retention of Omni Agent Solutions, Inc. as Administrative Agent Effective as of the Petition Date* (the "**Deutch Declaration**"), attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5. On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their business and managing their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  No trustee or examiner has been appointed in the Chapter 11 Cases. On July 2, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). *See* Docket No. 65.

7.  The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**"), filed on June 26, 2025 and incorporated herein by reference.[2]

9.  The Debtors previously filed an application [Docket No. 4] (the "**Section 156(c) Application**") for an order appointing Omni as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f), which application was approved by the Court on June 27, 2025. *See* Docket No. 50. The Debtors believe that administration of the Chapter 11 Cases will require Omni to perform duties outside the scope requested in the Section 156(c) Application. Accordingly, the Debtors submit this Application to enable Omni to provide such additional services.

## OMNI'S QUALIFICATIONS

10.  Omni is one of the country's leading chapter 11 administrators, with experience in

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the First Day Declaration.

noticing, claims administration, solicitation, balloting, and the facilitation of other administrative aspects of chapter 11 cases. Omni has substantial experience in matters of similar size and complexity and has acted as the official claims and noticing agent and/or administrative agent in many large bankruptcy cases in this District and other districts nationwide. *See, e.g.*, *In re At Home Group Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. June 16, 2025); *In re Boundless Broadband, LLC*, No. 25-10948 (BLS) (Bankr. D. Del. May 29, 2025); *In re Solid Fin. Tech., Inc.*, No. 25-10669 (BLS) (Bankr. D. Del. Apr. 7, 2025); *In re Go Lab, Inc.*, No. 25-10557 (KBO) (Bankr. D. Del. Mar. 25, 2025); *In re Wynne Transp. Holdings, LLC*, No. 25-10027 (KBO) (Bankr. D. Del. Jan. 10, 2025); *In re Ligado Networks, LLC*, No. 25-10006 (TMH) (Bankr. D. Del. Jan. 5, 2025); *In re First Mode, Holdings, Inc.*, No. 24-12794 (KBO) (Bankr. D. Del. Dec. 15, 2024); *In re True Value Co., L.L.C.*, No. 24-12337 (KBO) (Bankr. D. Del. Oct. 14, 2024); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Oct. 11, 2024); *In re Edgio, Inc.*, No. 24-11985 (KBO) (Bankr. D. Del. Sept. 9, 2024); *In re Vyaire Medical, Inc.,* No. 24-11217 (BLS) (Bankr. D. Del. June 9, 2024); *In re Never Slip Holdings, Inc.,* No. 24-10663 (LSS) (Bankr. D. Del. Apr. 1, 2024); *In re Sunlight Financial Holdings Inc.*, Case No. 23-11794 (MFW) (Bankr. D. Del. Oct. 30, 2023); *In re AmeriFirst Financial, Inc.*, No. 23-11240 (TMH) (Bankr. D. Del. Aug. 24, 2023); *In re AeroFarms, Inc.,* No. 23-10737 (MFW) (Bankr. D. Del. June 8, 2023); *In re Bittrex, Inc.*, No. 23-10597 (BLS) (Bankr. D. Del. May 8. 2023); *In re Lannett Company, Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May, 2. 2023); *In re DeCurtis Holdings LLC,* No. 23-10548 (JKS) (Bankr. D. Del. Apr. 30, 2023); *In re Lincoln Power, LLC*, No. 23-10382 (LSS) (Bankr. D. Del. Apr. 3, 2023); *In re Independent Pet Partners Holdings, LLC*, 23-10153 (LSS) (Bankr. D. Del. Feb. 5, 2023); *In re Performance Powersports Group Investor, LLC*, 23-10047 (LSS) (Bankr. D. Del. Jan. 18, 2023).

## SERVICES TO BE PROVIDED

11. Pursuant to the Engagement Agreement, the Debtors seek to retain Omni to provide, among other things, the following bankruptcy administration services (collectively, the "**Administrative Services**"), if and to the extent requested:

   a. assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

   b. provide a confidential data room;

   c. assist with, among other things, plan solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

   d. prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

   e. manage and coordinate any distributions pursuant to a chapter 11 plan; and

   f. provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court.

## TERMS OF RETENTION

12. The fees Omni will charge in connection with providing Administrative Services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Omni's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Omni as Administrative Agent. The Debtors believe Omni's rates are more than reasonable given the quality of Omni's services and its professionals' bankruptcy expertise. Additionally, Omni will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

5

13. Omni intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Agent pursuant to the Engagement Agreement. Omni will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

14. As stated in the Section 156(c) Application, prior to the Petition Date, the Debtors provided Omni with an advance in the amount of $50,000 in the aggregate, which was sent to Omni in one wire on June 20, 2025. Omni seeks to hold the retainer pursuant to the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement. Except as stated in this paragraph, Omni has not received any payments from the Debtors in the 90 days prior to the Petition Date.

15. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify and hold harmless Omni and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Omni's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation, as modified by paragraphs 6-8 of the Proposed Order (which is incorporated by reference herein), is customary, reasonable, and necessary to retain the services of an Administrative Agent in the Chapter 11 Cases.

### **OMNI'S DISINTERESTEDNESS**

16. Omni has represented to the Debtors that, to the best of its knowledge, and except as set forth in the Deutch Declaration, neither Omni nor any of its professional personnel have any

relationship with the Debtors that would impair Omni's ability to serve as the Administrative Agent. To the extent that Omni or its personnel have, or may have had, relationships with certain of the Debtors' creditors, as described in the Deutch Declaration, Omni has represented to the Debtors that those matters are completely unrelated to the Chapter 11 Cases.

17. Moreover, in connection with its retention as the Administrative Agent, Omni represents in the Deutch Declaration, among other things, that Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Omni and its professional personnel:

   a. are not creditors, equity security holders, or insiders of the Debtors;

   b. are not, and were not, within two years before the date of the filing of the Chapter 11 Cases, directors, officers, or employees of the Debtors; and

   c. do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

18. Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure

## NO DUPLICATION OF SERVICES

19. The Debtors intend that the services of Omni will complement, and not duplicate, the services being rendered by other professionals retained in the Chapter 11 Cases. Omni understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## BASIS FOR RELIEF REQUESTED

20. The Debtors seek to retain Omni as its Administrative Agent pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

21. Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

22. To help manage administrative tasks with respect to the creditors and other parties in interest that are expected to be involved in the Chapter 11 Cases, the Debtors respectfully request the Court enter an order appointing Omni as the Administrative Agent in the Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

23. The Debtors respectfully request that Omni's retention be made effective as of the Petition Date so that Omni may be compensated for the services performed prior to approval of this Application. Omni has provided services to the Debtors in advance of approval of this Application in anticipation that its retention would be approved effective as of the Petition Date. The Debtors submit that these circumstances warrant retroactive approval. Further, the Debtors believe that no party in interest will be prejudiced by the granting of the retroactive effectiveness of Omni's employment because Omni has provided, and will continue to provide, valuable services to the Debtors' estates in the covered period.

24. For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and therefore, should be granted.

## NOTICE

25. Notice of this Application will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as proposed counsel to the Creditors' Committee; (c) Norton Rose Fulbright US LLP and Young Conaway Stargatt & Taylor LLP, as counsel to the DIP Lender; (d) Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (e) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (f) Jones Day, as counsel to the Prepetition Noteholders; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 15, 2025

ZEN JV, LLC, *et al.*

*/s/ Michael Suhajda*
Michael Suhajda
Chief Financial Officer