**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | ) | Case No. 25-11195 (JKS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **RE: D.I. 82, 123, 129** |

**OBJECTION OF BULLHORN, INC. TO POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Bullhorn, Inc. ("Bullhorn"), on behalf of itself and its affiliates, respectfully submits this objection to the above-captioned debtors' (the "Debtors") notice regarding the potential assumption and assignment of certain executory contracts [D.I. 82] (the "Initial Notice") and the related supplemental filings [D.I. 123 and 129] (the "Supplemental Notice"). In support of this objection, Bullhorn states as follows:

**BACKGROUND**

1. Bullhorn is a cloud computing company that provides software solutions for the staffing and recruiting industry. Bullhorn's affiliates, including, but not limited to, Textkernel B.V., entered into a licensing agreement and related agreements with the Debtors.

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

2. On June 24, 2025, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On July 3, 2025, the Debtors filed the Initial Notice, which lists a contract between Textkernel US LLC and Monster Worldwide Inc.,[2] dated June 12, 2024 (the "Textkernel US Contract"), as an executory contract that may be assumed by the Debtors and assigned to a buyer in connection with their ongoing sale process. The proposed cure cost for the Textkernel US Contract is listed as zero.

4. On July 11, 2025, the Debtors filed the Supplemental Notice, as amended on July 14, 2025, which lists a master services agreement or order form between Textkernel Demo and CareerBuilder LLC (the "Textkernel Demo Contract," and together with the Textkernel US Contract, the "Textkernel Contracts") as an executory contract that may also be assumed by the Debtors and assigned to a buyer. The proposed cure cost for the Textkernel Demo Contract is likewise listed as zero.

**OBJECTION**

5. Under section 365 of the Bankruptcy Code, a debtor seeking to assume an executory contract must cure any defaults. *See* 11 U.S.C. § 365(b)(1)(A). In addition, section 365(b)(1)(B) requires the debtor to provide compensation for any actual pecuniary loss resulting from such defaults. If, however, a contract expires by its own terms before assumption or rejection,

---

[2] Based on the Debtors' filings, it appears that Monster Worldwide Inc. is not among the Debtors in these chapter 11 cases, while Monster Worldwide LLC is. If the Textkernel US Contract is with Monster Worldwide Inc., and no Debtor is a party to it, then it is unclear how the Debtors could seek to assume and assign the contract under section 365 of the Bankruptcy Code. Bullhorn therefore reserves all rights to supplement this objection in the event the Debtors proceed on that basis.

there is nothing for the debtor to assume or assign. *See In re Nat'l Steel Corp.*, 316 B.R. 287, 304 (Bankr. N.D. Ill. 2004); *In re Access Beyond Techs., Inc.*, 237 B.R. 32, 47 (Bankr. D. Del. 1999).

6. Bullhorn objects to the proposed assumption and assignment of the Textkernel Contracts. The Textkernel US Contract provided for services that were paid in full for the period from June 12, 2024, through June 12, 2025. That contract has expired by its own terms and therefore cannot be assumed or assigned under section 365.

7. Bullhorn also objects to the proposed assumption and assignment of the Textkernel Demo Contract. Although Bullhorn has requested additional information from the Debtors to assist in identifying the referenced agreement, it has not received sufficient detail to date. The contract does not appear among the executory contracts listed in the Debtors' schedules filed on July 15, 2025, and the limited description in the Supplemental Notice lacks the specificity necessary for Bullhorn to evaluate its rights or any applicable cure amount.

**RESERVATION OF RIGHTS**

8. Bullhorn submits this objection as a precautionary measure while it continues to engage with the Debtors' counsel regarding the contracts at issue. Bullhorn reserves all rights to supplement or amend this objection, including, without limitation, to raise additional arguments concerning adequate assurance of future performance, cure amounts, attorneys' fees, expenses, or any other relevant interests.

For the foregoing reasons, Bullhorn respectfully requests that the Court sustain this objection and condition any assumption and assignment of the Textkernel Demo Contract on resolution of the issues raised herein.

Dated: July 16, 2025
Wilmington, DE

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
Brian Loughnane (Bar No. 6853)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
jody.barillare@morganlewis.com
brian.loughnane@morganlewis.com

- and -

Christopher L. Carter (*pro hac vice* pending)
David K. Shim (*pro hac vice* pending)
One Federal Street
Boston, MA 02110
Telephone: (617) 341-7700
christopher.carter@morganlewis.com
david.shim@morganlewis.com.com

*Counsel to Bullhorn, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of July 2025, a true and correct copy of the foregoing was sent via ECF Noticing to all parties receiving ECF Notices in these chapter 11 cases.

*/s/ Jody C. Barillare*
Jody C. Barillare, Esq.