# **EXHIBIT 1**

**Revised Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | : | Case No. 25-11195 (JKS) |
| Debtors. | : | (Jointly Administered) |
| | : | Re: Docket No. 23 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE OPERATING EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) WAIVING CERTAIN REQUIREMENTS UNDER SECTION 345 OF THE BANKRUPTCY CODE AND THE U.S. TRUSTEE GUIDELINES AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Final Order**") (a) authorizing the Debtors to (i) continue to operate their existing cash management system, (ii) honor certain prepetition obligations related thereto, (iii) maintain their existing accounts and business forms, and (iv) continue to perform Intercompany Transactions in the ordinary course of business; (b) waiving certain requirements under section 345 of the Bankruptcy Code and the U.S. Trustee Guidelines; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion, the First Day Declaration, and the Interim Order, as approved by this Court; and this Court having jurisdiction to consider the Motion and the relief requested therein in

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

RLF1 33269860v.1

accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Final Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted on a final basis, as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, pursuant to sections 363(c) and 105(a) of the Bankruptcy Code, to (a) continue to manage their cash pursuant to the Cash Management System maintained by the Debtors before the Petition Date, (b) collect, concentrate, and disburse cash in accordance with the Cash Management System, including through Intercompany Transactions and the Purchase Card Program, and (c) to make ordinary course changes to the Cash Management System.

4. The Debtors are authorized, but not directed, to continue using, in their present form (or as subsequently amended in accordance with this Final Order), the Business Forms, as well as checks and other documents related to the Debtor Accounts existing immediately before the Petition Date.

5. The Debtor Bank at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized to, when requested by the Debtors, (a) receive, process, honor, and pay all checks presented for payment and to honor all checks or electronic fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts; (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or ACH transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise; and (c) charge back to the Bank Account any amounts from returned checks or other returned items.

6. The Debtors shall maintain accurate and detailed records of all transfers within the Cash Management System so that all postpetition transfers and transactions, including Intercompany Transactions, are adequately and promptly documented in their books and records, and all transfers and transactions may be readily ascertained, traced and distinguished between prepetition and postpetition transactions. The Debtors shall provide the Official Committee of Unsecured Creditors (the "**Committee**") Intercompany Transactions records on a weekly basis.

7. The Debtors are further authorized to: (a) designate, maintain, and continue to use any or all of the existing Debtor Accounts in the names and with the account numbers existing immediately before the Petition Date; (b) deposit funds in and withdraw funds from such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits; (c) pay any Cash Management Fees or other charges associated with the Debtor Accounts, whether arising before or after the Petition Date, consistent with the Debtors' historical practice; (d) perform their obligations under the documents and agreements governing the Debtor Accounts;

(e) in the ordinary course of business, amend any agreements or other documents governing or applicable to the Debtor Accounts, subject to the terms and provisions of such agreements or documents; (f) in the ordinary course of business, enter into ancillary agreements related to the Debtor Accounts, subject to the terms and provisions of the agreements governing or applicable to such Debtor Accounts; and (g) treat their prepetition Debtor Accounts for all purposes as debtor in possession accounts.

8. The Debtors, are authorized to open new accounts; *provided*, that all accounts opened by any of the Debtors on or after the Petition Date at any financial services provider shall, for purposes of this Final Order, be deemed a Debtor Account as if it had been listed on **Exhibit D** to the Motion; *provided*, *further*, that notice of such opening shall be provided within 15 days to the U.S. Trustee, counsel to the Committee, and counsel to any other statutory committee appointed in the Chapter 11 Cases; *provided*, *further*, that the Debtors shall open any new Debtor Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at such bank that is willing to immediately execute such agreement.

9. If the Debtor Bank honors a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors to honor such prepetition check (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the Debtor Bank shall not be deemed to be, nor shall be liable to, the Debtors or the estate or otherwise in violation of this Final Order.

10. The Debtor Bank shall not honor payments for which Debtors have issued stop payment orders in accordance with governing documents.

11. Nothing contained herein shall prevent the Debtors from closing any Debtor Account as they may deem necessary and appropriate, to the extent consistent with the terms of any prepetition financing agreement and postpetition financing agreement and any order of this Court relating thereto, the Debtor Bank is authorized to honor the Debtors' requests to close such Debtor Accounts, and the Debtors shall give notice of the closure of any account within 15 days to the U.S. Trustee, counsel to the Committee, and counsel to any other statutory committee appointed in the Chapter 11 Cases.

12. The Debtors are authorized, but not directed, to enter into, engage in, and perform under the Intercompany Transactions in the ordinary course of business, and to make payments to, or set off amounts owed from, the applicable Debtor on account of postpetition Intercompany Transactions, in a manner consistent with their practices in effect as of the Petition Date in the ordinary course of business or as necessary to execute the Cash Management System except as modified herein with respect to certain recording and reporting requirements.

13. All transfers or payments from one Debtor to another Debtor, or made by a Debtor on behalf of another Debtor, after the Petition Date, shall be accorded administrative expense priority status in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.

14. Pursuant to Local Rule 2015-1(a), the Debtors are authorized to continue to use their existing checks, correspondence, and other Business Forms without alteration or change and without the designation "Debtor in Possession" or a bankruptcy case number imprinted upon them. Notwithstanding the foregoing, once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks.

5

RLF1 33269860v.1

15. Any requirement under the U.S. Trustee Guidelines to establish separate accounts for cash collateral and tax payments is hereby waived except as otherwise required by any applicable agreements between the Debtors and the Debtor Bank.

16. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

17. Nothing in the Motion or this Final Order, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order. Nothing contained in this Final Order shall be deemed to create, enhance the status of, increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

19. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

20. Nothing in this Final Order shall be construed to (a) create or perfect, in favor of person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b)

alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

21. Nothing in this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Final Order.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.