# EXHIBIT 2

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re:                                    :   Chapter 11
:
ZEN JV, LLC, *et al.*,[1]                 :   Case No. 25-11195 (JKS)
:
    Debtors.                              :   (~~Joint Administration Requested~~Jointly
                                          :   Administered)
:
------------------------------------------------------------ x   **Re: Docket No. 27**

### FINAL ORDER (A) AUTHORIZING PAYMENT OF CERTAIN PREPETITION WORKFORCE OBLIGATIONS, (B) AUTHORIZING CONTINUANCE OF WORKFORCE PROGRAMS, (C) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (D) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO ADMINISTRATORS, AND (E) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of ~~orders~~ (an order (this "**Final Order**") (a) authorizing, but not directing, the Debtors, in their discretion, to pay, continue, or otherwise honor the Workforce Obligations, (b) confirming the Debtors' authority to continue each of the Workforce Programs in the ordinary course of business, (c) authorizing the Debtors to pay any and all local, state, and federal withholding and payroll-related or similar taxes and other Deductions relating to the Workforce Obligations, (d) authorizing the Debtors, in their discretion, to pay any prepetition claims owing to the Administrators in the ordinary course of business, and (e) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

the Motion, the First Day Declaration, and the Interim Order, as approved by this Court; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Final Order, therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted on a final basis, as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized but not directed, in their discretion and business judgment, to pay or otherwise honor any and all prepetition Workforce Obligations[3] and Administrator Fees and Expenses, on a final basis, including for the avoidance of doubt, any commission-based Wage Obligations, if any, that exceed the Statutory Cap set forth in section

---

[3] For the avoidance of doubt, (i) the term "**Workforce Obligations**" shall include any and all Disability Benefits and Workers' Compensation Obligations, (ii) the term Disability Benefits shall include all accidental death and dismemberment insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements, documents, and instruments related thereto, and (iii) there shall be no cap on payments for Workers' Compensation Obligations, and such term shall include any and all prepetition or post-petition obligations under the Workers' Compensation Program.

507(a)(4) and 507(a)(5) of the Bankruptcy Code, provided such payments shall not exceed the amounts set forth in the table below without further order of this Court.

| Obligation | Approximate Final Amounts |
|---|---|
| **Workforce Obligations** | **$[~~●~~]6,357,000** |
| a.  Wage Obligations | $[~~●~~]2,708,000 |
| b.  Deductions | $[~~●~~]302,000 |
| c.  Employee Benefits Obligations | $[~~●~~]1,129,000 |
| d.  PTO Obligations | $[~~●~~]2,194,000 |
| e.  Reimbursable Expense Obligations | $[~~●~~]19,000 |
| f.  Miscellaneous Benefits Obligations | $[~~●~~]5,000 |
| ~~g. Workers' Compensation Obligations~~ | $[●] |
| **Administrator Fees and Expenses** | $[~~●~~]4,000 |
| **GRAND TOTAL** | **$[~~●~~]6,361,000** |

4.      The Debtors are authorized to (a) continue each of the Workforce Programs, in the ordinary course of business during the pendency of the Chapter 11 Cases, in the manner and to the extent that such Workforce Programs were in effect, as described in the Motion, immediately before the filing of the Chapter 11 Cases, and (b) continue to fund and to make payments in connection with the costs of and the expenses incurred in the administration of any Workforce Program in the ordinary course of business.

5.      The Debtors shall not make any bonus, retention or severance payments to insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.

6.      ~~5.~~ The Debtors are authorized to pay any and all local, state, and federal withholding and payroll-related or similar taxes related to the Workforce Obligations and to withhold and pay amounts that are attributable to the Deductions, including, but not limited to, all withholding taxes,

3

social security taxes, and Medicare taxes, whether such taxes relate to the period before or after the Petition Date.

7.     ~~6.~~ The Debtors are authorized, but not directed, to continue, maintain or otherwise honor the Workers' Compensation Program,[4] in the ordinary course of business and in accordance with practices and procedures that were in effect before the commencement of the Chapter 11 Cases and to pay~~,~~ or otherwise honor in the ordinary course of business as such obligations become due, all Workers' Compensation Obligations (including brokers' fees) without regard to whether accruing or relating to the period before or after the Petition Date.

