## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: August 6, 2025 at 4:00 p.m. (ET)** |
| | **Hearing Date: August 21, 2025 at 1:00 p.m. (ET)** |

### APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 2, 2025

The Official Committee of Unsecured Creditors (the "Committee") of Zen JV, LLC *et al.* (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") hereby files this application (the "Application") for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to retain and employ Cole Schotz P.C. ("Cole Schotz") as counsel to the Committee effective as of July 2, 2025. In support of the Application, the Committee submits (i) the declaration of Justin R. Alberto attached hereto as **Exhibit A** (the "Alberto Declaration") and (ii) the declaration of Oscar Romero of Verinext Inc., the Chairperson of the Committee, attached hereto as **Exhibit B** (the "Committee Declaration"), and respectfully represents as follows:

---

[1]  The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference for the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final order or judgment by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and other bases for relief requested in this Application are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

**A.      The Chapter 11 Cases**

5.      On June 24, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On July 2, 2025, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee, which is comprised of the following members: (i) Jobverse, Inc. (ii) Textkernel B.V., c/o Bullhorn Inc., (iii) Talroo, Inc., (iv) Verinext Inc., (v) Appcast, Inc.,

(vi) Jobcase, Inc., and (vii) Equinix, Inc.  *See* Docket No. 65.  The Committee selected Verinext Inc. as the Chairperson of the Committee.

7.      On July 2, 2025, the Committee selected Cole Schotz as its counsel and M3 Advisory Partners LP ("M3") as its financial advisor.

## RELIEF REQUESTED

8.      By this Application, the Committee respectfully requests that the Court enter an order, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, authorizing the Committee to retain and employ Cole Schotz as its counsel to represent the Committee in all phases of the Chapter 11 Cases effective as of July 2, 2025, which is the date Cole Schotz was selected as proposed counsel and commenced providing services on behalf of the Committee.

9.      Contemporaneously herewith, the Committee is filing an application to retain M3 as its financial advisor.  Cole Schotz and M3 will coordinate responsibilities and services rendered to the Committee to avoid any unnecessary duplication and inefficiencies.

## BASIS FOR RELIEF

10.     Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, a committee appointed under section 1102 of the Bankruptcy Code may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate. 11 U.S.C. §§ 328(a), 1103.  The Committee requests that the Court approve its retention of Cole Schotz as its counsel to perform certain legal services that will be necessary during the Chapter 11 Cases in accordance with Cole Schotz's standard hourly rates and disbursement policies.

11.     The Committee selected Cole Schotz as its counsel because of the firm's extensive experience representing committees in complex chapter 11 proceedings.  Most recently, Cole Schotz has been engaged to represent committees in *In re F21 OpCo, LLC*, Case No. 25-10469

(JKS) (Bankr. D. Del.); *In re Liberated Brands LLC*, Case No. 25-10168 (JKS) (Bankr. D. Del.); *In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del.); *In re Fisker Inc.*, Case No. 24-11390 (TMH) (Bankr. D. Del); *In re Project Sage Oldco, Inc.*, Case No. 24-10245 (JTD) (Bankr. D. Del.); *In re Cano Health, Inc.*, Case No. 24-10164 (KBO) (Bankr. D. Del.); *In re Restoration Forest Products Group, LLC*, Case No. 24-10120 (KBO) (Bankr. D. Del.); *In re MediaMath Holdings Inc.*, Case No. 23-10882 (LSS) (Bankr. D. Del.); *In re the Mitchell Gold Co., LLC*, Case No. 23-11385 (LSS) (Bankr. D. Del.); *In re FB Debt Financing Guarantor, LLC*, Case No. 23-10025 (KBO) (Bankr. D. Del.); *In re Performance Powersports Group Investor, LLC*, Case No. 23-10047 (LSS) (Bankr. D. Del.); *In re TPC Group Inc.*, Case No. 22-10493 (CTG) (Bankr. D. Del.); *In re Armstrong Flooring, Inc.*, Case No. 22-10426 (MFW) (Bankr. D. Del.); *In re Mallinckrodt plc*, Case No. 20-12522 (JTD) (Bankr. D. Del.).  Several of the attorneys at Cole Schotz who will be employed in the Chapter 11 Cases are members in good standing of the Bar of the Supreme Court of Delaware and all regularly practice before this Court.  Accordingly, the Committee seeks to retain Cole Schotz because Cole Schotz is well qualified to represent and assist the Committee in performing its duties in the Chapter 11 Cases.

