# **EXHIBIT B**

**Committee Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered) |

**DECLARATION OF OSCAR ROMERO OF VERINEXT INC.
IN SUPPORT OF APPLICATION FOR AN ORDER PURSUANT TO
11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING AND APPROVING THE RETENTION
AND EMPLOYMENT OF COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 2, 2025**

I, Oscar Romero, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. My name is Oscar Romero. I am over the age of 21 and am competent in all respects to make this declaration (the "Declaration"). I am the Chairperson of the Official Committee of Unsecured Creditors (the "Committee") of Zen JV, LLC, *et al.* (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases").

2. I am authorized to make this Declaration in support of the Committee's application (the "Application")[2] seeking authorization to retain Cole Schotz P.C. ("Cole Schotz" or the "Firm") as its counsel pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Court for the District of Delaware (the "Local Rules"). Except as otherwise noted, I have personal knowledge as to all of the information set forth below.

3. This Declaration is provided pursuant to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"). Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by Cole Schotz.

4. I am informed by counsel that Paragraph D.2 of the Revised UST Guidelines suggests that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

    (a)    The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

    (b)    The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

    (c)    The number of firms the client interviewed.

    (d)    If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

    (e)    The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

**Identity of Declarant**

5. On July 2, 2025, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee, which is comprised of the following members: (i) Jobverse, Inc. (ii) Textkernel B.V., c/o Bullhorn Inc., (iii) Talroo, Inc., (iv) Verinext Inc., (v) Appcast, Inc., (vi) Jobcase, Inc., and (vii) Equinix, Inc. *See* Docket No. 65.

6. The Committee selected Verinext Inc. as the Chairperson of the Committee.

7. As the Chairperson and a member of the Committee, I was directly involved in the Committee's decision to retain Cole Schotz.

**Steps Taken to Ensure the Comparability of Engagement Terms**

8. Cole Schotz has informed the Committee that its rates for bankruptcy representations are comparable to the rates Cole Schotz charges for non-bankruptcy representations, and that Cole Schotz endeavors to set its hourly rates for attorneys and professionals at levels competitive to those charged by peer firms.

9. After interviewing four law firms, the Committee found Cole Schotz to be qualified for the present engagement. As described in the Application, the Committee selected Cole Schotz as its counsel because of its extensive experience representing committees and other parties in chapter 11 proceedings, as well as its knowledge and expertise in the fields of, *inter alia*, debtors' and creditors' rights and bankruptcy. In addition, several of the attorneys at Cole Schotz are members in good standing of the Bar of the Supreme Court of Delaware and regularly practice before this Court. Therefore, it is the Committee's opinion that Cole Schotz is well qualified to represent and assist the Committee in performing its duties in the Chapter 11 Cases.

**Rate Structure**

10. Cole Schotz has informed the Committee that its hourly rates are subject to periodic adjustments (typically on or about September 1 of each year) to reflect economic and other conditions.

11. By virtue of the foregoing, and for the reasons set forth in the Application and the Alberto Declaration, the Committee believes that Cole Schotz is well qualified to represent the Committee in the Chapter 11 Cases as counsel and seeks entry of an order in the form attached to the Application authorizing the Committee to retain Cole Schotz effective as of July 2, 2025 in accordance with the terms set forth in the Application and the Alberto Declaration.

**Procedures Established to Supervise Fees and Expenses and Manage Costs**

12. I understand that Cole Schotz will be using budget and staffing reports for legal services provided to the Committee during this engagement. The Committee recognizes that in the course of a chapter 11 case, there may be unforeseeable fees and expenses that will need to be addressed by the Committee and Cole Schotz. Therefore, the Committee recognizes that it is its responsibility to closely monitor the billing practices of its counsel to ensure that the fees and expenses paid by the estates remain consistent with the Committee's expectations and exigencies of these cases. The Committee will continue to review the invoices submitted by Cole Schotz, and together with Cole Schotz, may periodically amend the budget and staffing plan as the cases develop to reflect changed circumstances or unanticipated developments.

[*Remainder of Page Left Intentionally Blank*]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 23, 2025

*THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ZEN JV, LLC, ET AL.*

*/s/Oscar Romero*
By: Oscar Romero
On behalf of Verinext Inc. solely in its capacity as Chairperson of the Official Committee of Unsecured Creditors of Zen JV, LLC, *et al*.

5