## EXHIBIT C

**Proposed Order**

Case 25-11195-JKS    Doc 203-4    Filed 07/23/25    Page 1 of 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No.** _____ |

**ORDER PURSUANT TO**
**11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 2, 2025**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Zen JV, LLC, *et al.* (collectively, the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to retain and employ Cole Schotz P.C. ("Cole Schotz") as its counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases") effective as of July 2, 2025, and upon the declaration of Justin R. Alberto, a member in the Bankruptcy & Corporate Restructuring group of Cole Schotz (the "Alberto Declaration") and the declaration of Oscar Romero of Verinext Inc., Chairperson of the Committee (the "Committee Declaration", and together with the Alberto Declaration, the "Declarations"); and it appearing that the attorneys of Cole Schotz who will perform services on behalf of the Committee in the Chapter 11 Cases are duly qualified to practice before this Court; and the United States

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court finding, based on the representations made in the Application and the Declarations, that Cole Schotz does not represent any interest adverse to the Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and appropriate and in the best interests of the Committee and the Debtors' estates; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. The Application is APPROVED as set forth herein.

2. The Committee is hereby authorized to retain and employ Cole Schotz as its counsel in these Chapter 11 Cases, effective as of July 2, 2025, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, as contemplated by the Application and on the terms provided in the Application and the Alberto Declaration, and Cole Schotz is authorized to perform the services set forth in the Application and in the Alberto Declaration, as may be modified herein.

3. Cole Schotz shall be compensated in accordance with procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

4. Notwithstanding anything to the contrary in the Application or the Alberto Declaration, Cole Schotz shall not seek reimbursement of any fees or costs arising from the defense of any of Cole Schotz's fee applications in these Chapter 11 Cases.

5. Cole Schotz shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines") in connection with any interim or final fee applications Cole Schotz files in the Chapter 11 Cases.

6. Consistent with the Revised UST Guidelines, Cole Schotz shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Notwithstanding anything in the Application to the contrary, Cole Schotz shall (i) to the extent that it uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Cole Schotz pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Cole Schotz; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

8. Cole Schotz shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

9.     To the extent that there may be any inconsistency among the terms of the Application, the Alberto Declaration and this Order, the terms of this Order shall govern.

10.    The Committee is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

11.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014 or otherwise, or any Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.    The Court shall retain jurisdiction to hear and determine all matters arising under or related to the implementation or interpretation of this Order.