**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: August 6, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: August 21, 2025 at 1:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ZEN JV, LLC, *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING
AND APPROVING THE EMPLOYMENT AND RETENTION OF M3 ADVISORY
PARTNERS, LP AS FINANCIAL ADVISOR EFFECTIVE AS OF JULY 2, 2025**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned

debtors and debtors in possession (the "Debtors") hereby submits its application (the

"Application") for entry of an order authorizing and approving the employment and retention of

M3 Advisory Partners, LP ("M3 Partners") as financial advisor to the Committee, effective as of

July 2, 2025, pursuant to §§ 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules").

In support of the Application, the Committee submits the *Declaration of Robert Winning*

*in Support of the Application of the Official Committee of Unsecured Creditors of ZEN JV, LLC,*

*et al., for Entry of an Order Authorizing the Employment and Retention of M3 Advisory Partners,*

*LP as Financial Advisor, Effective as of July 2, 2025* (the "Winning Declaration"), attached hereto

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

as **Exhibit A**.  In further support of the Application, the Committee respectfully states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

4.      On June 24, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On July 2, 2025, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee, which is comprised of the following members: (i) Jobverse, Inc. (ii) Textkernel B.V., c/o Bullhorn Inc., (iii) Talroo, Inc., (iv) Verinext Inc., (v) Appcast, Inc., (vi)

Jobcase, Inc., and (vii) Equinix, Inc. See Docket No. 65. The Committee selected Verinext Inc. as the Chairperson of the Committee.

6.  On July 2, 2025 (the "Retention Date"), the Committee selected M3 Partners as financial advisors to the Committee, subject to Court approval.

## Relief Requested

7.  By this Application, the Committee seeks to retain and employ M3 Partners pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, effective as of July 2, 2025.

## The Retention of M3 Partners is Warranted

8.  The Committee is familiar with the professional standing and reputation of M3 Partners. The Committee understands and recognizes that M3 Partners has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

9.  The services of M3 Partners are necessary to enable the Committee to assess, monitor, and react to the efforts of the Debtors and their professional advisors to maximize the value of their estates. Further, M3 Partners is well-qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

10.  M3 Partners is a nationally recognized financial advisory firm, and its professionals have a wealth of experience in operational and financial restructurings, and providing support for investigations and litigation in connection therewith. M3 Partners' professionals have extensive experience in turnarounds, corporate restructuring, and bankruptcy and corporate financing, having worked (on a combined basis) on hundreds of restructurings as chief restructuring officer,

advisor, principal, or independent director.  In doing this, M3 Partners and its professionals have assisted and provided strategic advice to debtors, creditors, bondholders, investors, official committees, and other entities in numerous chapter 11 cases of similar size and complexity to these chapter 11 cases.

11.     Notably, M3 Partners has been retained as a financial advisor, and in some case its professionals have been designated as Chief Restructuring Officer, in numerous large and complex chapter 11 cases, including, among others, *In re RAIT Funding, LLC*, Case No. 19-11915 (BLS) (Bankr. D. Del. 2019); *In re Prime Core Technologies Inc.*, Case No 23-11161 (JKS) (Bankr. D. Del. Oct. 4, 2024); *In re PWM Property Management LLC*, Case No. 21-11445 (MFW) (Bankr. D. Del. 2021); *In re Hornblower Holdings LLC*, Case No. 24-90061 (MI) (Bankr. S.D. Tex. 2024); *In re Fisker Inc.*, Case No. 24-11390 (TMH) (Bankr. D. Del. 2024); *In re CareMax, Inc.*, Case No. 24-80093 (MVL) (Bankr. N.D. Tex. 2024); and *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. 2018).

12.     The Committee determined that M3 Partners brought a unique blend of case-specific knowledge, relevant experience, and expertise.  The Committee believes that M3 Partners' proposed compensation structure is competitive, appropriate, and reasonable in the context of these chapter 11 cases.

## Scope of Services

13.     M3 Partners has provided and, to the extent necessary, will continue to provide such financial advisory services to the Committee as the Committee deems appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including, but not limited to, the following:

- Assist in the analysis, review, and monitoring of the restructuring process, including without limitation an assessment of the unsecured claims pool and

potential recoveries for unsecured creditors;

- Develop information regarding the Debtors' businesses and their potential values under different scenarios;

- Evaluate the Debtors' plans and any alternatives with respect to the disposition of the Debtors' assets from those currently or in the future proposed by any Debtor;

- Monitor and, to the extent appropriate, assist the Debtors in efforts to develop and solicit transactions that would support unsecured creditor recovery;

- Assist the Committee in identifying, valuing, and pursuing estate causes of action, including, but not limited to, relating to prepetition transactions and the liens and claims asserted by the Debtors' lenders;

- Assist the Committee to analyze, classify and address claims against the Debtors and to participate effectively in any effort in these chapter 11 cases to estimate (in any formal or informal sense) contingent, unliquidated, and disputed claims;

- Advise the Committee in negotiations with the Debtors, certain of the Debtors' lenders, and third parties;

- Assist the Committee in reviewing the Debtors' financial reports;

- Assist the Committee in reviewing the Debtors' cost/benefit analysis with respect to the assumption or rejection of various executory contracts and leases;

- Review and provide analysis of the present and any subsequently proposed or potential debtor-in-possession financing or use of cash collateral;

- Assist the Committee in evaluating and analyzing avoidance actions, including fraudulent conveyances and preferential transfers;

- Assist the Committee in investigating whether any unencumbered assets at the Debtors exist;

- Review and provide analysis of any proposed disclosure statement and chapter 11 plan and, if appropriate, assist the Committee in developing an alternative chapter 11 plan;

- Attend meetings and assist in discussions with the Committee, the Debtors, the secured lenders, the U.S. Trustee and other parties in interest and professionals;

- Present at meetings of the Committee, as well as meetings with other key stakeholders and parties;

- Perform such other advisory services for the Committee as may be necessary or

proper in these proceedings, subject to the aforementioned scope; and

- Provide testimony on behalf of the Committee as and when may be deemed appropriate.

