IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
: 
In re: : Chapter 11
:
ZEN JV, LLC, *et al.*,[1] : Case No. 25-11195 (JKS)
:
  Debtors. : (Jointly Administered)
:
: **Obj. Deadline: Aug. 7, 2025 at 4:00 p.m. (ET)**
: **Hearing Date: Aug. 21, 2025 at 1:00 p.m. (ET)**
------------------------------------------------------- x

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP
AS BANKRUPTCY COUNSEL EFFECTIVE AS OF THE PETITION DATE**

    The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully request entry of an order authorizing the Debtors to employ and retain Latham & Watkins LLP ("**Latham**"), effective as of the Petition Date (as defined below). In support of this application (the "**Application**"), the Debtors rely on and incorporate by reference (a) the declaration of Ray C. Schrock, a partner of Latham, which is attached hereto as <u>Exhibit B</u> (the "**Schrock Declaration**"), and (b) the declaration of Sheri Davis, the General Counsel of the Debtors, which is attached hereto as <u>Exhibit C</u> (the "**Retention Declaration**"). In further support of this Application, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

RLF1 33353099v.1

Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3. On June 24, 2025 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in these Chapter 11 Cases. On July 2, 2025, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors Committee**") [Docket No. 65].

5. The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**").

6. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the

*Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36], filed on June 26, 2026.

## RELIEF REQUESTED

7. The Debtors seek entry of an order (the "**Order**"), substantially in the form attached hereto as Exhibit A, authorizing the employment and retention of Latham as counsel for the Debtors, effective as of the Petition Date, in accordance with the terms and conditions of that certain engagement letter dated as of May 22, 2025 (the "**Engagement Letter**"), a copy of which is attached as Exhibit 1 to the Schrock Declaration and incorporated herein by reference.

## LATHAM'S QUALIFICATIONS

8. The Debtors seek to retain Latham because of Latham's recognized expertise and extensive experience and knowledge practicing before bankruptcy courts in large and complex chapter 11 cases and because of Latham's knowledge of the Debtors' business and financial affairs.

9. Latham and its partners have represented numerous debtors in their bankruptcy matters, including 2U, Inc., Allen Systems Group, Inc., Alta Mesa Resources, Inc., Audacy, Inc., Barretts Minerals, Inc., Chaparral Energy, Inc., Dayton Superior Corporation, DNIB Unwind, Inc. (f/k/a BIND Therapeutics, Inc.), DocuData Solutions, Emerge Energy Services LP, Enduro Resource Partners LLC, First Mode Holdings, Global Eagle Entertainment Inc., GNC Holdings, Inc., Hexion Holdings LLC, Hi-Crush Inc., IG Design Group Americas, Illinois Power Generating Company, Imerys Talc America, Inc., JOANN Inc., Libbey Glass Inc., Lincoln Power, L.L.C., Lonestar Resources US Inc., Lucky Brand Dungarees, LLC, Lumileds Holding B.V., Mallinckrodt plc, MLCJR LLC, Monitronics International, Inc., Nine Point Energy Holdings, Inc., Pacific Drilling S.A., Paddock Enterprises, LLC, Panda Temple Power, LLC, Rentech WP U.S. Inc., Robertshaw US Holding Corp., Sable Permian Resources, LLC, Sienna Biopharmaceuticals, Inc., Starry Group Holdings, Inc., Stone Energy Corporation, Sundance Energy Inc., Superior Energy Services, Inc.,

The Container Store Group, Inc., Virgin Orbit Holdings, Inc., Vital Pharmaceuticals, Inc., Weatherford International plc., and Wolfspeed, Inc.

10. Moreover, since May 2025, the Debtors and Latham have worked together closely in an effort to respond to the Debtors' financial circumstances, including by engaging in negotiations with the Debtors' major creditors and potential strategic partners concerning the Debtors' restructuring options, negotiating purchase agreements in connection with the sale of the Debtors' assets, securing debtor-in-possession financing, and by assisting the Debtors in all aspects of preparing the Chapter 11 Cases. As a result, Latham possesses valuable knowledge of the Debtors' business affairs and capital structure and has gained insight into many of the intricacies and unique challenges that might arise and that the Debtors need to navigate during the Chapter 11 Cases. Accordingly, the Debtors believe that Latham is both well-qualified and uniquely able to represent them in the Chapter 11 Cases and that such representation is critical to the Debtors' efforts to maximize value for their estates.

