**<u>Exhibit C</u>**

**Retention Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
ZEN JV, LLC, et al.,¹                                    :   Case No. 25-11195 (JKS)
                                                         :
    Debtors.                                             :   (Jointly Administered)
                                                         :
-------------------------------------------------------- x
```

**DECLARATION OF SHERI DAVIS IN SUPPORT OF**
**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING**
**EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS**
**BANKRUPTCY COUNSEL EFFECTIVE AS OF THE PETITION DATE**

I, Sheri Davis, declare as follows:

1.      I am the General Counsel of Zen JV, LLC (together with the other above-captioned debtors, the "**Debtors**").  In this capacity, I am familiar with the Debtors' day-to-day operations, business, financial affairs and books and records.  I am also responsible for supervising outside counsel and monitoring and controlling legal costs.

2.      I submit this declaration (the "**Retention Declaration**") in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Latham & Watkins LLP as Bankruptcy Counsel Effective as of the Petition Date* (the "**Application**").² Except as otherwise noted, all facts herein are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

---

¹   The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

²   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

## THE DEBTORS' SELECTION OF COUNSEL

3.      The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.  The Debtors chose Latham based upon its reputation and experience in the restructuring field generally and upon the Debtors' particular circumstances, including the complexity of the contemplated restructuring.

4.      Before selecting Latham to serve as their attorneys in the Chapter 11 Cases, the Debtors considered, among other things, their relationships with various other firms that also provide restructuring related services and Latham's prepetition role in advising the Debtors with respect to various restructuring and contingency planning issues, including both potential in-court and out-of-court strategies. Since its engagement in May 2025, Latham (i) engaged with the Debtors' key economic stakeholders, (ii) negotiated postpetition debtor-in-possession financing, (iii) assisted the Debtors with managing non-U.S. related matters related to the Debtors' restructuring, and (iv) prepared the Debtors for commencing these chapter 11 cases. As a result, Latham is familiar with the Debtors' businesses and capital structure, and many of the legal issues that may arise in the context of the Chapter 11 Cases.

5.      For these reasons, as well as Latham's extensive experience in corporate reorganizations, I believe that Latham is both well-qualified and uniquely able to represent the Debtors in the Chapter 11 Cases.  Thus, the Debtors decided to continue to retain Latham as the Debtors' bankruptcy counsel during the Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

6.      In my capacity as General Counsel, I am involved in the Debtors' retention and supervision of certain outside professional services firms, including the professionals proposed to be retained in the Chapter 11 Cases.

7.      I am familiar with the terms of Latham's engagement and based on my review of other law firms' rates, I believe that Latham's rates and terms are comparable to those of other comparably skilled professionals. Additionally, Latham has informed the Debtors that its rates for bankruptcy representations are comparable to the rates it charges for non-bankruptcy representations.

8.      I have reviewed the invoices submitted by Latham and can confirm that the rates Latham charged the Debtors in the prepetition period are consistent with the rates Latham will charge the Debtors in the postpetition period other than (a) the periodic adjustments described in the Application and the Schrock Declaration; (b) the lower postpetition rates for certain lawyers as set forth in the Schrock Declaration; and (c) a postpetition 50% discount applied to rates charged for non-working travel time.

## COST SUPERVISION

9.      Latham and the Debtors are in the process of developing a prospective budget and staffing plan for the first interim period in the Chapter 11 Cases.  The Debtors recognize that in large chapter 11 cases such as the Chapter 11 Cases, it is possible there may be unforeseen fees and expenses that will need to be addressed by the Debtors and Latham.

10.      The Debtors recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the Debtors' estates remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 Cases.  To that end, the Debtors will review and monitor the regular invoices submitted by Latham to the Debtors and,

together with Latham, intend to periodically amend the budget and staffing plans to reflect developments in these cases as applicable.  The Debtors will continue to review invoices that Latham submits during the Chapter 11 Cases.

11.    The Debtors will monitor the fees and expense reimbursement process during the Chapter 11 Cases so that the Debtors are an active participant in that process.  Recognizing that every chapter 11 case is unique, the Debtors, together with Latham, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals who will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

[*Signature page follows*]

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 24, 2025
Chicago, IL

By:    */s/ Sheri Davis*
Name: Sheri Davis
Title:   General Counsel