**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                                                             :
In re:                                                       :  Chapter 11
                                                             :
ZEN JV, LLC, *et al.*,[1]                                    :  Case No. 25-11195 (JKS)
                                                             :
      Debtors.                   :  (Jointly Administered)
                                                             :
                                                             :  **Obj. Deadline: August 8, 2025 at 4:00 p.m. (ET)**
                                                             :  **Hearing Date: August 21, 2025 at 1:00 p.m. (ET)**
------------------------------------------------------------ x

**MOTION OF DEBTORS FOR ENTRY OF ORDER
(I) ESTABLISHING A GENERAL BAR DATE TO FILE PROOFS
OF CLAIM, (II) ESTABLISHING A BAR DATE TO FILE PROOFS
OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING
A REJECTION DAMAGES BAR DATE, (IV) ESTABLISHING AN AMENDED
SCHEDULES BAR DATE, (V) APPROVING THE FORM AND MANNER FOR
FILING PROOFS OF CLAIM, (VI) APPROVING THE PROPOSED NOTICES OF BAR
DATES, (VII) APPROVING PROCEDURES WITH RESPECT TO SERVICE OF THE
PROPOSED NOTICE OF BAR DATES, AND (VIII) GRANTING RELATED RELIEF**

      Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

      1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) establishing a bar date for the filing of proofs of claim (each, a "**Proof of Claim**") in respect of prepetition claims, including secured

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing a bar date for the filing of Proofs of Claim by any governmental units (as defined in section 191(27) of the Bankruptcy Code (the "**Governmental Units**") in respect of prepetition claims against any of the Debtors; (iii) establishing a bar date for filing of Proofs of Claim following the amendment or supplement of the Debtors' schedules of assets and liabilities; (iv) establishing a bar date for filing of Proofs of Claim for damages arising from the Debtors' rejection of executory contracts or unexpired leases; (v) approving the Debtors' proposed procedures for filing Proofs of Claim; (vi) approving the proposed form of Proof of Claim for use in these Chapter 11 Cases; (vii) approving the Debtors' proposed procedures for providing notice of the Bar Dates, including (a) the proposed form of notice, substantially in the form attached as Exhibit 2 to the Proposed Order (the "**Bar Date Notice**"), and (b) the form of publication notice of the Bar Dates (the "**Publication Notice**"); and (viii) granting related relief.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 502, 503 and 1111(a) of the Bankruptcy Code, Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2002-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5. On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Chapter 11 Cases. On July 2, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). *See* Docket No. 65.

7. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**"), filed on the June 26, 2025 and incorporated herein by reference.[2].

## THE PROPOSED BAR DATES

9. Bankruptcy Rule 3003(c)(3) provides the Court shall fix the time within which Proofs of Claim may be filed. Further, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the Schedules or (b) is scheduled as disputed, contingent, or

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

unliquidated must file a Proof of Claim by a bar date fixed by the Court. Bankruptcy Rule 3003(c)(2) also provides that "[a] creditor who fails to [file a Proof of Claim by the bar date fixed by the court] will not be treated as a creditor for that claim for voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Section 502(b)(9) of the Bankruptcy Code provides that Governmental Units shall have a minimum of 180 days after the date on which a case is commenced to file proofs of claim. *See* 11 U.S.C. § 502(b)(9). Additionally, Bankruptcy Rule 2002(a) provides that creditors are entitled to at least 21 days' notice of the time fixed for filing proofs of claim under Bankruptcy Rule 3003.

10.     The Debtors propose the following deadlines for filing proofs of claim in the Chapter 11 Cases:

**A.    The General Bar Date**

11.     The Debtors request that the Court establish **September 15, 2025 at 5:00 p.m. (Prevailing Eastern Time)** (the "**General Bar Date**"), as the deadline for each person or entity (other than governmental units) to file with Omni Agent Solutions, Inc. (the "**Claims and Noticing Agent**") proofs of claim in respect of any prepetition claim against a Debtor, including, without limitation, any secured claim, unsecured claim, and priority claim (including claims asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors within twenty (20) days before the Petition Date). Proofs of Claim must actually received by the Claims and Noticing Agent on or before the General Bar Date, unless such person's or entity's claim falls within one of the exceptions set forth in this Motion. In compliance with applicable Bankruptcy Rules, the General Bar Date is at least twenty-one (21) days from the proposed date of service of the Bar Date Notice.

4

B.  **The Governmental Bar Date**

12.  The Debtors request the Court establish **December 22, 2025 at 5:00 p.m. (Prevailing Eastern Time)** (the "**Governmental Bar Date**"), as the deadline for governmental units to file proofs of claim in respect of any prepetition claim against a Debtor (whether secured, unsecured priority, or unsecured non-priority). The Governmental Bar Date shall apply to all governmental units (as defined d in section 101(27) of the Bankruptcy Code). All Governmental Units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Claims and Noticing Agent on or before the Governmental Bar Date. In compliance with section 502(b)(9) of the Bankruptcy Code, the Governmental Bar Date is no less than one hundred eighty (180) days after the Petition Date.

