# EXHIBIT 2

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re:                                : Chapter 11
:
ZEN JV, LLC, *et al.*,[1]             : Case No. 25-11195 (JKS)
:
      Debtors.              : (Jointly Administered)
:
: **Re: Docket Nos. 28, 110, 194**
------------------------------------------------------- x

**ORDER (I) AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO AN ASSET PURCHASE AGREEMENT WITH BOLD HOLDINGS LLC, (II) AUTHORIZING THE SALE OF THE PURCHASED ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE SELECTED ASSIGNED CONTRACTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 28] (the "**Motion**"),[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), among other things, (a) authorizing and approving the Debtors' entry into and performance under the Purchase Agreement (as defined below) with the Buyer (as defined below), (b) authorizing the Sale Transaction (as defined below), free and clear of any Encumbrances (as defined below), (c) authorizing and approving the assumption and assignment of the Assumed Agreements in connection with the Sale Transaction, and (d) granting related relief; and this Court having previously entered the *Order (I) Authorizing and Approving (A) the Bidding Procedures for Sale*

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Purchase Agreement (as defined below), as applicable.

transferee liability, de facto merger or substantial continuity, labor and employment (including, but not limited to, WARN) or products liability law, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including any liabilities or non-monetary obligations on account of the Debtors' employment agreements or health or benefit plans, any settlement or injunction or any liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Purchased Assets prior to the Closing Date (collectively, with the potential claims set forth in paragraph 14 "**Successor Liability**"). The Buyer would not have acquired the Purchased Assets but for the foregoing protections against Successor Liability.

D. **Assumption and Assignment of Assumed Agreements.**

16. Subject to paragraph ~~32~~36, notwithstanding any provision of any contract governing the Purchased Assets, including any Assumed Agreement to be assumed and assigned to the Buyer as of the Closing pursuant to section 365(f) of the Bankruptcy Code or applicable non-bankruptcy law that prohibits, restricts, or conditions the assignment of the Purchased Assets, including any Assumed Agreements, at the Closing, the Debtors shall, in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code, (i) assign the Purchased Assets to the Buyer and (ii) assume and assign the Assumed Agreements to the Buyer as of the Closing, in each case, which assignments shall take place on and be effective as of the Closing or such other date after the Closing Date, subject to the terms of the Purchase Agreement, this Order, the Bidding Procedures Order, or as otherwise provided by a separate order of this Court.

17. To the fullest extent permitted by the Bankruptcy Code, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, the counterparty to an Assumed Agreement is forever barred from raising or asserting against Buyer any assignment fee, rent acceleration, rent

Date. Rackspace expressly agrees that the Debtors have provided adequate assurance of future performance by the Buyer.

27. To the extent this paragraph 27 conflicts with this Order or the Purchase Agreement, this paragraph 27 controls. None of the Debtors' owned or leased property in a data center owned, controlled, or operated by Equinix, Inc. or its affiliates (an "**Equinix Data Center**") are Purchased Assets unless and until the applicable executory contract between the Debtors and Equinix with respect to such data center is assumed and assigned to the Buyer in connection with the Sale Transaction, unless otherwise agreed by such parties in writing or ordered by the Court.

28. ~~27.~~ Pursuant to the DIP Orders and the Bidding Procedures Order, all cash proceeds generated from the Sale of the Purchased Assets shall be paid to the DIP Lender upon closing of the Sale Transaction for permanent application against any outstanding DIP Obligations until such time as all DIP Obligations have been paid in full in cash in accordance with the terms of the DIP Orders and DIP Documents.

29. ~~28.~~ In connection with the Sale Transaction and pursuant to the Purchase Agreement, the Buyer and the Debtors shall enter into a transition services agreement in the form attached to this Order as **Exhibit 2** pursuant to which, effective as of the Closing, the Buyer and the Debtors may provide certain services to each other for a transitional period following the Closing (the "**Transition Services Agreement**"). The Buyer and the Debtors are hereby authorized to execute and deliver the Transition Services Agreement and any additional documentation contemplated by the Purchase Agreement or in furtherance of the Sale, and to perform all such other and further acts as may be required in connection with the negotiation, execution, and performance of the Purchase Agreement, any ancillary documents or the Transaction Services Agreement, including providing transition services and making any applicable payments without further order of the Court.

30. ~~29.~~ Each and every federal, state and governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary to consummate the Sale Transaction contemplated by the Purchase Agreement.

31. ~~30.~~ No governmental unit may revoke or suspend any right, license, copyright, patent, trademark or other permission relating to the use of the Purchased Assets sold, transferred or conveyed to the Buyer on account of the filing or pendency of these Chapter 11 Cases or the consummation of the sale of the Purchased Assets to the extent that any such action by a governmental unit would violate section 525 of the Bankruptcy Code.

32. ~~31.~~ Except as expressly provided in the Purchase Agreement, nothing in this Order shall be deemed to waive, release, extinguish or estop the Debtors or their estates from asserting, or otherwise impair or diminish, any right (including, without limitation, any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any Purchased Assets or liabilities not constituting an Asset.

33. ~~32.~~ No bulk sales law or similar law of any state or other jurisdiction shall apply in any way to the transactions with the Debtors that are approved by this Order, including, without limitation, the Purchase Agreement and the Sale Transaction.

