# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ZEN JV, LLC, *et al.*,[1] | : | Case No. 25-11195 (JKS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. 149** |

---

### ORDER PURSUANT TO 11 U.S.C. §§ 331, 330, AND 105(a) AND FED. R. BANKR. P. 2016 (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**"),[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (i) establishing procedures for interim compensation and reimbursement of expenses incurred by attorneys and other professionals that will be retained pursuant to sections 327, 333, or 1103 of the Bankruptcy Code and are required to file fee applications pursuant to sections 328, 330, and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-1, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

RLF1 33374984v.1

pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. Except as otherwise provided in an order of this Court authorizing the retention of a Retained Professional, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following compensation procedures (the "**Interim Compensation Procedures**"):

   A. Monthly Fee Applications

   i. On or after the tenth (10th) day of each calendar month, following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Retained Professional seeking interim allowance of its fees and expenses shall file with the Court an application, which shall include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"). Retained Professionals may submit the first Monthly Fee Application, covering the period from the Petition Date through July 31, 2025, on or after August 10, 2025.

   ii. Each Retained Professional that files a Monthly Fee Application shall serve a copy of such Monthly Fee Application on the following parties by email (collectively, the "**Fee Notice Parties**"):

    a.  the Debtors, c/o Zen JV, LLC., 200 N. LaSalle Street #900, Chicago, Illinois 60601, Attn: Sheri D. Davis, General Counsel (Sheri.Davis@careerbuilder.com)

    b.  proposed co-counsel to the Debtors: (i) Latham & Watkins LLP, (a) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (b) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com);

    c.  counsel to the DIP Lender, (i) Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019, Attn: Robert M. Hirsh (robert.hirsh@nortonrosefulbright.com) and James Copeland (james.copeland@nortonrosefulbright.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street Wilmington, Delaware 19801, Attn: Matthew Lunn, Esq. (mlunn@ycst.com) and Robert Poppiti (rpoppiti@ycst.com);

    d.  the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov); and

    e.  proposed counsel to the Creditors' Committee, Cole Schotz P.C., (i) 500 Delaware Avenue, Suite 600, Attn: Justin Alberto (jalberto@coleschotz.com), Melissa Hartlipp (mhartlipp@coleschotz.com), and Elazar Kosman (ekosman@coleschotz.com); and (ii) 1325 Avenue of the Americas, 19th Floor, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah Carnes (scarnes@coleschotz.com).

  iii.  Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

  iv.  The deadline to object to any Monthly Fee Application is **4:00 p.m. (Eastern Prevailing Time)** on the **21st day** (or the next business day if such day is not a business day) following the date the Monthly Fee

    Application is served (the "**Objection Deadline**").

v.  To object to a Retained Professional's Monthly Fee Application, the objecting party must (i) file with the Court a written objection (an "**Objection**") on or before the Objection Deadline and (ii) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties.

vi.  Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO, the Debtors shall promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

vii.  If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection, or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court shall adjudicate any unresolved Objections.

 B.  Interim Fee Applications

i.  At three-month intervals, Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through August 31, 2025.

ii.  Retained Professionals shall file their applicable Interim Fee Applications on or before the **30th day**, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

iii.  The Interim Fee Application shall include a brief description identifying the following:

  a.  the Monthly Fee Applications that are the subject of the Interim Fee Application;

  b.  the amount of fees and expenses requested;

c.   the amount of fees and expenses paid to date or subject to an Objection;

d.   the deadline for parties to file objections to the Interim Fee Application (such objections, the "**Additional Objections**"); and

e.   any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

iv.   Additional Objections to any Interim Fee Application shall be filed with the Court and served upon the affected Retained Professional and each of the Fee Notice Parties on or before **4:00 p.m. (Eastern Prevailing Time)** on the **21st day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

v.   The Debtors may request the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate.    If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

vi.   Each Retained Professional shall serve its Interim Fee Application and final fee application upon the Fee Notice Parties.    Each Retained Professional shall serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.    No further notice is necessary.

vii.   Each Retained Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application and/or final fee application.

viii.   A pending Objection to compensation or reimbursement of a Retained Professional does not disqualify the Retained Professional from future compensation or reimbursement.

ix.   Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection shall bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional.    All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are

          subject to disgorgement until final allowance by the Court.

          x.    No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Retained Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

4.    Any member of the Creditors' Committee may submit statements of expenses (excluding the fees and expenses of an individual member's third-party counsel) and supporting vouchers to counsel to the Creditors' Committee, which counsel shall collect and submit the members' requests for reimbursement in accordance with the Interim Compensation Procedures; *provided*, *that*, payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

5.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.    The Debtors shall serve a copy of this Order on each of the Retained Professionals.

7.    The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.