**<u>Exhibit 1</u>**

**Revised Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                                    :
In re:                                              :    Chapter 11
                                                    :
ZEN JV, LLC, *et al.*,[1]                           :    Case No. 25-11195 (JKS)
                                                    :
            Debtors.                                :    (Jointly Administered)
                                                    :
                                                    :    **Re: Docket No. 145**
                                                    :
---------------------------------------------------------- x

**ORDER AUTHORIZING DEBTORS TO EMPLOY AND**
**RETAIN ALIXPARTNERS, LLP AS THEIR FINANCIAL**
**ADVISOR EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (i) authorizing the employment and retention of AlixPartners as financial advisor to the Debtors, in accordance with the terms and conditions set forth in the Engagement Letter, a copy of which is attached to the Application as **Exhibit B**, effective as of the Petition Date; and (ii) granting related relief, all as more fully set forth in the Application; and upon consideration of the Eisenberg Declaration; and the Court having found that AlixPartners is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, as supplemented by section 1107(b) of the Bankruptcy Code; and the Court having found the terms and conditions of AlixPartners' employment, including, but not limited to, the Fee and Expense Structure set forth in the Engagement Letter and Application, are reasonable under section 330 of the Bankruptcy Code; and the Court having jurisdiction to

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

      **ORDERED, ADJUDGED, AND DECREED**:

      1.      The Application is approved as set forth herein.

      2.      Pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain AlixPartners as their financial advisor in these Chapter 11 Cases, effective as of the Petition Date, and in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as **Exhibit B**.

      3.      The terms of the Engagement Letter, including, without limitation, the indemnification provisions, are reasonable, and are approved in all respects, as modified by this Order.

      4.      AlixPartners is authorized to apply the Retainer and advanced payments to unpaid amounts to satisfy any unbilled or other remaining prepetition fees and expenses that AlixPartners becomes aware of during its ordinary course billing review and reconciliation. The balance of the

Retainer and advanced payments shall be treated as an evergreen retainer and held by AlixPartners as security throughout the Chapter 11 Cases.

5.      AlixPartners shall file monthly, interim, and final requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines and any other such procedures as may be fixed by order of the Court. AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

6.      AlixPartners' compensation terms set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, are approved pursuant to section 327 of the Bankruptcy Code, and AlixPartners shall be compensated and reimbursed pursuant to section 327 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court.

7.      The Debtors will reimburse AlixPartners for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter including, without limitation, fees, disbursements and other charges by AlixPartners' counsel to the extent provided for in the Engagement Letter as modified by this Order (including, without limitation, pursuant to the indemnification provisions as modified by this Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; *provided, however*, that AlixPartners shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of AlixPartners' fee applications in these Chapter 11 Cases.

8.      To the extent AlixPartners uses the services of independent contractors (the "**Contractors**") in these Chapter 11 Cases, AlixPartners shall:  (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

9.      The indemnification provisions included in the Engagement Letter are approved, subject to the following:

a)      No AlixPartners Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

b)      The Debtors shall have no obligation to indemnify any AlixPartners Party, or provide contribution or reimbursement to any AlixPartners Party, for any claim or expense to the extent it is either:  (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the AlixPartners Party's gross negligence, bad faith, fraud, or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of an AlixPartners Party's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the AlixPartners Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

c)      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases,  an AlixPartners Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or

4

reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the AlixPartners Party must file an application therefor in the Court, and the Debtors may not pay any such amounts to the AlixPartners Party before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any AlixPartners Party for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the AlixPartners Parties. All parties in interest shall retain the right to object to any demand by any AlixPartners Party for indemnification, contribution and/or reimbursement.

11.     Any limitation of liability set forth in the Engagement Letter, or otherwise, is hereby eliminated for the duration of these Chapter 11 Cases.

12.     To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

13.     AlixPartners shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

15.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.