**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,<br><br><div align="center">Debtors.</div> | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered)<br><br>**Related Docket No. _____** |

## ORDER APPROVING STIPULATION AND PROTECTIVE ORDER

Upon consideration of the *Certification of Counsel Regarding Stipulation and Protective Order*, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The *Stipulation and Protective Order* (the "Stipulation") attached hereto as **Exhibit 1** is hereby approved.

2.      The Stipulation shall become effective immediately upon entry of this Order.

3.      The Court shall retain jurisdiction to hear any and all matters arising from or relating to the implementation of this Order.

## EXHIBIT 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), by and among the debtors to the above-captioned bankruptcy proceedings (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), through their respective proposed undersigned counsel, that the following provisions of this Stipulation and Protective Order (this "Protective Order") govern disclosure and use of all documents, including, but not limited to, electronically stored information ("ESI"), testimony, exhibits, and any other materials and information ("Discovery Material") produced or provided in connection with the above-captioned bankruptcy proceedings, including any contested matter or adversary proceeding filed in the above-captioned bankruptcy proceeding (the "Cases").

---

[1]     The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

## I.       SCOPE OF PROTECTIVE ORDER

1.        This Protective Order applies to all information, documents, and things, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, produced formally or informally in these Cases, by a Disclosing Party (defined below) to any other Party (a "Receiving Party").

2.        Notwithstanding entry of this Protective Order, any Party may seek (i) a protective order from the United States Bankruptcy Court for the District of Delaware (this "Court") pursuant to 11 U.S.C. 107(b), Federal Rule 26(c), as incorporated by Bankruptcy Rules 7026 and 9014, and Bankruptcy Rule 9018 and (ii) Court approval to modify the terms hereof on notice to all parties.

3.        Nothing herein shall be construed to affect the admissibility at any court proceeding of any document, testimony, or other evidence.

## DEFINITIONS

4.        Party.  The Parties to this Protective Order are the Debtors, the Committee, and any other persons or entities who become bound by this Protective Order by signifying their assent through execution of the declaration attached hereto as **Exhibit A** (the "Acknowledgment and Agreement to Be Bound") in accordance with the Paragraphs 21, 22, or 36 of this Protective Order (the "Parties").

5.        Disclosing Party.  "Disclosing Party" means a Party or non-Party that produces or otherwise makes available Discovery Material in connection with the Cases.

6.        Receiving Party.  "Receiving Party" means a Party that receives Discovery Material in connection with the Cases.

7.        Confidential Information.  "Confidential Information" or information marked "Confidential" is information that the Disclosing Party in good faith believes would be entitled to protection under 11 U.S.C. 107(b) and/or in the context of an adversary proceeding under Federal

2

Rule 26(c) as incorporated by Bankruptcy Rule 7026, on the basis that it contains information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, personnel records, protected law enforcement materials, research, technical, commercial, or financial information that the Disclosing Party has maintained as confidential, or such other proprietary or sensitive business and commercial information that is not publicly available. Records and other information or documents that are already in the possession of the Receiving Party or which are publicly available may not be designated as Confidential Information. In designating Discovery Material as Confidential, the Disclosing Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court; *provided, however*, that, notwithstanding the foregoing, such designations shall not impact Non-Confidential Information as described more fully in Paragraph 16 below; *provided further*, *however*, that the designation of any information as Confidential Information is subject to all available challenges to that designation available pursuant to the terms of this Protective Order.

8.    <u>Highly Confidential Information</u>.    "<u>Highly Confidential Information</u>" or information marked "<u>Highly Confidential</u>" or "<u>Professional Eyes Only</u>" is information that the Disclosing Party believes in good faith should be protected under 11 U.S.C. 107(b), the Bankruptcy Rules, and/or the Federal Rules, and also reasonably and in good faith believes would cause significant commercial, financial, or business harm to the Disclosing Party if disclosed other than as permitted pursuant to paragraph 22, which risks cannot reasonably be avoided by less restrictive means than restricting disclosure as set forth in paragraph 22; *provided*, *however*, that the designation of any information as Highly Confidential Information is subject to all available challenges to that designation available pursuant to the terms of this Protective Order.

9.      "Confidential Information" and "Highly Confidential Information" are collectively referred to herein as "Protected Material."

