IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re: : Chapter 11
:
ZEN JV, LLC, *et al.*,[1] : Case No. 25-11195 (JKS)
:
Debtors. : (Jointly Administered)
:
: **Re: Docket No. 155**
------------------------------------------------------- x

# ORDER AUTHORIZING THE EMPLOYMENT
# AND RETENTION OF OMNI AGENT SOLUTIONS, INC.
# AS ADMINISTRATIVE AGENT TO THE DEBTORS
# EFFECTIVE AS OF THE PETITION DATE

Upon the Application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (a) authorizing the Debtors to retain and employ Omni Agent Solutions, Inc. ("**Omni**") as administrative agent (the "**Administrative Agent**") effective as of the Petition Date, and (b) granting related relief, all as more fully set forth in the Application; and the Court being satisfied, based on the representations made in the Application and the Deutch Declaration, that Omni is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby,

    **ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 to retain and employ Omni as the Administrative Agent effective as of the Petition Date under the terms of the Engagement Agreement, attached hereto as **Exhibit 1**, and Omni is authorized perform the Administrative Services, and all related tasks, all as described in the Application.

4. Omni is authorized to take such other action to comply with all duties set forth in the Application.

5. Omni shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

6. The Debtors shall indemnify Omni under the terms of the Engagement Agreement, as modified pursuant to this Order. Omni shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Omni should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Chapter 11 Cases, any Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, such Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Party before the entry of an order by this Court approving the payment. This

paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution, or reimbursement.

9. In the event that Omni seeks reimbursement from the Debtors for attorneys' fees in connection with the payment of an indemnity claim, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Omni's own applications, both interim and final, but determined by this Court after notice and a hearing.

10. Paragraph XI of the Engagement Letter shall be of no force and effect during the Chapter 11 Cases.

11. Notwithstanding anything contained in the Application, the Engagement Agreement, or any documents ancillary thereto, absent a change in controlling law, Omni shall not be compensated or reimbursed for, or in connection with, the defense of its fee applications.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

14. The Debtors and Omni are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 1st, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

RLF1 33382673v.1