IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                      :

In re:                                               :     Chapter 11
                                                      :

ZEN JV, LLC, *et al.*,[1]                :     Case No. 25-11195 (JKS)
                                                      :

             Debtors.                    :     (Jointly Administered)
                                                      :     **Re: Docket No. 207**
                                                      :
------------------------------------------------------- x

**ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF LATHAM & WATKINS LLP AS BANKRUPTCY
<u>COUNSEL EFFECTIVE AS OF THE PETITION DATE</u>**

Upon the application (the "**Application**")[2] of the Debtors for entry of an order authorizing the Debtors to employ and retain Latham & Watkins LLP ("**Latham**") as their bankruptcy counsel, effective as of the Petition Date; and the Court having reviewed the Application, the Schrock Declaration, and the Retention Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied, based on the representations made in the Application and the Schrock Declaration that Latham is "disinterested" as such term is defined in section 101(14) of the

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Latham does not hold or represent an interest adverse to the Debtors' estates; and any objections to the Application having been resolved or overruled; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein and upon all of the proceedings had before this Court; and after due deliberation thereon; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted to the extent set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, as debtors in possession, are authorized to employ and retain Latham as their bankruptcy counsel effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3. Latham is authorized to provide the Debtors with the professional services described in the Application and the Engagement Letter.

4. Latham shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5. Latham shall provide ten business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application are implemented, and shall file such notice with the Court.

6. Latham shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines.

7. Latham shall review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Latham shall use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. Notice of the Application as provided therein is adequate under Bankruptcy Rule 6004(a).

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 11th, 2025  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE