# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :
In re:                                                  : Chapter 11
                                                        :
ZEN JV, LLC, *et al.*,[1]                               : Case No. 25-11195 (JKS)
                                                        :
            Debtors.                                    : (Jointly Administered)
                                                        :
                                                        : **Re: Docket No.  221**
------------------------------------------------------- x

**ORDER (I) ESTABLISHING A GENERAL BAR DATE TO FILE PROOFS
OF CLAIM, (II) ESTABLISHING A BAR DATE TO FILE PROOFS
OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING
A REJECTION DAMAGES BAR DATE, (IV) ESTABLISHING AN AMENDED
SCHEDULES BAR DATE; (V) APPROVING THE FORM AND MANNER FOR
FILING PROOFS OF CLAIM, (VI) APPROVING THE PROPOSED NOTICES OF BAR
DATES, (VII) APPROVING PROCEDURES WITH RESPECT TO SERVICE OF THE
PROPOSED NOTICE OF BAR DATES, AND (VIII) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (i) establishing a bar date for the filing of proofs of claim (each, a "**Proof of Claim**") in respect of prepetition claims, including secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing a bar date for the filing of Proofs of Claim by Governmental Units in respect of prepetition claims against any of the Debtors; (iii) establishing a bar date for filing of Proofs of Claim following the amendment or supplement of the Debtors' schedules of assets and liabilities (collectively,

---

[1]   The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

the "**Schedules**"); (iv) establishing a bar date for filing of Proofs of Claim for damages arising from the Debtors' rejection of executory contracts or unexpired leases; (v) approving the Debtors' proposed procedures for filing Proofs of Claim; (vi) approving the proposed form of Proof of Claim for use in these Chapter 11 Cases; (vii) approving the Debtors' proposed procedures for providing notice of the Bar Dates; and (viii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby,

        **ORDERED, ADJUDGED, AND DECREED THAT**

1. The Motion is granted as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. Unless otherwise provided herein, the following Bar Dates are hereby established in these Chapter 11 Cases:

    a. **September 15, 2025 at 5:00 p.m. (Prevailing Eastern Time)** (the "**General Bar Date**") shall be the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including any governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim

    (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors, unless otherwise provided herein; and

    b.    **December 22, 2025 at 5:00 p.m. (Prevailing Eastern Time)** (the "**Governmental Bar Date**") shall be the deadline for any Governmental Unit to file a Proof of Claim in respect of a prepetition claim against any of the Debtors;

    c.    the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of a previously unfiled Schedule or an amendment or supplement to the Schedules (which notice will include a reference to the Amended Schedules Bar Date (as defined below)) (the "**Amended Schedules Bar Date**") as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim; and

    d.    the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[3] (the "**Rejection Damages Bar Date**"), and together, with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

4.    The (i) Proof of Claim Form, substantially in the form annexed hereto as **Exhibit 1**, and (ii) the notice of the Bar Date, substantially in the forms annexed hereto as **Exhibit 2**, are approved.

---

[3]    Notwithstanding the foregoing, a party to an executory contract or unexpired lease who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in this Order applies.

3

5.      Except as otherwise set forth herein, the following entities holding claims against the Debtors arising prior to the Petition Date are required to file Proofs of Claim on or before the applicable Bar Date:

    a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

    b.    any person or entity that believes its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

    c.    any person or entity that believes any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules; and

    d.    any person or entity that believes its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

6.      Persons or entities who hold the following claims, which would otherwise be subject to a Bar Date, shall not be required to file any Proofs of Claim on account of such claims or interests:

    a.    any claim listed on the Schedules filed by the Debtors; <u>provided</u>, <u>that</u> (i) the claim is <u>not</u> listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, <u>and</u> (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

    b.    any claim as to which the holder already has filed a signed Proof of Claim with the Claims and Noticing Agent against the respective Debtor(s) with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or the Official Bankruptcy Form No. 410 (the "**Official Form 410**"), and has otherwise complied with the procedures set forth herein;

    c.    any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

    d. any claim that has been paid in full or will be paid in full in accordance with an order of this Court entered on or before the applicable Bar Date;

    e. any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

    f. any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the procedures set for the herein;

    g. a claim held by a current or former employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, that a current or former employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date;

    h. a claim asserted by a current or former employee of the Debtors for benefits due under any self-funded insurance plan;

    i. any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors;

    j. any claim held by a Debtor against another Debtor;

    k. any claim held by a non-Debtor affiliate against the Debtors;

    l. any claim asserting administrative priority and arising in the ordinary course of business after the Petition Date (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code);

    m. any claim asserting administrative priority pursuant to section 503(b)(3)(D) of the Bankruptcy Code; and

    n. any person or entity who is not required to file a Proof of Claim pursuant to an order approving the Debtors' post-petition financing [see Docket No. 56] (a "**DIP Order**"), solely with respect to the claims for which no Proof of Claim is required to be filed as set forth in a DIP Order.

