## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                              :    Chapter 11
                                                    :
ZEN JV, LLC, *et al.*,[1]                           :    Case No. 25-11195 (JKS)
                                                    :
                        Debtors.                    :    (Jointly Administered)
                                                    :
                                                    :    **Proposed Hearing Date:** TBD
                                                    :
                                                    :    **Proposed Objection Deadline:** TBD
                                                    :
                                                    :
------------------------------------------------------- x

**MOTION OF DEBTORS FOR ENTRY OF ORDER (A) CONDITIONALLY
APPROVING THE COMBINED PLAN AND DISCLOSURE STATEMENT
FOR SOLICITATION PURPOSES ONLY, (B) ESTABLISHING PROCEDURES
FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR
REJECT THE COMBINED PLAN AND DISCLOSURE STATEMENT, (C)
APPROVING THE FORMS OF BALLOTS AND SOLICITATION
MATERIALS, (D) ESTABLISHING VOTING RECORD DATE, (E) FIXING
THE DATE, TIME AND PLACE FOR THE CONFIRMATION HEARING
AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND
(F) APPROVING RELATED NOTICE PROCEDURES**

Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

### RELIEF REQUESTED

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Conditional Approval and Procedures Order**"): (a) conditionally

---

[1]     The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

approving the *Debtors' Combined Disclosure Statement and Joint Plan of Liquidation*, which is being filed contemporaneously herewith (as may be amended, modified and/or supplemented, (the "**Combined Plan and Disclosure Statement**"),[2] for solicitation purposes only; (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Combined Plan and Disclosure Statement; (c) approving the forms of ballots and solicitation materials; (d) establishing a voting record date; (e) fixing the date, time and place for the Confirmation Hearing and deadline for filing objections thereto; and (f) approving the related notice procedures.  A summary of the key dates that will be established by the Conditional Approval and Procedures Order are as follows:

| Milestone | Proposed Date |
|---|---|
| Voting Record Date | Date of entry of the Conditional Approval and Procedures Order |
| Solicitation Mailing Date | The date that is three business days after the entry of the Conditional Approval and Procedures Order (or as soon as practicable thereafter) |
| Claim Objection Deadline (for Voting Purposes Only) | September 12, 2025 |
| Deadline to File Plan Supplement | September 18, 2025 |
| Deadline to File Rule 3018 Motions | September 18, 2025 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Object to Rule 3018 Motions | September 25, 2025 at 4:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | September 25, 2025 at 12:00 p.m. (prevailing Eastern Time) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosure Statement | September 25, 2025 at 12:00 p.m. (prevailing Eastern Time) |
| Deadline for Debtors to File Reply, Affidavits, Memoranda, Declarations in Support of Confirmation and the proposed Confirmation Order | September 29, 2025 at 12:00 p.m. (prevailing Eastern Time) |
| Confirmation Hearing | September 30, 2025 at 1:00 p.m. (prevailing Eastern Time) |

---

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Combined Plan and Disclosure Statement.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are section 105(a), 1125, 1126 and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3017-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

### A.      General Background

5.      On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee or examiner has been appointed in the Chapter 11 Cases.  On July 2, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**").  *See* Docket No. 65.

3

7.      The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**"), filed on June 26, 2025 and incorporated herein by reference.

**B.      Sales of Substantially All of the Debtors' Assets**

9.      As set forth in the First Day Declaration, the Debtors explored many paths in an attempt to address their liquidity concerns.  However, when those efforts proved unsuccessful, the Debtors concluded that an expedited asset sale pursuant to section 363 of the Bankruptcy Code was the most likely path to promote the interests of, and maximize value for, all stakeholders.  To that end, on June 25, 2025, the Debtors filed a motion [Docket No. 28] (the "**Bidding Procedures Motion**") seeking entry of an order, among other things, authorizing and approving bidding procedures (the "**Bidding Procedures**") in connection with one or more sales (collectively, the "**Sales**") of all or substantially all of the Debtors' assets.  On July 8, 2025, the Court entered an order [Docket No. 110] approving, among other things, the Bidding Procedures.

10.      On July 28, 2025, the Court entered orders (i) approving the sale of the Debtors' Job Board Business to BOLD Holdings LLC [Docket No. 235]  (the "**Job Board Sale**"); (ii) approving the sale of the Debtors' MSG Business to Sherrill-Lubinski, LLC and ETI-NET Inc. (Partner One Capital) [Docket No. 236] (the "**MSG Sale**"); and (iii) approving the sale of the Debtors' MMP Business to Valnet US, Inc. [Docket No. 237] (the "**MMP Sale**").  On July 31, 2025, each of the Job Board Sale, the MGS Sale and the MMP Sale closed.  *See* Docket Nos. 266, 267 & 269.

4

**C.      Cash Collateral Resolution**

11.      On June 26, 2025, the Debtors filed a motion [Docket No. 31] (the "**DIP Motion**")
with the Court seeking, among other things, authorization for the Debtors to obtain postpetition
financing on a senior secured superpriority basis.  On July 29, 2025, the Court entered an order
[Docket No. 239] (the "**DIP Order**")[3] granting the relief requested in the DIP Motion on a final
basis.

12.      As set forth in the DIP Order, the Debtors, the Committee, and the Prepetition
Secured Parties reached a settlement regarding the use of Cash Collateral for the anticipated
remainder of these Chapter 11 Cases (the "**Cash Collateral Resolution**").  As more fully set forth
in the DIP Order, the Cash Collateral Resolution contemplates, among other things, the application
of certain proceeds from the Sales. Specifically, upon Payment in Full of the DIP Obligations, the
Debtors agreed to (i) deposit the sum of $12,060,160 of proceeds of the Job Board Sale in an
interest-bearing account for the benefit of the Prepetition Term Loan Secured Parties (the
"**Prepetition Term Loan Reserve**") and (ii) deposit the sum of $21,538,799 of proceeds of the
Sales in an interest-bearing account for the benefit of the Prepetition Notes Secured Parties (the
"**Prepetition Notes Reserve**"). After the establishment and funding of the foregoing reserves, all
of the Debtors' Cash Collateral, other than the Prepetition Term Loan Reserve, constitutes Notes
Cash Collateral.

13.      Additionally, the Prepetition Notes Secured Parties agreed on a budget to fund
confirmation of a plan of liquidation in these Chapter 11 Cases using the Notes Cash Collateral
and the related schedule.  As a condition to the use of the Notes Cash Collateral, the Debtors and

---

[3]      Capitalized terms used in this section and not otherwise defined shall have the meanings given to them in the DIP Order.

the Prepetition Notes Secured Parties agreed to certain milestones in connection with plan confirmation timeline (the "**Plan Milestones**").  The Plan Milestones are incorporated into the key dates that will be established by the Conditional Approval and Procedures Order.

14.    The Debtors believe that the Combined Plan and Disclosure Statement, which incorporates the Cash Collateral Resolution, provides the most efficient means to conclude the Chapter 11 Cases and distribute the available assets to holders of allowed claims.

## **BASIS FOR RELIEF**

**A.    Conditional Approval of the Combined Plan and Disclosure Statement for Solicitation Purposes**

15.    Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan.  11 U.S.C. § 1125(b).  "Adequate information" is defined in the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor. . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. § 1125(a).  The Combined Plan and Disclosure Statement therefore must, as a whole, provide information that is reasonably practicable to permit an informed judgment by Impaired Creditors entitled to vote on the Combined Plan and Disclosure Statement.  *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321-22 (3d Cir. 2003).  Essentially, the Combined Plan and Disclosure Statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."  *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

16.    In evaluating whether a disclosure statement provides "adequate information," courts adhere to section 1125's instruction that making this determination is a flexible exercise

based on the facts and circumstances of each case and is within the broad discretion of the Court. *See* 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . ."); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

17.    In accordance with these principles, the Combined Plan and Disclosure Statement provides, among other things, a summary of the Debtors' Chapter 11 Cases, their assets and liabilities, and an estimate of distributions to the holders of allowed claims.

18.    Specifically, the Combined Plan and Disclosure Statement contains the pertinent information necessary for holders of eligible claims to make an informed decision about whether to vote to accept or reject the Combined Plan and Disclosure Statement, including, among other things, information regarding:

- an overview of the major events that occurred during the course of these Chapter 11 Cases, including the Sales;

- a summary of the classification and treatment of all classes of creditors and equity interests;

- the provisions governing distributions under the Combined Plan and Disclosure Statement; and

- the means for implementation of the Combined Plan and Disclosure Statement.

7

19.     The Debtors respectfully submit that the Combined Plan and Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code.  However, at the hearing on this Motion (the "**Conditional Hearing**"), the Debtors will only seek conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes.  At the Confirmation Hearing, the Debtors will, among other things, demonstrate on a final basis that the information set forth therein contains adequate information within the meaning of section 1125.

20.     The Debtors have proposed that any objections to conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes only shall:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, by no later than **12:00 p.m. (prevailing Eastern Time) on the day that is one business day before the Conditional Hearing**.[4]

**B.     Procedures for Solicitation and Tabulation of Votes and Approval of Forms of Ballots**

21.     Pursuant to the Combined Plan and Disclosure Statement, the Debtors have created 7 separate classes of Claims and Equity Interests.  A chart listing each such class is below:

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Prepetition Term Loan Claims | Impaired | Entitled to Vote |

---

[4]     Contemporaneously herewith, the Debtors have filed a motion seeking entry of an order that, among other things: (i) shortens the notice and objection periods with respect to the Motion; (ii) schedules a hearing on the Motion and conditional approval of the Combined Plan and Disclosure Statement for no later than August 29, 2025; and (iii) sets 12:00 p.m. (prevailing Eastern Time) on the day that is one business day before the Conditional Hearing as the deadline to object to the relief requested herein.

| 4 | Prepetition Notes Claims | Impaired | Entitled to Vote |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Intercompany Claims | Impaired | Deemed to Reject |
| 7 | Equity Interests | Impaired | Deemed to Reject |

22.     In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtors propose to mail to the Holders of Claims (the "**Claimholders**") in Classes 3, 4, and 5 entitled to vote on the Combined Plan and Disclosure Statement, forms of ballots attached as **Exhibits A-1**,**A-2** , and **A-3** to the Conditional Approval and Procedures Order, and incorporated herein by reference (the "**Ballots**").  The Debtors propose to distribute the Ballots to the Claimholders in Class 3 (Prepetition Term Loan Claims), Class 4 (Prepetition Notes Claims), and Class 5 (General Unsecured Claims) (the "**Voting Classes**").  The Ballots are substantially similar to Official Form No. 14, but have been modified to be consistent with the specific provisions of the Combined Plan and Disclosure Statement and the facts of these Chapter 11 Cases.  The Ballots (i) provide Holders of Claims in the Voting Classes with clear instructions on how to complete and return the applicable Ballot, (ii) prominently feature the Voting Deadline, and (iii) clearly and unequivocally state the Ballots received after the Voting Deadline may not be counted.  The Debtors respectfully request that the Court approve the Ballots.

23.     In addition, the Debtors seek authority to permit Omni Agent Solutions, Inc. (the "**Balloting Agent**") to accept Ballots via electronic online transmission through a customized online balloting portal on the Debtors' case website (the "**E-Balloting Portal**").  The encrypted ballot data and audit trail created by such submission shall become part of the record of any Ballot submitted in this manner and the Claimholder's electronic signature will be deemed to be an

9

original signature immediately legally valid and effective.  Parties entitled to vote may choose to send in their Ballots by mail, overnight courier, or personal delivery, or submit the Ballot by utilizing the E-Balloting Portal.  Instructions for electronic, online transmission of Ballots will be set forth on the Ballots and on the Debtors' case website.

24.    The Voting Classes are the only classes that will receive Ballots to vote to accept or reject the Combined Plan and Disclosure Statement.  The remaining classes (the "**Non-Voting Classes**" and together with the Voting Classes, the "**Classes**") are not entitled to vote on the Combined Plan and Disclosure Statement because they are (a) Unimpaired under, and conclusively presumed to accept, the Combined Plan and Disclosure Statement pursuant to section 1126(f) of the Bankruptcy Code, (b) Impaired, and are not entitled to receive a distribution on account of such Claims under the Combined Plan and Disclosure Statement, and, therefore, deemed to have rejected the Combined Plan and Disclosure Statement pursuant to section 1126(g) of the Bankruptcy Code or (c) are subject to a pending objection by the Debtors (the "**Disputed Claims**") and are not entitled to vote the disputed portion and are conclusively presumed to reject the Combined Plan and Disclosure Statement. As a result, the Non-Voting Classes will not receive the Solicitation Package, and instead, the Debtors propose that such parties receive a Notice of Non-Voting Status, substantially in the form attached to the Conditional Approval and Procedures Order as **Exhibits C-1** or **C-2**, as applicable, in lieu of the Solicitation Package.  In addition, the Debtors propose that any holders of Disputed Claims also will not receive the Solicitation Package and will instead receive a Notice of Non-Voting Status, substantially in the form attached to the Conditional Approval and Procedures Order as **Exhibit C-3**, which notice shall be served together with such objection.

25.     The Debtors propose that all Creditors and equity security holders will receive notice of the Confirmation Hearing (the "**Confirmation Hearing Notice**").  A copy of the Confirmation Hearing Notice is attached as **Exhibit B** to the Conditional Approval and Procedures Order.  The Debtors will serve a copy of the Confirmation Hearing Notice upon all Creditors and equity security holders, and a Ballot to those entitled to vote, no later than three business days after the entry of the Conditional Approval and Procedures Order (or as soon as practicable thereafter). The conditionally approved Combined Plan and Disclosure Statement may be downloaded and/or viewed free of charge by all parties in interest at the following website maintained by the Balloting Agent:   https://omniagentsolutions.com/CareerBuilderMonster.   In addition, all parties in interest may obtain copies of the Combined Plan and Disclosure Statement and other materials contained in the Solicitation Packages free of charge upon request to the Balloting Agent via email at CareerBuilderMonsterInquiries@OmniAgnt.com.

26.     Additionally, Bankruptcy Rule 2002(l) permits the Bankruptcy Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice." Fed. R. Bankr. P. 2002(l).  The Debtors propose to publish the Confirmation Hearing Notice, with such modifications as the Debtors determine may be appropriate for purposes of publication (the "**Publication Notice**"), within five business days after entry of the Proposed Order (or as soon as practicable thereafter), in the national edition of the New York Times, or another publication with similar circulation.  The Debtors believe publication of the Publication Notice will give sufficient notice of the Confirmation Hearing to persons who do not otherwise receive notice by electronic or first-class mail.

## C.    The Voting Record Date

27.     Bankruptcy Rule 3017(d) provides that the Court may set the date on which the disclosure statement is approved or another date as the record date for determining which holders

11

of securities are entitled to receive solicitation materials, including ballots for voting on a chapter 11 plan.  *See* Fed. R. Bankr. P. 3017(d).  The Debtors propose that the Court establish the date the Court enters the Conditional Approval and Procedures Order as the record date (the "**Voting Record Date**") for purposes of determining which Claimholders are entitled to receive a Ballot to vote to accept or reject the Combined Plan and Disclosure Statement.

28.    With respect to any transferred Claim, the Debtors propose that the transferee will be entitled to receive and cast a Ballot on account of such transferred Claim only if:  (a) all actions necessary to effect the transfer of such Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including without limitation, the passage of any applicable objection period);  or (b) the transferee files, no later than the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

D.    **Voting Deadline for the Receipt of Ballots**

29.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ."  Fed. R. Bankr. P. 3017(c).  In addition, Local Rule 3017-2(b)(v)(C) provides that such date shall be "at least 10 days before the joint hearing." Del. Bankr. L.R. 3017-2(b)(v)(C). The Debtors anticipate commencing the plan solicitation period by mailing the Ballots (and other approved solicitation materials) to the Voting Classes by no later than three business days after the entry of the Conditional Approval and Procedures Order (or as soon as practicable thereafter). Based on this schedule, the Debtors propose that all Ballots being cast must be properly executed, completed and delivered, either electronically in accordance with the procedures set forth below or by mail, overnight courier, or personal delivery, to the Balloting Agent, so that the Ballots are actually <u>received</u> no later than **12:00 p.m. (prevailing Eastern Time) on September 25, 2025**

(the "**Voting Deadline**").  While not in compliance with Local Rule 3017-2(b)(v)(C), this date will give Claimholders sufficient time to review the solicitation materials and vote, and provides the Debtors with enough time to tabulate the Ballots and prepare for whatever issues the voted Ballots may raise in connection with the Confirmation Hearing.

E.       **Procedures for Tabulating Votes**

30.     The Debtors propose that the following procedures be utilized in tabulating the votes to accept or reject the Combined Plan and Disclosure Statement (the "**Tabulation Procedures**"):

(a)     Unless otherwise provided in these Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to:  (i) the amount of such Claim as set forth in the Debtors' Schedules if no proof of Claim has been timely filed in respect of such Claim (except as provided in subsection (c) below); or (ii) if a proof of Claim has been timely filed in respect of such Claim, the amount set forth in such proof of Claim (except as provided in subsection (d) below).

(b)     Duplicative Claims (*i.e.*, the same Claim asserted against two or more of the Debtors in the same Voting Class) listed in the Debtors' Schedules or in timely-filed proofs of Claim will be deemed temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims.

(c)     If a Claim, for which no proof of Claim has been timely filed, is listed on the Schedules, but is listed as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

(d)     If a Claim, for which a proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Claims Objection Deadline (as defined below), is marked or otherwise referenced on its face, or as determined after a reasonable review by the Balloting Agent, as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified on such proof of Claim, such Claim

13

shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

(e)   If a Claimholder identifies a Claim amount in its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

(f)   Claimholders will not be entitled to vote Claims to the extent such Claims have been superseded and/or amended by other Claims filed by or on behalf of such Claimholders.

(g)   If the Debtors have served an objection or request for estimation as to a Claim on or before September 12, 2025 (the "**Claim Objection Deadline**"), such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection.

(h)   Claims filed for $0.00 are not entitled to vote.

(i)   The Claimholder must complete each section of the Ballot, including, without limitation, certifying the amount of its Claim, voting to accept or reject the Combined Plan and Disclosure Statement, completing the requested identification information, and signing and dating the Ballot.

(j)   Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors.

(k)   Any Ballot that does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement or that indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted.

(l)   Claimholders may not split their vote within a Class, thus each Claimholder will be required to vote all of its claims within the Class either to accept or reject the Combined Plan and Disclosure Statement.

(m)   Whenever a Claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

14

(n)     If a Claimholder casts simultaneous inconsistent Ballots, such Ballots will not be counted.

(o)     Each Claimholder will be deemed to have voted the full amount of its claim as set forth on the Ballot.

(p)     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Claimholder in a Voting Class shall be aggregated as if such Claimholder held one claim in the Voting Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Combined Plan and Disclosure Statement.

(q)     The Debtors expressly reserve the right to amend the terms of the Combined Plan and Disclosure Statement (subject to compliance with section 1127 of the Bankruptcy Code).

(r)     If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person will be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the claimholder.

(s)     Any Claimholder who has delivered a valid Ballot voting on the Combined Plan and Disclosure Statement may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

(t)     Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

(u)     Unless waived by the Debtors or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

(v)     Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.

(w)     In addition, the following Ballots may not be counted in determining the acceptance or rejection of the Combined Plan and Disclosure Statement:

      i.     any Ballot that is illegible or contains insufficient information to permit the identification of the Claimholder;

     ii.    any Ballot cast by a Person who does not hold, or represent a Person that holds, a Claim in the applicable Voting Class as of the Voting Record Date;

   iii.    any Ballot received after the Voting Deadline may not be counted unless the Debtors have granted an extension in writing (including e-mail) with respect to such Ballot. The Claimholder in a Voting Class may choose the method of delivery of its Ballot to the Balloting Agent at its own risk. Delivery of the Ballot will be deemed made only when the original properly executed Ballot is actually received by the Balloting Agent;

   iv.    any Ballot delivered by facsimile transmission, electronic mail, or any other means not specifically approved herein, provided that Ballots submitted through the E-Balloting Portal will be counted;

    v.    any Ballot sent to a Person other than the Balloting Agent; and

   vi.    any Ballot not bearing an original signature; for the avoidance of doubt, a Ballot submitted via the E-Balloting Portal will be deemed to contain an original signature.

31.    The Debtors respectfully submit that the Tabulation Procedures, including the process by which Claimholders can cast their Ballots via the E-Balloting Portal as noted above, will establish a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their Claims on some other basis, as described in greater detail below. Therefore, the Debtors seek the Bankruptcy Court's approval of such proposed procedures.

**F.    Procedures for Temporary Allowance of Claims**

The Debtors propose that any Claimholder that seeks to challenge the temporary allowance of its Claim for voting purposes based on the Tabulation Procedures be required to file

RLF1 33554009v.4

a motion, pursuant to Bankruptcy Rule 3018(a),[5] for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Plan and Disclosure Statement (a "**Rule 3018 Motion**"), no later than **4:00 p.m. (prevailing Eastern Time) on September 18, 2025** and serve the Rule 3018 Motion on the Debtors.  The Debtors (and, with respect to filing a response, any party in interest) will then have until **4:00 p.m. (prevailing Eastern Time) on September 25, 2025** to file and serve any responses to Rule 3018 Motions.  In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Claimholder that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Bankruptcy Court for voting purposes in a different amount, after notice and a hearing.

G.      **Confirmation Hearing, Confirmation Objection Deadline, and Notice Thereof**

32.     Bankruptcy Rule 3017(c) provides that, on or before the approval of a disclosure statement, the Court "may fix the date for the hearing on confirmation."  In accordance with this provision, the Debtors request that the hearing on the approval of the Combined Plan and Disclosure Statement, including the adequacy of the disclosures therein, be set for **September 30, 2025 at 1:00 p.m. (prevailing Eastern Time)**.  In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Combined Plan and Disclosure Statement, including final approval of the adequacy of the disclosures contained therein, if any, must: (a) be in writing; and (b) be filed with the Court no later than **12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (the "**Confirmation Objection Deadline**") and (c) served on:  (i) counsel to the Debtors: (1) Latham & Watkins LLP, (x) 1271 Avenue of the Americas, New York, New York

---

[5]      Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."

17

10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (y) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com), and (2) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (ii) counsel to the Prepetition Term Loan Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 1000, Attn: Ronald A. Hewitt (hewitt@sewkis.com); (iii) counsel to the Required Prepetition Term Loan Lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to the Prepetition Noteholders, Jones Day, 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361, Attn: Daniel J. Merrett (dmerrett@jonesday.com); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov). The Debtors shall, if they deem necessary in their discretion, file a consolidated reply to any such objections, any memoranda, affidavits and/or declarations in support of approval of the Combined Plan and Disclosure Statement and the proposed Confirmation Order by no later than **12:00 p.m. (prevailing Eastern Time) on September 29, 2025** (the "**Reply Deadline**") (or one business day prior to the date the hearing agenda for any adjourned Confirmation Hearing is due).

33.     Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least twenty-eight days prior to the deadline for filing objections to confirmation of the Combined Plan and Disclosure Statement, and the hearing on the final approval of the Combined Plan and Disclosure Statement. In addition, Local Rule 3017-2(b)(iv) provides that the "deadline to object to final approval of the adequacy of the disclosure statement and confirmation of the proposed plan [must] comply with [Bankruptcy Rule] 2002(b) . . . unless the

Court orders otherwise." Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court. As discussed above, all Holders of Claims and Equity Interests will be served with a copy of the Confirmation Hearing Notice, and the Voting Classes also will receive their respective Ballots (and the other approved solicitation materials). In addition, the Debtors propose to also serve the Confirmation Hearing Notice on: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases, (ii) state and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) the Committee, (v) the U.S. Trustee, (vi) all other persons or entities listed on the Debtors' creditor mailing matrix, and (vii) all Holders of Claims or Equity Interests (to the extent not otherwise included in the foregoing). The Debtors will serve a copy of the Confirmation Hearing Notice upon such parties no later than three business days after the entry of the Conditional Approval and Procedures Order (the "**Solicitation Mailing Date**") (or as soon as practicable thereafter). The Confirmation Hearing Notice, among other things, sets forth: (i) the Voting Deadline for the submission of Ballots to accept or reject the Combined Plan and Disclosure Statement; (ii) the deadline for filing Rule 3018 Motions; (iii) the Confirmation Objection Deadline; (iv) the time, date and place of the Confirmation Hearing, and (v) instructions on how to obtain copies of the Combined Plan and Disclosure Statement.

34.    As noted herein, presuming the Court enters the Conditional Approval and Procedures Order on or before August 29, 2025 and sets September 25, 2025 as the deadline to object to confirmation and final approval of the Combined Disclosure Statement and Plan, creditors will have approximately twenty-two (22) days' notice of such deadline.

RLF1 33554009v.4

35.     The proposed date of the Combined Hearing is also five (5) days after the Confirmation Objection Deadline. Although these periods are shorter than those required under Bankruptcy Rule 2002(b) and Local Rule 3017-2(b)(iv), the Debtors request that such time periods be adjusted as requested herein, which still provides sufficient time and notice to parties under the facts and circumstances.

**H.     The Solicitation Packages**

36.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to the Claimholders for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> After the disclosure statement has been approved, the court must order the debtor in possession, the trustee, the plan proponent, or the clerk to mail the following items to creditors and equity security holders and, in a Chapter 11 case, to send a copy of each to the United States trustee:
>
> (i)    the court-approved disclosure statement;
>
> (ii)   the plan or a court-approved summary of it;
>
> (iii)  a notice of the time to file acceptances and rejections of the plan; and
>
> (iv)   any other information as the court orders— including any opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> Notice of the time to file an objection to a plan's confirmation and the date of the hearing on confirmation must be mailed to creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b).  A ballot that conforms to Form 314 must also be mailed to creditors and equity security holders who are entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

37.     In accordance with Bankruptcy Rule 3017(d), the Debtors propose that, after entry of the Conditional Approval and Procedures Order, the following materials be mailed by the Balloting Agent to all Claimholders in the Voting Classes (the "**Solicitation Package**"):

   a)      the Conditional Approval and Procedures Order (without exhibits);

   b)      the Confirmation Hearing Notice;

   c)      a QR Code that provides electronic access to the Debtors' website page containing the Combined Plan and Disclosure Statement;

   d)      a letter from the Debtors and, if applicable, the Committee recommending that creditors in the Voting Classes vote to accept the Combined Plan and Disclosure Statement; and

   e)      an appropriate Ballot with a pre-addressed stamped return envelope.

38.     The Balloting Agent will mail the Solicitation Packages no later than three business days after entry of the Conditional Approval and Procedures Order (or as soon as practicable thereafter) to Claimholders in the Voting Classes.  Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtors request that no Solicitation Packages be mailed to Holders of Claims and Equity Interests in Classes that are conclusively deemed to accept or reject the Combined Plan and Disclosure Statement.  Instead, the Debtors propose that such parties receive only the Confirmation Hearing Notice; *provided*, however, that such parties may request copies of the other materials contained in the Solicitation Packages free of charge from the Balloting Agent as set forth below.

39.     Paper copies of the documents otherwise provided by electronic means may be downloaded and/or viewed free of charge by all parties in interest at the following website maintained by the Balloting Agent:  https://omniagentsolutions.com/CareerBuilderMonster.  In addition, all parties in interest, including Holders of Claims and Equity Interests in Classes that are conclusively deemed to accept or reject the Combined Plan and Disclosure Statement, may obtain

21

copies of the Combined Plan and Disclosure Statement and other materials contained in the Solicitation Packages free of charge upon request to the Balloting Agent via email at CareerBuilderMonsterInquiries@OmniAgnt.com.

40.      The Debtors submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline and related matters fully comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, and are both fair to Holders of Claims and Equity Interests and other parties in interest and are calculated to result in votes and objections that will be known in sufficient time to permit an organized and efficient Confirmation Hearing.   Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## **NOTICE**

41.      Notice of this Motion will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as counsel to the Committee; (c)  Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (d) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (e) Jones Day, as counsel to the Prepetition Noteholders; (f) the Internal Revenue Service; (g) the state attorneys general for states in which the Debtors conduct business; and (h) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

## **NO PRIOR REQUEST**

42.      No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Conditional Approval and Procedures Order granting the relief requested herein and such other and further relief as the Court may deem just.

Dated:  August 19, 2025
        Wilmington, Delaware

/s/ Clint M. Carlisle

**LATHAM & WATKINS LLP**

Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:  ray.schrock@lw.com
       candace.arthur@lw.com

  - and -

Jonathan C. Gordon (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  jonathan.gordon@lw.com

**RICHARDS, LAYTON & FINGER, P.A.**

Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Huiqi Liu (No. 6850)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  defranceschi@rlf.com
     shapiro@rlf.com
     liu@rlf.com
     carlisle@rlf.com
     meehan@rlf.com

*Co-Counsel for Debtors and Debtors in Possession*