## EXHIBIT 1

**Proposed Conditional Approval and Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------- x
                                                          :
In re:                                                    :    Chapter 11
                                                          :
ZEN JV, LLC, *et al.*,[1]                                 :    Case No. 25-11195 (JKS)
                                                          :
            Debtors.                                      :    (Jointly Administered)
                                                          :
                                                          :    **Re: Docket No. __**
--------------------------------------------------------- x

**ORDER (A) CONDITIONALLY APPROVING THE COMBINED PLAN
AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES
ONLY, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED PLAN
AND DISCLOSURE STATEMENT, (C) APPROVING THE FORMS OF
BALLOTS AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING
RECORD DATE, (E) FIXING THE DATE, TIME AND PLACE FOR THE
CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS
THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession

(collectively, the "**Debtors**") for entry of an order (this "**Order**"), and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Amended Standing Order of Reference from the United States District

Court for the District of Delaware, dated February 29, 2012; and the Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order

consistent with Article III of the United States Constitution and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**FOUND AND DETERMINED THAT:**

A.    The forms of ballots attached hereto as **<u>Exhibits A-1</u>**,**<u>A-2</u>**, and **<u>A-3</u>** (the "**<u>Ballots</u>**"): (i) are consistent with Official Form No. 14, (ii) adequately address the particular needs of these Chapter 11 Cases, (iii) are appropriate for the Voting Classes, and (iv) comply with Bankruptcy Rule 3017(d).

B.    Ballots need not be provided to Holders of Claims or Equity Interests in the following Classes, as such Non-Voting Classes are either Unimpaired and are conclusively presumed to have accepted the Combined Plan and Disclosure Statement in accordance with section 1126(f) of the Bankruptcy Code or are Impaired but will neither retain nor receive any property under the Combined Plan and Disclosure Statement and are thus conclusively deemed to have rejected the Combined Plan and Disclosure Statement under section 1126(g) of the Bankruptcy Code:

| Class 1 | Other Priority Claims | Unimpaired / Deemed to Accept |
| Class 2 | Other Secured Claims | Unimpaired / Deemed to Accept |
| Class 6 | Intercompany Claims | Impaired / Deemed to Reject |
| Class 7 | Equity Interests | Impaired / Deemed to Reject |

C.    The period during which the Debtors may solicit votes to accept or reject the Combined Plan and Disclosure Statement, as established by this Order, provides sufficient time

for Claimholders in the Voting Classes to make informed decisions to accept or reject the Combined Plan and Disclosure Statement and submit their Ballots in a timely fashion.

D.      The Tabulation Procedures (as defined below) for the solicitation and tabulation of votes to accept or reject the Combined Plan and Disclosure Statement, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E.      The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Combined Plan and Disclosure Statement is conditionally approved for solicitation purposes only.

3.      The Confirmation Hearing shall be held on **September 30, 2025 at 1:00 p.m. (prevailing Eastern Time)** (the "**Confirmation Hearing**").  The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (i) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (ii) filing a notice with the Court (which such notice may be included in an agenda of matters scheduled for hearing filed with the Court).

4.      Objections to the final approval of adequacy of the Combined Plan and Disclosure Statement and/or confirmation thereof, if any, must: (a) be in writing; (b) be filed with the Court no later than **12:00 p.m. (prevailing Eastern Time) on September 25, 2025**; and (c) served on:

(i) counsel to the Debtors: (1) Latham & Watkins LLP, (x) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (y) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com), and (2) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (ii) counsel to the Prepetition Term Loan Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 1000, Attn: Ronald A. Hewitt (hewitt@sewkis.com); (iii) counsel to the Required Prepetition Term Loan Lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to the Prepetition Noteholders, Jones Day, 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361, Attn: Daniel J. Merrett (dmerrett@jonesday.com); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov).

5.      The Debtors are authorized to file and serve an omnibus reply to any such objections by no later than **September 29, 2025 at 12:00 p.m. (ET)** (the "**Reply Deadline**") which shall be: (i) the deadline for filing and service of replies or an omnibus reply to any objections to confirmation of the Combined Plan and Disclosure Statement or final approval of the Combined Plan and Disclosure Statement; (ii) the deadline for the Debtors to file any brief in support of final approval of the Combined Plan and Disclosure Statement and confirmation of the Combined Plan and Disclosure Statement, the voting certification, and any affidavits or declarations in support of confirmation of the Combined Plan and Disclosure Statement; and (iii) the proposed Confirmation Order.  Any party in interest shall be permitted to file and serve a statement in support of final approval of the Combined Plan and Disclosure Statement, confirmation of the Combined Plan and

Disclosure Statement and/or reply to any objection to any such requested relief by the Reply Deadline.

6.      The Ballots are hereby approved.

7.      The Confirmation Hearing Notice, in substantially the form attached as **Exhibit B** hereto, is hereby approved.  The Debtors shall serve the Confirmation Hearing Notice on:  (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases, (ii) state and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) holders of claims or interests in the Non-Voting Classes, (v) the U.S. Trustee, (vi) all persons or entities listed on the Debtors' creditor mailing matrix, and (vii) all holders of Claims or Equity Interests (to the extent not otherwise included in the foregoing) no later than three business days after the entry of this Order (or as soon as practicable thereafter).

8.      Except to the extent the Debtors determine otherwise, the Debtors are not required to provide the Solicitation Package to Holders of Claims in Non-Voting Classes.  Instead, on or before the Solicitation Mailing Deadline, the Balloting Agent shall distribute by first-class mail, the Notice of Non-Voting Status in lieu of the Solicitation Package, in the form of each attached hereto as **Exhibit C-1**, **Exhibit C-2**, or **Exhibit C-3**, respectively, of which is hereby approved, to those parties who are not entitled to vote on the Combined Plan and Disclosure Statement.

9.      The Debtors shall publish the Publication Notice within five business days after entry of this Order (or as soon as practicable thereafter).

10.      The Tabulation Procedures are hereby approved.

11.      The Voting Record Date shall be **August 29, 2025**.  In addition, with respect to any transferred Claim in the Voting Classes, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if all actions necessary to effect

5

the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot by the transferor.

12.     The Voting Deadline shall be **September 25, 2025 at 12:00 p.m. (prevailing Eastern Time)**.

13.     Any Claimholder that seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Plan and Disclosure Statement (a "**Rule 3018 Motion**") no later than **4:00 p.m. (prevailing Eastern Time) on September 18, 2025** and serve the Rule 3018 Motion on the Debtors.  The Debtors (and, with respect to filing a response, any other party in interest) shall then have until **4:00 p.m. (prevailing Eastern Time) on September 25, 2025** to file and serve any responses to such Rule 3018 Motions.  Any Ballot submitted by a Claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim is temporarily allowed by the Bankruptcy Court for voting purposes in a different amount, after notice and a hearing

14.     The Debtors shall serve the Solicitation Packages only on Holders of Claims in the Voting Classes no later than three business days after the entry of this Order (or as soon as practicable thereafter).  Such Solicitation Packages shall contain copies of: (i) this Order (without exhibits); (ii) the Confirmation Hearing Notice; (iii) a QR code that provides electronic access to the Debtors' website page containing the Combined Plan and Disclosure Statement; (iv) a letter from the Debtors and, if applicable, the Committee recommending that creditors in the Voting

6

Classes vote to accept the Combined Plan and Disclosure Statement; and (v) an appropriate Ballot with a pre-addressed stamped return envelope. No other interested parties shall receive copies of the Combined Plan and Disclosure Statement or the other materials contained in the Solicitation Packages unless such documents are requested in accordance with the procedures set forth in the Confirmation Hearing Notice.

15.     The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Combined Plan and Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

16.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

18.     This Order is effective immediately upon entry.

19.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT A-1

**Class 3 Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
ZEN JV, LLC, et al.,¹                                  :    Case No. 25-11195 (JKS)
                                                       :
            Debtors.                                   :    (Jointly Administered)
                                                       :
------------------------------------------------------ x
```

### Ballot for the Holders of Claims in Class 3 (Prepetition Term Loan Claims)

IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE RECEIVED BY OMNI AGENT SOLUTIONS, INC. (THE "BALLOTING AGENT") BY NO LATER THAN SEPTEMBER 25, 2025 AT 12:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THEN THE DEBTORS MAY REJECT SUCH BALLOT AS INVALID. IF THE COMBINED PLAN AND DISCLOSURE STATEMENT IS CONFIRMED BY THE COURT, THEN IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

You should review the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. __] (as may be amended, supplemented or otherwise modified, the "**Combined Plan and Disclosure Statement**")[2] before you vote. Your rights are described in the Combined Plan and Disclosure Statement accompanying this Ballot, and you should carefully and thoroughly review the Combined Plan and Disclosure Statement before you vote. You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and your classification and treatment under the Combined Plan and Disclosure Statement.

Your claim has been placed in Class 3 (Prepetition Term Loan Claims) under the Combined Plan and Disclosure Statement. If your Ballot is not received by the Balloting Agent **on or before 12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (*i.e.*, the Voting Deadline), and such deadline is not extended, your vote will not count as either an acceptance or

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Combined Plan and Disclosure Statement.

rejection of the Combined Plan and Disclosure Statement.  If the Combined Plan and Disclosure Statement is confirmed by the Court, it will be binding on you whether or not you vote.

PLEASE READ AND FOLLOW THE INSTRUCTIONS SET FORTH HEREIN CAREFULLY.  IN ORDER FOR YOUR BALLOT TO COUNT, YOU MUST, BY THE VOTING DEADLINE, EITHER SUBMIT YOUR BALLOT THROUGH THE BALLOTING AGENT'S ONLINE ELECTRONIC BALLOTING PORTAL (THE "**E-BALLOTING PORTAL**") OR BY RETURNING THIS PAPER BALLOT TO THE BALLOTING AGENT VIA FIRST CLASS MAIL, OVERNIGHT MAIL OR HAND DELIVERY.  BALLOTS SENT BY E-MAIL OR FACSIMILE TRANSMISSION ARE NOT ALLOWED AND <u>WILL</u> <u>NOT</u> BE COUNTED.  CREDITORS WHO CAST A BALLOT USING THE E-BALLOTING PORTAL SHOULD NOT ALSO SUBMIT A PAPER BALLOT.

**<u>ACCESS TO THE COMBINED PLAN AND DISCLOSURE STATEMENT</u>:  THE COMBINED PLAN AND DISCLOSURE STATEMENT, AND THE CONDITIONAL APPROVAL AND PROCEDURES ORDER MAY BE ACCESSED, FREE OF CHARGE, AT: https://www.omniagentsolutions.com/CareerBuilderMonster-Ballots or by using the following QR Code:**



## BALLOT INSTRUCTIONS

1.  The Debtors are soliciting the votes of Holders of Claims in the Voting Classes with respect to the Combined Plan and Disclosure Statement. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Combined Plan and Disclosure Statement.

2.  The Balloting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission may not be counted. To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot Portal on the Balloting Agent's website. Your Ballot must be received by the Balloting Agent no later than the Voting Deadline, unless such time is extended by the Debtors.

    **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOTING PORTAL.**

    **CREDITORS WHO CAST A BALLOT USING THE E-BALLOT PORTAL *SHOULD NOT* ALSO SUBMIT A PAPER BALLOT.**

3.  If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail, overnight courier, or hand delivery to:

    Zen JV, LLC
    Ballot Processing Center
    c/o Omni Agent Solutions, Inc.
    5955 De Soto Ave., Suite 100
    Woodland Hills, California 91367

4.  This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the Combined Plan and Disclosure Statement.

5.  If the Combined Plan and Disclosure Statement is confirmed by the Court, it will be binding on you whether or not you vote to accept or reject the Combined Plan and Disclosure Statement.

6.  To ensure that your vote is counted, you must complete and return this Ballot as follows: (i) make the certification as to the amount of your Claim in Item 1, (ii) indicate your vote either to accept or reject the Combined Plan and Disclosure Statement in the boxes provided in Item 2, (iii) review the Certifications in Item 4, and (iv) if you are not using the E-Ballot Portal (a) sign and complete the requested information on Item 4 of the Ballot and (b) return the Ballot so that it is **actually received** by the Balloting Agent by the Voting Deadline.

7.  If the Ballot is received after the Voting Deadline, it may not be counted. You may choose the method of delivery of your Ballot to the Balloting Agent at your own risk. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **actually received** by the Balloting Agent. You should allow sufficient time to assure timely delivery. Ballots delivered by facsimile transmission, electronic mail, or any other electronic means other than through the E-Ballot Portal **may not be counted**. **This Ballot may not be submitted to the Debtors or their financial or legal advisors.**

8.      You must vote your entire Claim either to accept or reject the Combined Plan and Disclosure Statement. Accordingly, a Ballot that partially rejects and partially accepts the Combined Plan and Disclosure Statement may not be counted.

9.      If multiple Ballots are received from you with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot received. If you cast simultaneous inconsistent Ballots, such Ballots will not be counted

10.     This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

11.     The following Ballots may not be counted in determining the acceptance or rejection of the Combined Plan and Disclosure Statement:

   (i)      any Ballot that is not actually received by the Balloting Agent on or before the Voting Deadline;

   (ii)     any Ballot that is illegible or contains insufficient information to permit the identification of the Holder;

   (iii)    any Ballot that (a) does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement, (b) indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement, and/or (c) partially accepts and partially rejects the Combined Plan and Disclosure Statement;

   (iv)     any Ballot cast by an Entity who does not hold, or represent an Entity that holds, a Claim in Class 3;

   (v)      any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed;

   (vi)     any Ballot sent to a Person other than the Balloting Agent; and

   (vii)    any Ballot not bearing an original signature.

12.     Be sure to sign and date your Ballot. If you are signing the Ballot as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors, or the Court, must submit evidence satisfactory to the requesting party to so act on behalf of the Holder of the Claim.

13.     Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Declaration filed with the Court by the Balloting Agent. None of the Debtors, the Balloting Agent, or any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

14.     If you have any questions regarding the Ballot, please contact the Balloting Agent immediately via telephone at: (818) 924-2298 or (888) 841-0525, or via email to CareerBuilderMonsterInquiries@OmniAgnt.com.

15.     THE BALLOTING AGENT CANNOT PROVIDE YOU WITH LEGAL ADVICE.

**VOTING DEADLINE: SEPTEMBER 25, 2025 12:00 P.M. (PREVAILING EASTERN TIME).**

2

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Balloting Agent, Omni Agent Solutions, Inc., by no later than **4:00 p.m. (Prevailing Eastern Time) on September 25, 2025**, unless such time is extended in writing by the Debtors.  Please submit a Ballot with your vote in the envelope provided or by *one* of the following methods:

| **<u>If Submitting Your Vote through the E-Balloting Portal</u>** |
| --- |
| **The Balloting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit *<u>https://omniagentsolutions.com/CareerBuilderMonster-Ballots</u>* (the "<u>E-Ballot Portal</u>"), click on the "Balloting" section of the Debtors' website and follow the instructions to submit your Ballot.**<br><br>**If your Ballot is not received by the Balloting agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, then your vote may not be counted.** |

| **<u>If Submitting Your Vote by Paper Ballot</u>** |
| --- |
| Zen JV, LLC<br>Ballot Processing Center<br>c/o Omni Agent Solutions, Inc.<br>5955 De Soto Ave., Suite 100<br>Woodland Hills, California 91367 |

**THIS BALLOT IS TO BE USED BY THE HOLDERS OF CLASS 3 PREPETITION TERM LOAN CLAIMS.  A BALLOT WITH YOUR VOTE MUST BE RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR IT MAY NOT BE COUNTED.**

**<u>Item 1. Amount of Claim.</u>**  The undersigned is a holder of Class 3 Prepetition Term Loan Claims in the amount of U.S. dollars: **$[_____]**

**<u>Item 2. Vote.</u>**  The holder of the Claim set forth in Item 1 votes (please <u>only</u> check one):

☐ To Accept the Combined Plan and Disclosure Statement

☐ To Reject the Combined Plan and Disclosure Statement

**<u>Item 3. Important Information about Third Party Releases.</u>** Article XII.C of the Combined Plan and Disclosure Statement contains the following release provision (the "**<u>Third-Party Release</u>**"):

3

**Releases by Holders of Claims**

Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Combined Plan and Disclosure Statement  and the contributions of the Released Parties to facilitate and implement the Combined Plan and Disclosure Statement, the adequacy of which is hereby confirmed, the Releasing Parties, and each of the Releasing Parties' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) for any act, omission or other occurrence in connection with, relating to, or arising out of, or in any manner arising from, in whole or in part, the Debtors and/or any Affiliate of the Debtors (including, in either case, the management, ownership, or operation thereof), the Estates, the Business Combination, the in- or out-of-court restructuring efforts of the Debtors or any Affiliate thereof, intercompany transactions, the Chapter 11 Cases, the Prepetition Loan Documents, the JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted intentional fraud, willful misconduct, or gross negligence.

As set forth in the Combined Plan and Disclosure Statement, "Released Parties" means each of the following in their capacity as such: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) each current and former Affiliate of each Entity in clause (i) and (ii); and (iii) the Related Parties of each of the foregoing; provided that in each case, an Entity shall not be a Released Party if it elects not to opt into the releases described in Article XII of this Plan.

As set forth in the Combined Plan and Disclosure Statement, "Releasing Parties" means each of the following in their capacity as such: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) each Holder of a Claim who votes to accept the Combined Plan and Disclosure Statement, abstains from voting on the Combined Plan and Disclosure Statement or votes to reject the Combined Plan and Disclosure Statement and, in each case, affirmatively opts in to the releases provided in the Combined Plan and Disclosure

4

**Statement; (iv) each current and former Affiliate of each Entity in clause (i) through (iii) for which such Entity is legally entitled to bind such Affiliate to the releases contained in the Combined Plan and Disclosure Statement under applicable non bankruptcy law; and (v) each Related Party of each Entity in clause (i) through (iv) for which such Affiliate or Entity is legally entitled to bind such Related Party to the releases contained in the Combined Plan and Disclosure Statement under applicable non bankruptcy law.**

**<u>The Holder of the Claim identified in Item 1 elects to:</u>**



☐   **<u>OPT IN to the Third-Party Release</u>**

**<u>Item 4. Certifications.</u>**  By signing this Ballot, the undersigned certifies: (i) that no other Ballots have been cast with respect to the Claim identified in Item 1, and that to the extent any such Ballots have been cast, such earlier Ballots are hereby revoked; and (ii) that the undersigned was aware that a copy of the Combined Plan and Disclosure Statement was available for review and to the extent the undersigned wanted to do so the undersigned has reviewed the Combined Plan and Disclosure Statement; and (iii) that the undersigned has full power and authority to vote to accept or reject the Combined Plan and Disclosure Statement on account of the claim identified in Item 1.   The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Combined Plan and Disclosure Statement and that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND SUBMIT IT SO IT IS
RECEIVED ON OR BEFORE THE 12:00 P.M. (PREVAILING EASTERN TIME) VOTING
DEADLINE ON SEPTEMBER 25, 2025**

Name of holder: _____
                           (Print or Type)

Signature: _____

Name of signatory: _____
                              (If other than holder)

Title: _____

Address: _____
           _____
           _____

Email: _____

Dated completed: _____

**BALLOTS DELIVERED BY FACSIMILE TRANSMISSION, ELECTRONIC MAIL,
OR ANY ELECTRONIC MEANS OTHER THAN THROUGH THE E-BALLOT
PORTAL MAY NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE
IMMEDIATELY CONTACT THE BALLOTING AGENT BY EMAIL AT
CAREERBUILDERMONSTERINQUIRIES@OMNIAGNT.COM OR BY CALLING THE
BALLOTING AGENT AT: (818) 924-2298 OR (888) 841-0525. *THE BALLOTING AGENT
CANNOT PROVIDE YOU WITH LEGAL ADVICE.***

6

## EXHIBIT A-2

**Class 4 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------- x
                                     :

In re:                            :     Chapter 11
                                       :

ZEN JV, LLC, *et al.*,[1]            :     Case No. 25-11195 (JKS)
                                       :

         Debtors.               :     (Jointly Administered)
                                       :

--------------------------------------------------------- x

### Ballot for the Holders of Claims in Class 4 (Prepetition Notes Claims)

> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE RECEIVED BY OMNI AGENT SOLUTIONS, INC. (THE "BALLOTING AGENT") BY NO LATER THAN SEPTEMBER 25, 2025 AT 12:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THEN THE DEBTORS MAY REJECT SUCH BALLOT AS INVALID. IF THE COMBINED PLAN AND DISCLOSURE STATEMENT IS CONFIRMED BY THE COURT, THEN IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

        You should review the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. __] (as may be amended, supplemented or otherwise modified, the "**Combined Plan and Disclosure Statement**")[2] before you vote. Your rights are described in the Combined Plan and Disclosure Statement accompanying this Ballot, and you should carefully and thoroughly review the Combined Plan and Disclosure Statement before you vote. You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and your classification and treatment under the Combined Plan and Disclosure Statement.

        Your claim has been placed in Class 4 (Prepetition Notes Claims) under the Combined Plan and Disclosure Statement. If your Ballot is not received by the Balloting Agent **on or before 12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (*i.e.*, the Voting Deadline), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Combined Plan and Disclosure Statement. If the Combined Plan and Disclosure Statement is confirmed by the Court, it will be binding on you whether or not you vote.

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Combined Plan and Disclosure Statement.

PLEASE READ AND FOLLOW THE INSTRUCTIONS SET FORTH HEREIN CAREFULLY.  IN ORDER FOR YOUR BALLOT TO COUNT, YOU MUST, BY THE VOTING DEADLINE, EITHER SUBMIT YOUR BALLOT THROUGH THE BALLOTING AGENT'S ONLINE ELECTRONIC BALLOTING PORTAL (THE "**E-BALLOTING PORTAL**") OR BY RETURNING THIS PAPER BALLOT TO THE BALLOTING AGENT VIA FIRST CLASS MAIL, OVERNIGHT MAIL OR HAND DELIVERY.  BALLOTS SENT BY E-MAIL OR FACSIMILE TRANSMISSION ARE NOT ALLOWED AND <u>WILL</u> <u>NOT</u> BE COUNTED.  CREDITORS WHO CAST A BALLOT USING THE E-BALLOTING PORTAL SHOULD NOT ALSO SUBMIT A PAPER BALLOT.

**<u>ACCESS TO THE COMBINED PLAN AND DISCLOSURE STATEMENT</u>:  THE COMBINED PLAN AND DISCLOSURE STATEMENT, AND THE CONDITIONAL APPROVAL AND PROCEDURES ORDER MAY BE ACCESSED, FREE OF CHARGE, AT: https://www.omniagentsolutions.com/CareerBuilderMonster-Ballots or by using the following QR Code:**



2

## BALLOT INSTRUCTIONS

1.   The Debtors are soliciting the votes of Holders of Claims in the Voting Classes with respect to the Combined Plan and Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Combined Plan and Disclosure Statement.

2.   The Balloting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission may not be counted.  To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot Portal on the Balloting Agent's website.  Your Ballot must be received by the Balloting Agent no later than the Voting Deadline, unless such time is extended by the Debtors.

   **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOTING PORTAL.**

   **CREDITORS WHO CAST A BALLOT USING THE E-BALLOT PORTAL _SHOULD NOT_ ALSO SUBMIT A PAPER BALLOT.**

3.   If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail, overnight courier, or hand delivery to:

   Zen JV, LLC
   Ballot Processing Center
   c/o Omni Agent Solutions, Inc.
   5955 De Soto Ave., Suite 100
   Woodland Hills, California 91367

4.   This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the Combined Plan and Disclosure Statement.

5.   The Court can confirm the Combined Plan and Disclosure Statement and bind you if the Combined Plan and Disclosure Statement is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in Class 4 who vote on the Combined Plan and Disclosure Statement, and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the Combined Plan and Disclosure Statement is confirmed by the Court, it will be binding on you whether or not you vote to accept or reject the Combined Plan and Disclosure Statement.

6.   To ensure that your vote is counted, you must complete and return this Ballot as follows: (i) make the certification as to the amount of your Claim in Item 1, (ii) indicate your vote either to accept or reject the Combined Plan and Disclosure Statement in the boxes provided in Item 2, (iii) review the Certifications in Item 4, and (iv) if you are not using the E-Ballot Portal (a) sign and complete the requested information on Item 4 of the Ballot and (b) return the Ballot so that it is actually received by the Balloting Agent by the Voting Deadline.

7.   If the Ballot is received after the Voting Deadline, it may not be counted.  You may choose the method of delivery of your Ballot to the Balloting Agent at your own risk.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **actually received** by the Balloting Agent.  You should allow sufficient time to assure timely delivery.  Ballots delivered by facsimile transmission, electronic mail, or any other electronic means

other than through the E-Ballot Portal **may not be counted**.  **This Ballot may not be submitted to the Debtors or their financial or legal advisors**.

8.      You must vote your entire Claim either to accept or reject the Combined Plan and Disclosure Statement.  Accordingly, a Ballot that partially rejects and partially accepts the Combined Plan and Disclosure Statement may not be counted.

9.      If multiple Ballots are received from you with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot received.  If you cast simultaneous inconsistent Ballots, such Ballots will not be counted

10.     This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

11.     The following Ballots may not be counted in determining the acceptance or rejection of the Combined Plan and Disclosure Statement:

   (i)     any Ballot that is not actually received by the Balloting Agent on or before the Voting Deadline;

   (ii)    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder;

   (iii)   any Ballot that (a) does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement, (b) indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement, and/or (c) partially accepts and partially rejects the Combined Plan and Disclosure Statement;

   (iv)    any Ballot cast by an Entity who does not hold, or represent an Entity that holds, a Claim in Class 4;

   (v)     any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed;

   (vi)    any Ballot sent to a Person other than the Balloting Agent; and

   (vii)   any Ballot not bearing an original signature.

12.     Be sure to sign and date your Ballot.  If you are signing the Ballot as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors, or the Court, must submit evidence satisfactory to the requesting party to so act on behalf of the Holder of the Claim.

13.     Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Declaration filed with the Court by the Balloting Agent.  None of the Debtors, the Balloting Agent, or any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

14.     If you have any questions regarding the Ballot, please contact the Balloting Agent immediately via telephone at: (818) 924-2298 or (888) 841-0525 or via email to CareerBuilderMonsterInquiries@OmniAgnt.com.

15.     THE BALLOTING AGENT CANNOT PROVIDE YOU WITH LEGAL ADVICE.

**VOTING DEADLINE: SEPTEMBER 25, 2025 12:00 P.M. (PREVAILING EASTERN TIME)**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Balloting Agent, Omni Agent Solutions, Inc., by no later than **4:00 p.m. (Prevailing Eastern Time) on September 25, 2025**, unless such time is extended in writing by the Debtors.  Please submit a Ballot with your vote in the envelope provided or by *one* of the following methods:

---

**If Submitting Your Vote through the E-Balloting Portal**

**The Balloting Agent will accept Ballots if properly completed through the E-Balloting Portal.  To submit your Ballot via the E-Balloting Portal, visit *https://omniagentsolutions.com/CareerBuilderMonster-Ballots* (the "E-Ballot Portal"), click on the "Balloting" section of the Debtors' website and follow the instructions to submit your Ballot.**

**If your Ballot is not received by the Balloting agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, then your vote may not be counted.**

**If Submitting Your Vote by Paper Ballot**

Zen JV, LLC
Ballot Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Ave., Suite 100
Woodland Hills, California 91367

---

**THIS BALLOT IS TO BE USED BY THE HOLDERS OF CLASS 4 PREPETITION NOTES CLAIMS.  A BALLOT WITH YOUR VOTE MUST BE RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR IT MAY NOT BE COUNTED.**

**Item 1. Amount of Claim.**  The undersigned is a holder of Class 4 Prepetition Notes Claims in the amount of U.S. dollars: **$[_____]**

**Item 2. Vote.**  The holder of the Claim set forth in Item 1 votes (please <u>only</u> check one):

☐ To Accept the Combined Plan and Disclosure Statement
☐ To Reject the Combined Plan and Disclosure Statement

**Item 3. Important Information about Third Party Releases.** Article XII.C of the Combined Plan and Disclosure Statement contains the following release provision (the "**Third-Party Release**"):

**Releases by Holders of Claims**

Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Combined Plan and Disclosure Statement and the contributions of the Released Parties to facilitate and implement the Combined Plan and Disclosure Statement, the adequacy of which is hereby confirmed, the Releasing Parties, and each of the Releasing Parties' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) for any act, omission or other occurrence in connection with, relating to, or arising out of, or in any manner arising from, in whole or in part, the Debtors and/or any Affiliate of the Debtors (including, in either case, the management, ownership, or operation thereof), the Estates, the Business Combination, the in- or out-of-court restructuring efforts of the Debtors or any Affiliate thereof, intercompany transactions, the Chapter 11 Cases, the Prepetition Loan Documents, the JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted intentional fraud, willful misconduct, or gross negligence.

As set forth in the Combined Plan and Disclosure Statement, "Released Parties" means each of the following in their capacity as such: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) each current and former Affiliate of each Entity in clause (i) and (ii); and (iii) the Related Parties of each of the foregoing; provided that in each case, an Entity shall not be a Released Party if it elects not to opt into the releases described in Article XII of this Plan.

As set forth in the Combined Plan and Disclosure Statement, "Releasing Parties" means each of the following in their capacity as such: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) each Holder of a Claim who votes to accept the Combined Plan and Disclosure Statement, abstains from voting on the Combined Plan and Disclosure Statement or votes to reject the Combined Plan and Disclosure Statement and, in each case, affirmatively opts in to the releases provided in the Combined Plan and Disclosure

**Statement; (iv) each current and former Affiliate of each Entity in clause (i) through (iii) for which such Entity is legally entitled to bind such Affiliate to the releases contained in the Combined Plan and Disclosure Statement under applicable non bankruptcy law; and (v) each Related Party of each Entity in clause (i) through (iv) for which such Affiliate or Entity is legally entitled to bind such Related Party to the releases contained in the Combined Plan and Disclosure Statement under applicable non bankruptcy law.**

**The Holder of the Claim identified in Item 1 elects to:**

☐  **OPT IN to the Third-Party Release**

**Item 4. Certifications.**  By signing this Ballot, the undersigned certifies: (i) that no other Ballots have been cast with respect to the Claim identified in Item 1, and that to the extent any such Ballots have been cast, such earlier Ballots are hereby revoked; and (ii) that the undersigned was aware that a copy of the Combined Plan and Disclosure Statement was available for review and to the extent the undersigned wanted to do so the undersigned has reviewed the Combined Plan and Disclosure Statement; and (iii) that the undersigned has full power and authority to vote to accept or reject the Combined Plan and Disclosure Statement on account of the claim identified in Item 1.  The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Combined Plan and Disclosure Statement and that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

RLF1 33554009v.4

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND SUBMIT IT SO IT IS RECEIVED ON OR BEFORE THE 12:00 P.M. (PREVAILING EASTERN TIME) VOTING DEADLINE ON SEPTEMBER 25, 2025**

Name of holder: _____
(Print or Type)

Signature: _____

Name of signatory: _____
(If other than holder)

Title: _____

Address: _____
_____
_____

Email: _____

Dated completed: _____

**BALLOTS DELIVERED BY FACSIMILE TRANSMISSION, ELECTRONIC MAIL, OR ANY ELECTRONIC MEANS OTHER THAN THROUGH THE E-BALLOT PORTAL MAY NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE IMMEDIATELY CONTACT THE BALLOTING AGENT BY EMAIL AT CAREERBUILDERMONSTERINQUIRIES@OMNIAGNT.COM OR BY CALLING THE BALLOTING AGENT AT: (818) 924-2298 OR (888) 841-0525. *THE BALLOTING AGENT CANNOT PROVIDE YOU WITH LEGAL ADVICE.***

**EXHIBIT A-3**

**Class 5 Ballot**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
ZEN JV, LLC, *et al.*,[1]                                :    Case No. 25-11195 (JKS)
                                                         :
                Debtors.                                 :    (Jointly Administered)
                                                         :
-------------------------------------------------------- x

## Ballot for the Holders of Claims in Class 5 (General Unsecured Claims)

> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE RECEIVED BY OMNI AGENT SOLUTIONS, INC. (THE "BALLOTING AGENT") BY NO LATER THAN SEPTEMBER 25, 2025 AT 12:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THEN THE DEBTORS MAY REJECT SUCH BALLOT AS INVALID. IF THE COMBINED PLAN AND DISCLOSURE STATEMENT IS CONFIRMED BY THE COURT, THEN IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

You should review the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. __] (as may be amended, supplemented or otherwise modified, the "**Combined Plan and Disclosure Statement**")[2] before you vote. Your rights are described in the Combined Plan and Disclosure Statement accompanying this Ballot, and you should carefully and thoroughly review the Combined Plan and Disclosure Statement before you vote. You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and your classification and treatment under the Combined Plan and Disclosure Statement.

Your claim has been placed in Class 5 (General Unsecured Claims) under the Combined Plan and Disclosure Statement. If your Ballot is not received by the Balloting Agent **on or before 12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (*i.e.*, the Voting Deadline), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the

---

[1]     The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]     All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Combined Plan and Disclosure Statement.

Combined Plan and Disclosure Statement.  If the Combined Plan and Disclosure Statement is confirmed by the Court, it will be binding on you whether or not you vote.

PLEASE READ AND FOLLOW THE INSTRUCTIONS SET FORTH HEREIN CAREFULLY.  IN ORDER FOR YOUR BALLOT TO COUNT, YOU MUST, BY THE VOTING DEADLINE, EITHER SUBMIT YOUR BALLOT THROUGH THE BALLOTING AGENT'S ONLINE ELECTRONIC BALLOTING PORTAL (THE "**E-BALLOTING PORTAL**") OR BY RETURNING THIS PAPER BALLOT TO THE BALLOTING AGENT VIA FIRST CLASS MAIL, OVERNIGHT MAIL OR HAND DELIVERY. BALLOTS SENT BY E-MAIL OR FACSIMILE TRANSMISSION ARE NOT ALLOWED AND <u>WILL</u> <u>NOT</u> BE COUNTED.  CREDITORS WHO CAST A BALLOT USING THE E-BALLOTING PORTAL SHOULD NOT ALSO SUBMIT A PAPER BALLOT.

**<u>ACCESS TO THE COMBINED PLAN AND DISCLOSURE STATEMENT</u>:  THE COMBINED PLAN AND DISCLOSURE STATEMENT, AND THE CONDITIONAL APPROVAL AND PROCEDURES ORDER MAY BE ACCESSED, FREE OF CHARGE, AT: https://www.omniagentsolutions.com/CareerBuilderMonster-Ballots or by using the following QR Code:**



RLF1 33554009v.4

## BALLOT INSTRUCTIONS

1.  The Debtors are soliciting the votes of Holders of Claims in the Voting Classes with respect to the Combined Plan and Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Combined Plan and Disclosure Statement.

2.  The Balloting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission may not be counted.  To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot Portal on the Balloting Agent's website.  Your Ballot must be received by the Balloting Agent no later than the Voting Deadline, unless such time is extended by the Debtors.

    **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOTING PORTAL.**

    **CREDITORS WHO CAST A BALLOT USING THE E-BALLOT PORTAL *SHOULD NOT* ALSO SUBMIT A PAPER BALLOT.**

3.  If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail, overnight courier, or hand delivery to:

    Zen JV, LLC
    Ballot Processing Center
    c/o Omni Agent Solutions, Inc.
    5955 De Soto Ave., Suite 100
    Woodland Hills, California 91367

16. This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the Combined Plan and Disclosure Statement.

17. If the Combined Plan and Disclosure Statement is confirmed by the Court, it will be binding on you whether or not you vote to accept or reject the Combined Plan and Disclosure Statement.

18. To ensure that your vote is counted, you must complete and return this Ballot as follows: (i) make the certification as to the amount of your Claim in Item 1, (ii) indicate your vote either to accept or reject the Combined Plan and Disclosure Statement in the boxes provided in Item 2, (iii) review the Certifications in Item 4, and (iv) if you are not using the E-Ballot Portal (a) sign and complete the requested information on Item 4 of the Ballot and (b) return the Ballot so that it is **actually received** by the Balloting Agent by the Voting Deadline.

19. If the Ballot is received after the Voting Deadline, it may not be counted.  You may choose the method of delivery of your Ballot to the Balloting Agent at your own risk.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **actually received** by the Balloting Agent.  You should allow sufficient time to assure timely delivery. Ballots delivered by facsimile transmission, electronic mail, or any other electronic means other than through the E-Ballot Portal **may not be counted**.  **This Ballot may not be submitted to the Debtors or their financial or legal advisors.**

20.     You must vote your entire Claim either to accept or reject the Combined Plan and Disclosure Statement. Accordingly, a Ballot that partially rejects and partially accepts the Combined Plan and Disclosure Statement may not be counted.

21.     If multiple Ballots are received from you with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot received. If you cast simultaneous inconsistent Ballots, such Ballots will not be counted

22.     This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

23.     The following Ballots may not be counted in determining the acceptance or rejection of the Combined Plan and Disclosure Statement:

       (i)     any Ballot that is not actually received by the Balloting Agent on or before the Voting Deadline;

       (ii)    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder;

       (iii)   any Ballot that (a) does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement, (b) indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement, and/or (c) partially accepts and partially rejects the Combined Plan and Disclosure Statement;

       (iv)    any Ballot cast by an Entity who does not hold, or represent an Entity that holds, a Claim in Class 5;

       (v)     any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed;

       (vi)    any Ballot sent to a Person other than the Balloting Agent; and

       (vii)   any Ballot not bearing an original signature.

24.     Be sure to sign and date your Ballot. If you are signing the Ballot as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors, or the Court, must submit evidence satisfactory to the requesting party to so act on behalf of the Holder of the Claim.

25.     Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Declaration filed with the Court by the Balloting Agent. None of the Debtors, the Balloting Agent, or any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

26.     If you have any questions regarding the Ballot, please contact the Balloting Agent immediately via telephone at: (818) 924-2298 or (888) 841-0525, or via email to CareerBuilderMonsterInquiries@OmniAgnt.com.

27.     THE BALLOTING AGENT CANNOT PROVIDE YOU WITH LEGAL ADVICE.

**VOTING DEADLINE: SEPTEMBER 25, 2025 12:00 P.M. (PREVAILING EASTERN TIME).**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Balloting Agent, Omni Agent Solutions, Inc., by no later than **4:00 p.m. (Prevailing Eastern Time) on September 25, 2025**, unless such time is extended in writing by the Debtors.  Please submit a Ballot with your vote in the envelope provided or by *one* of the following methods:

<div style="border:1px solid black; padding:8px;">

**<u>If Submitting Your Vote through the E-Balloting Portal</u>**

**The Balloting Agent will accept Ballots if properly completed through the E-Balloting Portal.  To submit your Ballot via the E-Balloting Portal, visit *https://omniagentsolutions.com/CareerBuilderMonster-Ballots* (the "<u>E-Ballot Portal</u>"), click on the "Balloting" section of the Debtors' website and follow the instructions to submit your Ballot.**

**If your Ballot is not received by the Balloting agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, then your vote may not be counted.**

**<u>If Submitting Your Vote by Paper Ballot</u>**

Zen JV, LLC
Ballot Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Ave., Suite 100
Woodland Hills, California 91367

</div>

**THIS BALLOT IS TO BE USED BY THE HOLDERS OF CLASS 5 GENERAL UNSECURED CLAIMS.  A BALLOT WITH YOUR VOTE MUST BE RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR IT MAY NOT BE COUNTED.**

**<u>Item 1. Amount of Claim.</u>**  The undersigned is a holder of Class 5 General Unsecured Claims in the amount of U.S. dollars: **$[_____]**

**<u>Item 2. Vote.</u>**  The holder of the Claim set forth in Item 1 votes (please <u>only</u> check one):

&#9633; To Accept the Combined Plan and Disclosure Statement

&#9633; To Reject the Combined Plan and Disclosure Statement

**<u>Item 3. Important Information about Third Party Releases.</u>** Article XII.C of the Combined Plan and Disclosure Statement contains the following release provision (the "**<u>Third-Party Release</u>**"):

**Releases by Holders of Claims**

**Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Combined Plan and Disclosure Statement and the contributions of the Released Parties to facilitate and implement the Combined Plan and Disclosure Statement, the adequacy of which is hereby confirmed, the Releasing Parties, and each of the Releasing Parties' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) for any act, omission or other occurrence in connection with, relating to, or arising out of, or in any manner arising from, in whole or in part, the Debtors and/or any Affiliate of the Debtors (including, in either case, the management, ownership, or operation thereof), the Estates, the Business Combination, the in- or out- of-court restructuring efforts of the Debtors or any Affiliate thereof, intercompany transactions, the Chapter 11 Cases, the Prepetition Loan Documents, the JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted intentional fraud, willful misconduct, or gross negligence.**

**As set forth in the Combined Plan and Disclosure Statement, "Released Parties" means each of the following in their capacity as such: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) each current and former Affiliate of each Entity in clause (i) and (ii); and (iii) the Related Parties of each of the foregoing; provided that in each case, an Entity shall not be a Released Party if it elects not to opt into the releases described in Article XII of this Plan.**

**As set forth in the Combined Plan and Disclosure Statement, "Releasing Parties" means each of the following in their capacity as such: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) each Holder of a Claim who votes to accept the Combined Plan and Disclosure Statement, abstains from voting on the Combined Plan and Disclosure Statement or votes to reject the Combined Plan and Disclosure Statement and, in each case, affirmatively opts in to the releases provided in the Combined Plan and Disclosure Statement; (iv) each current and former Affiliate of each Entity in clause (i) through (iii) for**

**which such Entity is legally entitled to bind such Affiliate to the releases contained in the Combined Plan and Disclosure Statement under applicable non bankruptcy law; and (v) each Related Party of each Entity in clause (i) through (iv) for which such Affiliate or Entity is legally entitled to bind such Related Party to the releases contained in the Combined Plan and Disclosure Statement under applicable non bankruptcy law.**

**The Holder of the Claim identified in Item 1 elects to:**

☐ **OPT IN to the Third-Party Release**

**Item 4. Certifications.** By signing this Ballot, the undersigned certifies: (i) that no other Ballots have been cast with respect to the Claim identified in Item 1, and that to the extent any such Ballots have been cast, such earlier Ballots are hereby revoked; and (ii) that the undersigned was aware that a copy of the Combined Plan and Disclosure Statement was available for review and to the extent the undersigned wanted to do so the undersigned has reviewed the Combined Plan and Disclosure Statement; and (iii) that the undersigned has full power and authority to vote to accept or reject the Combined Plan and Disclosure Statement on account of the claim identified in Item 1. The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Combined Plan and Disclosure Statement and that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

RLF1 33554009v.4

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND SUBMIT IT SO IT IS RECEIVED ON OR BEFORE THE 12:00 P.M. (PREVAILING EASTERN TIME) VOTING DEADLINE ON SEPTEMBER 25, 2025**

Name of holder: _____

(Print or Type)

Signature: _____

Name of signatory: _____

(If other than holder)

Title: _____

Address: _____

_____

_____

Email: _____

Dated completed: _____

**BALLOTS DELIVERED BY FACSIMILE TRANSMISSION, ELECTRONIC MAIL, OR ANY ELECTRONIC MEANS OTHER THAN THROUGH THE E-BALLOT PORTAL MAY NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE IMMEDIATELY CONTACT THE BALLOTING AGENT BY EMAIL AT CAREERBUILDERMONSTERINQUIRIES@OMNIAGNT.COM OR BY CALLING THE BALLOTING AGENT AT: (818) 924-2298 OR (888) 841-0525. *THE BALLOTING AGENT CANNOT PROVIDE YOU WITH LEGAL ADVICE.***

6

**<u>EXHIBIT B</u>**

**Confirmation Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
ZEN JV, LLC, et al.,¹                                   :   Case No. 25-11195 (JKS)
                                                        :
              Debtors.                                  :   (Jointly Administered)
                                                        :
                                                        :   Hearing Date:
                                                        :   Objection Deadline:
                                                        :
------------------------------------------------------- x
```

**NOTICE OF (I) CONDITIONAL APPROVAL OF THE COMBINED PLAN
AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY,
(II) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT THE
COMBINED PLAN AND DISCLOSURE STATEMENT, AND (III) THE HEARING
TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED PLAN AND
DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND
(B) CONFIRMATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1.      On August [●], 2025, Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. ●] (as may be amended, modified and/or supplemented, the "**Combined Plan and Disclosure Statement**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").²

2.      On August [●], 2025, the Court entered an order [Docket No. ●] (the "**Conditional Approval and Procedures Order**") conditionally approving the Combined Plan and Disclosure Statement for solicitation purposes only.

3.      A hearing (the "**Confirmation Hearing**") to consider final approval of the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and confirmation of the Combined Plan and Disclosure Statement will be held before The Honorable J. Kate Stickles, United States Bankruptcy Judge, on the 5th floor of the Court, Courtroom 6, 824 North Market Street, Wilmington, DE 19801, **on September 30, 2025 at 1:00 p.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors

---

¹       The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

²       Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the Combined Plan and Disclosure Statement.

in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice or agenda filed with the Court.

4.    Objections to confirmation of the Combined Plan and Disclosure Statement, including any objection to the adequacy of the disclosures, if any, must:  (a) be in writing; (b) be filed with the Court by no later than **12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (the "**Confirmation Objection Deadline**"); and (c) be served on:  (i) counsel to the Debtors: (1) Latham & Watkins LLP, (x) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (y) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com), and (2) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (ii) counsel to the Prepetition Term Loan Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 1000, Attn: Ronald A. Hewitt (hewitt@sewkis.com); (iii) counsel to the Required Prepetition Term Loan Lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to the Prepetition Noteholders, Jones Day, 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361, Attn: Daniel J. Merrett (dmerrett@jonesday.com); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov).

5.    Pursuant to the Conditional Approval and Procedures Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Combined Plan and Disclosure Statement and certain procedures for the tabulation of votes to accept or reject the Combined Plan and Disclosure Statement.  If you are a Holder of a Claim against the Debtors as of **August 29, 2025** and are entitled to vote, then you have received with this Notice a ballot form (a "**Ballot**") and instructions for completing the Ballot.

6.    For a vote to accept or reject the Combined Plan and Disclosure Statement to be counted, the Holder of a Claim must complete all required information on the Ballot, execute the Ballot and return the completed Ballot in accordance with the instructions so that it is received by **12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (the "**Voting Deadline**").  Any failure to follow the instructions included with the Ballot or to return a properly completed Ballot so that it is actually received by the Voting Deadline may disqualify such Ballot and vote on the Combined Plan and Disclosure Statement.  **You may also be eligible to submit a Ballot electronically.  If you wish to do so, please visit the following web address and follow the instructions on that web address**: *https://omniagentsolutions.com/CareerBuilderMonster*.  The rules and procedures for the tabulation of the votes are outlined in the Conditional Approval and Procedures Order.

2

> **ARTICLE XII OF THE COMBINED PLAN AND DISCLOSURE STATEMENT CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE COMBINED PLAN AND DISCLOSURE STATEMENT CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. FOR YOUR CONVENIENCE, SUCH PROVISIONS ARE SET FORTH ON <u>EXHIBIT 1</u> HERETO. FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT ANY PROVISION OF THIS NOTICE CONFLICTS WITH THE TERMS OF THE COMBINED PLAN AND DISCLOSURE STATEMENT, THEN THE TERMS OF THE COMBINED PLAN AND DISCLOSURE STATEMENT WILL CONTROL.**

7.      Pursuant to the Conditional Approval and Procedures Order, you may not have received a copy of the Combined Plan and Disclosure Statement. However, copies of the Combined Plan and Disclosure Statement, the Conditional Approval and Procedures Order, and other materials contained in the Solicitation Packages may be obtained and/or are available for review <u>without</u> <u>charge</u> at the website of Omni Agent Solutions, Inc. (the "**Balloting Agent**"), *https://omniagentsolutions.com/CareerBuilderMonster*, or by contacting the Balloting Agent by email, at <u>CareerBuilderMonsterInquiries@OmniAgnt.com</u>.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. Should you have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials), please feel free to contact the Balloting Agent by: (a) calling the restructuring hotline at (818) 924-2298 (US & Canada toll free) or (818) 841-0525 (International); (b) visiting the restructuring website at: https://www.omniagentsolutions.com/ CareerBuilderMonster-Ballots, or using the QR Code below; and/or (c) writing to Zen JV, LLC Ballot Processing c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txnb.uscourts.gov. Please be advised that the Balloting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Combined Plan and Disclosure Statement.



*[Remainder of page left intentionally blank]*

Dated:  August __, 2025
        Wilmington, Delaware                    /s/ _____

**LATHAM & WATKINS LLP**                        **RICHARDS, LAYTON & FINGER, P.A.**

Ray C. Schrock (admitted *pro hac vice*)        Daniel J. DeFranceschi (No. 2732)
Candace M. Arthur (admitted *pro hac vice*)     Zachary I. Shapiro (No. 5103)
1271 Avenue of the Americas                     Huiqi Liu (No. 6850)
New York, New York 10020                        Clint M. Carlisle (No. 7313)
Telephone:  (212) 906-1200                      Colin A. Meehan (No. 7237)
Facsimile:  (212) 751-4864                      One Rodney Square
Email:  ray.schrock@lw.com                      920 North King Street
        candace.arthur@lw.com                   Wilmington, Delaware 19801
                                                Telephone:  (302) 651-7700
   - and -                                      Facsimile:  (302) 651-7701
                                                Email:  defranceschi@rlf.com
Jonathan C. Gordon (admitted *pro hac vice*)            shapiro@rlf.com
330 North Wabash Avenue, Suite 2800                     liu@rlf.com
Chicago, Illinois 60611                                 carlisle@rlf.com
Telephone:  (312) 876-7700                              meehan@rlf.com
Facsimile:  (312) 993-9767
Email:  jonathan.gordon@lw.com


*Co-Counsel for Debtors and Debtors in Possession*

**EXHIBIT 1**

**Article XII.A** <u>Exculpation</u>

The Exculpated Parties shall not have or incur, and are hereby exculpated from, any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability to one another or to any Holder of any Claim or Equity Interest, or any other party-in-interest, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be Distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place between the Petition Date and the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted willful misconduct or gross negligence. Nothing herein shall prevent any Exculpated Party from asserting as a defense to any claim of fraud, willful misconduct or gross negligence that they reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Combined Plan and Disclosure Statement or otherwise.

**Article XII.B** <u>Releases by the Debtors</u>

Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Estates, any Person seeking to exercise the rights of the Estates, the Liquidation Trust, any successors to or assigns of the Debtors and any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that the Debtors, the Estates or the Liquidation Trust would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, for any act, omission or other occurrence in connection with, relating to, or arising out of, or in any manner arising from, in whole or in part, the Debtors and/or any Affiliate of the Debtors (including, in either case, the management, ownership, or operation thereof), the Estates, the Business Combination, the in- or out-of-court restructuring efforts of the Debtors or any Affiliate thereof, intercompany transactions, the Chapter 11 Cases, the Prepetition Loan Documents, the

JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted intentional fraud, willful misconduct, or gross negligence.

**Article XII.C** <u>Releases by Holders of Claims</u>

Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Combined Plan and Disclosure Statement and the contributions of the Released Parties to facilitate and implement the Combined Plan and Disclosure Statement, the adequacy of which is hereby confirmed, the Releasing Parties, and each of the Releasing Parties' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) for any act, omission or other occurrence in connection with, relating to, or arising out of, or in any manner arising from, in whole or in part, the Debtors and/or any Affiliate of the Debtors (including, in either case, the management, ownership, or operation thereof), the Estates, the Business Combination, the in- or out-of-court restructuring efforts of the Debtors or any Affiliate thereof, intercompany transactions, the Chapter 11 Cases, the Prepetition Loan Documents, the JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted intentional fraud, willful misconduct, or gross negligence.

**Article XII.D** <u>Injunctions Relating to Releases</u>

Effective as of the Effective Date, all Persons that hold, have held or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability of any nature whatsoever, that is released pursuant to the Combined Plan and Disclosure Statement, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such released claims, Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies or liabilities, (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order, (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any lien, (iv) setting off (except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person released under the Combined Plan and Disclosure Statement, and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement or the Confirmation Order.

**Article XII.E.** <u>Injunctions to Protect Estate Assets</u>

Except as expressly otherwise provided in the Combined Plan and Disclosure Statement, including Article XVI.C hereof, or to the extent necessary to enforce the terms and conditions of the Combined Plan and Disclosure Statement, the Confirmation Order or a separate Order of the Bankruptcy Court, all Persons who have held, hold or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against the Debtors (but solely to the extent such action is brought against the Debtors to directly or indirectly recover upon any Assets of the Estates), the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee or any of their property on account of any such Claims or Equity Interests:  (i) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Petition Date), right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement.

**Exhibit C-1**
**Form of Non-Voting Status Notice (Unimpaired)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                         :

In re:                         :     Chapter 11
                         :

ZEN JV, LLC, *et al.*,[1]         :     Case No. 25-11195 (JKS)
                         :

          Debtors.          :     (Jointly Administered)
                         :

------------------------------------------------------- x

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO
## ACCEPT THE COMBINED PLAN AND DISCLOSURE STATEMENT

**PLEASE TAKE NOTICE** that, on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [●]] (the "**Conditional Approval and Procedures Order**") conditionally approving the Combined Plan and Disclosure Statement for solicitation purposes only.

**PLEASE TAKE FURTHER NOTICE** that, because of the nature and treatment of your Claim under the Combined Plan and Disclosure Statement, you are not entitled to vote on the Combined Plan and Disclosure Statement. Specifically, as a Holder of a Claim (as currently asserted against the Debtors) in one of the below Classes that is not Impaired and conclusively presumed to have accepted the Combined Plan and Disclosure Statement pursuant to section 1126(f) of the Bankruptcy Code, you are not entitled to vote on the Combined Plan and Disclosure Statement. Your treatment under the Combined Plan and Disclosure Statement will be consistent with the other Holders of Claims in one of the below Classes:

| Class | Treatment |
|---|---|
| Other Priority Claims | On the Effective Date or as soon thereafter as is reasonably practical, or on the date such Claim becomes an Allowed Other Priority Claim or as soon thereafter as is reasonably practical, each Holder of an Allowed Other Priority Claim shall receive payment in full in Cash of the Allowed amount of such Claim (as determined by settlement or Final Order of the Bankruptcy Court) or such other treatment as may be agreed upon by such Holder and the Debtors. |
| Other Secured Claims | On the Effective Date or as soon thereafter as is reasonably practical, or on the date such Claim becomes an Allowed Other Secured Claim or as soon thereafter as is reasonably practical, each Holder of an Allowed Other Secured Claim shall receive either (a) such treatment as such Holder agrees, or (b) at the Debtors' option (i) payment in full in Cash of the Allowed Amount of such Other Secured Claim (as determined by settlement or Final Order of the Bankruptcy Court), or (ii) treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code. |

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

**PLEASE TAKE FURTHER NOTICE** that**,** a hearing (the "**Confirmation Hearing**") to consider final approval of the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and confirmation of the Combined Plan and Disclosure Statement will be held before The Honorable J. Kate Stickles, United States Bankruptcy Judge, on the 5th floor of the Court, Courtroom 6, 824 North Market Street, Wilmington, DE 19801, on **September 30, 2025 at 1:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, Objections to confirmation of the Combined Plan and Disclosure Statement, including any objection to the adequacy of the disclosures, if any, must:  (a) be in writing; (b) be filed with the Court by no later than **12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (the "**Confirmation Objection Deadline**"); and (c) and served on:  (i) counsel to the Debtors: (1) Latham & Watkins LLP, (x) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (y) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com), and (2) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (ii) counsel to the Prepetition Term Loan Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 1000, Attn: Ronald A. Hewitt (hewitt@sewkis.com); (iii) counsel to the Required Prepetition Term Loan Lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to the Prepetition Noteholders, Jones Day, 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361, Attn: Daniel J. Merrett (dmerrett@jonesday.com); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov).

**THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, AND OTHER RELATED DOCUMENTS MAY BE ACCESSED FREE OF CHARGE BY SCANNING THE QR CODE BELOW USING THE CAMERA ON YOUR SMART PHONE, TABLET, OR OTHER DEVICE.**

THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, AND OTHER RELATED DOCUMENTS MAY BE ACCESSED FREE OF CHARGE BY SCANNING THE QR CODE BELOW USING THE CAMERA ON YOUR SMART PHONE, TABLET, OR OTHER DEVICE.



**PLEASE TAKE FURTHER NOTICE** that, if you would like to obtain a physical copy of the Combined Plan and Disclosure Statement, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the Balloting Agent retained by the Debtors in these chapter 11 cases (the "**Balloting Agent**"), by: (a) writing via first class mail, to Zen JV, LLC Ballot Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Ste 100Woodland Hills, CA 91367; (b) writing via electronic mail to CareerBuilderMonsterInquiries@OmniAgnt.com. (with "Zen JV, LLC Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at (818) 924-2298 or (888) 841-0525. You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/CareerBuilderMonster. The Plan Supplement will be filed with the Court no later than **September 18, 2025**.

Dated:  August __, 2025
       Wilmington, Delaware

/s/ _____

**LATHAM & WATKINS LLP**

Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:  ray.schrock@lw.com
       candace.arthur@lw.com

  - and -

Jonathan C. Gordon (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  jonathan.gordon@lw.com

**RICHARDS, LAYTON & FINGER, P.A.**

Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Huiqi Liu (No. 6850)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  defranceschi@rlf.com
      shapiro@rlf.com
      liu@rlf.com
      carlisle@rlf.com
      meehan@rlf.com

*Co-Counsel for Debtors and Debtors in Possession*

**Exhibit C-2**
**Form of Non-Voting Status Notice (Impaired)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

                                          :

In re:                                  :     Chapter 11

                                            :

ZEN JV, LLC, *et al.*,[1]             :     Case No. 25-11195 (JKS)

                                            :

                Debtors.           :     (Jointly Administered)

                                            :

------------------------------------------------------- x

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF IMPAIRED CLAIMS OR EQUITY INTERESTS CONCLUSIVELY PRESUMED TO REJECT THE COMBINED PLAN AND DISCLOSURE STATEMENT

           **PLEASE TAKE NOTICE** that, on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [●]] (the "**Conditional Approval and Procedures Order**") conditionally approving the Combined Plan and Disclosure Statement for solicitation purposes only.

           **PLEASE TAKE FURTHER NOTICE** that, because of the nature and treatment of your Claim or Equity Interest under the Combined Plan and Disclosure Statement, you are not entitled to vote on the Combined Plan and Disclosure Statement. Specifically, under the terms of the Combined Plan and Disclosure Statement, as a Holder of a Claim (as currently asserted against the Debtors) or Equity Interest that is Impaired and conclusively presumed to have rejected the Combined Plan and Disclosure Statement pursuant to section 1126(g) of the Bankruptcy Code, you are not entitled to vote on the Combined Plan and Disclosure Statement. Your treatment under the Combined Plan and Disclosure Statement will be consistent with the other Holders of Claims or Equity Interests in one of the below Classes:

| Class | Treatment |
|---|---|
| Intercompany Claims | On the Effective Date, all Intercompany Claims shall be cancelled and released without any distribution or retention of any property on account of such Intercompany Claims. |
| Equity Interests | On the Effective Date, all Equity Interests in each of the Debtors shall be cancelled and released without any distribution or retention of any property on account of such Equity Interests. |

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

PLEASE TAKE FURTHER NOTICE that, a hearing (the "**Confirmation Hearing**") to consider final approval of the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and confirmation of the Combined Plan and Disclosure Statement will be held before The Honorable J. Kate Stickles, United States Bankruptcy Judge, on the 5th floor of the Court, Courtroom 6, 824 North Market Street, Wilmington, DE 19801, on **September 30, 2025 at 1:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that, Objections to confirmation of the Combined Plan and Disclosure Statement, including any objection to the adequacy of the disclosures, if any, must: (a) be in writing; (b) be filed with the Court by no later than **12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (the "**Confirmation Objection Deadline**"); and (c) and served on: (i) counsel to the Debtors: (1) Latham & Watkins LLP, (x) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (y) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com), and (2) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (ii) counsel to the Prepetition Term Loan Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 1000, Attn: Ronald A. Hewitt (hewitt@sewkis.com); (iii) counsel to the Required Prepetition Term Loan Lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to the Prepetition Noteholders, Jones Day, 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361, Attn: Daniel J. Merrett (dmerrett@jonesday.com); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov).

THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, AND OTHER RELATED DOCUMENTS MAY BE ACCESSED FREE OF CHARGE BY SCANNING THE QR CODE BELOW USING THE CAMERA ON YOUR SMART PHONE, TABLET, OR OTHER DEVICE.

THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, AND OTHER RELATED DOCUMENTS MAY BE ACCESSED FREE OF CHARGE BY SCANNING THE QR CODE BELOW USING THE CAMERA ON YOUR SMART PHONE, TABLET, OR OTHER DEVICE.



**PLEASE TAKE FURTHER NOTICE** that, if you would like to obtain a physical copy of the Combined Plan and Disclosure Statement, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the Balloting Agent retained by the Debtors in these chapter 11 cases (the "**Balloting Agent**"), by: (a) writing via first class mail, to Zen JV, LLC Ballot Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Ste 100Woodland Hills, CA 91367; (b) writing via electronic mail to CareerBuilderMonsterInquiries@OmniAgnt.com. (with "Zen JV, LLC Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at (818) 924-2298 or (888) 841-0525. You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/CareerBuilderMonster. The Plan Supplement will be filed with the Court no later than **September 18, 2025**.

Dated:  August __, 2025
        Wilmington, Delaware  /s/ _____

**LATHAM & WATKINS LLP**  **RICHARDS, LAYTON & FINGER, P.A.**

Ray C. Schrock (admitted *pro hac vice*)  Daniel J. DeFranceschi (No. 2732)
Candace M. Arthur (admitted *pro hac vice*)  Zachary I. Shapiro (No. 5103)
1271 Avenue of the Americas  Huiqi Liu (No. 6850)
New York, New York 10020  Clint M. Carlisle (No. 7313)
Telephone:  (212) 906-1200  Colin A. Meehan (No. 7237)
Facsimile:  (212) 751-4864  One Rodney Square
Email:  ray.schrock@lw.com  920 North King Street
       candace.arthur@lw.com  Wilmington, Delaware 19801
       Telephone:  (302) 651-7700
  - and -  Facsimile:  (302) 651-7701
       Email:  defranceschi@rlf.com
Jonathan C. Gordon (admitted *pro hac vice*)       shapiro@rlf.com
330 North Wabash Avenue, Suite 2800       liu@rlf.com
Chicago, Illinois 60611       carlisle@rlf.com
Telephone:  (312) 876-7700       meehan@rlf.com
Facsimile:  (312) 993-9767
Email:  jonathan.gordon@lw.com

*Co-Counsel for Debtors and Debtors in Possession*

**Exhibit C-3**
**Form of Notice of Non-Voting Status (Disputed)**

RLF1 33554009v.4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
ZEN JV, LLC, et al.,¹                                   :   Case No. 25-11195 (JKS)
                                                        :
                    Debtors.                            :   (Jointly Administered)
                                                        :
------------------------------------------------------- x
```

**NOTICE OF NON-VOTING STATUS TO**
**HOLDERS OF DISPUTED CLAMS**

       **PLEASE TAKE NOTICE** that, on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [●]] (the "**Conditional Approval and Procedures Order**") conditionally approving the Combined Plan and Disclosure Statement for solicitation purposes only.

       **PLEASE TAKE FURTHER NOTICE** that, you are receiving this notice because you are the Holder of a Claim or Interest that is subject to a pending objection by the Debtors. You are not entitled to vote any disputed portion of your Claim on the Combined Plan and Disclosure Statement unless one or more of the following events have taken place (each, a "**Resolution Event**"):

(i)      an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

(ii)     an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

(iii)    a stipulation or other agreement is executed between the Holder and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

(iv)    the pending objection is voluntarily withdrawn by the objecting party.

       **PLEASE TAKE FURTHER NOTICE** that, if a Resolution Event occurs, as soon as reasonably practicable thereafter, the Balloting Agent shall distribute a Ballot, and a pre addressed, postage pre-paid envelope to you, which must be returned to the Balloting Agent as soon as practicable prior to the start of the Confirmation Hearing (as defined below).

---

¹    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

**PLEASE TAKE FURTHER NOTICE** that**,** a hearing (the "**Confirmation Hearing**") to consider final approval of the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and confirmation of the Combined Plan and Disclosure Statement will be held before The Honorable J. Kate Stickles, United States Bankruptcy Judge, on the 5th floor of the Court, Courtroom 6, 824 North Market Street, Wilmington, DE 19801, on **September 30, 2025 at 1:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, Objections to confirmation of the Combined Plan and Disclosure Statement, including any objection to the adequacy of the disclosures, if any, must:  (a) be in writing; (b) be filed with the Court by no later than **12:00 p.m. (prevailing Eastern Time) on September 25, 2025** (the "**Confirmation Objection Deadline**"); and (c) and served on:  (i) counsel to the Debtors: (1) Latham & Watkins LLP, (x) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (y) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com), and (2) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (ii) counsel to the Prepetition Term Loan Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 1000, Attn: Ronald A. Hewitt (hewitt@sewkis.com); (iii) counsel to the Required Prepetition Term Loan Lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to the Prepetition Noteholders, Jones Day, 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361, Attn: Daniel J. Merrett (dmerrett@jonesday.com); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov).

**THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, AND OTHER RELATED DOCUMENTS MAY BE ACCESSED FREE OF CHARGE BY SCANNING THE QR CODE BELOW USING THE CAMERA ON YOUR SMART PHONE, TABLET, OR OTHER DEVICE.**

---

THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, AND OTHER RELATED DOCUMENTS MAY BE ACCESSED FREE OF CHARGE BY SCANNING THE QR CODE BELOW USING THE CAMERA ON YOUR SMART PHONE, TABLET, OR OTHER DEVICE.



---

2

**PLEASE TAKE FURTHER NOTICE** that, if you would like to obtain a physical copy of the Combined Plan and Disclosure Statement, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the Balloting Agent retained by the Debtors in these chapter 11 cases (the "**Balloting Agent**"), by: (a) writing via first class mail, to Zen JV, LLC Ballot Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Ste 100Woodland Hills, CA 91367; (b) writing via electronic mail to CareerBuilderMonsterInquiries@OmniAgnt.com. (with "Zen JV, LLC Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at (818) 924-2298 or (888) 841-0525. You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/CareerBuilderMonster. The Plan Supplement will be filed with the Court no later than **September 18, 2025**.

Dated:  August __, 2025
          Wilmington, Delaware          /s/ _____

**LATHAM & WATKINS LLP**          **RICHARDS, LAYTON & FINGER, P.A.**

Ray C. Schrock (admitted *pro hac vice*)          Daniel J. DeFranceschi (No. 2732)
Candace M. Arthur (admitted *pro hac vice*)          Zachary I. Shapiro (No. 5103)
1271 Avenue of the Americas          Huiqi Liu (No. 6850)
New York, New York 10020          Clint M. Carlisle (No. 7313)
Telephone:  (212) 906-1200          Colin A. Meehan (No. 7237)
Facsimile:  (212) 751-4864          One Rodney Square
Email:  ray.schrock@lw.com          920 North King Street
          candace.arthur@lw.com          Wilmington, Delaware 19801
          Telephone:  (302) 651-7700
   - and -          Facsimile:  (302) 651-7701
          Email:  defranceschi@rlf.com
Jonathan C. Gordon (admitted *pro hac vice*)          shapiro@rlf.com
330 North Wabash Avenue, Suite 2800          liu@rlf.com
Chicago, Illinois 60611          carlisle@rlf.com
Telephone:  (312) 876-7700          meehan@rlf.com
Facsimile:  (312) 993-9767
Email:  jonathan.gordon@lw.com

*Co-Counsel for Debtors and Debtors in Possession*