IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | : | Case No. 25-11195 (JKS) |
| Debtors. | : | (Jointly Administered) |
|  | : | **Re: Docket No. 306** |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) SHORTENING
NOTICE OF HEARING AND OBJECTION DEADLINE ON MOTION
SEEKING APPROVAL OF COMBINED PLAN AND DISCLOSURE
STATEMENT ON A CONDITIONAL BASIS FOR SOLICITATION
PURPOSES ONLY; AND (II) GRANTING RELATED RELIEF**

Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion to Shorten**"):

**RELIEF REQUESTED**

1. By this Motion to Shorten, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) shortening the notice of the hearing with respect to the relief requested in the *Motion of Debtors for Entry of Order (A) Conditionally Approving the Combined Plan and Disclosure Statement for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, (C) Approving the Forms of Ballots and Solicitation Materials,*

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

RLF1 33400221v.3

*(D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* (the "**Solicitation Procedures Motion**")[2] filed contemporaneously herewith; (ii) scheduling the hearing to consider the relief requested in the Solicitation Procedures Motion, including conditional approval of the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (as may be amended, supplemented or otherwise modified, the "**Combined Plan and Disclosure Statement**") for solicitation purposes (the "**Hearing**"), on or before August 29, 2025;[3] and (iii) requiring objections, if any, to the relief requested in the Solicitation Procedures Motion to be filed and served by no later than 12:00 p.m. (prevailing Eastern Time) on the business day prior to the Hearing (the "**Objection Deadline**").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 105(a), of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9006-1(c) and (e) of Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Solicitation Procedures Motion or the Combined Plan and Disclosure Statement, as applicable.

[3] Subject to the Court's calendar, the Debtors request that the Hearing be no later than August 29, 2025, in order to maximize the amount of time between entry of the Conditional Approval and Procedures Order and the proposed date of the Confirmation Hearing.

2

4.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5.  On June 24, 2025, the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  No trustee or examiner has been appointed in the Chapter 11 Cases. On July 2, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**"). *See* Docket No. 65.

7.  The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36], filed on June 26, 2025 and incorporated herein by reference.

9.  Contemporaneously herewith, the Debtors filed the Solicitation Procedures Motion and the Combined Plan and Disclosure Statement, which (i) incorporates the terms of the Cash Collateral Resolution reached between the Debtors, the Committee, and the Prepetition Secured

Parties, (ii) establishes the Liquidation Trust and (iii) appoints the Liquidation Trustee to effectuate the orderly wind-down of the Debtors' estates.

10. The Debtors believe that the Combined Plan and Disclosure Statement will streamline and expedite the confirmation process, prevent the unnecessary accrual of additional administrative expenses, and provide the most efficient means to conclude the Chapter 11 Cases under the circumstances. Further, some of the administrative savings being achieved through this combined process will inure to the benefit of creditors. Accordingly, for the reasons set forth herein and in the Solicitation Motion, the Debtors believe conditional approval of the Combined Plan and Disclosure Statement on an expedited basis is in the best interests of the Debtors and all parties in interest in these Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

11. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers must be filed and served in accordance with Local Rule 2002-1(b) at least 14 days prior to the hearing date." Del. Bank. L.R. 9006-1(c)(ii). Local Rule 3017-2(b)(ii) provides that a motion seeking interim approval of a combined plan and disclosure statement "must be filed at least 21 days before the hearing" and objections must be filed "14 days after the motion is served." Del. Bank. L.R. 3017-2(b)(ii). Further, Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) [shall be] seven 7 days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii). However, Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) provide that the Court may shorten the time periods established by the Local Rules or the Bankruptcy Rules "for cause shown" or for "exigencies justifying shortened notice." Fed. R. Bankr. P. 9006(c); Del. Bankr. L.R. 9006-1(e).

12. No hearing on such a motion to shorten is required. Del. Bankr. L.R. 9006-1(e). Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings").

13. The Debtors submit that cause exists to shorten the notice and the objection periods set by Local Rule 3017-2(b)(ii). The Debtors have limited resources available to fund the plan process, making it necessary to proceed on an expedited timeline to minimize administrative costs. Moreover, as part of the Cash Collateral Resolution, the Post-Sale Approved Budget only extends through October 3, 2025, and the Debtors will be in default under the Final DIP Order unless they obtain confirmation of the Combined Plan and Disclosure Statement on or before September 30, 2025 (the "Plan Milestone"). In light of the Debtors' limited liquidity and time, the Debtors are proposing to commence an expedited process to, *first*, obtain conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes and, *second*, obtain final approval of the Combined Plan and Disclosure Statement. Simply put, the Debtors cannot afford a traditional plan and disclosure statement timeline. An expeditious confirmation of the Combined Plan and Disclosure Statement will minimize the Debtors' remaining operating costs and restructuring expenses and thus allow more funds to be available for administrative and priority claimants and other creditors. Additionally, the relief requested by this Motion to Shorten is necessary to enable the Debtors to meet the Plan Milestone. To accommodate such timeline, the Debtors seek the relief herein.

RLF1 33400221v.3

14. Further, while, as of the filing of this Motion to Shorten, the Committee is not yet supportive of the Combined Plan and Disclosure Statement, the Debtors, the Prepetition Secured Parties, and the Committee are in ongoing discussions regarding a potential global resolution. The Debtors hope and expect that such resolution will be reached before the Hearing. As a result of these productive discussions, the Committee does not oppose the relief requested herein. Under these circumstances, shortening the notice period is in the best interests of the Debtors' estates, their creditors, and all parties in interest. Accordingly, the Debtors respectfully request that the relief sought herein be granted.

## COMPLIANCE WITH LOCAL RULE 9006-1(e)

15. The Debtors have conferred with the Committee and the U.S. Trustee concerning the relief requested herein, and each such party does not object to entry of the Proposed Order. The U.S. Trustee does, however, reserve all rights with respect to the Solicitation Procedures Motion, including the timeline proposed therein. In part, for that reason, the Debtors request that the Hearing be no later than August 29, 2025 and preferably before that date.

## NOTICE

16. The Debtors have provided notice of this Motion to Shorten to the same parties that are entitled to receive notice of the Solicitation Procedures Motion. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need is required.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just.

Dated: August 20, 2025
       Wilmington, Delaware

/s/ Clint M. Carlisle

| | |
|---|---|
| **LATHAM & WATKINS LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
| Ray C. Schrock (admitted *pro hac vice*) | Daniel J. DeFranceschi (No. 2732) |
| Candace M. Arthur (admitted *pro hac vice*) | Zachary I. Shapiro (No. 5103) |
| 1271 Avenue of the Americas | Huiqi Liu (No. 6850) |
| New York, New York 10020 | Clint M. Carlisle (No. 7313) |
| Telephone: (212) 906-1200 | Colin A. Meehan (No. 7237) |
| Facsimile: (212) 751-4864 | One Rodney Square |
| Email: ray.schrock@lw.com | 920 North King Street |
|       candace.arthur@lw.com | Wilmington, Delaware 19801 |
| | Telephone: (302) 651-7700 |
| - and - | Facsimile: (302) 651-7701 |
| | Email: defranceschi@rlf.com |
| Jonathan C. Gordon (admitted *pro hac vice*) |       shapiro@rlf.com |
| 330 North Wabash Avenue, Suite 2800 |       liu@rlf.com |
| Chicago, Illinois 60611 |       carlisle@rlf.com |
| Telephone: (312) 876-7700 |       meehan@rlf.com |
| Facsimile: (312) 993-9767 | |
| Email: jonathan.gordon@lw.com | |

*Co-Counsel for Debtors and Debtors in Possession*