**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
:
In re:                                                    :    Chapter 11
:
ZEN JV, LLC, *et al.*,[1]                                 :    Case No. 25-11195 (JKS)
:
        Debtors.                                      :    (Jointly Administered)
:
:    **Obj. Deadline: Sept. 5, 2025 at 4:00 p.m. (ET)**
:    **Hr'g Date: Sept. 30, 2025 at 2:30 p.m. (ET)**
:
---------------------------------------------------------- x

**SECOND OMNIBUS MOTION OF DEBTORS FOR ENTRY OF**
**AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE**
**AS OF THE REJECTION DATE; AND (II) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS TO REJECT CERTAIN CONTRACTS AND LEASES. COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES LISTED ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A. PLEASE REVIEW THIS MOTION, INCLUDING THE EXHIBIT, IN ITS ENTIRETY TO DETERMINE IF THIS MOTION AFFECTS YOUR CONTRACT OR LEASE AND YOUR RIGHTS THEREUNDER.**

      Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

      1.     By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (a) authorizing the Debtors to reject certain

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

RLF1 33588376v.2

executory contracts and unexpired leases (the "**Contracts**," and each individually a "**Contract**," and the counterparties thereto, the "**Counterparties**") identified on **Schedule 1** to the Proposed effective as of the applicable rejection date identified on **Schedule 1** to the Proposed Order (the "**Rejection Date**"); and (b) granting related relief.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.  Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

**A.    General Background**

5.  On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Chapter 11 Cases. On July 2, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). *See* Docket No. 65.

7. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhadja, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**"), filed on June 26, 2025 and incorporated by reference herein.[2]

B. **The Sales, the Contracts and the Combined Plan and Disclosure Statement**

9. On July 8, 2025, the Court entered an order [Docket No. 110] authorizing and approving bidding procedures in connection with one or more sales or dispositions of all or substantially all of the Debtors' assets. After the competitive bidding and auction, the Debtors announced three successful bidders (the "**Buyers**") for the Debtors' Job Board business, Monster Media business and Monster Government business. *See* Docket No. 194. On July 31, 2025, the sales (collectively, the "**Sales**") of the Debtors' Job Board business, Monster Media business and Monster Government business closed. *See* Docket Nos. 266, 267 & 269. After the closing of the Sales, the Debtors no longer have an operating business other than providing certain transition services to the Buyers.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the First Day Declaration.

10. On August 19, 2025, the Debtors filed, among other things, the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 305] (the "**Combined Plan and Disclosure Statement**"). The Combined Plan and Disclosure Statement contemplates the liquidation and distribution of the Debtors' remaining assets for the benefit of the Debtors' creditors. The hearing on conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes is scheduled for September 3, 2025. The Debtors are proposing to schedule the hearing on confirmation of the Combined Plan and Disclosure Statement for September 30, 2025.

11. The Debtors determined that, in connection with the Chapter 11 Cases, their limited remaining operations, the closing of the Sales and the contemplated liquidating plan process, they no longer have a need for the Contracts with the Counterparties. None of the Contracts was assumed and assigned to the Buyers in connection with the Sales and none will be needed as part of the Combined Plan and Disclosure Statement. As a result, the Debtors believe that the Contracts represent unnecessary expenses and contribute little to no value to the Debtors' overall chapter 11 strategy. Accordingly, the Debtors have determined that, in the exercise of their business judgment, it is in the best interests of their estates to seek authority to reject the Contracts as of the applicable Rejection Date.

12. Among the Contracts the Debtors seek to reject is the Globalization Partners Master Agreement, dated as of June 29, 2023 (as amended from time to time, the "**Globalization Partners Contract**") with Globalization Partners LLC (the "**Globalization Partners**"), pursuant to which Globalization Partners would provide professional employees to CareerBuilder Inc. in France and the United Kingdom. On August 6, 2025, the Debtors sent a letter to Globalization Partners, providing Globalization Partners notice that the Globalization Partners Contract was no longer

needed and requested that Globalization Partners terminate the services of each of the professionals under the Contract as soon as possible, due to the Debtors' bankruptcy and winding up of the Debtors' operations.

**Relief Requested Should be Granted**

**A.  Rejection of the Contracts Is an Appropriate Exercise of the Debtors' Business Judgment**

13.  Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization").

14.  The bankruptcy court should approve a debtor's rejection of an executory contract or unexpired lease if such rejection is an exercise of the debtor's sound business judgment, benefits its estate, and is not made in bad faith.  *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming rejection of a service agreement as sound exercise of debtor's business judgment where bankruptcy court found rejection would benefit estate).  A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511

(Bankr. D. Del. 2003) (holding the business judgment standard applicable, absent bad faith, whim, or caprice).

15. The Debtors have determined, in the sound exercise of their business judgment, that, (i) they no longer have a business need for the Contracts, (ii) the Contracts no longer provide any benefit or value to the Debtors or their estates, and (iii) absent rejection, the Debtors may continue to incur administrative expenses arising under the Contracts without any corresponding benefit to their estates. Rejection of the Contracts will relieve the Debtors of an unnecessary burden and financial strain and, thus, is in the best interests of the Debtors' estates and their creditors. Accordingly, authorizing the Debtors to reject the Contracts as of the Rejection Date constitutes an appropriate exercise of the Debtors' business judgment.

**B.    The Retroactive Rejection of the Contracts is Appropriate Under the Circumstances**

16. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d. 602 (2d Cir. 2007) (affirming the bankruptcy court's equitable authority to authorize the retroactive rejection of a nonresidential lease of real property where advance notice is provided); *In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"). Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1029 (1st. Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)");

6

*BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 Civ 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution.").

17. The balance of the equities favors rejection effective as of the Rejection Date. As set forth above, the Contracts provide no ongoing benefit to the estates. Absent retroactive rejection, the Debtors may incur burdensome post-petition obligations and further losses without any reciprocal benefits to their estates. Each Counterparty, in contrast, will not be unduly prejudiced if the rejection is deemed effective as of the Rejection Date and has already been provided notice that the Debtors no longer intend to use its Contract or will be provided with such notice pursuant to this Motion. Courts that have permitted retroactive rejection generally have approved the rejection of an executory contract or unexpired lease to be effective as of the date on which the debtor gave the non-debtor party to the executory contract definitive notice of the debtor's intent to reject. *See, e.g.*, *In re Mail Sys. Liquidation, Inc.*, Case No. 11-11187 (PJW) (Bankr. D. Del. Oct. 18, 2011) (authorizing rejection of contracts *nunc pro tunc* to date of filing motion). In addition, the Debtors will serve this Motion on the date hereof by CM/ECF, email, and overnight mail on each Counterparty, to provide additional notice of the Debtors' unequivocal intent to reject the Contracts as of the applicable Rejection Date.

**RESERVATION OF RIGHTS**

18. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an

7

RLF1 33588376v.2

allowed claim; (e) other than with respect to the Contracts, an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Proposed Order once entered.  Nothing contained in the Proposed Order will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

## NOTICE

19.     Notice of this Motion will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as counsel to the Creditors' Committee; (c) Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (d) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (e) Jones Day, as counsel to the Prepetition Noteholders; (f) the Counterparties; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page left intentionally blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 22, 2025
       Wilmington, Delaware                    /s/ Huiqi Liu

| | |
|---|---|
| **LATHAM & WATKINS LLP** | **RICHARDS, LAYTON & FINGER, PA** |
| Ray C. Schrock (admitted *pro hac vice*) | Daniel J. DeFranceschi (No. 2732) |
| Candace M. Arthur (admitted *pro hac vice*) | Zachary I. Shapiro (No. 5103) |
| 1271 Avenue of the Americas | Huiqi Liu (No. 6850) |
| New York, New York 10020 | Clint M. Carlisle (No. 7313) |
| Telephone: (212) 906-1200 | Colin A. Meehan (No. 7237) |
| Facsimile: (212) 751-4864 | One Rodney Square |
| Email: ray.schrock@lw.com | 920 North King Street |
| candace.arthur@lw.com | Wilmington, Delaware 19801 |
| | Telephone: (302) 651-7700 |
| - and - | Facsimile: (302) 651-7701 |
| | Email: defranceschi@rlf.com |
| Jonathan C. Gordon (admitted *pro hac vice*) | shapiro@rlf.com |
| 330 North Wabash Avenue, Suite 2800 | liu@rlf.com |
| Chicago, Illinois 60611 | carlisle@rlf.com |
| Telephone: (312) 876-7700 | meehan@rlf.com |
| Facsimile: (312) 993-9767 | |
| Email: jonathan.gordon@lw.com | |

*Co-Counsel for Debtors and Debtors in Possession*