# EXHIBIT 1

## Liquidation Analysis

**LIQUIDATION ANALYSIS**

**INTRODUCTION**

Under the "best interests" test set forth in section 1129(a)(7) of the Bankruptcy Code,[1] the Bankruptcy Court may not confirm a plan unless the plan provides each holder of a claim or interest who does not vote in favor of the plan with property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Bankruptcy Code. To demonstrate that the proposed Plan satisfies the "best interests" test, the Debtors and their professionals have prepared the following hypothetical liquidation analysis (the "**Liquidation Analysis**"), based upon certain assumptions discussed in the Plan and in these accompanying notes.

The Liquidation Analysis estimates potential distributions to holders of Allowed Claims and Equity Interests in a hypothetical Chapter 7 liquidation of all the Debtors' Assets (the "**Chapter 7 Liquidation Scenario**"). As such, asset values discussed in the Liquidation Analysis may differ materially from values referred to in the Plan. The Debtors prepared the Liquidation Analysis with the assistance of their advisors.

The Debtors have prepared this Liquidation Analysis based on a hypothetical liquidation under Chapter 7 of the Bankruptcy Code. It is assumed that the Debtors would convert their Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code as of October 10, 2025 (the "**Conversion Date**"). The liquidation under Chapter 7 would commence under the direction of a trustee appointed by the U.S. Trustee and would continue for a period of time sufficient to liquidate the Debtors' Assets in a manner that maximizes the return to the Debtors' Creditors and otherwise complete the wind-down of the Debtors and the Estates, during which time all of the Debtors' major Assets would be sold or surrendered to the respective lien holders, and the cash proceeds, net of liquidation-related costs, would then be distributed to Creditors in accordance with relevant law.

The determination of the costs of, and proceeds from, the hypothetical liquidation of the Debtors' Assets in a Chapter 7 Liquidation Scenario is an uncertain process involving the use of significant estimates and assumptions that, although considered reasonable by the Debtors, are inherently subject to significant business, economic, and competitive uncertainties, and contingencies beyond the control of the Debtors, their management, and their advisors, or a Chapter 7 trustee. Inevitably, some assumptions in the Liquidation Analysis would not materialize in an actual Chapter 7 liquidation, and unanticipated events and circumstances could materially affect the ultimate results in an actual Chapter 7 liquidation.

THE DEBTORS BELIEVE THAT ANY ANALYSIS OF A HYPOTHETICAL LIQUIDATION IS NECESSARILY SPECULATIVE. NEITHER THE ANALYSIS, NOR THE FINANCIAL INFORMATION ON WHICH IT IS BASED, HAS BEEN EXAMINED OR REVIEWED BY INDEPENDENT ACCOUNTANTS IN ACCORDANCE WITH STANDARDS PROMULGATED BY THE AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS. NEITHER THE DEBTORS NOR THEIR ADVISORS MAKE ANY REPRESENTATION OR WARRANTY THAT THE ACTUAL RESULTS WOULD NOT

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 305] (as may be amended, modified and/or supplemented, the "**Plan**").

VARY MATERIALLY FROM THE HYPOTHETICAL RESULTS PRESENTED IN THE LIQUIDATION ANALYSIS. ACTUAL RESULTS COULD VARY MATERIALLY.

THIS LIQUIDATION ANALYSIS IS A HYPOTHETICAL EXERCISE THAT HAS BEEN PREPARED FOR THE SOLE PURPOSE OF PRESENTING A REASONABLE GOOD FAITH ESTIMATE OF THE PROCEEDS THAT WOULD BE REALIZED IF THE DEBTORS WERE LIQUIDATED IN ACCORDANCE WITH CHAPTER 7 OF THE BANKRUPTCY CODE AS OF THE EFFECTIVE DATE OF THE PLAN FOLLOWING THE LIQUIDATION OF ANY REMAINING ASSETS PURSUANT TO ONE OR MORE ORDERS OF THE COURT. THIS LIQUIDATION ANALYSIS SHOULD NOT BE USED FOR ANY OTHER PURPOSE. THIS LIQUIDATION ANALYSIS DOES NOT PURPORT TO BE A VALUATION OF THE DEBTORS' ASSETS AS A GOING CONCERN, AND THERE MAY BE A SIGNIFICANT DIFFERENCE BETWEEN THIS LIQUIDATION ANALYSIS AND THE VALUES THAT MAY BE REALIZED OR CLAIMS GENERATED IN AN ACTUAL LIQUIDATION.

NOTHING CONTAINED IN THIS LIQUIDATION ANALYSIS IS INTENDED TO BE, OR CONSTITUTES, A CONCESSION, ADMISSION, OR ALLOWANCE OF ANY CLAIM BY THE DEBTORS. THE ACTUAL AMOUNT AND PRIORITY OF ALLOWED CLAIMS IN THE CHAPTER 11 CASES COULD MATERIALLY DIFFER FROM THE ESTIMATED AMOUNTS SET FORTH AND USED IN THIS LIQUIDATION ANALYSIS.

THE DEBTORS RESERVE ALL RIGHTS TO SUPPLEMENT, MODIFY, OR AMEND THE LIQUIDATION ANALYSIS.

The Debtors have determined, as summarized in the Liquidation Analysis, that confirmation of the Plan (the "**Chapter 11 Liquidating Plan Scenario**") would provide Creditors with a recovery that is not less than what they would otherwise receive under the Chapter 7 Liquidation Scenario.

**NOTES AND ASSUMPTIONS**

The Liquidation Analysis should be read in conjunction with, and is qualified in its entirety by, the disclosures in the Plan and the following notes and assumptions (which refer specifically to the Liquidation Analysis):

1. **Consolidated Presentation**. The Liquidation Analysis was prepared on an entity-by-entity basis and presented on a consolidated basis.

2. **Conversion Date.** The Liquidation Analysis assumes that the Debtors hypothetically convert their Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code as of the Conversion Date.

3. **Dependence on Forecasted Financials**. The Liquidation Analysis includes numerous estimated amounts that are still under review and remain subject to further legal and accounting analysis.

4. **Tax Consequences**. The Liquidation Analysis does not include estimates for the tax consequences, both foreign and domestic, that may be triggered upon the liquidation of any remaining assets in the manner described above. Such tax consequences may be material.

5. **Claims Estimates**. Unless otherwise specified in the Liquidation Analysis, estimated Claim amounts are based on forecasted book liabilities as of the Petition Date.

6. **Cash & Cash Equivalents**. Cash at Conversion Date reflects projected balance sheet cash on hand. The gross liquidation proceeds of cash are estimated to be 100% of the projected balance as of the Conversion Date.

7. **Other Assets**. Reflects projected recovery from certain receivables and the return of cash collateralizing letters of credit. The recovery of other Assets is estimated to be 90% of the projected balance to reflect the uncertainty of recovering such assets.

8. **Chapter 7 Liquidation Costs and Length of Liquidation Process**. The Liquidation Analysis assumes that a liquidation would occur over approximately twelve months, with certain claims reconciliation activities extending beyond the twelve-month period. This would include retaining a limited group of personnel to arrange distributions, and otherwise administer and close the Estates. In an actual liquidation, the wind down process and time period(s) could vary significantly thereby impacting recoveries. For example, the potential for priority, contingent and other claims, litigation, rejection costs and the final determination of Allowed Claims could substantially impact both the timing and amount of the distribution of the Asset proceeds to the Holders of such Allowed Claims. Accordingly, there can be no assurance that the values reflected in the Liquidation Analysis would be realized if the Debtors were, in fact, to undergo such a liquidation.

Pursuant to section 726 of the Bankruptcy Code, the allowed administrative expenses incurred by the Chapter 7 trustee, including expenses associated with liquidating the Debtors' remaining assets, will be entitled to payment in full prior to any distribution to Allowed Administrative Expense Claims, Allowed Other Priority Claims, and Allowed Other Secured Claims. The estimate used in the Liquidation Analysis for these expenses includes estimates for certain legal, accounting, and other professionals who will need additional time and resources, among other things, to familiarize themselves with the Debtors' Estates, as well as a fee calculated based upon liquidated assets payable to a Chapter 7 trustee in accordance with section 326 of the Bankruptcy Code. The Liquidation Analysis estimates total fees for the Chapter 7 trustee and professionals to be $3.3 million.

9. **Chapter 11 Costs**. In the Chapter 11 Liquidating Plan Scenario, the total fees for legal, financial and other advisors are assumed to be $1.6 million for the entire wind down period following the Effective Date of the Plan.

10. **Allowed Prepetition Term Loan Claims**. The Debtors estimate that, in both a Chapter 11 Liquidating Plan Scenario and a Chapter 7 Liquidation Scenario, there will be $135.4 million of Allowed Prepetition Term Loan Claims. These claims represent outstanding loan balance and accrued interest as of the Petition Date. The Liquidation Analysis distributes proceeds from Prepetition Term Loan Reserve to the Prepetition Term Loan, and concludes that holders of such claims will receive a recovery of 8.9% in a Chapter 7 liquidation.

11. **Allowed Prepetition Notes Claims**. The Debtors estimate that, in both a Chapter 11 Liquidating Plan Scenario and a Chapter 7 Liquidation Scenario, there will be $227.5 million of Allowed Prepetition Notes Claims. These claims represent outstanding notes balance and accrued interest as of the Petition Date. The Liquidation Analysis distributes all distributable proceeds other

than funds used for Administrative Expense Claims, Professional Fee Claims, Statutory Fees and Prepetition Term Loan Reserve to the Prepetition Note, and concludes that holders of such claims will receive a recovery of 11.1% in a Chapter 7 liquidation.

12. **Allowed Other Secured Claims**. The Debtors estimate that, in both a Chapter 11 Liquidating Plan Scenario and a Chapter 7 Liquidation Scenario, there will be $0.05 million of Other Secured Claims. The Liquidation Analysis distributes liquidation proceeds of the collateral securing such claims to the holders, and concludes that they will receive a recovery of 100% in a Chapter 7 liquidation.

13. **Allowed Priority Claims**. The Liquidation Analysis assumes that there will be approximately $4.3 million of Allowed priority Claims, inclusive of both Priority Tax Claims and Other Priority Claims, as of the Conversion Date. The estimate of such Claims is based on the Debtors' books and records as of the Petition Date as well as Claims filed to date. The Liquidation Analysis concludes that holders of the Allowed priority Claims will receive no recovery in a Chapter 7 liquidation.

14. **Allowed General Unsecured Claims**. The Liquidation Analysis assumes that there will be approximately $30.8 million of Allowed General Unsecured Claims as of the Conversion Date. The estimate of Allowed General Unsecured Claims is based on the Debtors' books and records as of the Petition Date as well as Claims filed to date. This estimate may not include all potential unsecured damages claims resulting from the rejection of Executory Contracts. The estimated amount of General Unsecured Claims also does not include Intercompany Claims, which are separately classified. The Liquidation Analysis concludes that holders of the Allowed General Unsecured Claims will receive no recovery in a Chapter 7 liquidation, compared to a 4.9% recovery, representing the midpoint of a 0.0% to 9.7% recovery range, provided under the Plan.

15. **Distribution of Net Proceeds**. Administrative Expense Claims, Professional Fee Claims, and Statutory Fees that may arise in a liquidation scenario would be paid in full from the liquidation proceeds before the balance of those proceeds will be made available to pay pre-bankruptcy priority, secured, and general unsecured claims. Under the absolute priority rule pursuant to section 1129(b) of the Bankruptcy Code, no junior creditor would receive any distribution until all senior creditors are paid in full, and no equity holder would receive any distribution until all creditors are paid in full. The assumed distributions to creditors as reflected in the Liquidation Analysis are estimated in accordance with the absolute priority rule.

($ million)

| | Chapter 11 Plan Recovery Analysis | | | Chapter 7 Plan Recovery Analysis | | |
|---|---|---|---|---|---|---|
| | **Book Value** | **Recovery %** | **Recovery $** | **Book Value** | **Recovery %** | **Recovery $** |
| **Assets** | | | | | | |
| Cash & Cash Equivalents | 38.2 | 100.0% | 38.2 | 38.2 | 100.0% | 38.2 |
| Other | 3.3 | 100.0% | 3.3 | 3.3 | 90.0% | 3.0 |
| **Total Assets & Recovery Estimate** | **41.5** | **100.0%** | **41.5** | **41.5** | **99.2%** | **41.2** |
| **Liquidation Costs** | | | | | | |
| Chapter 11 Liquidating Trustee Fees | | | (0.4) | | | - |
| Chapter 11 Liquidating Professional Fees | | | (1.3) | | | - |
| Chapter 7 Trustee Fees | | | - | | | (1.2) |
| Chapter 7 Professional Fees | | | - | | | (2.1) |
| Wind Down Operating Expenses | | | (0.4) | | | (0.4) |
| **Total Liquidation Costs** | | | **(2.0)** | | | **(3.7)** |
| **Net Distributable Value** | | | **39.5** | | | **37.4** |
| **Claims Waterfall** | | | | | | |
| **Administrative Claims** | | | | | | |
| Net Distributable Value | | | 39.5 | | | 37.4 |
| **Administrative Claims** | **-** | **100.0%** | **-** | **-** | **100.0%** | **-** |
| **Other Secured Claims** | | | | | | |
| Secured Claims Collateral | | | 0.3 | | | 0.3 |
| **Other Secured Claims** | **0.1** | **100.0%** | **0.1** | **0.1** | **100.0%** | **0.1** |
| **Priority Claims (Chapter 11)** | | | | | | |
| Remaining Distributable Value | | | 39.4 | | | |
| **Priority Claims** | **4.3** | **100.0%** | **4.3** | | | |
| **Prepetition Term Loan** | | | | | | |
| Prepetition Term Loan Reserve | | | 12.1 | | | 12.1 |
| **Prepetition Term Loan Claims** | **135.4** | **8.9%** | **12.1** | **135.4** | **8.9%** | **12.1** |
| **Prepetition Notes** | | | | | | |
| Prepetition Notes Reserve (Chapter 11) / Remaining Distributable Value (Chapter 7) | | | 21.5 | | | 25.3 |
| **Prepetition Notes Claims** | **227.5** | **9.5%** | **21.5** | **227.5** | **11.1%** | **25.3** |
| **Priority Claims (Chapter 7)** | | | | | | |
| Remaining Distributable Value | | | | | | - |
| **Priority Claims** | | | | **4.3** | **0.0%** | **-** |
| **General Unsecured Claims** | | | | | | |
| Remaining Distributable Value | | | 1.5 | | | - |
| **General Unsecured Claims** | **30.8** | **4.9%** | **1.5** | **30.8** | **0.0%** | **-** |
| **Intercompany Claims** | | | | | | |
| Remaining Distributable Value | | | - | | | - |
| **Intercompany Claims** | **375.7** | **0.0%** | **-** | **375.7** | **0.0%** | **-** |

5