IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x
: 
In re: : Chapter 11
: 
ZEN JV, LLC, *et al.*,[1] : Case No. 25-11195 (JKS)
: 
Debtors. : (Jointly Administered)
: 
: Re: Docket No. 306
----------------------------------------------------------- x

**ORDER (A) CONDITIONALLY APPROVING THE COMBINED PLAN
AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES
ONLY, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED PLAN
AND DISCLOSURE STATEMENT, (C) APPROVING THE FORMS OF
BALLOTS AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING
RECORD DATE, (E) FIXING THE DATE, TIME AND PLACE FOR THE
CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS
THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or the Combined Plan and Disclosure Statement, as applicable.

1

and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**FOUND AND DETERMINED THAT:**

A.    The forms of ballots attached hereto as **Exhibits A-1**, **A-2**, and **A-3** (the "**Ballots**"): (i) are consistent with Official Form No. 14, (ii) adequately address the particular needs of these Chapter 11 Cases, (iii) are appropriate for the Voting Classes, and (iv) comply with Bankruptcy Rule 3017(d).

B.    Ballots need not be provided to Holders of Claims or Equity Interests in the following Classes, as such Non-Voting Classes are either Unimpaired and are conclusively presumed to have accepted the Combined Plan and Disclosure Statement in accordance with section 1126(f) of the Bankruptcy Code or are Impaired but will neither retain nor receive any property under the Combined Plan and Disclosure Statement and are thus conclusively deemed to have rejected the Combined Plan and Disclosure Statement under section 1126(g) of the Bankruptcy Code:

| Class 1 | Other Priority Claims | Unimpaired / Deemed to Accept |
| Class 2 | Other Secured Claims | Unimpaired / Deemed to Accept |
| Class 6 | Intercompany Claims | Impaired / Deemed to Reject |
| Class 7 | Equity Interests | Impaired / Deemed to Reject |

C.    The period during which the Debtors may solicit votes to accept or reject the Combined Plan and Disclosure Statement, as established by this Order, provides sufficient time

for Claimholders in the Voting Classes to make informed decisions to accept or reject the Combined Plan and Disclosure Statement and submit their Ballots in a timely fashion.

D. The Tabulation Procedures (as defined below) for the solicitation and tabulation of votes to accept or reject the Combined Plan and Disclosure Statement, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E. The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Combined Plan and Disclosure Statement is conditionally approved for solicitation purposes only.

3. The Confirmation Hearing shall be held on **October 7, 2025 at 1:00 p.m. (prevailing Eastern Time)** (the "**Confirmation Hearing**"). The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (i) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (ii) filing a notice with the Court (which such notice may be included in an agenda of matters scheduled for hearing filed with the Court).

4. The Debtors shall file and serve the Plan Supplement by no later than September 24, 2025.

5. Objections to the final approval of adequacy of the Combined Plan and Disclosure Statement and/or confirmation thereof, if any, must: (a) be in writing; (b) be filed with the Court

3

no later than **12:00 p.m. (prevailing Eastern Time) on October 1, 2025**; and (c) served on: (i) counsel to the Debtors: (1) Latham & Watkins LLP, (x) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (y) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com), and (2) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (ii) counsel to the Prepetition Term Loan Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 1000, Attn: Ronald A. Hewitt (hewitt@sewkis.com); (iii) counsel to the Required Prepetition Term Loan Lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to the Prepetition Noteholders, Jones Day, 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361, Attn: Daniel J. Merrett (dmerrett@jonesday.com); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov).

6. The Debtors shall file and serve the proposed Confirmation Order by no later than **October 3, 2025 at 12:00 p.m. (ET).**

7. The Debtors are authorized to file and serve an omnibus reply to any such objections by no later than **October 6, 2025 at 12:00 p.m. (ET)** (the "**Reply Deadline**") which shall be: (i) the deadline for filing and service of replies or an omnibus reply to any objections to confirmation of the Combined Plan and Disclosure Statement or final approval of the Combined Plan and Disclosure Statement and (ii) the deadline for the Debtors to file any brief in support of final approval of the Combined Plan and Disclosure Statement and confirmation of the Combined Plan and Disclosure Statement and any affidavits or declarations in support of confirmation of the Combined Plan and Disclosure Statement. Any party in interest shall be permitted to file and serve

4

a statement in support of final approval of the Combined Plan and Disclosure Statement, confirmation of the Combined Plan and Disclosure Statement and/or reply to any objection to any such requested relief by the Reply Deadline.

8. The Ballots are hereby approved.

9. The Confirmation Hearing Notice, in substantially the form attached as **Exhibit B** hereto, is hereby approved. The Debtors shall serve the Confirmation Hearing Notice on: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases, (ii) state and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) holders of claims or interests in the Non-Voting Classes, (v) the U.S. Trustee, (vi) all persons or entities listed on the Debtors' creditor mailing matrix, and (vii) all holders of Claims or Equity Interests (to the extent not otherwise included in the foregoing) no later than three business days after the entry of this Order (or as soon as practicable thereafter).

10. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide the Solicitation Package to Holders of Claims in Non-Voting Classes. Instead, on or before the Solicitation Mailing Deadline, the Balloting Agent shall distribute by first-class mail, the Notice of Non-Voting Status in lieu of the Solicitation Package, in the form of each attached hereto as **Exhibit C-1**, **Exhibit C-2**, or **Exhibit C-3**, respectively, of which is hereby approved, to those parties who are not entitled to vote on the Combined Plan and Disclosure Statement.

11. The Debtors shall publish the Publication Notice within five business days after entry of this Order (or as soon as practicable thereafter).

12. The Tabulation Procedures are hereby approved, and the Debtors will file a voting report by no later than **October 3, 2025 at 12:00 p.m. (ET).**

13. The Voting Record Date shall be **September 3, 2025**. In addition, with respect to any transferred Claim in the Voting Classes, the transferee will be entitled to receive a Solicitation

Package and cast a Ballot on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date. In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot by the transferor.

14. The Voting Deadline shall be **October 1, 2025 at 4:00 p.m. (prevailing Eastern Time)**.

15. If the Debtors have served an objection or request for estimation as to a Claim on or before **September 8, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "**Claim Objection Deadline**"), such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection. Any Claimholder that seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Plan and Disclosure Statement (a "**Rule 3018 Motion**") no later than **4:00 p.m. (prevailing Eastern Time) on September 19, 2025** and serve the Rule 3018 Motion on the Debtors. The Debtors (and, with respect to filing a response, any other party in interest) shall then have until **4:00 p.m. (prevailing Eastern Time) on September 24, 2025** to file and serve any responses to such Rule 3018 Motions. Any Ballot submitted by a Claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim is temporarily allowed by the Bankruptcy Court for voting purposes in a different amount, after notice and a hearing

16. The Debtors shall serve the Solicitation Packages only on Holders of Claims in the Voting Classes no later than three business days after the entry of this Order (or as soon as

practicable thereafter). Such Solicitation Packages shall contain copies of: (i) this Order (without exhibits); (ii) the Confirmation Hearing Notice; (iii) a QR code that provides electronic access to the Debtors' website page containing the Combined Plan and Disclosure Statement; (iv) a letter from the Committee recommending that the Holders of General Unsecured Claims vote to accept the Combined Plan and Disclosure Statement; and (v) an appropriate Ballot with a pre-addressed stamped return envelope. No other interested parties shall receive copies of the Combined Plan and Disclosure Statement or the other materials contained in the Solicitation Packages unless such documents are requested in accordance with the procedures set forth in the Confirmation Hearing Notice.

17. The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Combined Plan and Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

18. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

20. This Order is effective immediately upon entry.

21. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 3rd, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE