**<u>EXHIBIT B</u>**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                      :

In re:                                :    Chapter 11
                                        :

ZEN JV, LLC, *et al.*,[1]                   :    Case No. 25-11195 (JKS)
                                        :

              Debtors.                  :    (Jointly Administered)
                                        :
                                        :    **Hearing Date:**
                                        :    **Objection Deadline:**
---------------------------------------------------------- x

**NOTICE OF (I) CONDITIONAL APPROVAL OF THE COMBINED PLAN
AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY,
(II) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT THE
COMBINED PLAN AND DISCLOSURE STATEMENT, AND (III) THE HEARING
TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED PLAN AND
DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND
(B) CONFIRMATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT**

        **PLEASE TAKE NOTICE OF THE FOLLOWING**:

        1.        On August 19, 2025, Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 305] with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

        2.        On September 2, 2025, Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. ●] (as may be amended, modified and/or supplemented, the "**Combined Plan and Disclosure Statement**") with the Court.[2]

        3.        On September [●], 2025, the Court entered an order [Docket No. ●] (the "**Conditional Approval and Procedures Order**") conditionally approving the Combined Plan and Disclosure Statement for solicitation purposes only.

        4.        A hearing (the "**Confirmation Hearing**") to consider final approval of the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and confirmation of the Combined Plan and Disclosure

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the Combined Plan and Disclosure Statement.

Statement will be held before The Honorable J. Kate Stickles, United States Bankruptcy Judge, on the 5th floor of the Court, Courtroom 6, 824 North Market Street, Wilmington, DE 19801, **on October 7, 2025 at 1:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice or agenda filed with the Court.

5.      Objections to confirmation of the Combined Plan and Disclosure Statement, including any objection to the adequacy of the disclosures, if any, must: (a) be in writing; (b) be filed with the Court by no later than **12:00 p.m. (prevailing Eastern Time) on October 1, 2025** (the "**Confirmation Objection Deadline**"); and (c) and served on: (i) counsel to the Debtors: (1) Latham & Watkins LLP, (x) 1271 Avenue of the Americas, New York, New York 10020, Attn: Ray C. Schrock (ray.schrock@lw.com) and Candace M. Arthur (candace.arthur@lw.com) and (y) 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com), and (2) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (ii) counsel to the Prepetition Term Loan Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 1000, Attn: Ronald A. Hewitt (hewitt@sewkis.com); (iii) counsel to the Required Prepetition Term Loan Lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to the Prepetition Noteholders, Jones Day, 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361, Attn: Daniel J. Merrett (dmerrett@jonesday.com); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov).

6.      Pursuant to the Conditional Approval and Procedures Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Combined Plan and Disclosure Statement and certain procedures for the tabulation of votes to accept or reject the Combined Plan and Disclosure Statement. If you are a Holder of a Claim against the Debtors as of **September 3, 2025** and are entitled to vote, then you have received with this Notice a ballot form (a "**Ballot**") and instructions for completing the Ballot.

7.      For a vote to accept or reject the Combined Plan and Disclosure Statement to be counted, the Holder of a Claim must complete all required information on the Ballot, execute the Ballot and return the completed Ballot in accordance with the instructions so that it is received by **4:00 p.m. (prevailing Eastern Time) on October 1, 2025** (the "**Voting Deadline**"). Any failure to follow the instructions included with the Ballot or to return a properly completed Ballot so that it is actually received by the Voting Deadline may disqualify such Ballot and vote on the Combined Plan and Disclosure Statement. **You may also be eligible to submit a Ballot electronically. If you wish to do so, please visit the following web address and follow the instructions on that web address**: *https://omniagentsolutions.com/CareerBuilderMonster*. The rules and procedures for the tabulation of the votes are outlined in the Conditional Approval and Procedures Order.

> **ARTICLE XII OF THE COMBINED PLAN AND DISCLOSURE STATEMENT CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE COMBINED PLAN AND DISCLOSURE STATEMENT CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.  FOR YOUR CONVENIENCE, SUCH PROVISIONS ARE SET FORTH ON <u>EXHIBIT 1</u> HERETO.  FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT ANY PROVISION OF THIS NOTICE CONFLICTS WITH THE TERMS OF THE COMBINED PLAN AND DISCLOSURE STATEMENT, THEN THE TERMS OF THE COMBINED PLAN AND DISCLOSURE STATEMENT WILL CONTROL.**

8.      Pursuant to the Conditional Approval and Procedures Order, you may not have received a copy of the Combined Plan and Disclosure Statement.  However, copies of the Combined Plan and Disclosure Statement, the Conditional Approval and Procedures Order, and other materials contained in the Solicitation Packages may be obtained and/or are available for review <u>without</u> <u>charge</u> at the website of Omni Agent Solutions, Inc. (the "**Balloting Agent**"), *https://omniagentsolutions.com/CareerBuilderMonster*, or by contacting the Balloting Agent by email, at CareerBuilderMonsterInquiries@OmniAgnt.com.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  Should you have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials), please feel free to contact the Balloting Agent by:  (a) calling the restructuring hotline at (818) 924-2298 (US & Canada toll free) or (818) 841-0525 (International); (b) visiting the restructuring website at: https://www.omniagentsolutions.com/ CareerBuilderMonster-Ballots, or using the QR Code below; and/or (c) writing to Zen JV, LLC Ballot Processing c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txnb.uscourts.gov.  Please be advised that the Balloting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Combined Plan and Disclosure Statement.



*[Remainder of page left intentionally blank]*

Dated:  September __, 2025
       Wilmington, Delaware                    /s/ _____

**LATHAM & WATKINS LLP**              **RICHARDS, LAYTON & FINGER, P.A.**

Ray C. Schrock (admitted *pro hac vice*)      Daniel J. DeFranceschi (No. 2732)
Candace M. Arthur (admitted *pro hac vice*)   Zachary I. Shapiro (No. 5103)
1271 Avenue of the Americas                   Huiqi Liu (No. 6850)
New York, New York 10020                      Clint M. Carlisle (No. 7313)
Telephone:  (212) 906-1200                    Colin A. Meehan (No. 7237)
Facsimile:  (212) 751-4864                    One Rodney Square
Email:  ray.schrock@lw.com                    920 North King Street
        candace.arthur@lw.com                 Wilmington, Delaware 19801
                                              Telephone:  (302) 651-7700
  - and -                                     Facsimile:  (302) 651-7701
                                              Email:  defranceschi@rlf.com
Jonathan C. Gordon (admitted *pro hac vice*)          shapiro@rlf.com
330 North Wabash Avenue, Suite 2800                   liu@rlf.com
Chicago, Illinois 60611                               carlisle@rlf.com
Telephone:  (312) 876-7700                            meehan@rlf.com
Facsimile:  (312) 993-9767
Email:  jonathan.gordon@lw.com


                    *Co-Counsel for Debtors and Debtors in Possession*

**EXHIBIT 1**

**Article XII.A** **Exculpation**

        The Exculpated Parties[1] shall not have or incur, and are hereby exculpated from, any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability to one another or to any Holder of any Claim or Equity Interest, or any other party-in-interest, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the Global Settlement, the treatment of Claims and Equity Interests under the Combined Plan and Disclosure Statement, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be Distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place between the Petition Date and the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted willful misconduct or gross negligence. Nothing herein shall prevent any Exculpated Party from asserting as a defense to any claim of fraud, willful misconduct or gross negligence that they reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Combined Plan and Disclosure Statement or otherwise.

**Article XII.B** **Releases by the Debtors**

        Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Estates, any Person seeking to exercise the rights of the Estates, the Liquidation Trust, any successors to or assigns of the Debtors and any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that the Debtors, the Estates or the Liquidation Trust would have been legally entitled to assert in their

---

[1]    "**Exculpated Parties**" means the following Persons and Entities, each in their respective capacities as such: (a) the Debtors; (b) directors, officers, managers, managing members, and Professionals of the Debtors serving in such capacities at any time between the Petition Date and the Effective Date; and (c) the Committee and its Professionals and members.

own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, for any act, omission or other occurrence in connection with, relating to, or arising out of, or in any manner arising from, in whole or in part, the Debtors and/or any Affiliate of the Debtors (including, in either case, the management, ownership, or operation thereof), the Estates, the Business Combination, the in- or out-of-court restructuring efforts of the Debtors or any Affiliate thereof, intercompany transactions, the Chapter 11 Cases, the Prepetition Loan Documents, the JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the Global Settlement, the treatment of Claims and Equity Interests under the Combined Plan and Disclosure Statement, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted intentional fraud, willful misconduct, or gross negligence.

**Article XII.C** **Releases by Holders of Claims**

Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Combined Plan and Disclosure Statement and the contributions of the Released Parties[2] to facilitate and implement the Combined Plan and Disclosure Statement, the adequacy of which is hereby confirmed, the Releasing Parties, and each of the Releasing Parties'[3] successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that such Entity would have been legally entitled to assert in its

---

[2]   "**Released Parties**" means each of the following in their capacity as such: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) each current and former Affiliate of each Entity in clauses (i) and (ii); (iv) the Committee; and (v) the Related Parties of each of the foregoing.

[3]   "**Releasing Parties**" means each of the following in their capacity as such: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) the Committee; (iv) each Holder of a Claim who votes to accept the Combined Plan and Disclosure Statement, abstains from voting on the Combined Plan and Disclosure Statement or votes to reject the Combined Plan and Disclosure Statement and, in each case, affirmatively opts in to the releases provided in the Combined Plan and Disclosure Statement; (v) each current and former Affiliate of each Entity in clause (i) through (iv) for which such Entity is legally entitled to bind such Affiliate to the releases contained in the Combined Plan and Disclosure Statement under applicable non bankruptcy law; and (vi) each Related Party of each Entity in clause (i) through (iv) for which such Affiliate or Entity is legally entitled to bind such Related Party to the releases contained in the Combined Plan and Disclosure Statement under applicable non bankruptcy law.

2

own right (whether individually or collectively) for any act, omission or other occurrence in connection with, relating to, or arising out of, or in any manner arising from, in whole or in part, the Debtors and/or any Affiliate of the Debtors (including, in either case, the management, ownership, or operation thereof), the Estates, the Business Combination, the in- or out-of-court restructuring efforts of the Debtors or any Affiliate thereof, intercompany transactions, the Chapter 11 Cases, the Prepetition Loan Documents, the JMB DIP Facility, the Sales, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the Global Settlement, the treatment of Claims and Equity Interests under the Combined Plan and Disclosure Statement, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be distributed under the Combined Plan and Disclosure Statement, and the negotiation, formulation, or preparation of any of the foregoing, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted intentional fraud, willful misconduct, or gross negligence.

**Article XII.D** <u>**Injunctions Relating to Releases**</u>

Effective as of the Effective Date, all Persons that hold, have held or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability of any nature whatsoever, that is released pursuant to the Combined Plan and Disclosure Statement, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such released claims, Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies or liabilities, (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order, (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any lien, (iv) setting off (except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person released under the Combined Plan and Disclosure Statement, and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement or the Confirmation Order.

3

**Article XII.E. <u>Injunctions to Protect Estate Assets</u>**

Except as expressly otherwise provided in the Combined Plan and Disclosure Statement, including Article XVI.C hereof, or to the extent necessary to enforce the terms and conditions of the Combined Plan and Disclosure Statement, the Confirmation Order or a separate Order, decree of the Bankruptcy Court, all Persons who have held, hold or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against the Debtors (but solely to the extent such action is brought against the Debtors to directly or indirectly recover upon any Assets of the Estates), the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee or any of their property on account of any such Claims or Equity Interests:  (i) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Petition Date), right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement.

RLF1 33726643v.1