**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: Oct. 13, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: Nov. 13, 2025 at 1:00 p.m. (ET)** |

**SUMMARY OF FIRST INTERIM FEE APPLICATION
OF COLE SCHOTZ P.C., COUNSEL TO THE COMMITTEE,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FROM JULY 2, 2025 THROUGH AUGUST 31, 2025**

| | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Zen JV, LLC, *et al.* |
| Date of retention: | August 8, 2025 (effective as of July 2, 2025) [Docket No. 293] |
| Period for which compensation and reimbursement is sought: | July 2, 2025 through August 31, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $650,879.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $5,845.20 |
| This is a: | ___ monthly  _X_ interim  ___ final application |
| Prior Interim Applications: | None |

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

## SUMMARY OF FEES AND EXPENSES REQUESTED

| Monthly Application | | Requested Fees and Expenses | | Allowed Fees and Expenses | | Unpaid Fees and Expenses | |
|---|---|---|---|---|---|---|---|
| **Monthly Fee Period, Docket No., Date Filed** | **CNO Docket No., Date Filed** | **Total Fees Requested** | **Total Expenses Requested** | **Fees - Amount Allowed** | **Expenses - Amount Allowed** | **Unpaid Fees** | **Unpaid Expenses** |
| 7/2/25 – 7/31/25 D.I. 316 8/26/25 | D.I. 373 9/17/25 | $378,494.00 | $4,979.91 | $302,795.20 | $4,979.91 | $75,698.80 | $0.00 |
| 8/1/25 – 8/31/25 D.I. 358 9/12/25 | N/A[1] | $272,385.50 | $865.29 | N/A | N/A | N/A | $0.00 |
| **Total** | | **$650,879.50** | **$5,845.20** | **$302,795.20** | **$4,979.91** | **$75,698.80** | **$0.00** |

---

[1] The objection deadline for the Second Monthly Fee Application is October 3, 2025 at 4:00 p.m. (ET).

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: Oct. 13, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: Nov. 13, 2025 at 1:00 p.m. (ET)** |

**FIRST INTERIM FEE APPLICATION OF
COLE SCHOTZ P.C., COUNSEL TO THE COMMITTEE,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FROM JULY 2, 2025 THROUGH AUGUST 31, 2025**

Cole Schotz P.C. (the "Applicant" or "Cole Schotz"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") of Zen JV, LLC and the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (iv) *Order Pursuant to 11 U.S.C. §§ 331, 330, and 105(a) and Fed. R. Bankr. P. 2016 (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, and (II) Granting Related Relief* [Docket No. 258]

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

(the "Interim Compensation Order"),[2] for allowance of compensation for services rendered and reimbursement of expenses for the period from July 2, 2025 through August 31, 2025 (the "Application Period"), and respectfully represents as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9013-1(f), the Committee consents to entry of a final judgment or order with respect to this Application if it is determined that the Court does not have Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code. Such relief also is warranted under Bankruptcy Rule 2016, Local Rule 2016-1 and the Interim Compensation Order.

### Background

**A.    The Chapter 11 Cases**

4. On June 24, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

5. On July 2, 2025, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee, which is comprised of the following members: (i) Jobverse, Inc., (ii) Textkernel B.V., c/o Bullhorn Inc., (iii) Talroo, Inc., (iv) Verinext Inc., (v) Appcast, Inc., (vi) Jobcase, Inc., and (vii) Equinix, Inc. *See* Docket No. 65. The Committee selected Verinext Inc. as the chairperson of the Committee.

**B.      The Retention of Cole Schotz**

6. On July 23, 2025, the Committee applied to the Court for an order authorizing the retention and employment of Cole Schotz as counsel to the Committee, effective as of July 2, 2025. *See* Docket No. 203.

7. On August 8, 2025, the Court entered the *Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 Authorizing and Approving the Retention and Employment of Cole Schotz P.C. as Counsel to the Official Committee of Unsecured Creditors Effective as of July 2, 2025* [Docket No. 293] authorizing the retention and employment of Cole Schotz as counsel to the Committee.

**C.      The Interim Compensation Order**

8. The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that at three-month intervals (the "Interim Fee Period"), retained professionals shall file with the Court an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications. The Interim Compensation Order provides that the first such Interim Fee Period shall cover the period from the Petition Date through August 31, 2025.

3

**Relief Requested**

9.     Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Cole Schotz is seeking compensation in the amount of $650,879.50 in fees for professional services rendered by Cole Schotz during the Application Period.  This amount is derived solely from the applicable hourly billing rates of Cole Schotz personnel who rendered such services to the Committee.  In addition, Cole Schotz is seeking reimbursement of expenses incurred during the Application Period in the amount of $5,845.20.

**Interim Fee Application and Compliance with Guidelines**

10.     This Application was prepared in accordance with (a) Local Rule 2016-1, (b) the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, adopted on June 11, 2013 (the "UST Guidelines"), and (c) the Interim Compensation Order (collectively with Local Rule 2016-1 and the UST Guidelines, the "Guidelines").

11.     Annexed hereto are various schedules required by the Guidelines, as applicable.

12.     Applicant provides the following responses to the questions set forth under ¶ C.5 of Appendix B of the UST Guidelines:

> Question:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Response:  No.
>
> Question:  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> Response:  The fees sought in this Application are less than the amount budgeted for the Interim Fee Period.

4

| | |
|---|---|
| Question: | Have any of the professionals included in this fee application varied their hourly rates based on the geographic location of the bankruptcy case. |
| Response: | No. |
| Question: | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? If so, please quantify by hours and fees. |
| Response: | No. |
| Question: | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. |
| Response: | No. |
| Question: | Does this fee application include rate increases since retention? |
| Response: | No. |

**Reasonable and Necessary Services**

13. The services for which Applicant seeks compensation were, at the time rendered, necessary for, beneficial to and in the best interests of the Committee and the Debtors' estates. The services rendered were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Applicant is fair and reasonable given (i) the complexity of these Chapter 11 Cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under this title.

**Certificate of Compliance and Waiver**

14. The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-1 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the

requirements of Local Rule 2016-1, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

### **Notice**

15. Cole Schotz will provide notice of this Application by electronic mail on the Fee Notice Parties, as defined and set forth in the Interim Compensation Order. In light of the nature of the relief requested, Cole Schotz submits that no other or further notice is required.

### **Conclusion**

WHEREFORE, Cole Schotz respectfully requests the Court enter an order (i) approving the Application; (ii) awarding Cole Schotz compensation for the Application Period in the amount of $650,879.50 and reimbursement for actual and necessary expenses in the amount of $5,845.20; (iii) authorizing the payment of such sums to Cole Schotz pursuant to the Interim Compensation Order; and (iv) granting such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: September 22, 2025<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br>*/s/ Justin R. Alberto* |

Justin R. Alberto (No. 5126)
Melissa M. Hartlipp (No. 7063)
Elazar A. Kosman (No. 7077)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone:   (302) 652-3131
Facsimile:    (302) 652-3117
Email:          jalberto@coleschotz.com
                    mhartlipp@coleschotz.com
                    ekosman@coleschotz.com

– and –

Seth Van Aalten (admitted *pro hac vice*)
Sarah A. Carnes (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone:   (212) 752-8000
Facsimile:    (212) 752-8393
Email:          svanaalten@coleschotz.com
                    scarnes@coleschotz.com

*Counsel to the Official Committee of Unsecured Creditors*

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

The aggregate hourly rate for all Cole Schotz Delaware, New Jersey and New York non-bankruptcy timekeepers (including both attorneys and paralegals) (the "Non-Bankruptcy Blended Rate") for the year ending December 31, 2024 (the "Comparable Period") was $592.88 per hour, and the aggregate hourly rate for all Cole Schotz Delaware, New Jersey and New York bankruptcy timekeepers (including both attorneys and paralegals) (the "Bankruptcy Blended Rate") for the Comparable Period was $714.98 per hour.

The blended hourly rate for all Cole Schotz timekeepers (including both attorneys and paralegals) who provided services to the Committee during the Interim Period was approximately $710.56 per hour.

| Category of Timekeeper | 2024 Bankruptcy Blended Rate | 2024 Non-Bankruptcy Blended Rate | Interim Period Blended Rate |
|---|---|---|---|
| Member | $852.79 | $720.58 | $928.71 |
| Special Counsel | $670.00 | $662.20 | $670.00 |
| Associate | $504.86 | $460.46 | $507.79 |
| Paralegal | $376.65 | $349.10 | $400.00 |
| **Aggregate** | **$714.98** | **$592.88** | **$710.56** |

**STAFFING PLAN FOR COLE SCHOTZ P.C. AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM JULY 2, 2025 THROUGH AUGUST 31, 2025**

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Members | 4 | $983.75 |
| Special Counsel | 1 | $670.00 |
| Associates | 3 | $493.33 |
| Paralegals | 1 | $400.00 |
| | **Estimated Blended Hourly Rate** | **$720.55** |

**BUDGET FOR COLE SCHOTZ P.C. AS COUNSEL FOR THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM JULY 2, 2025 THROUGH AUGUST 31, 2025**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Dispositions, Sales, Uses, and Leases (Section 363) | 190 | $135,006.40 |
| Case Administration | 60 | $42,633.60 |
| Cash Collateral and Dip Financing | 140 | $99,478.40 |
| Claims Analysis, Administration and Objections | 5 | $3,552.80 |
| Committee Matters and Creditor Meetings | 115 | $81,714.40 |
| Creditor Inquiries | 0 | $0.00 |
| Disclosure Statement/Voting Issues | 0 | $0.00 |
| Employee Matters | 0 | $0.00 |
| Executory Contracts | 10 | $7,105.60 |
| Fee Application Matters/Objections | 15 | $10,658.40 |
| Non-Working Travel Time | 10 | $7,105.60 |
| Litigation/General (Except Automatic Stay Relief) | 5 | $3,552.80 |
| Preparation for and Attendance at Hearings | 20 | $14,211.20 |
| Reorganization Plan | 65 | $46,186.40 |
| Reports; Statements and Schedules | 0 | $0.00 |
| Retention Matters | 30 | $21,316.80 |
| U.S. Trustee Matters and Meetings | 0 | $0.00 |
| Budgeting (Case) | 0 | $0.00 |
| Business Operations | 5 | $3,552.80 |
| Document Review/Committee Investigation | 315 | $223,826.40 |
| **TOTAL** | **985** | **$699,901.60** |

**ZEN JV, LLC,** *et al.*

**SUMMARY OF BILLING BY PROFESSIONAL**
**JULY 2, 2025 THROUGH AUGUST 31, 2025**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Justin R. Alberto | 2008 | Member (Bankruptcy) | $925.00 | 104.8 | $96,940.00 |
| Steven L. Klepper | 1993 | Member (Litigation) | $960.00 | 32.4 | $31,104.00 |
| Seth Van Aalten | 2004 | Member (Bankruptcy) | $1,150.00 | 37.2 | $42,780.00 |
| Sarah A. Carnes | 2015 | Member (Bankruptcy) | $900.00 | 266.8 | $240,120.00 |
|  |  |  |  | 2.5 | $1,125.00 |
| Krista L. Kulp | 2013 | Special Counsel (Litigation) | $670.00 | 32.6 | $21,842.00 |
| Jonathan R. Friedman | 2019 | Associate (Bankruptcy) | $620.00 | 164.6 | $102,052.00 |
| Elazar A. Kosman | 2022 | Associate (Bankruptcy) | $430.00 | 117.9 | $50,697.00 |
| Melissa M. Hartlipp | 2022 | Associate (Bankruptcy) | $430.00 | 108.6 | $46,698.00 |
|  |  |  |  | 2.9 | $623.50 |
| Kellen J. Sweeney | N/A | Summer Associate | $300.00 | 18.8 | $5,640.00 |
| Larry S. Morton | N/A | Paralegal | $400.00 | 15.5 | $6,200.00 |
| Christopher D. Sindo | N/A | Lit. Support | $440.00 | 6.8 | $2,992.00 |
| Daniel N. Sullivan | N/A | Lit. Support | $475.00 | 1.2 | $570.00 |
| Bryan E. Navas | N/A | Lit. Support | $440.00 | 2.2 | $968.00 |
| Jaya Gajjavelli | N/A | Lit. Support | $440.00 | 1.2 | $528.00 |
|  |  |  | **TOTAL** | **916.0** | **$650,879.50** |

**Blended Rate: $710.56**

**ZEN JV, LLC,** *et al.*

**COMPENSATION BY PROJECT CATEGORY**
**JULY 2, 2025 THROUGH AUGUST 31, 2025**

| Project Category | Estimated Hours | Estimated Fees | Actual Hours | Actual Fees |
|---|---|---|---|---|
| Asset Dispositions, Sales, Uses, and Leases (Section 363) | 190 | $135,006.40 | 179.1 | $138,304.50 |
| Case Administration | 60 | $42,633.60 | 56.5 | $28,466.50 |
| Cash Collateral and Dip Financing | 140 | $99,478.40 | 133.4 | $92,836.50 |
| Claims Analysis, Administration and Objections | 5 | $3,552.80 | 4.2 | $3,447.50 |
| Committee Matters and Creditor Meetings | 115 | $81,714.40 | 109 | $76,748.00 |
| Creditor Inquiries | 0 | $0.00 | 0.7 | $449.50 |
| Disclosure Statement/Voting Issues | 0 | $0.00 | 0.5 | $215.00 |
| Employee Matters | 0 | $0.00 | 1.4 | $602.00 |
| Executory Contracts | 10 | $7,105.60 | 8.0 | $4,284.00 |
| Fee Application Matters/Objections | 15 | $10,658.40 | 14.9 | $6,970.50 |
| Non-Working Travel Time | 10 | $7,105.60 | 5.4 | $1,748.50 |
| Litigation/ Gen. (Except Automatic Stay Relief) | 5 | $3,552.80 | 3.8 | $1,866.00 |
| Preparation for and Attendance at Hearings | 20 | $14,211.20 | 18.1 | $11,078.50 |
| Reorganization Plan | 65 | $46,186.40 | 51.1 | $45,038.00 |
| Reports; Statements and Schedules | 0 | $0.00 | 0.9 | $770.50 |
| Retention Matters | 30 | $21,316.80 | 26.4 | $14,227.00 |
| U.S. Trustee Matters and Meetings | 0 | $0.00 | 0.1 | $92.50 |
| Budgeting (Case) | 0 | $0.00 | 1.1 | $644.00 |
| Business Operations | 5 | $3,552.80 | 4.3 | $3,066.00 |
| Document Review/Committee Investigation | 315 | $223,826.40 | 297.1 | $220,024.50 |
| **TOTAL** | **985** | **$699,901.60** | **916.0** | **$650,879.50** |

**ZEN JV, LLC,** *et al.*

**EXPENSE SUMMARY**
**JULY 2, 2025 THROUGH AUGUST 31, 2025**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying/Printing/Scanning (7,310 pages @ $0.10/page) | | $731.00 |
| Court Fees | PACER Service Center | $14.20 |
| Discovery/Exhibits | | $952.70 |
| Filing Fees | PACER Service Center | $100.00 |
| Online Research | Westlaw/LEXIS | $2,346.63 |
| Transcripts | Reliable | $79.75 |
| Delivery Services | Parcels/Reliable | $427.11 |
| Travel | | $1,055.49 |
| Working Meals | | $138.32 |
| **TOTAL** | | **$5,845.20** |

| SUMMARY OF INTERIM FEE APPLICATION | |
|---|---|
| Name of Applicant | Cole Schotz P.C. |
| Name of Client | Official Committee of Unsecured Creditors of Zen JV, LLC, *et al.* |
| Fee period covered by Interim Fee Application | July 2, 2025 through August 31, 2025 |
| Total compensation sought during Interim Fee Period | $650,879.50 |
| Total expenses sought during Interim Fee Period | $5,845.20 |
| Petition Date | June 24, 2025 |
| Retention Date | August 8, 2025, effective as of July 2, 2025 |
| Date of order approving employment | August 8, 2025 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total allowed compensation paid to date | $0.00 |
| Total allowed expenses paid to date | $0.00 |
| Blended rate in Interim Fee Application for all Attorneys | $728.46 |
| Blended rate in Interim Fee Application for all Timekeepers | $710.56 |
| Compensation sought in this Interim Fee Application already paid pursuant to a monthly compensation order but not yet allowed | $302,795.20 |
| Expenses sought in this Interim Fee Application already paid pursuant to a monthly compensation order but not yet allowed | $4,979.91 |
| Number of professionals included in this Interim Fee Application | 14 |
| If applicable, number of professionals in this Interim Fee Application not included in staffing plan | 5 |
| If applicable, difference between fees budgeted and compensation sought for this Fee Period | ($49,022.10) |
| Number of professionals billing fewer than 15 hours to the case during this Fee Period: | 4 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this Interim Fee Application using the rates originally disclosed in the retention application: | No |