IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
ZEN JV, LLC, et al.,¹                                  :   Case No. 25-11195 (JKS)
                                                       :
         Debtors.                                      :   (Jointly Administered)
                                                       :
                                                       :   Obj. Deadline: October 6, 2025 at 4:00 p.m. (ET)
                                                       :   Hr'g Date: November 13, 2025 at 1:00 p.m. (ET)
                                                       :
------------------------------------------------------ x
```

**MOTION OF DEBTORS FOR ENTRY OF ORDER EXTENDING
PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS
PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE AND GRANTING RELATED RELIEF**

Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to 28 U.S.C. § 1452 and rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the time by which the Debtors may file notices of removal under Bankruptcy Rule 9027 by 120 days, through and including January 20, 2026 (the "**Extended Removal Deadline**"),

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

RLF1 33819457v.2

without prejudice to the Debtors' right to seek further extensions, and granting related relief.[2] The Debtors request that the proposed Extended Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and 9027(a)(3).

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5. On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] The current time period within which the Debtors may file any removal notices under Bankruptcy Rule 9027(a)(2) expires on September 22, 2025 (the "**Current Deadline**"). Pursuant to rule 9006-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the filing of this Motion prior to the Current Deadline serves to automatically extend the Current Deadline until such time as the Court rules on the Motion. *See* Del. Bankr. L.R. 9006-2.

2

6. No trustee or examiner has been appointed in the Chapter 11 Cases. On July 2, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**"). *See* Docket No. 65.

7. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**"), filed on June 26, 2025 and incorporated herein by reference.[3]

## BASIS FOR RELIEF REQUESTED

9. 28 U.S.C. § 1452 provides for the removal of pending civil claims with respect to which federal district courts have jurisdiction under 28 U.S.C. § 1334. Section 1452(a) provides in pertinent part as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under §362, 30 days after an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> [W]ithin the shorter of these periods: (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

12. Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal periods in Bankruptcy Rule 9027, without notice, upon a showing of cause, if:

> [W]ith or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or . . . on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

13. It is well settled that this Court is authorized to extend the removal periods provided under Bankruptcy Rule 9027. *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"), *effectively overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (explaining that Bankruptcy Rule 9006(b) allows a court to enlarge

the time period for removing actions under Bankruptcy Rule 9027); *Saint Joseph's Hosp. v. Dep't of Pub. Welfare of Pa. (In re Saint Joseph's Hosp.)*, 103 B.R. 643, 648 (Bankr. E.D. Pa. 1989) (extending the 90-day time period in which to seek removal of pending state court litigation); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)).

14. Cause exists for the Court to extend the Current Deadline through and including the Extended Removal Deadline. Prior to and since the Petition Date, the Debtors' focus has been on maximizing the value of their estates and focusing on other pressing and essential matters in these Chapter 11 Cases, including, but not limited to: (a) obtaining approval of bidding procedures and negotiating, obtaining approval of and closing three separate asset sales; (b) securing critical first- and second-day relief; (c) preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs; (d) communicating with the Committee and other creditors and interested parties; (e) filing the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 305] (as may be amended, modified and/or supplemented, the "**Combined Plan and Disclosure Statement**"); (f) successfully negotiating a global settlement with the Committee and the Debtors' secured lenders and incorporating such settlement in an amended version of the Combined Plan and Disclosure Statement; (g) obtaining entry of an order [Docket No. 335], among other things, conditionally approving the Combined Plan and Disclosure Statement for solicitation purposes and scheduling the hearing on confirmation of the Combined Plan and Disclosure Statement for October 7, 2025; and (h) commencing solicitation of the Combined Plan and Disclosure Statement.

15. As a result of the foregoing efforts and numerous others, the Debtors have not yet determined whether it is appropriate to file notices of removal with respect to any pending actions.

Therefore, an extension of the time prescribed under Bankruptcy Rule 9027(a), through and including January 20, 2026, is appropriate to protect the Debtors' right to remove any actions if they deem it to be appropriate.  Moreover, the rights of the Debtors' adversaries in any litigation will not be prejudiced by this proposed extension of the removal deadline because such parties may seek to have the litigation remanded to the state court pursuant to section 1452(b) of the United States Code.[4] Accordingly, the requested extension of the period during which the Debtors may remove any pending action is warranted.

16. The Debtors further request that the order approving this Motion be without prejudice to (a) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given action pending against the Debtors, and (b) the right of the Debtors or their successors to seek further extensions of the period during which such parties may remove civil actions pursuant to Bankruptcy Rule 9027.

17. For the reasons stated above, the Debtors submit that cause exists to grant the relief requested herein, which relief is in the best interest of their estates.

## NOTICE

18. Notice of this Motion will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as counsel to the Committee; (c) Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (d) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (e) Jones Day, as counsel to the Prepetition Noteholders; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the United States Attorney's Office for the District of Delaware and the districts in which the Debtors operate; (i) the Office of the Attorney General for

---

[4] Section 1452(b) of title 28 of the United States Code provides that "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise . . . ." 28 U.S.C. § 1452(b).

all of the states the Debtors do business; (j) any non-Debtor parties to civil actions subject to this Motion; and (k) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

[*Remainder of page left intentionally blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 22, 2025
      Wilmington, Delaware

*/s/ Clint M. Carlisle*

| **LATHAM & WATKINS LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
|---|---|
| Ray C. Schrock (admitted *pro hac vice*) | Daniel J. DeFranceschi (No. 2732) |
| Candace M. Arthur (admitted *pro hac vice*) | Zachary I. Shapiro (No. 5103) |
| 1271 Avenue of the Americas | Huiqi Liu (No. 6850) |
| New York, New York 10020 | Clint M. Carlisle (No. 7313) |
| Telephone: (212) 906-1200 | Colin A. Meehan (No. 7237) |
| Facsimile: (212) 751-4864 | One Rodney Square |
| Email: ray.schrock@lw.com | 920 North King Street |
|       candace.arthur@lw.com | Wilmington, Delaware 19801 |
| | Telephone: (302) 651-7700 |
| - and - | Facsimile: (302) 651-7701 |
| | Email: defranceschi@rlf.com |
| Jonathan C. Gordon (admitted *pro hac vice*) |       shapiro@rlf.com |
| 330 North Wabash Avenue, Suite 2800 |       liu@rlf.com |
| Chicago, Illinois 60611 |       carlisle@rlf.com |
| Telephone: (312) 876-7700 |       meehan@rlf.com |
| Facsimile: (312) 993-9767 | |
| Email: jonathan.gordon@lw.com | |

*Co-Counsel for Debtors and Debtors in Possession*