8.     ~~7.~~ Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified ~~solely~~, if and to the extent ~~necessary to allow~~applicable, to permit (a) current and former employees to proceed with their Workers' Compensation Claims pursuant to ~~proceed under~~ the Workers' Compensation Program ~~and to allow~~(whether arising before or after the Petition Date) in the appropriate judicial or administrative forum; (b) direct action claims against any Workers' Compensation Insurer or any other insurer (whether arising before or after the Petition Date) to proceed in the appropriate judicial or administrative forum; and (c) the Debtors, their affiliates, ~~the~~any Workers' Compensation Insurer,[5] and/or ~~their third party administrators to negotiate~~any other insurer to handle, administer, defend, settle and/or ~~litigate~~pay direct action claims against any Workers' Compensation Insurer or any other insurer and Workers' Compensation Claims~~, and pay resulting amounts~~, whether such claims arose before or after the Petition Date.

---

[4] For the avoidance of doubt, the term "**Workers' Compensation Program**" shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements, documents, and instruments related thereto.

[5] For the avoidance of doubt, the term "**Workers' Compensation Insurer**" shall include any and all insurers that issued a policy under the Workers' Compensation Program and any third-party administrator for Workers' Compensation Claims.

9. Nothing in this Final Order, the Interim Order, or the Motion: (a) alters, amends or modifies the terms and conditions of the Disability Policies and the Workers' Compensation Program, including, but not limited to, (i) the obligation, if any, of any insurer or third party administrator to pay any defense costs and amounts within a deductible and the right, if any, of an insurer or third party administrator to seek reimbursement from the Debtors for defense costs and any amounts within a deductible, and (ii) the obligation, if any, of the Debtors to reimburse any insurer or third party administrator therefor; (b) relieves the Debtors of any of their obligations under the Disability Policies and the Workers' Compensation Program; (c) creates or permits a direct right of action against any insurer or third party administrator;  (d) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under the Disability Policies and the Workers' Compensation Program; or (e) waives any insurer's or third party administrator's claims or rights against the Debtors, any of the Debtors' subsidiaries or affiliates, or any other person, entity, property or parties liable to such insurer or third party administrator (whether under the Workers' Compensation Program or otherwise).

10. 8. Subject to the following proviso, the Debtors are authorized but not directed, pursuant to sections 363 and 503(c) of the Bankruptcy Code to continue the Severance Benefits on a postpetition basis in the ordinary course of business, and in each case to pay any accrued amounts thereunder as they become due; *provided that* (a) payments of prepetition Severance Benefits to any individual former Employee terminated prepetition shall not exceed the Statutory Cap set forth in section 507(a)(4) and 507(a)(5) of the Bankruptcy Code, and (b) nothing in this Final Order shall be deemed to authorize the payment of any amounts in satisfaction of retention bonus or severance obligations that are prohibited by section 503(c) of the Bankruptcy Code.

11. ~~9.~~ The Debtors are authorized but not directed to "cash out" unpaid PTO upon termination of an Employee to the extent required by applicable non-bankruptcy law.

12. ~~10.~~ The Banks shall be, and are hereby authorized, when requested by the Debtors, to process, honor, pay, and, if necessary, reissue any and all checks or electronic funds transfers on account of obligations authorized to be paid by this Final Order, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, drawn on the Debtors' accounts, whether those checks were presented before or after the Petition Date, provided that sufficient funds are available in such accounts to make the payments.

13. ~~11.~~ The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors before the Petition Date should be honored pursuant to this Final Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Final Order.

14. ~~12.~~ The Debtors are authorized but not directed to issue new postpetition checks, or effect new electronic funds transfers on account of amounts payments authorized to be made by this Final Order, to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored as a result of the commencement of the Chapter 11 Cases.

15. ~~13.~~ Any authorization under this Final Order to pay, and the payment of, any amounts on account of the Workforce Obligations shall not affect the Debtors' right to contest the amount or validity of any Workforce Obligation, including without limitation, any amounts that may be due to any taxing authority.

16. ~~14.~~ Notwithstanding anything to the contrary in this Final Order, the Debtors retain their right to modify or terminate any Workforce Program to the extent that such right exists under the terms of the Workforce Program or as may be required by applicable law; *provided, however*,

that the Debtors shall seek court approval, upon a motion on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.

17.    ~~15.~~ Nothing in the Motion or this Final Order, nor any actions or payments made by the Debtors pursuant to this Final Order, is intended as or shall be construed or deemed to be: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.  Nothing contained in this Final Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

18.    ~~16.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

19.    ~~17.~~ The Debtors are hereby authorized to take such actions and to execute such documents as may be reasonably necessary to implement the relief granted by this Final Order.

20.    ~~18.~~ This Court retains ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.