## **SERVICES TO BE PROVIDED BY COLE SCHOTZ**

12.     The Committee respectfully submits that it is necessary and appropriate to employ and retain Cole Schotz as its counsel to represent it in the Chapter 11 Cases and render various professional services to enable it to faithfully execute its duties.  Cole Schotz's duties may include, among others:

<blockquote>

a.       serving as counsel to the Committee;

b.       providing legal advice with respect to the Committee's powers, rights, duties and obligations in these Chapter 11 Cases;

c.       assisting and advising the Committee in its consultations with the Debtors regarding the administration of these Chapter 11 Cases;

</blockquote>

4

d.      assisting the Committee in reviewing and negotiating terms for unsecured creditors with respect to (i) debtor in possession financing and the use of cash collateral, (ii) any sale of the Debtors' assets, including negotiating bid procedures and proposed asset purchase agreements, (iii) confirmation of a chapter 11 plan, and (iv) other requests for relief which would impact unsecured creditors;

e.      investigating the liens asserted by the Debtors' lenders and any potential causes of action against the Debtors' lenders and other parties in interest;

f.      advising the Committee on the corporate aspects of these Chapter 11 Cases and any plan(s) or other means to effect the Debtors' liquidation that may be proposed in connection therewith and participation in the formulation of any such plan(s) or means of implementing the liquidation, as necessary;

g.      taking all necessary actions to protect and preserve the estates of the Debtors for the benefit of unsecured creditors, including the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the investigation of the prior operation of the Debtors' businesses and the investigation and prosecution of estate claims, causes of action and any other matters relevant to these Chapter 11 Cases;

h.      preparing on behalf of the Committee all necessary motions, applications, complaints, answers, orders, reports, papers and other pleadings and filings in connection with the Committee's duties in these Chapter 11 Cases;

i.      advising and representing the Committee in hearings and other judicial proceedings in connection with all necessary motions, applications, objections and other pleadings and otherwise protecting the interests of those represented by the Committee; and

j.      performing all other necessary legal services as may be required and authorized by the Committee that are in the best interests of unsecured creditors.

13.     The Committee respectfully represents that it is necessary for the Committee to retain counsel to perform the above-referenced services and otherwise assist the Committee in fulfilling its statutory duties under the Bankruptcy Code.  Cole Schotz will perform the above tasks, as may be requested by the Committee, in a manner that avoids unnecessary duplication,

promotes the efficient representation of the Committee and is consistent with the representation of the Committee as counsel.

## DISINTERESTEDNESS OF COLE SCHOTZ

14.     To the best of the Committee's knowledge, information and belief and as evidenced by the Alberto Declaration, Cole Schotz does not currently hold or represent any interest adverse to the interest of the estates or creditors or equity security holders with respect to the matters in which Cole Schotz is to be employed, except as set forth therein, and Cole Schotz is "disinterested" under section 101(14) of the Bankruptcy Code.

15.     Except as disclosed in the Alberto Declaration, Cole Schotz does not represent, and has not represented, any entities other than the Committee, in matters related to the Chapter 11 Cases.  Cole Schotz may represent, or may have represented, certain parties with interests in the Chapter 11 Cases on matters unrelated to the Chapter 11 Cases.  As set forth in the Alberto Declaration, Cole Schotz has conducted, and continues to conduct, research into its relations with the Debtors, the Debtors' substantial creditors and other parties in interest in the Chapter 11 Cases.

## COMPENSATION OF COLE SCHOTZ

16.     The terms of the employment of Cole Schotz provide generally that certain attorneys and other personnel within Cole Schotz will undertake this representation at their standard hourly rates, and that Cole Schotz will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court.

17.     The present hourly rates for attorneys and paralegals of Cole Schotz are set forth in the Alberto Declaration.  The hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect their increased expertise and experience in their area of law.

Cole Schotz will advise the Committee, the Debtors and the U.S. Trustee of any increases in its hourly rates.[2]

18.     Cole Schotz will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work related meals, facsimile (outgoing only) toll and other charges, external teleconferencing, mail and express or overnight mail charges, special or hand delivery charges, document processing, photocopying (not to exceed $0.10 per page for black and white copies and $0.80 for color copies), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses such as secretarial and other overtime and other out-of-pocket expenses incurred in providing professional services to the Committee.  Cole Schotz will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

19.     Cole Schotz will file fee applications with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, and be paid pursuant thereto.  Cole Schotz also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines").

20.     The following is provided in response Paragraph D.1. of the Revised UST Guidelines:

---

[2]     Such rate increases generally occur on or about September 1 of each year.

| | |
|---|---|
| **Question** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response | No.  Cole Schotz professionals working on this matter will bill at their standard hourly rates. |
| **Question** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response | No. |
| **Question** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response | Cole Schotz did not represent the Committee during the 12 months preceding the filing of the Chapter 11 Cases. |
| **Question** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response | Cole Schotz expects to develop a prospective budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Cole Schotz reserves all rights. |

## NOTICE

21.     Notice of this Application will be provided to the following parties: (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Application is required.

## NO PRIOR REQUEST

22.     No prior request for the relief requested in this Application has been made to this

Court or any other court.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit C**, authorizing and approving the Committee's retention and employment of Cole Schotz as its counsel effective as of July 2, 2025, and grant such other and further relief as the Court deems just and proper.

Dated: July 23, 2025

*THE OFFICIAL COMMITTEE OF*
*UNSECURED CREDITORS OF*
*ZEN JV, LLC, ET AL.*

*/s/ Oscar Romero*
By: Oscar Romero
On behalf of Verinext Inc., solely in its
capacity as Chairperson of the Official
Committee of Unsecured Creditors of
Zen JV, LLC, *et al*.