### Professional Compensation

14.     Section 328(a) of the Bankruptcy Code provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, M3 Partners proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered.

15.     For services rendered from and after January 1, 2025, M3 Partners' professionals will be billed as follows:

| Rank | Standard Hourly Rate |
| --- | --- |
| Managing Partner | $1,500 |
| Senior Managing Director | $1,390 |
| Managing Director | $1,150 – 1,290 |
| Senior Director | $1,120 |
| Director | $940 – 1,060 |
| Vice President | $840 |
| Senior Associate | $725 |
| Associate | $615 |
| Analyst | $500 |

Non-working travel time is billed at 50% of otherwise applicable rates.

16.     M3 Partners will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger, and telephone charges. M3 Partners will charge for these expenses at rates consistent with or discounted to charges made to other M3 Partners

clients and subject to the guidelines of the U.S. Trustee.

17.     M3 Partners will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines.

18.     In light of the foregoing, the Committee believes that M3 Partners' fee structure is reasonable, market-based, and designed to fairly compensate M3 Partners for its work in these chapter 11 cases.

## Disinterestedness; Lack of Adverse Interest

19.     To the best of the Committee's knowledge, the Committee submits that M3 Partners is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).  The Committee submits that M3 Partners currently neither holds nor represents any interest adverse to the Debtors' estates or the Committee.  Further, M3 Partners has no connection with any Debtors, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

20.     M3 Partners will not, while employed by the Committee, represent any other entity having an adverse interest in connection with these chapter 11 cases.

21.     The Committee has been informed that M3 Partners is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise.  To the extent that M3 Partners discovers any connection with any interested party or enters into any new relationship with any interested party, M3 Partners will promptly supplement its disclosure to the Court.

## Indemnification

22.     In addition to the foregoing, and as a material part of the consideration for the agreement of M3 Partners to furnish services to the Committee pursuant to the terms of this

Application, M3 Partners believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 case.

a)  Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify M3 Partners for any claims arising from, related to or in connection with the services to be provided by M3, but not for any claims arising from, related to or in connection with M3 Partners' post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b)  The Debtors shall have no obligation to indemnify M3 Partners, or provide contribution or reimbursement to M3 Partners, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from M3 Partners' actual fraud, breach of fiduciary duty, if any, gross negligence, willful misconduct, self-dealing, or bad faith; (ii) for a contractual dispute in which the Committee or the Debtors allege the breach of M3 Partners' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clause (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which M3 should not receive indemnity, contribution or reimbursement; and

c)  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Cases, M3 Partners believes that it is entitled to the payment of any amounts by the Debtors on account of indemnification, contribution,

8

and/or reimbursement obligations, including without limitation the advancement of defense costs, M3 Partners must therefore file an application in this Court, and the Debtors may not pay any such amounts to M3 Partners before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by M3 Partners for indemnification, contribution, or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify M3 Partners.  All parties in interest shall retain the right to object to any application by M3 Partners other Indemnified Party for indemnification, contribution, or reimbursement.

23.    The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

**Request for Approval of Retention of M3 Partners Effective as of the Retention Date**

24.    The Committee submits that the employment of M3 Partners on the terms and conditions set forth herein is in the best interests of the Committee and its constituency.  The Committee requests that M3 Partners' retention be made effective as of July 2, 2025 in order to allow M3 Partners to be compensated for the work it performed for the Committee as of and following the date it was retained, subject to the Court's consideration and approval of this Application.  Due to the size and complex nature of these chapter 11 cases, as well as the expedited schedule occasioned by the Debtors seeking relief during the early stages of these chapter 11 cases, there was an immediate need for M3 Partners to perform services for the Committee upon its retention and prior to the Court's consideration and approval of this Application.  Immediately upon the selection of M3 Partners as financial advisor to the Committee on the Retention Date,

M3 Partners turned its attention to urgent matters including, but not limited to, addressing a variety of issues relating to debtor-in-possession financing, the Debtors' liquidity, and confirmation of the Debtors' proposed plan of reorganization.  The Committee submits that under the circumstances, retroactive approval to July 2, 2025, the date of M3 Partners' retention, is warranted.

## **Notice**

25.     Notice of this Application will be provided to: (a) the U.S. Trustee; (b) the Office of the United States Attorney for the District of Delaware; (c) counsel to the Debtors; (d) the Internal Revenue Service; (e) the Prepetition Secured Lender; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee respectfully submits that such notice is sufficient, and no other or further notice of this Application is required under the circumstances.

## **No Prior Request**

26.     No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter the order substantially in the form attached hereto as **Exhibit B**, (i) authorizing the Committee to employ and retain M3 Partners as financial advisor to the Committee, effective as of July 2, 2025, and (ii) granting the Committee such other and further relief as the Court deems just and proper.

Dated: July 23, 2025

*THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ZEN JV, LLC, ET AL.*

*/s/  Oscar Romero*
By: Oscar Romero
On behalf of Verinext Inc. solely in his capacity as Chairperson of the Official Committee of Unsecured Creditors of Zen JV, LLC, *et al*.