## SERVICES TO BE PROVIDED

11. The Debtors desire to employ Latham because of, among other reasons, the nature of the legal services that will be required in connection with the Chapter 11 Cases. To engage alternative counsel at this stage of the Debtors' cases would be tremendously disruptive and would derail the timeline approved by the Court and supported by all key stakeholders as necessary for a successful sale process.

12. Consistent with the Engagement Letter, the Debtors seek to engage Latham to provide the following legal services during the Chapter 11 Cases:

    a. advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

4

b.  advise and consult on the conduct of the Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

c.  advise the Debtors and take all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved;

d.  analyze proofs of claim filed against the Debtors and object to such claims as necessary;

e.  represent the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

f.  attend meetings and negotiate with representatives of creditors, interest holders, and other parties in interest;

g.  analyze executory contracts and unexpired leases and potential assumptions, assignments, or rejections of such contracts and leases;

h.  prepare pleadings in connection with the Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

i.  advise the Debtors in connection with any potential sale of assets;

j.  take necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of a chapter 11 plan;

k.  appear before this Court or any appellate courts to protect the interests of the Debtors' estates before those courts;

l.  advise on corporate, litigation, finance, tax, employee benefits, and other legal matters; and

m.  perform all other necessary legal services for the Debtors in connection with the Chapter 11 Cases.

13.  Concurrently with the filing of this Application, the Debtors filed an application to retain Richards, Layton & Finger, PA ("**RLF**") as their bankruptcy co-counsel. Because Latham and RLF will have well-defined and distinct roles, each counsel will not duplicate the services the other provides to the Debtors. Latham will coordinate with RLF and any other counsel the Debtors

retain in the Chapter 11 Cases to ensure that the legal services each firm provides to the Debtors are not duplicative.

14. The Debtors also have filed or intend to file applications to employ (a) PJT Partners, as investment banker; (b) AlixPartners, as financial advisor; and (c) Omni Agent Solutions as claims and noticing agent and as administrative advisor in the Chapter 11 Cases. Latham has advised the Debtors that it intends to monitor carefully the efforts of these other retained professionals and coordinate with such professionals to delineate clearly their respective duties in order to prevent duplication of effort, whenever possible. The efficient coordination of the efforts of the Debtors' attorneys and other professionals will greatly add to the effective administration of the Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

15. Latham operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Latham's hourly rates are designed to compensate Latham fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

16. Latham's current hourly rates are set forth in the Schrock Declaration, along with the names and rates of the attorneys with primary responsibility for providing services to the Debtors. Hourly rates vary with the experience and seniority of the individuals assigned and are subject to periodic adjustments to reflect economic and other conditions.[2] Except as may otherwise

---

[2] Latham increases the hourly billing rate of attorneys and paraprofessionals in the form of (a) step increases historically awarded in the ordinary course of business on the basis of advancing seniority and promotion and (b) periodic increases (typically annually, in January of each year) within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines (as defined below)). As set forth in the Order, Latham will provide ten business-days' notice

6

be set forth in the Schrock Declaration, Latham did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement, and none of the professionals included in this engagement will vary his or her rate based on the geographic location of the Chapter 11 Cases.

17. Other than (a) the periodic adjustments described above and as set forth in the Schrock Declaration and (b) a postpetition 50% discount applied to rates charged for non-working travel time, Latham's hourly rates and the financial terms of the engagement proposed herein are consistent with the rates and terms of Latham's prepetition engagement. As described in the Retention Declaration, the Debtors have reviewed and approved Latham's standard rate structure and determined that it is appropriate and comparable to (a) the rates that Latham charges for non-bankruptcy representations or (b) the rates of other comparably skilled professionals.

18. Consistent with the Engagement Letter and Latham's policy with respect to its other clients, Latham will continue to charge the Debtors for all services provided and for other charges and disbursements incurred in the rendition of services. It is Latham's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Latham's policy to charge its clients only the amount actually incurred by Latham in connection with such items.

19. During the Chapter 11 Cases, Latham will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the

---

to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and will file any such notice with the Court.

Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. Such applications will constitute a request for interim payment against Latham's reasonable fees and expenses to be determined at the conclusion of the Chapter 11 Cases.

20. The Debtors and Latham are developing a prospective budget and staffing plan in a reasonable effort to comply with any requests for information and additional disclosures that may be made by the U.S. Trustee. Pending completion of the foregoing, the Debtors propose to pay Latham its customary hourly rates in effect from time to time as set forth in the Schrock Declaration. The Debtors submit that these rates are reasonable and comply with *Appendix B - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, issued by the Executive Office of the United States Trustee (the "**U.S. Trustee Guidelines**").

## COMPENSATION RECEIVED BY LATHAM FROM THE DEBTORS

21. As set forth in the Schrock Declaration, during the 90-day period to the Petition Date, Latham received payments and advances (such advances, "**Fee Advances**") in the aggregate amount of $1.85 million for services to be performed and expenses to be incurred, including in preparation for the commencement of the Chapter 11 Cases. After the Petition Date, Latham completed a reconciliation of the prepetition fees and expenses actually incurred against the funds received by Latham prior to the Petition Date. Latham's fees for prepetition services rendered and expenses incurred exhausted any available Fee Advance credit balance such that the balance of the Fee Advance is $0 and no further amounts are due and owing.[3] Accordingly, Latham is not a creditor of the Debtors.

---

[3] Latham provided a credit accommodation for certain prepetition services provided to the Debtors.

**LATHAM'S DISINTERESTEDNESS**

22. To the best of the Debtors' knowledge, and except as otherwise disclosed in the Schrock Declaration, the partners, counsel, and associates of Latham (a) do not have any connection with any of the Debtors, their affiliates, their creditors, any other party in interest, the U.S. Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Delaware or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtors' estates. The Debtors will utilize RLF as conflicts counsel, as necessary, or retain separate conflicts counsel as necessary if neither Latham nor RLF is able to represent the estate in a particular matter.[4]

23. As disclosed in the Schrock Declaration, Latham has in the past represented, currently represents, and likely in the future will represent, certain parties in interest in the Chapter 11 Cases. Except as set forth in the Schrock Declaration, all such representations are or were in connection with matters wholly unrelated to the Debtors and the Chapter 11 Cases. Pursuant to section 327(c) of the Bankruptcy Code, Latham is not disqualified from acting as the Debtors' counsel merely because it has represented or currently represents certain parties in interest in matters unrelated to the Chapter 11 Cases.

---

[4] In the event the Debtors seek to employ and retain separate conflicts counsel in connection with the Chapter 11 Cases to handle matters that the Debtors may encounter that cannot be handled appropriately by Latham or RLF because of a conflict of interest, then the Debtors intend that the services of such conflicts counsel shall complement, and not duplicate, the services to be rendered by Latham and RLF. Moreover, the responsibilities of such conflicts counsel shall be confined to discrete legal matters that are distinct from the matters handled by Latham or RLF. Conflicts counsel shall act on its own and will not act under the direct supervision of Latham. Indeed, the Debtors are extremely mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is no such duplication.

24.  The Debtors understand that Latham will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in the Chapter 11 Cases and will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a) to disclose any material developments regarding the Debtors or any other pertinent relationships that come to Latham's attention.

## BASIS FOR RELIEF

25.  The Debtors seek retention and employment of Latham as their counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

26.  Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

27.  The Debtors submit that for all the reasons stated above and in the Schrock Declaration and the Retention Declaration, the retention and employment of Latham is necessary and in the best interest of the Debtors, their estates, and their creditors and should be approved. Further, as stated in the Schrock Declaration, Latham is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the

Bankruptcy Code, and Latham does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Schrock Declaration.

## NOTICE

28.    Notice of this Application will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as proposed counsel to the Creditors' Committee; (c) Norton Rose Fulbright US LLP and Young Conaway Stargatt & Taylor LLP, as counsel to the DIP Lender; (d) Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (e) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (f) Jones Day, as counsel to the Prepetition Noteholders; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Order granting the relief requested in this Application and such other and further relief as the Court may deem just and proper.

Dated: July 24, 2025
Chicago, Illinois

          */s/ Sheri Davis*
Name: Sheri Davis
Title: General Counsel