C.  **The Amended Schedules Bar Date**

13.  On July 15, 2025, each Debtor filed its respective Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Schedules**"). The Debtors request that the Court establish the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) (a) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of any amendment or supplement to the Schedules (the "**Amended Schedules Bar Date**"), as the deadline by which holders of claims affected by such filing amendment, or supplement must file proofs of claim with respect to such claims.

D.  **The Rejection Damages Bar Date**

14.  The Debtors request the Court establish the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtors (the "**Rejection Damages Bar Date**"), as the deadline

5

on or before which claimants holding claims for damages arising from such rejection must file Proofs of Claim with respect to such rejection, so that such Proofs of Claim are actually received by the Claims and Noticing Agent on or before the Rejection Damages Bar Date. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date.

## THE PROPOSED PROCEDURES FOR FILING A PROOF OF CLAIM

**A.     Parties Required to File Proofs of Claim**

15.     Except as otherwise set forth herein, the Debtors propose the following entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim on or before the applicable Bar Date:

- a. any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

- b. any person or entity that believes its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

- c. any person or entity that believes any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules; and

- d. any person or entity that believes its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

**B.     Parties Not Required to File Proofs of Claim**

16.     The Debtors propose that persons or entities who hold the following claims or interests, which otherwise would be subject to a Bar Date, shall not be required to file any Proofs of Claim on account of such claims or interests:

a. any claim listed on the Schedules filed by the Debtors; provided, that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b. any claim as to which the holder already has filed a signed Proof of Claim with the Claims and Noticing Agent against the respective Debtor(s) with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or the Official Bankruptcy Form No. 410 (the "**Official Form 410**"), and has otherwise complied with the procedures set forth herein;

c. any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

d. any claim that has been paid in full or will be paid in full in accordance with an order of this Court entered on or before the applicable Bar Date;

e. any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

f. any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the procedures set for the herein;

g. a claim held by a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date;

h. any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors;

7

    i.    any claim held by a Debtor against another Debtor;

    j.    any claim held by a non-Debtor affiliate against the Debtors;

    k.    any claim asserting administrative priority and arising in the ordinary course of business after the Petition Date (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code);

    l.    any claim asserting administrative priority pursuant to section 503(b)(3)(D) of the Bankruptcy Code; and

    m.    any person or entity who is not required to file a Proof of Claim pursuant to an order approving the Debtors' post-petition financing [*see* Docket No. 56] (a "**DIP Order**"), solely with respect to the claims for which no Proof of Claim is required to be filed as set forth in a DIP Order.

**C.    Requirements for Preparing and Filing Proofs of Claim**

17.    The Debtors have prepared, and request the Court approve, the Proof of Claim Form attached as **Exhibit 1** to the Proposed Order. The Proof of Claim Form substantially conforms to the Official Form 410, but is tailored to these Chapter 11 Cases.[3] In addition, with the assistance of the Claims and Noticing Agent, the Debtors propose to provide each of the creditors listed on the Debtors' Schedules with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including (i) the identity of the Debtor against which the creditor's claim is scheduled; (ii) the amount of the scheduled claim, if any; (iii) whether the claim is listed as "contingent," "unliquidated," or "disputed;" and (iv) whether the claim is listed as "secured," "unsecured priority," or "unsecured non-priority."

18.    With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to conform to the following:

---

[3]    Official Form 410 can be found at https://www.uscourts.gov/forms/bankruptcy-forms, the Official Website for the United States Bankruptcy Courts. A customized Proof of Claim Form also can be obtained on the website established in these chapter 11 cases, https://omniagentsolutions.com/CareerBuilderMonster. The modifications to Official Form 410 proposed by the Debtors include: (a) indicating how the Debtors have identified each creditor's respective claim, including the amount of the claim and whether the claim has been listed as contingent, unliquidated, or disputed; (b) allowing creditors to assert 503(b)(9) claims; (c) adding certain instructions; and (d) any other modifications made to Official Form 410.

a. Proofs of Claim must substantially conform to the Proof of Claim Form attached as **Exhibit 1** to the Proposed Order or Official Form 410;

b. Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

c. If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor;

d. If a Proof of Claim Form is filed without identifying a specific Debtor, it will be deemed as filed only against Zen JV, LLC. If more than one Debtor is listed on the Proof of Claim Form, the Debtors will treat such claim as filed only against Zen JV, LLC;

e. Proofs of Claim must be filed (i) electronically through the website of the Claims and Noticing Agent using the interface available on such website located at https://omniagentsolutions.com/CareerBuilderMonster-Claims under the link entitled "Submit a Proof of Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form, on or before the applicable Bar Date as follows, if by mail:

   **Zen JV, LLC Claims Processing**
   **c/o Omni Agent Solutions**
   **5955 De Soto Ave., Suite 100**
   **Woodland Hills, California 91367**

f. A Proof of Claim shall be deemed timely filed only if it **actually is received** by the Claims and Noticing Agent as set forth in subparagraph (d) above, in each case, on or before the applicable Bar Date; and

g. Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

**CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM**

19. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that any holder of a claim against any of the Debtors that is required to file a Proof of Claim on account of a prepetition

9

claim in accordance with the Proposed Order but fails to do so on or before the applicable Bar Date (i) shall not be treated as a creditor with respect to such claim for purposes of voting on a chapter 11 plan and distribution in these Chapter 11 Cases on account of such claim; and (ii) forever shall be forever barred, estopped, and enjoined from asserting such claim against each of the Debtors, their estates, and their property (or filing a Proof of Claim with respect thereto).

20. Without limiting the foregoing sentence, the Debtors request that any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code who fails to file a Proof of Claim in accordance with the procedures set forth herein not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule F of the Debtors' Schedules as not contingent, not disputed, and not unliquidated.

## NOTICE OF THE BAR DATES

**A.    Bar Date Notice**

21. Subject to the exception below, pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtors propose to provide notice of the Bar Dates to all parties in interest in accordance with the following procedures:

   a. Within five (5) business days of entry of an order granting the relief requested herein (the "**Bar Date Order**"), the Debtors propose to cause to be mailed (i) a copy of the Proof of Claim Form and (ii) the Bar Date Notice, substantially in the form annexed as **Exhibit 2** to the Proposed Order, to the following parties:

      (1)    the Office of the U.S. Trustee;

      (2)    counsel to the Creditors' Committee;

      (3)    all known creditors and other known holders of potential claims against any of the Debtors' estates;

      (4)    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(5) all parties to pending litigation against the Debtors (as of the date of entry of the Bar Date Order);

(6) all persons or entities who have filed claims (as of the date of entry of the Bar Date Order);

(7) all parties who have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of the Bar Date Order);

(8) all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order);

(9) all current and former employees of the Debtors (to the extent that contact information for former employees is available in the Debtors' records of the past two (2) years);

(10) all known non-Debtor equity and interest holders of the Debtor (as of the Petition Date);

(11) the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units;

(12) all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(13) all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

(14) such additional persons and entities deemed appropriate by the Debtors.

b. The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by the Claims and Noticing Agent for the Debtors' cases: https://omniagentsolutions.com/CareerBuilderMonster.

22. The proposed Bar Date Notice notifies parties of (i) the Bar Dates; (ii) who must file a Proof of Claim on account of a prepetition claim; (iii) the procedures for filing a Proof of Claim on account of a prepetition claim; (iv) the consequences of failing to timely file a Proof of Claim on account of a prepetition claim; and (v) where parties can find further information with respect to the Debtors' Chapter 11 Cases. The Debtors request that service of the Bar Date Notice be deemed to constitute good and sufficient notice of the Bar Dates in accordance with Bankruptcy Rule 2002(a)(7).

B.  **Publication Notice**

23. In addition to the foregoing, the Debtors intend to supplement notice of the Bar Dates by providing notice by publication consistent with Bankruptcy Rule 2002(*l*). *See* Fed. R. Bankr. P. 2002(*l*) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."). The Publication Notice will be substantially similar to the Bar Date Notice and will only omit provisions that are not applicable or not absolutely necessary, for cost savings purposes only. The Debtors propose to publish the Publication Notice, with any necessary modifications for ease of publication, once in the national edition of the Wall Street Journal subject to applicable publication deadlines, at least twenty-one (21) days prior to the General Bar Date, or as soon as practicable thereafter.

**RELIEF REQUESTED SHOULD BE GRANTED**

A.  **Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in these Chapter 11 Cases**

24. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in Chapter 11 Cases (other than with respect to the provisions of section 502(b)(9) of the Bankruptcy Code relating to Governmental Units).

25. Establishing a bar date allows a debtor to expeditiously determine and evaluate the liabilities of the estates. The absence of such a deadline, in contrast, would prolong creditor

12

uncertainty, increase the costs and expenses incurred by the debtor in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

26. The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and thus are designed to achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these Chapter 11 Cases to move forward quickly with minimal administrative expense and delay, on the other hand.

27. The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors and other parties in interest that might lead them to file unnecessary, protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures comply with the Bankruptcy Code and provide the Debtors with flexibility in case the need arises for supplemental bar dates or situations in which a creditor's claim status may change during these Chapter 11 Cases (such as in the event of rejections of executory contracts or unexpired leases).

B.  **The Proposed Procedures Are Reasonably Calculated to Provide Due and Proper Notice**

28. Bankruptcy Rule 2002(a)(7) requires the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address. Additionally, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

29. The Debtors propose to mail the Bar Date Notice to their known creditors and other parties in interest and to rely on the Publication Notice to give notice to any unknown creditors. These procedures are consistent with applicable case law and practice. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (if names and addresses are available, notice must be mailed, whereas publication notice is allowed if it is not "reasonably possible or practicable to give more adequate warning"); *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988) (notice is required to parties whose names and addresses are "reasonably ascertainable"). Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim. However, where a creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim. *See, e.g.*, *In re Enron Corp.*, No. 01-16034, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient with an unknown creditor").

30. The Proposed Order provides the Debtors will provide at least thirty (30) days' notice to all known creditors. Specifically, the Claims and Noticing Agent will have five (5) business days from the date of entry of the Bar Date Order to complete the mailing of the Bar Date Notices. The Claims and Noticing Agent has advised the Debtors that it expects to complete the mailing within that timeframe. The Claims and Noticing Agent also will post the Proof of Claim Form, along with instructions for filing Proofs of Claim, on the website established in these Chapter 11 Cases: https://omniagentsolutions.com/CareerBuilderMonster. The Bar Date Notices also will provide that the Debtors' Schedules may be accessed through the same website or by contacting the Claims and Noticing Agent at (818) 924-2298 or (888) 841-0525 or by e-mail at CareerBuilderMonsterInquiries@OmniAgnt.com.

31. Further, because the proposed procedures will provide notice to all known parties in interest by mail, email, and notice to any unknown parties in interest by publication, the proposed procedures are reasonably calculated to provide due and proper notice to all parties that may wish to assert a claim in these Chapter 11 Cases and provide sufficient time for all parties in interest to assert their claims against the Debtors.

32. The relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, the Debtors propose to (i) cause the Bar Date Notices to be mailed within five (5) business days after the entry of the Bar Date Order and (ii) cause the Publication Notice to be published at least twenty-one (21) days prior to the General Bar Date.

33. In addition, in the event the Debtors file a previously unfiled Schedule, amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors propose to give notice of any such filing, amendment, or supplement to the holders of

affected claims, whereby such holders will have no less than thirty (30) days from the notice date to file Proofs of Claim with respect to their claims. Similarly, in the event the Debtors reject an executory contract or unexpired lease, the Debtors propose that holders of claims arising from such rejection, if any, shall be required to file claims on account of such rejection by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving such rejection.

34. The relief requested herein is supported by section 105(a) of the Bankruptcy Code, which provides, in pertinent part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

35. In sum, the relief requested in this Motion provides for clear, due, and proper notice of the Bar Dates, satisfies the requirements of the Bankruptcy Rules, and is consistent with the underlying policies of the Bankruptcy Code. Accordingly, no further or other notice of the Bar Dates is necessary.

## **OBJECTIONS TO CLAIMS AND RESERVATION OF RIGHTS**

36. The Debtors reserve all rights and defenses with respect to any Proof of Claim, including the right to object to any claim on any grounds. The Debtors also reserve all rights and defenses to any claim listed on the Schedules, including the right to dispute any such claim and assert any offsets or defenses thereto. To the extent the Debtors dispute any claim listed on the Schedules and such claim is not already listed as "disputed," "contingent," or "unliquidated," the Debtors reserve their rights to amend and supplement their Schedules as appropriate.

37. Further, the Debtors reserve the right to seek further order of the Court to fix a deadline by which holders of claims not subject to the Bar Dates must file Proofs of Claim against the Debtors or be forever barred from so doing.

16

RLF1 33360607v.1

38. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## NOTICE

39. Notice of this Motion will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as proposed counsel to the Creditors' Committee; (c) Norton Rose Fulbright US LLP and Young Conaway Stargatt & Taylor LLP, as counsel to the DIP Lender; (d) Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (e) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (f) Jones Day, as counsel to the Prepetition Noteholders; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

40. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page left intentionally blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 25, 2025
       Wilmington, Delaware

/s/ Clint M. Carlisle

**LATHAM & WATKINS LLP**

**RICHARDS, LAYTON & FINGER, P.A.**

Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: ray.schrock@lw.com
       candace.arthur@lw.com

- and -

Jonathan C. Gordon (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: jonathan.gordon@lw.com

Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Huiqi Liu (No. 6850)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
       shapiro@rlf.com
       liu@rlf.com
       carlisle@rlf.com
       meehan@rlf.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*