34. ~~33.~~ This Order and the Purchase Agreement shall be binding in all respects upon all pre-petition and post-petition creditors of the Debtors, all interest holders of the Debtors, any Court-appointed committee, all successors and assigns of the Debtors and their affiliates and subsidiaries, and any trustees, examiners, "responsible persons" or other fiduciaries appointed in these Chapter 11 Cases or upon a conversion of these Chapter 11 Cases to a case under chapter 7

~~RLF1 33361599v.3~~
RLF1 33361599v.5

of the Bankruptcy Code, including a chapter 7 trustee, and the Purchase Agreement and Sale Transaction shall not be subject to rejection or avoidance under any circumstances by any party.

35. Notwithstanding anything to the contrary herein, except as set forth in the Purchase Agreement or the Transition Services Agreement, the Debtors and any other party to the Transition Services Agreement shall make commercially reasonable efforts to only provide Personal Information (as defined in the Purchase Agreement) to Buyer that is directly related to the Purchased Assets. In the event any data not directly related to the Purchased Assets is shared with Buyer, the Debtors and the other parties to the Transition Services Agreement agree that Buyer may delete such data and is not responsible for the Debtors' compliance with any Privacy Laws (as defined in the Purchase Agreement) or any other requirements related to the retention of such records with respect to such data and the Buyer is not assuming any obligations of the Debtors as related thereto.

36. ~~34.~~ *Provisions Regarding the United States*. Notwithstanding any provision to the contrary in this Order, the Purchase Agreement, or any other document related to the Sale Transaction, nothing shall: (i) release, nullify, preclude or enjoin the enforcement of any police or regulatory power or any liability that any entity would be subject to as the owner, lessor, lessee or operator of property that such entity owns, operates or leases after the date of entry of this Order; (ii) affect the United States' rights and defenses of (a) recoupment, or (b) setoff as to the Debtors; (iii) confer exclusive jurisdiction to the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); (iv) authorize the assumption, assignment, sale or other transfer of any federal (a) grants, (b) grant funds, (c) contracts, (d) agreements, (e) awards, (f) task orders, (g) property, (h) intellectual property, (i) patents, (j) leases, (k) certifications, (l) applications, (m) registrations, (n) billing

33

numbers, (o) national provider identifiers, (p) provider transaction access numbers, (q) licenses, (r) permits, (s) covenants, (t) inventory, (u) guarantees, (v) indemnifications, (w) data, (x) records, or (y) any other interests belonging to the United States (collectively, "**Federal Interests**") without compliance by the Debtors and the Buyer with all terms of the Federal Interests and with all applicable non-bankruptcy law; (v) be interpreted to set cure amounts or to require the United States to novate, approve or otherwise consent to the sale, assumption, assignment or other transfer of any Federal Interests; (vi) waive, alter or otherwise limit the United States' property rights; or (vii) expand the scope of 11 U.S.C.§ 525.  In the event of an inconsistency or conflict between any provision of the Purchase Agreement and any provision of this Order, as to the United States, the provisions of this Order and federal law shall govern.

37.    ~~35.~~ This Court retains jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction.

38.    ~~36.~~ The Purchase Agreement, the Transition Service Agreement, and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court; provided, that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates; provided, further, that, any materially modified Purchase Agreement shall be filed with the Court and any material modification, amendment, or

supplement shall require the consent of all persons or entities affected thereby or be approved by this Court upon further notice and hearing.

39. ~~37.~~ This Order is intended to constitute a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding any provision in the Bankruptcy Rules to the contrary, including but not limited to Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds there is no reason for delay in the implementation of this Order and, accordingly: (a) the terms of this Order shall be immediately effective and enforceable upon its entry and the 14-day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply; (b) the Debtors are not subject to any stay of this Order or in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors and the Buyer may, each in its discretion and without further delay, take any action and perform any act authorized under this Order.

40. ~~38.~~ The provisions of this Order are non-severable and mutually dependent.

41. ~~39.~~ All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

### G. Lift of Automatic Stay

42. ~~40.~~ The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Bankruptcy Court, to allow Buyer to deliver any notice provided for in the Purchase Agreement and allow Buyer to take any and all actions permitted under the Purchase Agreement, including, without limitation, terminating the Purchase Agreement in accordance with the terms and conditions thereof.

### H. Subsequent Plan Provisions or Court Orders

43. ~~41.~~ Nothing contained in any chapter 11 plan confirmed in the Debtors' cases or any order confirming any such plan or any other order in the Debtors' cases (including any order entered after any conversion of these cases into cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of the Purchase Agreement or this Order and, to the extent of any such conflict, the terms of this Order and the Purchase Agreement shall control.

I.      **Retention of Jurisdiction**

44. ~~42.~~ The Bankruptcy Court shall retain jurisdiction to, among other things, (a) interpret, enforce, and implement the terms and provisions of this Order and the Purchase Agreement (including all modifications, amendments, or supplements thereto) and (b) adjudicate disputes related to this Order and the Purchase Agreement (including all modifications, amendments, or supplements thereto).

**Exhibit 1**

**APA**

*~~[see Docket No. 224]~~*

## Exhibit 2

## Form TSA

*[see Docket No. 210]*