**DESIGNATION AND REDACTION OF PROTECTED MATERIAL**

10.     Disclosing Parties shall designate Protected Material in the following manner:

(i)      Any Protected Material produced in native electronic form that is designated as Confidential or Highly Confidential, as the case may be, shall be so designated by (1) including such designation in the body or file name of the electronic document, (2) including such designation in the title or name of any electronic data room, electronic folder, electronic file, or other repository housing the Protected Material, or (3) including such designation in the email subject line or body text for documents delivered to a Receiving Party as email attachments.  For the avoidance of doubt, the Disclosing Party will review and individually designate each document produced in accordance with the terms of this Protective Order and shall not make any blanket designations of produced documents or testimony as either "Confidential Material" or "Highly Confidential Material."

(ii)     All other Protected Material, including documents produced in PDF or TIFF imaged format and materials provided as physical copies, shall be so designated by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) a Confidential or Highly Confidential designation, as the case may be.

11.     A Disclosing Party may redact certain information from produced documents, materials, or other things.  Redacted documents, materials or things shall indicate the specific basis for each redaction and, if information so redacted is asserted to be Privileged Information, upon receiving a request from the Receiving Party, the Disclosing Party shall describe the basis for redacting such information in a manner consistent with Fed. R. Civ. P. 26(b)(5)(ii).  Specifically, the Disclosing Party may redact:

(i)      Personal Identifying Information.  The home addresses, personal email addresses, personal phone numbers, Social Security or tax identification numbers, and other private information protected by law of individuals and persons including current and former employees (other than employees' names and business contact information);

(ii)   <u>Privileged Information</u>.  Information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity protecting information from discovery in the Cases.

12.   Information disclosed through testimony at a deposition taken in connection with the Cases may be designated as Confidential or Highly Confidential, as the case may be.  Portions of transcripts, including preliminary or rough transcripts, may be designated as Confidential or Highly Confidential, as the case may be, orally during a deposition or within three days of the deposition by notifying the court reporter and opposing counsel in writing of such designation.  Such designations will apply to audio, video, or other recordings of the testimony.  All copies of deposition transcripts that contain Protected Material shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, (1) on the cover thereof, and/or (2) at the beginning and end of any portions thereof so designated.

13.   In accordance with this Protective Order, only the persons identified under Paragraphs 21 and 22, below, along with the witness and the witness's counsel, may be present at a deposition for the period during which any questions regarding Protected Material are asked.  This paragraph shall not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective Order.

14.   A Party may designate as Confidential or Highly Confidential any document, material, or other information produced by, or testimony given by, any other person or entity that the Party reasonably believes qualifies as the Party's Protected Material pursuant to this Protective Order.  Any Party designating third-party information as Confidential or Highly Confidential shall have the same rights and obligations as a Disclosing Party under this Protective Order with respect to such information.

15.   A non-Party from whom discovery is sought may designate Discovery Material as "Confidential" or "Highly Confidential" consistent with the terms of this Protective Order.  Under

such circumstances, Discovery Material designated "Confidential" or "Highly Confidential" by a non-Party shall be assigned the same protection as Discovery Material so designated by a Party, and all duties applicable to a Disclosing Party under this Protective Order shall apply to the non-Party.

16.    <u>Non-Confidential Information</u>.   To the extent that any Receiving Party has documents or information that (i) were already in its possession or otherwise publicly available at the time the same document or information is received from a Disclosing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (ii) are received or become available to a Receiving Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such Receiving Party without violating its obligations hereunder; (iv) are published or become publicly available in a manner that is not in violation of this Protective Order or of any obligation of confidentiality to any other person, including a Receiving Party; (v) is expressly permitted in writing by the Disclosing Party to be disclosed to third parties on a non-confidential basis; or (vi) is provided to a Party in the ordinary course of business or pursuant to the terms of an indenture or other agreement entered into by and among the Disclosing Party and the Receiving Party (unless subject to confidentiality provisions of such indenture or agreement) (the foregoing (i) through (vi), collectively "<u>Non-Confidential Information</u>"), nothing in this Protective Order shall limit a Receiving Party's ability to use Non-Confidential Information in a deposition, hearing, trial or otherwise in connection with the Cases, or in any other manner.

17.    <u>Undesignated Material</u>. Subject to the rights and obligations of the Parties under this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Protected Material.

**ACCESS TO DISCOVERY MATERIAL**

18.     Unless otherwise agreed in writing by the Disclosing Party or pursuant to an order of the Court, upon request of a Receiving Party, all Discovery Material produced or disclosed in connection with the Cases shall be used solely for purposes of the Cases, including any appeal therefrom, and not for any other purpose or in any other forum.[2] Such prohibited use would include use for any other litigation or judicial proceedings that is not related to these Cases.

19.     In the absence of written permission from the Disclosing Party or an order of the Court, the Receiving Party and counsel for the Receiving Party shall not disclose or permit the disclosure of any Protected Material to any person or entity except as set forth in Paragraphs 21 and 22.

20.     In the absence of written permission from the Disclosing Party or an order of the Court, Confidential and Highly Confidential Information shall not be given, shown, made available, discussed, or otherwise communicated to anyone (i) inconsistent with the provisions of this Protective Order and (ii) without first informing them of the contents of this Protective Order. Counsel making a disclosure to a party required to sign a Declaration in the form provided as **Exhibit A** hereto shall retain the original acknowledgments described hereinabove, together with the full names and addresses of each signatory.

21.     <u>Confidential Information</u>: Confidential Information produced in accordance with the provisions of this Protective Order may be given, shown, made available or communicated only to the following:

---

[2]     Each Receiving Party is hereby alerted that it may be receiving material, non-public information regarding the Debtors and that the trading of claims against, or securities of the Debtors, or related derivatives not issued by the Debtors while in possession of such information is subject to federal and/or state securities laws.

(i)     the Court, court personnel, the U.S. Trustee, and counsel and staff of the U.S. Trustee;

(ii)    counsel of record for the Parties, including attorneys, paraprofessionals, employees, and agents of such law firms;

(iii)   the Parties, including the members of the Committee, provided that Committee members execute the attached **Exhibit A**, and their directors, officers or employees (including, for the avoidance of doubt, employees of wholly-owned subsidiaries of Committee members) assisting with or making decisions with respect to the Cases;

(iv)    any professionals engaged by the Parties or their counsel, including experts, bankruptcy/restructuring advisors, financial advisors, investment bankers, and their directors, professionals, employees, and agents, who are employed or retained in connection with the Cases and who agree in writing to be bound by the terms of this Protective Order by executing the attached **Exhibit A**;

(v)     individual Committee members' professionals retained to represent them in the Cases, so long as such professionals agree in writing to be bound by the terms of this agreement by executing the attached **Exhibit A**;

(vi)    court reporters, stenographers, or video operators transcribing depositions or testimony in the Cases;

(vii)   persons who are indicated to have been authors or recipients of the Confidential Information, or who had access to such Confidential Information in the normal course of business;

(viii)  deponents and witnesses or prospective witnesses (and counsel for such deponents or witnesses), who agree not to give, show, make available or communicate any Confidential Information disclosed to them by executing the attached Exhibit A;

(ix)    outside photocopying, data processing and hosting, contract attorneys, graphic production services, or litigation support services employed by the Parties or their counsel to assist in the Cases;

(x)     any mediators or arbitrators and their respective staffs retained in connection with these Cases; and

(xi)    any other person or entity with respect to whom the Disclosing Party may consent in writing in advance of any disclosure.

Before any Confidential Information is reviewed or inspected by or otherwise disclosed to any

person listed above, the Party being assisted by those persons shall be responsible for taking

reasonable steps to attempt to ensure that those persons are familiar with the terms of this Protective Order and for otherwise taking reasonable steps to ensure that those persons comply with the terms of this Protective Order.

22.     <u>Highly Confidential Information</u>: Highly Confidential Information produced in accordance with the provisions of this Protective Order may be given, shown, made available to or communicated only to the following:

(i)      the Court, court personnel, the U.S. Trustee, and counsel and staff of the U.S. Trustee;

(ii)     counsel of record for the Parties, including attorneys, paraprofessionals, employees, and agents of such law firms;

(iii)    any professionals engaged by the Parties or their counsel, including experts, bankruptcy/restructuring advisors, financial advisors, investment bankers, and their directors, professionals, employees, and agents, who are employed or retained in connection with the Cases and who agree in writing to be bound by the terms of this agreement by executing the attached **Exhibit A**;

(iv)     individual Committee members' professionals retained to represent them in the Cases, so long as such professionals agree in writing to be bound by the terms of this agreement by executing the attached **Exhibit A**;

(v)      court reporters, stenographers, or video operators transcribing depositions or testimony in the Cases;

(vi)     persons who are indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(vii)    outside photocopying, data processing and hosting, contract attorneys, graphic production services, or litigation support services employed by the Parties or their counsel to assist in the Cases;

(viii)   for purposes of witness preparation, and upon prior written consent of the Disclosing Party (which shall not be unreasonably withheld), any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Information is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm; *provided, however*, that such Highly Confidential Information can only be shared with

9

such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Information and who agree not to give, show, make available or communicate any Highly Confidential Information disclosed to them by executing the attached Exhibit A;

(ix)    any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm to the Disclosing Party and would not cause harm to the witness or the witness' employer, for example, by revealing material non-public information to the witness;

(x)    any mediator or arbitrator and their respective staffs retained in connection with these Cases; and

(xi)    any other person or entity with respect to whom the Disclosing Party may consent in writing in advance of any disclosure.

Before any Highly Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed above, the Party being assisted by those persons shall be responsible for taking reasonable steps to attempt to ensure that those persons are familiar with the terms of this Protective Order and for otherwise taking reasonable steps to ensure that those persons comply with the terms of this Protective Order.

23.    <u>Designated Material to be Disclosed in Accordance with Paragraph 22:</u> In the absence of written permission from the Disclosing Party or an order of the Court, Highly Confidential Information, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 22 of this Protective Order.  For the avoidance of doubt, however, (i) any professionals falling under Paragraph 22 of this Protective Order, and who are engaged by the Committee in connection with the Cases, may use Highly Confidential Material to advise the Committee; *provided, however,* that such advice may not disclose the contents of any Highly Confidential Information unless (a) reasonable advance notice of such disclosure is given to the Disclosing

Party, and (b) such disclosure is necessary for giving such advice and in such event only the minimum disclosure that is reasonable under the circumstances; and (ii) professionals falling under Paragraph 22 of this Protective Order may exchange and discuss Highly Confidential Information among themselves.

**PROTECTION AND USE OF PROTECTED MATERIAL**

24.     Persons receiving or having knowledge of Protected Material by virtue of their participation in the Cases, or by virtue of obtaining any documents or other Protected Material produced or disclosed pursuant to this Protective Order, shall use such Protected Material only as permitted by this Protective Order.  Counsel shall take reasonable steps to assure the security of any Protected Material and will limit access to such material to those persons authorized by this Protective Order.

25.     Nothing herein shall restrict a person qualified to receive Protected Material pursuant to this Protective Order from making working copies, abstracts, digests, and analyses of such information for use in connection with the Cases and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.

26.     Nothing contained in this Protective Order shall preclude any Party from using its own Protected Material in any manner it sees fit, without prior consent of any Party or the Court.

27.     Nothing contained in this Protective Order shall prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document or other information subject to this Protective Order, or otherwise constitute an admission by any Party that any particular document or other information is or is not authentic or admissible into evidence at any deposition or in a hearing related to the Cases.

28.     If a Receiving Party learns of any unauthorized disclosure of Protected Material, it shall immediately (i) inform the Disclosing Party in writing of all pertinent facts relating to such disclosure; (ii) make reasonable efforts under the circumstances to retrieve all copies of the Protected Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (iv) request such person or persons execute the Acknowledgment and Agreement to Be Bound.

29.     Unless otherwise agreed or ordered by the Court including with respect to creditor representatives, a liquidating trustee, and the like that may be hereinafter appointed and approved pursuant to a Chapter 11 Plan, this Protective Order shall remain in force after the closing of the Cases, and the Court shall retain jurisdiction after such final termination to modify or enforce the provisions of this Protective Order.

**CHANGES IN DESIGNATION OF INFORMATION**

30.     <u>Late Designation of Discovery Material</u>:  The failure to designate particular material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Party's right to later designate such material as Confidential Information or Highly Confidential Information in accordance with the provisions of this Protective Order.  The Disclosing Party may give notice to the Receiving Party that the document or thing produced is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable, and should be treated as such in accordance with the provisions of Protective Order, and shall provide replacement media, images, and any associated production information to conform the document to the appropriate designation and facilitate use of the revised designation in the production.  The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received; *provided, however*, that the Receiving Party shall be entitled to challenge such

designation in accordance with this Protective Order.  Any disclosures prior, or substantially simultaneous to, the receipt of such notice shall not be deemed a violation of this Protective Order.

31.    Any Disclosing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or withdraw a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation from any material that it has produced consistent with this Protective Order; *provided, however*, that such redesignation shall be effective only as of the date that notice of such redesignation is received; *provided further, however*, that the Receiving Party shall be entitled to challenge such designation in accordance with this Protective Order.

32.    A Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  If the Receiving Party believes that a document or portion(s) of a document are not properly designated as Protected Material, the Receiving Party will identify the specific information that it believes is improperly designated and notify the Disclosing Party, in writing or voice-to-voice dialogue, of its good faith belief that the confidentiality designation was not proper.  The Disclosing Party shall respond as soon as reasonably possible, but in no event later than three (3) days, and if it does not agree to change the designation, the Receiving Party may seek relief from the Court.  The Parties agree that any hearing on such request shall be requested to be heard on an emergency basis if exigent circumstances reasonably warrant it and that any response to any motion to de-designate shall be filed no later than 48 hours after an emergency motion, or in accordance with such applicable rules as may apply if the motion to de-designate is not filed on an emergency basis.  The burden of persuasion as to the confidentiality of the designated material in question shall rest with the Disclosing Party as to why such designation is appropriate under 11 U.S.C. 107(b) and, with respect to any adversary proceeding, as if the Disclosing Party were seeking a Protective Order

pursuant to Federal Rule 26(c), as incorporated by Bankruptcy Rule 7026.  Upon request for such

relief, the Court may order the removal of the "Confidential" or "Highly Confidential" designation

from any document so designated subject to the provisions of this Protective Order.  Until the

Court rules on the challenge, all Parties shall continue to afford the material in question the level

of protection to which it is entitled under the Disclosing Party's designation.  A Receiving Party

shall not be obligated to challenge the propriety of a confidentiality designation at the time made,

and a failure to do so shall not preclude a subsequent challenge thereto.  Notwithstanding anything

to the contrary, (i) to the extent a party asserts a Confidential or Highly Confidential designation

to deposition testimony, and to the extent a hearing on related issues is scheduled to occur within

three (3) days, and a Party challenges such designations, then the Disclosing Party shall be required

to respond as soon as reasonably possible under the circumstances and shall not be entitled to the

three days to respond as otherwise provided for in this paragraph 32, and (ii) to the extent a Party

challenges a designation, and to the extent a hearing on related issues is scheduled to occur within

three (3) days, then the Disclosing Party shall be required to respond as soon as reasonably possible

under the circumstances and shall not be entitled to the three days to respond as otherwise provided

for in this paragraph 32.

      33.     In the absence of written permission from the Disclosing Party or an order of the

Court, within 90 days after the closing of the Cases, or at any other time as the Disclosing Party

may request in writing, the Receiving Party shall, upon the request of the Disclosing Party, take

commercially reasonable steps to return or destroy all Protected Material under this Protective

Order unless the document has been offered into evidence or filed without restriction as to

disclosure.  As soon as practicable thereafter, the Receiving Party shall certify, to the best of its

knowledge after reasonable inquiry, the return or destruction of documents containing Protected

Material by affidavit or signed letter furnished to the Disclosing Party.  The Receiving Party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to e-mails) that may include Protected Material, or Protected Material contained in deposition transcripts or drafts or final expert reports.

34.     Notwithstanding the above requirements to return or destroy documents, Counsel may retain (1) any materials required to be retained by law or ethical rules, (2) their work file and work product, and (3) a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain material that is auto-archived or otherwise "backed up" on electronic document management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; *provided, however*, that such retained documents will continue to be treated as provided in this Protective Order.

**CONFIDENTIALITY ACKNOWLEDGMENT**

35.     Persons required under this Protective Order to complete the Acknowledgment and Agreement to Be Bound attached hereto as **<u>Exhibit A</u>** shall be provided with a copy of this Protective Order, which they shall read, and, upon reading this Protective Order, shall sign an Acknowledgment and Agreement to Be Bound, acknowledging that he or she has read this Protective Order and shall abide by its terms.  Persons who come into contact with Protected Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute an Acknowledgement, but must comply with the terms of this Protective Order.

36.     Any other interested party to the Cases that, with the written consent of the Disclosing Party or at the Court's direction, agrees in writing to be bound by the terms of this Protective Order by executing the Acknowledgment and Agreement to Be Bound attached hereto

as **Exhibit A** (each, a "Participating Party") shall thereafter be treated as a Party to this Protective Order for all purposes.

**INADVERTENT PRODUCTION OF DOCUMENTS**

37.     If a Disclosing Party discloses information subject to a claim of attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity or protection from production or disclosure ("Privileged Information"), such disclosure shall be deemed inadvertent without need of further showing under Federal Rule of Evidence 502(b) and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery by the Disclosing Party in this case or in any other federal or state proceeding, unless the Disclosing Party elects to waive or forfeit such privilege and protection.  This Section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

38.     To the extent a Party produces information with respect to which the Disclosing Party and the Receiving Party share a joint defense privilege, common interest privilege, or attorney work product protection, disclosure of such protected information between the Disclosing and Receiving Parties shall not operate as a waiver of any privilege between the Disclosing and Receiving Parties, or held by either the Disclosing Party or the Receiving Party individually, as to any other party, including but not limited to any Participating Parties.

39.     If a Disclosing Party discovers that it has inadvertently produced Privileged Information, it shall promptly notify the Receiving Party of the production in writing, identifying the produced Privileged Information by Bates range where possible, and may demand that the Receiving Party return or destroy the Privileged Information.  In the event that a Receiving Party receives information it knows or reasonably should know was an inadvertent disclosure of Privileged Information by the Disclosing Party, the Receiving Party shall promptly notify the

Disclosing Party in writing that the Receiving Party possesses potentially Privileged Information. The Disclosing Party shall have three days to assert privilege over the identified information. If the Disclosing Party does not assert a claim of privilege within the three-day period, the information in question shall be deemed non-privileged.

40.     Subject to paragraph 41, if the Disclosing Party has notified the Receiving Party of production of Privileged Information, or has confirmed the production of Privileged Information called to its attention by the Receiving Party, the Receiving Party shall within five business days of receiving such notification or confirmation: (1) destroy or return to the Disclosing Party all copies or versions of the produced Privileged Information requested to be returned or destroyed (the "Clawed-Back Information"); (2) delete from its work product or other materials any quoted or paraphrased portions of the Clawed-Back Information; and (3) take reasonable steps to ensure that Clawed-Back Information is not disclosed in any manner to any Party or non-Party.

41.     Notwithstanding the above, the Receiving Party may retain copies of such Clawed-Back Information while disputing the claim of privilege. The Receiving Party shall not use any Clawed-Back Information in connection with the Cases or for any other purpose other than to dispute the claim of privilege or as may be authorized by an Order of the Court. The Receiving Party may file a motion disputing the claim of privilege and seeking an order compelling production of the Clawed-Back Information; and the Disclosing Party may oppose any such motion, including on the grounds that inadvertent disclosure does not waive privilege.

42.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Nothing in this Protective Order shall limit the Court's right or any Party's right to request an in-camera review of any Privileged Information.

43.    In the event any prior order or agreement between the Parties and/or between the Parties and a non-Party concerning the disclosure of privileged and/or work product protected materials conflicts with any of the provisions of the Protective Order, the provisions of the Protective Order shall control.

**FILING AND USE OF PROTECTED MATERIAL**

44.    If any Party determines to file or otherwise submit to the Court any documents or exhibits containing or disclosing the content of Protected Material, including, but not limited to, briefs, pleadings, memoranda, transcripts, and discovery responses, the Party may notify the Disclosing Party at least 48 hours prior to the filing or submission, identifying the Protected Material.  The Disclosing Party shall promptly respond stating whether it consents to public filing or asserts that the Protected Material should be filed under Seal.  Unless the Disclosing Party consents to public filing or the Court orders directs or orders otherwise, the Party shall file such documents or exhibits consistent with the Court's procedures for filing under seal.

**THIRD-PARTY REQUESTS FOR PROTECTED MATERIAL.**

45.    Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Disclosing Party's Discovery Material: (i) shall promptly notify the Disclosing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the

information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

46.    If a Disclosing Party seeks to protect its Protected Material, then the Disclosing Party shall bear the burden and the expense of such efforts.

**MISCELLANEOUS PROVISIONS**

47.    Outside Counsel for the Parties may amend this Protective Order without leave of the Court by filing an agreed upon written stipulation with the Court.  The Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive and remain in effect after the termination of the Cases.

48.    Nothing in this Protective Order abridges the right of any Party to seek judicial review or to pursue other appropriate judicial actions seeking a modification or amendment of this Protective Order.

49.    If any Party violates or threatens to violate the terms of this Protective Order, the Disclosing Party may seek injunctive relief against such Party from the Court in the Cases, and the respondent Party, subject to the provisions of this Protective Order, shall not assert as a defense thereto that the Disclosing Party has an adequate remedy at law; *provided, however,* that a Disclosing Party would only be subject to specific performance and injunctive or other equitable relief, and in no event shall the disclosing person be liable for damages or monetary relief for any such disclosure (unless such disclosure is determined by a final, non-appealable order of a court to be a breach of this Order resulting from gross negligence or willful misconduct).

50.    This Protective Order shall not be construed as waiving any right to assert a claim of privilege, or objection to producing Discovery Material.

51.    This Protective Order is entered for the purpose of facilitating the Cases.  Nothing herein shall be construed as a judicial determination that any documents or information designated

as Confidential or Highly Confidential is subject to protection under 11 U.S.C 107(b) and, if applicable, Federal Rule 26(c), or otherwise until such time as the Court may rule on a specific document or issue.  The Protective Order is not intended to create, expand, or contract substantive rights or privileges.  The Protective Order is intended only to provide a procedural mechanism for Parties to raise claims and preserve issues in a format that facilitates the disclosure process.

52.    Nothing in this Protective Order or any action or agreement of a Party under this Protective Order limits the Court's power to make any orders that it deems appropriate with respect to the use and disclosure of any documents produced or used in discovery or at any hearing.

53.    Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

54.    This Protective Order may be executed in counterparts. This Protective Order shall become effective as a stipulation among the Parties immediately upon its execution.

*[Remainder of Page Intentionally Left Blank]*

**AGREED AS TO FORM AND SUBSTANCE:**

Dated: July 31, 2025
        Wilmington, Delaware


*/s/ Clint M. Carlisle*
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Huiqi Liu (No. 6850)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
defranceschi@rlf.com
shapiro@rlf.com
liu@rlf.com
carlisle@rlf.com
meehan@rlf.com

-and-

**LATHAM & WATKINS LLP**
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
ray.schrock@lw.com
candace.arthur@lw.com

- and -

Jonathan C. Gordon (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
jonathan.gordon@lw.com

*Proposed Co-Counsel for Debtors and Debtors
in Possession*

*/s/ Justin R. Alberto*
**COLE SCHOTZ P.C.**
Justin R. Alberto (No. 5126)
Melissa M. Hartlipp (No. 7063)
Elazar A. Kosman (No. 7077)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-3131
jalberto@coleschotz.com
mhartlipp@coleschotz.com
ekosman@coleschotz.com

-and-

Seth Van Aalten (admitted *pro hac vice*)
Sarah A. Carnes (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
svanaalten@coleschotz.com
scarnes@coleschotz.com

*Proposed Counsel for the Official
Committee of Unsecured Creditors*

## EXHIBIT A

**Acknowledgment and Agreement
to be Bound by Protective Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |
| | Related Docket No. [●] |

**ACKNOWLEDGMENT AND AGREEMENT**
**TO BE BOUND BY PROTECTIVE ORDER**

The undersigned agrees:

On behalf of the Parties named below (the "Parties"; each a "Party"), I declare under penalty of perjury that each Party has read and understands the Protective Order that was issued by the United States Bankruptcy Court for the District of Delaware in the above-captioned Cases.

Each Party agrees to comply with all the terms of the Protective Order. Each Party promises that it will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

Each Party further agrees to submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for the purposes of enforcing terms of the Protective Order, even if such enforcement proceedings occur after termination of the Cases.

Name of the Party:_____

Law Office of Party Representative (if applicable):_____

Title of Party Representative (if applicable): _____

By: _____
                    Signature

Signed on this _____ day of _____, 2025

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.