7.     Except as otherwise set forth herein, each entity that asserts a claim against the Debtors that arose before the Petition Date shall be required to file a Proof of Claim. The following procedures with respect to preparing and filing of Proofs of Claim are hereby established:

    a.    Proofs of Claim must substantially conform to the Proof of Claim Form attached as **Exhibit 1** to this Order or Official Form 410;

    b.    Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

    c.    If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor;

    d.    If a Proof of Claim Form is filed without identifying a specific Debtor, it will be deemed as filed only against Zen JV, LLC. If more than one Debtor is listed on the Proof of Claim Form, the Debtors will treat such claim as filed only against Zen JV, LLC;

    e.    Proofs of Claim must be filed (i) electronically through the website of the Claims and Noticing Agent using the interface available on such website located at https://omniagentsolutions.com/CareerBuilderMonster-Claims under the link entitled "Submit a Proof of Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form, on or before the applicable Bar Date as follows, if by mail:

           **Zen JV, LLC Claims Processing**
           **c/o Omni Agent Solutions**
           **5955 De Soto Ave., Suite 100**
           **Woodland Hills, California 91367**

    f.    A Proof of Claim shall be deemed timely filed only if it **actually is received** by the Claims and Noticing Agent as set **forth** in subparagraph (d) above, in each case, on or before the applicable Bar Date; and

    g.    Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

8.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to

do so, (i) may not be treated as a creditor with respect to such claim for the purposes of voting on a chapter 11 plan and distribution in these Chapter 11 Cases on account of such claim; and (ii) may be forever barred, estopped, and enjoined from asserting such claim against each of the Debtors, their estates, and their property (or filing a Proof of Claim with respect thereto).

9. Subject to the exception below, pursuant to Bankruptcy Rules 2002(a)(7), (f), and (*l*), the Debtors propose to provide notice of the Bar Dates to all parties in interest in accordance with the following procedures:

    a. Within five (5) business days of entry of this Order, or within five (5) business days after the Debtors file their Schedules, whichever is later, the Debtors shall cause to be mailed (i) a copy of the Proof of Claim Form and (ii) the Bar Date Notice, substantially in the form annexed as **Exhibit 2** to this Order, to the following parties:

        (1) the Office of the U.S. Trustee;

        (2) counsel to the Creditors' Committee;

        (3) all known creditors and other known holders of potential claims against any of the Debtors' estates;

        (4) all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

        (5) all parties to pending litigation against the Debtors (as of the date of entry of this Order);

        (6) all persons or entities who have filed claims (as of the date of entry of this Order);

        (7) all parties who have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of this Order);

        (8) all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of this Order);

        (9) all current and former employees of the Debtors (to the extent that contact information for former employees is available in the Debtors' records of the past two (2) years);

        (10) all known non-Debtor equity and interest holders of the Debtor (as of the Petition Date);

      (11)    the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units;

      (12)    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

      (13)    all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

      (14)    such additional persons and entities deemed appropriate by the Debtors.

    b.    The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Claims and Noticing Agent for the Debtors' cases: https://omniagentsolutions.com/CareerBuilderMonster.

10. The Debtors shall publish the Bar Date Notice, at least twenty-one (21) days prior to the General Bar Date, or as soon as practicable thereafter, with any necessary modifications for ease of publication, once in the national edition of the Wall Street Journal, subject to applicable publication deadlines, which publication is approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Dates and the procedures for filing Proofs of Claim in these Chapter 11 Cases.

11. Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of the Bar Dates and their rights and obligations in connection with claims they may have against the Debtors in the Chapter 11 Cases.

12. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

13. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtor or be forever barred from so doing.

14. <u>Chubb Claims</u>. Solely as an accommodation to the Chubb Companies (defined below), and notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, any Proof of Claim Form or any Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "**Chubb Companies**"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "**Consolidated Claim**") in the chapter 11 case of Zen JV, LLC, Case No. 25-11195 (JKS) (the "**Lead Case**"), which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (b) as the documents supporting the Consolidated Claim are voluminous and contain confidential information, the documents supporting the Consolidated Claim are not required to be filed with, and will not be filed with, the Consolidated Claim, except that the Chubb Companies shall be required to include a summary of such supporting documents with the Consolidated Claim and if the Debtors' counsel requests, in writing, any supporting documentation, the Chubb Companies shall use commercially reasonable best efforts to provide such documentation no later than 21 days from the date of such request. The authorization granted hereby to allow the Chubb Companies to file the Consolidated Claim is for procedural purposes only, is intended for administrative convenience, and shall not be interpreted or construed to substantively affect any right, objection, claim, or defense of any party in interest to the Consolidated Claim including, (i) the amount, extent, validity, priority, perfection, or enforceability of any claim or security interest asserted by the Consolidated Claim, and (ii) the right of the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the

9

Consolidated Claim is asserted, or (c) amend the amount or nature of the Consolidated Claim; provided, however, that the Consolidated Claim shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claim is filed (i) only in the Lead Case and only against Zen JV, LLC (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by ACE American Insurance Company (instead of by each of the Chubb Companies); provided further, however, that to the extent that the Chubb Companies elect to vote and/or opt-in (or opt-out) of any releases in connection with any chapter 11 plan filed by the Debtors, ACE American Insurance Company, on its own behalf and on behalf of all of the Chubb Companies, may submit a single consolidated ballot, and the elections in the consolidated ballot shall be deemed to apply to each of the Chubb Companies.

15. The Debtors and the Claims and Noticing Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 12th, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE