**Exhibit A**

**Liquidation Trust Agreement**

## LIQUIDATION TRUST AGREEMENT

This LIQUIDATION TRUST AGREEMENT (this "Agreement") is made and entered into, as of the Effective Date (defined below), by and among Zen JV, LLC; Monster Worldwide LLC; FastWeb, LLC; Monster Government Solutions, LLC; Camaro Acquisition, LLC; CareerBuilder, LLC; CareerBuilder Government Solutions, LLC; Luceo Solutions, LLC; CareerBuilder France Holding, LLC; and Military Advantage, LLC (collectively, the "Debtors"), the official committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases (the "Committee"), and Steven Balasiano (the "Liquidation Trustee"), and, collectively with the Debtors and the Committee, the "Parties").

## RECITALS

WHEREAS, on June 24, 2025, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the Debtors filed with the Bankruptcy Court the *Debtors' Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* dated as of September 2, 2025 (together with all exhibits thereto, including without limitation, the Plan Supplement, as the same may be amended, modified or supplemented, the "Plan");[1]

WHEREAS, pursuant to the [●] (the "Confirmation Order") [Docket No. [●]] entered on [●], 2025, the Bankruptcy Court confirmed the Plan;

WHEREAS, on [●], 2025 (the "Effective Date"), the conditions to effectiveness of the Plan were satisfied and the Plan became effective;

WHEREAS, under the terms of the Plan, on the Effective Date, the Liquidation Trust Assets were transferred to and vested in the Liquidation Trust;

WHEREAS, the Liquidation Trust is established pursuant to Article IX of the Plan to, among other things:  (a) receive and hold the Liquidation Trust Assets; (b) administer, dispute, object to, compromise, or otherwise resolve all Claims and Equity Interests; (c) make distributions to the Liquidation Trust Beneficiaries and the Holders of Allowed Claims in accordance with the Plan and this Agreement; (d) maximize recoveries for the benefit of the Liquidation Trust Beneficiaries and the Holders of Allowed Claims; (e) commence and pursue the Causes of Action vested in the Liquidation Trust and manage and administer any proceeds thereof; and (f) orderly wind down, liquidate and dissolve each of the Debtors;

WHEREAS, the Liquidation Trust is established under and pursuant to the Plan which provides for the appointment of the Liquidation Trustee to administer the Liquidation Trust for the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Confirmation Order, as applicable.

benefit of the Liquidation Trust Beneficiaries, subject to the rights of the Prepetition Notes Secured Parties, and to implement the Plan pursuant to the terms of the Plan and this Agreement; and

WHEREAS, the Liquidation Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Agreement.

NOW, THEREFORE, in accordance with the Plan and in consideration of the promises and mutual covenants and agreements contained herein, the Parties hereto agree as follows:

## <u>DECLARATION OF TRUST</u>

The Debtors hereby absolutely transfer and assign to the Liquidation Trust, and to its successors in trust and its successors and assigns, all right, title, and interest of the Debtors in and to the Liquidation Trust Assets free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as may be otherwise provided for in the Plan;

TO HAVE AND TO HOLD unto the Liquidation Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the Liquidation Trust Beneficiaries, subject to the rights of the Prepetition Notes Secured Parties, as and to the extent provided in the Plan, and for the performance of and compliance with the terms hereof and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Liquidation Trust in accordance with Article V hereof, this Agreement shall cease, terminate, and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Liquidation Trust Assets are to be held and applied by the Liquidation Trustee upon the further covenants and terms and subject to the conditions set forth herein.

## ARTICLE I
## NAME; PURPOSE; LIQUIDATION TRUST ASSETS

1.1     <u>Name of Trust</u>.  The trust created by this Agreement shall be known as the "<u>Zen JV Liquidation Trust</u>" (hereafter referred to as the "<u>Liquidation Trust</u>").

1.2     <u>Transfer of Liquidation Trust Assets</u>.  In accordance with the provisions of the Plan, on the Effective Date, the Debtors and their Estates shall be deemed to transfer, assign, and convey to the Liquidation Trust Beneficiaries the Liquidation Trust Assets, followed by a deemed transfer by such Liquidation Trust Beneficiaries to the Liquidation Trust, to be held by the Liquidation Trustee in trust for the Liquidation Trust Beneficiaries, on the terms and subject to the conditions set forth herein and in the Plan, including the rights of the Prepetition Notes Secured Parties.

1.3     <u>Title to the Liquidation Trust Assets</u>.  Pursuant to the Plan, all of the Debtors' right, title, and interest in and to the Liquidation Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Liquidation Trust on the Effective Date free and clear

of all Claims, Liens, encumbrances, and other interests, except as specifically provided for in the Plan. The transfer of the Liquidation Trust Assets is on behalf of the Liquidation Trust Beneficiaries to establish the Liquidation Trust. The Liquidation Trust shall be authorized to obtain possession or control of, liquidate, and collect all of the Liquidation Trust Assets, including any such assets in the possession or control of third parties, and pursue, assert, and/or exercise all rights of setoffs and recoupment and defenses of the Debtors to any counterclaims that may be asserted by any and all defendants as to any Claims or Equity Interests. On the Effective Date, the Liquidation Trust shall stand in the shoes of the Debtors for all purposes with respect to the Liquidation Trust Assets. To the extent any law or regulation prohibits the transfer of ownership of any of the assets to be transferred from the Debtors to the Liquidation Trust and such law is not superseded by the Bankruptcy Code, the Liquidation Trust's interest shall be a lien upon and security interest in such assets, in trust, nevertheless, for the sole use and purposes set forth in this Agreement, and this Agreement shall be deemed a security agreement granting such interest thereon without the need to file financing statements or mortgages. By executing this Agreement, the Liquidation Trustee, on behalf of the Liquidation Trust, hereby accepts all such property as assets to be held in trust for the Liquidation Trust Beneficiaries, subject to the terms of the Plan and this Agreement, including the rights of the Prepetition Notes Secured Parties.

1.4    Purposes. The Debtors and the Liquidation Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the Liquidation Trust in furtherance of the Plan and for the purpose of: (a) receiving, managing, investing, supervising and protecting Liquidation Trust Assets; (b) paying taxes or other obligations incurred by the Liquidation Trust and the Debtors; (c) issuing to employees or other Persons, and/or filing with the appropriate Governmental Units, applicable tax and wage returns and forms on behalf of the Liquidation Trust and the Debtors; (d) retaining and compensating, without further order of the Bankruptcy Court, the services of employees, professionals and consultants to advise and assist in the administration, prosecution and Distribution of Liquidation Trust Assets; (e) calculating and implementing Distributions of Liquidation Trust Assets; (f) investigating, prosecuting, compromising and settling, in accordance with the specific terms of this Agreement and without further order of the Bankruptcy Court, the Claims and Causes of Action vested in the Liquidation Trust, and managing and administering any proceeds thereof, with no objective to continue or engage in the conduct of a trade or business, as set forth in the Plan and this Agreement; (g) resolving issues involving Claims and Equity Interests in accordance with the Plan without any further notice to or action, order or approval by the Bankruptcy Court; (h) undertaking all administrative functions of the Chapter 11 Cases, including the payment of Statutory Fees incurred post-Effective Date with respect to distributions from the Liquidation Trust and the ultimate closing of the Chapter 11 Cases and the orderly winding down, liquidation and dissolution of the Debtors; and (i) taking such other action as may be vested in or assumed by the Liquidation Trustee consistent with the Plan, this Agreement and any applicable Orders of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan.

1.5    Acceptance by the Liquidation Trustee. The Liquidation Trustee is willing and hereby accepts the appointment to serve as Liquidation Trustee pursuant to the Plan and this Agreement and agrees to observe and perform all duties and obligations imposed upon the Liquidation Trustee by the Plan and this Agreement, including without limitation, to accept, hold, and administer the Liquidation Trust Assets and otherwise carry out the purpose of the Liquidation Trust in accordance with the terms and subject to the conditions set forth herein and in the Plan.

## ARTICLE II
## RIGHTS, POWERS AND DUTIES OF LIQUIDATION TRUSTEE

2.1    <u>General</u>.  As of the Effective Date, the Liquidation Trustee shall take possession and charge of the Liquidation Trust Assets, and subject to the provisions hereof and in the Plan, shall have full right, power, and discretion to manage the affairs of the Liquidation Trust.  Except as otherwise provided herein and in the Plan, the Liquidation Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidation Trust and in furtherance of the purpose hereof and of the Plan and to execute, deliver, file or record any and all documents, contracts, instruments releases, and other agreements that are necessary or deemed by the Liquidation Trustee to be consistent with and advisable in connection with the performance of the Liquidation Trustee's duties hereunder.  On and after the Effective Date, the Liquidation Trustee shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Liquidation Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Liquidation Trust Assets (and the distribution of the proceeds thereof), the resolution of Claims and Equity Interests, the prosecution of Causes of Action and the winding down, liquidation or dissolution of the Debtors, in each case as contemplated by and in accordance with the Plan, including without limitation:

(a)    To commence all proceedings that may be or could have been commenced (subject, for the avoidance of doubt, to the releases and exculpations set forth in the Plan) and take all actions that may be or could have been taken by any of the Debtors, with like effect as if authorized, exercised, and taken by the Debtors;

(b)    To open and maintain bank and other deposit accounts, escrows, and other accounts, calculate and implement distributions to Liquidation Trust Beneficiaries and Holders of Allowed Claims as provided for or contemplated by the Plan, and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves;

(c)    To hold, manage, sell, invest, and distribute to the Liquidation Trust Beneficiaries the proceeds of the Liquidation Trust Assets, as set forth in the Plan;

(d)    To make distributions to Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Secured Claims, and Allowed Other Priority Claims from the Debtors' cash reserved for such Claims, to the extent such Claims were not paid prior to the Effective Date;

(e)    To reimburse the Prepetition Notes Agent for any Reserve Deficiency Payment made in accordance with the Plan before the Liquidation Trustee makes any Distribution to any Liquidation Trust Beneficiary;

(f)    To make Distributions to Liquidation Trust Beneficiaries, solely as contemplated by and in accordance with the Plan;

(g)    Subject to the applicable provisions of the Plan, to collect and liquidate all Liquidation Trust Assets pursuant to the Plan;

(h)    To prosecute or object to any Claims and Equity Interests and to estimate, defend, compromise and/or settle any such Claims and Equity Interests prior to or following objection, including without limitation, the power to seek subordination or recharacterization of Claims by objection, motion, or adversary proceeding, as applicable, and in all cases, subject to and in accordance with the Plan and other Orders of the Court, including the releases, exculpations and stipulations set forth therein;

(i)    To engage, retain, and compensate, without prior Bankruptcy Court order or approval, professionals, employees, and consultants to assist the Liquidation Trust with respect to the Liquidation Trustee's responsibilities;

(j)    To administer and pay taxes, including without limitation, to cause, on behalf of the Liquidation Trust, the Debtors and their Estates to file all necessary and appropriate tax returns and all other appropriate or necessary tax-related documents, respond to any inquiries or audits by taxing authorities directed to the Debtors or the Liquidation Trust and represent the interests and account of the Debtors and the Liquidation Trust before any taxing authority in all matters, including without limitation, any action, suit, proceeding or audit; provided, however, that Randstad US may participate at its own expense in any such tax action, suit, proceeding or audit and any such tax action, suit, proceeding or audit shall not be settled or compromised without the prior written consent of Randstad US, not to be unreasonably withheld, conditioned or delayed;

(k)    To distribute information statements as required for U.S. federal income tax and other applicable tax purposes;

(l)    To distribute Form W-2s and Form 1099s to former employees and contractors of the Debtors for calendar year 2025;

(m)    To file various reports with government agencies with respect to employee benefit plans for calendar year 2025;

(n)    To invest funds and Cash of the Liquidation Trust in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidation Trustee in accordance with the investment and deposit guidelines set forth in this Agreement;

(o)    To collect any accounts receivable or other claims and assets of the Debtors or their Estates not otherwise disposed of pursuant to the Plan;

(p)    To enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Liquidation Trustee thereunder;

(q)    To abandon in any commercially reasonable manner, including abandonment or donation to charitable organizations, any assets that the Liquidation Trustee concludes are of no benefit to the Liquidation Trust Beneficiaries or are too impractical to distribute;

(r)    To investigate (including pursuant to Bankruptcy Rule 2004), prosecute, and/or settle any Causes of Action vested in the Liquidation Trust by the Plan, participate in or initiate

any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction, participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding, litigate or settle such Causes of Action on behalf of the Liquidation Trust, and pursue to settlement or judgment such actions;

(s)    To purchase or create and carry all appropriate insurance policies, employee benefit plans, bonds or other means of assurance and protection of the Liquidation Trust Assets and the employees of the Liquidation Trust and pay all insurance premiums and other costs the Liquidation Trustee deems necessary or advisable to insure the acts and omissions of the Liquidation Trustee;

(t)    To implement and/or enforce all provisions of the Plan;

(u)    To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Liquidation Trust Assets and the orderly wind down, liquidation and dissolution of the Debtors;

(v)    To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to prepare and file with the Bankruptcy Court and serve on the U.S. Trustee all monthly operating reports due after the Effective Date and all post-confirmation reports for each and every Debtor until its particular case is closed (pursuant the Plan or otherwise), dismissed or converted;

(w)    To wind-down, liquidate or otherwise dissolve the Debtors, without the necessity for any other or further actions to be taken by or on behalf of such dissolving Entity or its shareholder or any payments to be made in connection therewith, other than the filing of a certificate of dissolution with the appropriate governmental authorities, pursuant to Section 303 of the General Corporation Law of the State of Delaware codified at title 8 of the Delaware Code or other applicable state law;

(x)    To seek a final decree closing any or all of the Chapter 11 Cases;

(y)    To do all other acts or things consistent with the provisions of the Plan that the Liquidation Trustee deems reasonably necessary or appropriate with respect to implementing the Plan and/or winding down, liquidating, or otherwise dissolving the Debtors; and

(z)    To amend, modify or alter this Agreement in the Liquidation Trustee's sole discretion without order of the Bankruptcy Court so long as such amendment, modification or alteration of the Agreement is consistent with the Liquidation Trust's purpose and the Liquidation Trustee's duties under the Agreement or by order of the Bankruptcy Court.

Other than the obligations of the Liquidation Trustee and the Liquidation Trust enumerated or referred to under the Plan or this Agreement or applicable law or regulation, the Liquidation Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement.  Notwithstanding anything in the Plan or in this Agreement to the contrary, the Liquidation Trustee shall not have the power to do the following unless the Liquidation Trustee first receives the written consent of the Prepetition Notes Agent (which consent shall be given in the sole discretion of the Prepetition Notes Agent): (a) amend this Agreement in any respect before the Liquidation Trustee has reimbursed the

Prepetition Notes Agent in full for any Reserve Deficiency Payment made in accordance with the Plan; (b) amend Sections 2.9(j), 2.11(b), 2.11(c), 4.5, 7.7 and 7.11 of this Agreement; or (c) commence or settle any litigation related to the Prepetition Notes Reserve.

2.2     <u>Privileges</u>

(a)     All attorney-client privileges, work product protections, and other privileges, immunities or protections from disclosure held by any one or more of the Debtors and the Committee (together the "<u>Privilege Transfer Parties</u>") that are necessary to administer the Liquidation Trust Assets (such attorney-client privileges, work product protections, and other privileges, immunities or protections from disclosure, the "<u>Privileges</u>," and such privileged information, the "<u>Transferred Privileged Information</u>") are hereby transferred and assigned to the Liquidation Trust.  The Transferred Privileged Information shall include documents and information of all manner, whether oral, written or digital, and whether or not previously disclosed or discussed.  For the avoidance of doubt, the Privileges shall include any right to preserve or enforce a Privilege that arises from any joint defense, common interest or similar agreement involving any of the Privilege Transfer Parties.

(b)     The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Liquidation Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidation Trust, the Liquidation Trust Beneficiaries and the Holders of Allowed Claims.  The Liquidation Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information.

(c)     Pursuant to, inter alia, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Liquidation Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Liquidation Trust, on the other hand, or any of their respective employees, professionals or representatives.

(d)     If a Privilege Transfer Party, the Liquidation Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information.  In such circumstances, the disclosing party shall, promptly upon discovery of the production, notify the Liquidation Trust of the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

(e)     Notwithstanding anything to the contrary contained in Section 2.2, for the avoidance of doubt, no Privilege or Transferred Privileged Information related to any claims or causes of action that have been released under the Plan shall be deemed to have been transferred or assigned to the Liquidation Trust, *provided however,* that the foregoing shall not prevent the

transfer of any Privilege or Transferred Privileged Information to the extent that such Privilege or Transferred Privileged Information also relates to Liquidation Trust Assets.

2.3    <u>Representative of the Estates</u>.  On and after the Effective Date, the Liquidation Trustee shall act as the exclusive representative of the Estates for all purposes and as the sole officer and director of each of the Debtors.

2.4    <u>Costs</u>.  All Liquidation Trust Expenses shall be paid from the Liquidation Trust Reserve.  Solely after the Liquidation Trustee has reimbursed the Prepetition Notes Agent in full for any Reserve Deficiency Payment made in accordance with the Plan, in the event that amounts held in the Liquidation Trust Reserve are insufficient to pay all Liquidation Trust Expenses, the Liquidation Trustee may, in its sole discretion, set aside additional funds from the Liquidation Trust Assets for the purpose of increasing the amounts held in the Liquidation Trust Reserve.  For the avoidance of doubt, the Liquidation Trustee shall be entitled to pay all outstanding Liquidation Trust Expenses, including without limitation, the reasonable fees and expenses of each of the professionals or other Persons retained by the Liquidation Trustee pursuant to the terms of any agreements related to the retention of such professionals or other Persons, before making any Distributions or payments to Liquidation Trust Beneficiaries as contemplated by the Plan.

2.5    <u>Distributions and Reserves</u>.

(a)    <u>Generally</u>.  Subject to the Plan, including Article III.C.6, the Liquidation Trustee, at the Liquidation Trustee's discretion, shall distribute the appropriate proceeds of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries in proportion to such Liquidation Trust Beneficiaries pro rata share of the Liquidation Trust Assets (the "<u>Liquidation Trust Interests</u>"); *provided* that the Liquidation Trustee shall not be required to make a distribution to a Liquidation Trust Beneficiary on behalf of an Allowed Claim if such distribution is an amount less than fifty U.S. dollars ($50.00) or the Liquidation Trustee otherwise determines that making a distribution would be impractical under the circumstances.  The Liquidation Trustee shall utilize, in accordance with the Plan and this Agreement, Cash from the Liquidation Trust Reserve in amounts sufficient to:  (i) fund costs and expenses of the Liquidation Trust, including without limitation, the fees and expenses of the Liquidation Trustee and his professionals; (ii) compensate the Liquidation Trustee; and (iii) satisfy other liabilities incurred by the Liquidation Trust in accordance with the Plan or this Agreement (including any taxes imposed on the Liquidation Trust or in respect of the Liquidation Trust Assets).  Any distribution or other payment to the Prepetition Notes Agent on account of reimbursement of any Reserve Deficiency Payment shall be in cash by wire transfer of immediately available funds to an account designated in writing by the Prepetition Notes Agent. Consistent with the provisions of Rev. Proc. 94-45, the Liquidation Trust (i) will not receive or retain cash or cash equivalents in excess of a reasonable amount to meet claims and contingent liabilities (including Disputed Claims) or to maintain the value of the assets during liquidation; (ii) subject to the rights of the Prepetition Notes Secured Parties, will distribute at least annually to the Liquidation Trust Beneficiaries its net income plus all net proceeds from the sale of assets, *provided* that that the Liquidation Trust will retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidation Trust Assets or to meet claims and contingent liabilities (including the Disputed Claims); and (iii) will make continuing efforts to dispose of the Liquidation Trust Assets, make timely Distributions, and not unduly prolong the duration of the Liquidation Trust.

(b)    <u>Manner of Payment or Distribution</u>.    Following the transfer of the Liquidation Trust Assets to the Liquidation Trust, the Liquidation Trustee shall make continuing efforts to liquidate all Liquidation Trust Assets in accordance with the Plan and this Agreement. Any distributions to be made by or on behalf of the Liquidation Trustee pursuant to the Plan shall be made by check, or by wire if circumstances justify, at the option of the Liquidation Trustee.

(c)    <u>Delivery of Distributions</u>.    Except as otherwise provided in the Plan, all distributions to be made by the Liquidation Trust under the Plan and this Agreement to any Holders of Allowed Claims as of the Distribution Record Date shall be made at the address for each such Holder as indicated on the Debtors' records as of the date of any such distribution; *provided, however*, that the manner of such distributions shall be determined at the discretion of the Liquidation Trustee; *provided further, however*, that the address for each Holder of an Allowed Claim shall be deemed to be the address set forth in any Proof of Claim Filed by that Holder and the Liquidation Trustee shall have no obligation to determine alternative or current addresses.

(d)    <u>Undeliverable Distributions and Unclaimed Property</u>.    If the Distribution to the Holder of any Claim is returned to the Liquidation Trustee as undeliverable, no further Distribution shall be made to such Holder unless and until the Liquidation Trustee is notified in writing of such Holder's then current address.    Undeliverable Distributions shall remain in the possession of the Liquidation Trustee until the earlier of (i) such time as a Distribution becomes deliverable or (ii) such undeliverable Distribution becomes an Unclaimed Distribution.    Until such time as an undeliverable Distribution becomes an Unclaimed Distribution, within thirty (30) days after the end of each calendar quarter following the Effective Date, or upon such other interval as the Bankruptcy Court may Order, but in any event no less frequently than annually, the Liquidation Trustee shall make Distributions of all Cash and property that has become deliverable during the preceding quarter.    The Liquidation Trustee shall make reasonable efforts to update or correct contact information for recipients of undeliverable Distributions; *provided, however,* that nothing contained in the Plan shall require the Liquidation Trustee to locate any Holder or an Allowed Claim.    Any Cash or other property to be Distributed under the Plan shall revert to the Liquidation Trust, as applicable, if it is not claimed by the Entity on or before the Unclaimed Distribution Deadline.    If such Cash or other property is not claimed on or before the Unclaimed Distribution Deadline, then the Distribution made to such Entity shall be deemed to be reduced to zero.

(e)    <u>Disputed Claim Reserve</u>.    Solely after the Liquidation Trustee has reimbursed the Prepetition Notes Agent in full for any Reserve Deficiency Payment made in accordance with the Plan, the Liquidation Trustee is authorized to establish one or more Cash reserves for the benefit of Holders of Disputed General Unsecured Claims pending a determination of their entitlement thereto under the terms of the Plan (a "<u>Disputed Claim Reserve</u>").    The Liquidation Trustee shall treat the Disputed Claims Reserve as a "disputed ownership fund" within the meaning of Treasury Regulation Section 1.468B-9.

(f)    <u>Final Distribution</u>.    If the Cash available for the final distribution is less than the cost to distribute such funds, the Liquidation Trustee may donate such funds to the unaffiliated charity of the Liquidation Trustee's choice.

(g)    Inapplicability of Unclaimed Property or Escheat Laws.    Unclaimed property held by the Liquidation Trust shall not be subject to the unclaimed property or escheat laws of the United States, any state or any local governmental unit.

(h)    Requests for Reissuance.    Requests for reissuance of any check shall be made in writing directly to the Liquidation Trustee by such Holder that was originally issued such check.

2.6    Limitations on Investment Powers of Liquidation Trustee.    Funds of the Liquidation Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments such as Treasury bills, consistent with the liquidity needs of the Liquidation Trust as determined by the Liquidation Trustee in accordance with section 345 of the Bankruptcy Code, unless the Bankruptcy Court otherwise requires; *provided*, *however*, that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.

2.7    Liability of Liquidation Trustee.

(a)    Limitation of Liability.    To the maximum extent permitted by applicable law, the Liquidation Trustee and the Liquidation Trustee's professional firms, companies, affiliates, professionals, advisors, disbursing agents, agents, representatives, members, employees, directors and officers, and any of such person's or entity's successors or assigns, shall have or incur no liability or responsibility for, and are hereby released and exculpated from, any and all Claims, Causes of Action, and other assertions of liability arising out of the discharge of the powers and duties conferred upon the Liquidation Trustee, or in good faith believed to be conferred upon the Liquidation Trustee, pursuant to or in furtherance of this Agreement, the Plan, or any order of the Bankruptcy Court or applicable law or otherwise, except only for liability or claims related to actions taken or not taken from and after the Effective Date that are determined by a final non-appealable order from a court of competent jurisdiction to be solely due to their own respective bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing, or, in the case of an attorney professional and, as required under rule 1.8(h)(1) of the Delaware Lawyers' Rules of Professional Conduct, but in all respects the Liquidation Trustee shall be entitled to reasonably rely upon the written advice of counsel with respect to the Liquidation Trustee's duties and responsibilities pursuant to this Agreement to the extent permitted under applicable law.    Without limiting the foregoing, the Liquidation Trustee shall be entitled to the benefits of any limitation of liability and exculpation provisions set forth in the Plan and Confirmation Order.

(b)    No Liability for Acts of Predecessors.    No successor Liquidation Trustee shall be in any way responsible for the acts or omissions of any Liquidation Trustee in office prior to the date on which such successor becomes the Liquidation Trustee, unless a successor Liquidation Trustee expressly assumes such responsibility.

(c)    No Implied Obligations.    The Liquidation Trustee shall not be liable except for the performance of such duties and obligations specifically set forth herein or in the Plan, and

no implied covenants or obligations shall be read into this Agreement against the Liquidation Trustee.

(d)    Reliance by Liquidation Trustee on Documents or Advice of Counsel or Other Persons.  Except as otherwise provided herein or in the Plan, the Liquidation Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the Liquidation Trustee to be genuine and to have been signed or presented by the proper party or parties.  The Liquidation Trustee may engage and consult with legal counsel, accountants, and other professionals for the Liquidation Trust and other agents and advisors and shall not be liable for any action taken or suffered by the Liquidation Trustee in reasonable reliance upon the advice of such counsel, agents or advisors.  The Liquidation Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidation Trust Assets.

(e)    No Personal Obligation for Liquidation Trust Liabilities.  Persons dealing with the Liquidation Trustee, or seeking to assert Claims against the Debtors or the Liquidation Trust, shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to any such Person in carrying out the terms of this Agreement, and neither the Liquidation Trustee nor the Liquidation Trustee's company or organization shall have a personal or individual obligation to satisfy any such liability, except to the extent the Liquidation Trust Assets are insufficient to satisfy such liability due to the bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing of the Liquidation Trustee.

2.8    Selection of Agents.  Immediately after the Effective Date, the Liquidation Trustee may engage any employee of the Debtors or other persons, and may engage or retain brokers, banks, custodians, investment and financial advisors, attorneys, accountants, and other advisors and agents (including professionals formerly or currently retained by the Committee), in each case without Bankruptcy Court approval, to assist and advise the Liquidation Trustee in the performance of the Liquidation Trustee's duties, and to compensate and reimburse expenses of such professionals in accordance with the Plan and this Agreement.  The Liquidation Trustee may pay the salaries, fees, and expenses of such Persons from amounts in the Liquidation Trust Reserve.  The Liquidation Trustee shall not be liable for any loss to the Liquidation Trust or any person interested therein by reason of any mistake or default of any such Person referred to in this Section 2.8 selected by the Liquidation Trustee in good faith and without bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing.

2.9    Liquidation Trustee's Compensation, Indemnification and Reimbursement.

(a)    As compensation for services in the administration of the Liquidation Trust, the Liquidation Trustee shall be compensated as specified on **Schedule A** attached hereto.  The Liquidation Trustee shall also be reimbursed from the Liquidation Trust Reserve for all documented actual, reasonable, and necessary out-of-pocket expenses incurred in the performance of the Liquidation Trustee's duties hereunder.

(b)    The Liquidation Trustee (and the Liquidation Trustee's agents and professionals) shall be entitled to indemnification and reimbursement for fees and expenses in

defending any and all of their actions or inactions in their capacity as, or on behalf of, the Liquidation Trustee or the Liquidation Trust, except for any actions or inactions involving willful misconduct (including, but not limited to, conduct that results in a personal profit at the expense of the Liquidation Trust), gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), or ultra vires acts, each as determined by a final non-appealable order of a court of competent jurisdiction.  Any indemnification claim of the Liquidation Trustee and the other parties entitled to indemnification under this Agreement shall be satisfied from the Liquidation Trust Reserve.  The Liquidation Trustee shall be entitled to rely, in good faith, on the advice of the Liquidation Trustee's professionals.  The Liquidation Trustee is authorized to obtain, at the sole expense of the Liquidation Trust out of the Liquidation Trust Reserve, all reasonable insurance coverage for the Liquidation Trustee and the Liquidation Trustee's agents, representatives, employees, or independent contractors, including without limitation, coverage with respect to the liabilities, duties, and obligations of the Liquidation Trustee and the Liquidation Trustee's agents, representatives, employees, or independent contractors under the Plan and this Agreement.

(c)      Notwithstanding any state or applicable law to the contrary, the Liquidation Trustee (including any successor Liquidation Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond.

2.10    Tax Provisions.

(a)      For all U.S. federal and applicable state, local, and non-U.S. income tax purposes, all parties (including without limitation, the Debtors, the Liquidation Trustee, and the Liquidation Trust Beneficiaries) shall treat the Liquidation Trust, other than the Disputed Claims Reserve, as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and Revenue Procedure 94-45, 1994-2 C.B. 684 and as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue Code.  The Liquidation Trustee shall, in the Liquidation Trustee's business judgment, make continuing best efforts not to unduly prolong the duration of the Liquidation Trust.  Moreover, for all U.S. federal and applicable state, local, and non-U.S. income tax purposes, it is intended that (1) the Liquidation Trust Beneficiaries be treated as if they had (i) received a distribution from the Estates of an undivided interest in the Liquidation Trust Assets (to the extent of the value of their respective share in the applicable Liquidation Trust Assets) and (ii) subsequently contributed such undivided interest to the Liquidation Trust in exchange for an interest in the Liquidation Trust, and (2) the Liquidation Trust Beneficiaries be treated as the grantors of the Liquidation Trust and as deemed owners of the Liquidation Trust and Liquidation Trust Assets.

(b)      For all U.S. federal and applicable state and local income tax purposes, all parties (including without limitation, the Debtors, the Liquidation Trustee and the Liquidation Trust Beneficiaries) shall treat the Disputed Claims Reserve as a "disputed ownership fund" within the meaning of Treasury Regulation Section 1.468B-9.  Following the funding of the Liquidation Trust, the Debtors shall provide a "§ 1.468B-9 Statement" in respect of the Disputed Claims Reserve to the Liquidation Trustee in accordance with Treasury Regulation Section 1.468B-9(g).

(c)      The Liquidation Trustee shall be responsible for filing all tax returns for the Liquidation Trust, the Liquidation Trust Assets, the Disputed Claims Reserve, and the Debtors, as

required by applicable law. The Liquidation Trustee shall be responsible for payment, out of the Liquidation Trust Assets, of any taxes imposed on the Liquidation Trust or the Liquidation Trust Assets. The Liquidation Trustee shall be responsible for responding to any inquiries or audits by taxing authorities directed to the Debtors or the Liquidation Trust and representing the interests and account of the Debtors and the Liquidation Trust before any taxing authority in all matters, including without limitation, any action, suit, proceeding or audit; provided, however, that Randstad US may participate at its own expense in any such tax action, suit, proceeding or audit and any such tax action, suit, proceeding or audit shall not be settled or compromised without the prior written consent of Randstad US, not to be unreasonably withheld, conditioned or delayed. The Liquidation Trustee may request an expedited determination of taxes of the Liquidation Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Liquidation Trust for all taxable periods through the dissolution of the Liquidation Trust.

(d)     The Liquidation Trust shall comply with all withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions made by the Liquidation Trust shall be subject to any such withholding and reporting requirements. The Liquidation Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements, including without limitation, requiring that, as a condition to the receipt of a distribution, the Holder of an Allowed Claim complete and deliver to the Liquidation Trustee the appropriate IRS Form W-8 or IRS Form W-9, as applicable. Notwithstanding any other provision of the Plan: (i) each Holder of an Allowed Claim that is to receive a distribution from the Liquidation Trust shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such Holder by any Governmental Unit, including income and other tax obligations, on account of such distribution; and (ii) no distribution shall be made to or on behalf of such Holder under the Plan unless and until such Holder has made arrangements satisfactory to the Liquidation Trustee to allow it to comply with its tax withholding and reporting requirements. All Holders of Allowed Claims are deemed to have agreed to use the valuation of the Liquidation Trust Assets transferred to the Liquidation Trust as established by the Liquidation Trustee for all federal income tax purposes.

(e)     <u>Attribution of Income</u>. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests one or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidation Trustee), attribution of Liquidation Trust taxable income or loss shall be by reference to the manner in which any economic gain or loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidation Trust Assets. The tax book value of the Liquidation Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Liquidation Trust Assets are transferred to the Liquidation Trust, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

(f)     <u>Withholding</u>. The Liquidation Trustee shall: (i) withhold, deduct, and pay over to the appropriate governmental authority any amount required to be withheld under tax laws with respect to any distribution pursuant to this Agreement; and (ii) comply with any reporting requirements imposed by any federal, state, local or foreign taxing authority. The Liquidation

Trustee may withhold all or the appropriate portion of any distribution due to any Liquidation Trust Beneficiary until such time as such Liquidation Trust Beneficiary provides the necessary information (*i.e.*, IRS Forms) to comply with any withholding requirements of any governmental authority. Any tax withheld shall be treated as distributed and received by the applicable beneficiary for all purposes of the Plan and this Agreement. If a Liquidation Trust Beneficiary fails to provide the information necessary to comply with any withholding requirements of any governmental authority on or before the day that is six (6) months after the Effective Date, then such beneficiary's distribution may be treated as unclaimed property in accordance with this Agreement.

(g)    <u>Tax Identification Numbers</u>. The Liquidation Trustee may require any Liquidation Trust Beneficiary to furnish to the Liquidation Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service or certify to the Liquidation Trustee's satisfaction that distributions to the Liquidation Trust Beneficiary are exempt from backup withholding. The Liquidation Trustee may condition any distribution to any Liquidation Trust Beneficiary upon receipt of such identification number. An Allowed Claim of a Holder that fails to provide an executed IRS Form or provide any other required information to effectuate a distribution within sixty (60) days after service (by first class mail) of a formal request for same by the Liquidation Trustee shall be deemed disallowed and expunged for purposes of distributions under the Plan. For the avoidance of doubt, the Liquidation Trust is not required to follow up with any Holder of an Allowed Claim if they fail to timely provide an executed IRS Form.

(h)    <u>Annual Statements</u>. The Liquidation Trustee shall annually (for tax years in which distributions from the Liquidation Trust are made) send to each Liquidation Trust Beneficiary a separate statement setting forth the Liquidation Trust Beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on their federal income tax returns.

(i)    <u>Notices</u>. The Liquidation Trustee shall distribute notices to the Liquidation Trust Beneficiaries as the Liquidation Trustee determines are necessary or desirable.

(j)    <u>Notices Regarding Tax Inquiries and Audits</u>. The Liquidation Trustee shall promptly provide Randstad North America, Inc. ("<u>Randstad US</u>") with copies of (i) any request for information or audit notice received from any taxing authority with respect to any of the Debtors or their subsidiaries and (ii) any documents provided in response to any such request for information or audit notice. Any such notices or documents, together with any other notices or documents required to be provided to Randstad US under this Agreement, shall be addressed as follows:

> Randstad North America, Inc.
> Attn: Robert Calabro, CPA, Sr. Vice President Tax
> One Overton Park
> 3625 Cumberland Blvd SE
> Atlanta, GA 30339
> rob.calabro@randstadusa.com
>
> With a copy to its counsel:

Jones Day
Attn:  Daniel J. Merrett and Patrick S. Baldwin
1221 Peachtree Street, N.E.
Suite 400
Atlanta, GA 30361-3580
dmerrett@jonesday.com
pbaldwin@jonesday.com

2.10    <u>Conflicting Claims</u>.  If the Liquidation Trustee becomes aware of any disagreement or conflicting Claims with respect to the Liquidation Trust Assets, or has a good faith doubt as to any action that should be taken under this Agreement, the Liquidation Trustee may take any or all of the following actions as reasonably appropriate:

(a)    to the extent of such disagreement or conflict, or to the extent deemed by the Liquidation Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Liquidation Trust Assets) until the Liquidation Trustee is reasonably satisfied that such disagreement or conflicting Claims have been fully resolved;

(b)    file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court (or such other court of competent jurisdiction) their respective Claims arising out of or in connection with this Agreement; or

(c)    file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.11    <u>Records of Liquidation Trustee</u>.

(a)    The Liquidation Trustee shall maintain accurate records of receipts and disbursements and other activities of the Liquidation Trust.

(b)    Upon written request by Randstad US, the Liquidation Trustee shall provide Randstad US, at no cost to Randstad US, with copies of such books and records regarding the Debtors as Randstad US may reasonably require to respond to information requests or audit notices from taxing authorities.

(c)    After the Effective Date, the books and records maintained by the Liquidation Trustee, as well as any and all other books and records of the Debtors, may be disposed of by the Liquidation Trustee in the Liquidation Trustee's sole discretion, without notice or approval of the Bankruptcy Court, at such time as the Liquidation Trustee determines that the continued possession or maintenance of such books and records is no longer necessary or beneficial; *provided*, *however*, that the Liquidation Trustee shall not dispose of or abandon any books and records that are: (i) reasonably likely to pertain to pending litigation in which the Debtors or their current or former officers or directors are a party, including any Causes of Action vested in the Liquidation Trust without further order of the Bankruptcy Court; or (ii) reasonably likely to relate to the tax obligations of the Debtors unless the Liquidation Trustee has provided Randstad US with (1) written notice describing such books and records and the Liquidation Trustee's intent to dispose of or abandon such

books and records and (2) copies of such books and records, if requested in writing by Randstad US. Notwithstanding anything to the contrary herein, nothing contained in this Agreement, the Plan or the Confirmation Order shall affect the obligations of any third party to maintain, preserve and/or provide access to the Debtors' books and records on the terms so specified in any such document setting forth such obligations.

2.12    <u>Evidence of Beneficial Interest</u>.    Ownership of a beneficial interest in the Liquidation Trust Assets shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidation Trust by the Liquidation Trustee.

# ARTICLE III
# RIGHTS, POWERS, AND DUTIES OF LIQUIDATION TRUST BENEFICIARIES

3.1    <u>Interests of Liquidation Trust Beneficiaries</u>.    The Liquidation Trust shall issue the Liquidation Trust Interests to the Liquidation Trust Beneficiaries in accordance with the Plan so that each Holder of an Allowed General Unsecured Claim shall receive a percentage of the Liquidation Trust Interests equal to such Holder's Allowed General Unsecured Claim divided by the sum of all Allowed General Unsecured Claims *plus* all Disputed General Unsecured Claims; *provided*, *however*, that (i) if a Disputed General Unsecured Claim is subsequently Disallowed, (a) the amount of such Disputed General Unsecured Claim shall no longer be included in the calculation set forth above and (b) the Liquidation Trust shall issue additional Liquidation Trust Interests to the Liquidation Trust Beneficiaries in accordance with the calculation set forth above and (ii) if a Disputed General Unsecured Claim subsequently becomes an Allowed General Unsecured Claim, the Liquidation Trust shall make subsequent distributions of Liquidation Trust Interests to such Holder on account of such Allowed General Unsecured Claim.  The Liquidation Trust Interests shall be uncertificated.

3.2    <u>Interests Beneficial Only</u>.    The ownership of a beneficial interest hereunder shall not entitle any Liquidation Trust Beneficiary to any title in or to the Liquidation Trust Assets as such (which title shall be vested in the Liquidation Trustee) or to any right to call for a partition or division of Liquidation Trust Assets or to require an accounting.

3.3    <u>No Right to Accounting</u>.    None of the Liquidation Trust Beneficiaries, their successors, assigns or creditors, or any other Person, shall have any right to an accounting by the Liquidation Trustee, and the Liquidation Trustee shall not be obligated to provide any accounting to any Person.  Nothing in this Agreement is intended to require the Liquidation Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust or as a condition for making any advance, payment or distribution out of proceeds of Liquidation Trust Assets.

3.4    <u>No Standing</u>.    Except as expressly provided in this Agreement, a Liquidation Trust Beneficiary shall not have standing to direct or seek to direct the Liquidation Trust or Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any person upon or with respect to the Liquidation Trust Assets.

3.5     <u>Requirement of Undertaking</u>.    The Liquidation Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidation Trustee for any action taken or omitted by the Liquidation Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; *provided*, *however*, that the provisions of this Section 3.5 shall not apply to any suit by the Liquidation Trustee.

3.6     <u>Limitation on Transferability</u>.  It is understood and agreed that the Liquidation Trust Interests shall be non-transferable and non-assignable except by will, intestate succession or by operation of law.  An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidation Trustee, and the Liquidation Trustee may continue to cause the Liquidation Trust to pay all amounts to or for the benefit of the assigning Liquidation Trust Beneficiaries until receipt of proper notification and proof of assignment by operation of law.  The Liquidation Trustee may rely upon such proof without the requirement of any further investigation.

3.7     <u>Effect of Death, Dissolution, Incapacity or Bankruptcy of Liquidation Trust Beneficiary</u>.  The death, dissolution, incapacity or bankruptcy of a Liquidation Trust Beneficiary during the term of the Liquidation Trust shall not operate to terminate the Liquidation Trust during the term of the Liquidation Trust nor shall it entitle the representative or creditors of such deceased, incapacitated or bankrupt Liquidation Trust Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Liquidation Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of the Liquidation Trust Beneficiary under this Agreement or such Liquidation Trust Beneficiary's interests in the Liquidation Trust or the Liquidation Trust Assets.

3.8     <u>Exemption from Registration</u>.  The Liquidation Trust Interests, and the rights of the Liquidation Trust Beneficiaries to receive Liquidation Trust Assets (if any), shall not constitute "securities" under applicable law, and shall not be registered pursuant to the Securities Act. However, if it is determined that the Liquidation Trust Interests and the Liquidation Trust Beneficiaries' rights to receive Liquidation Trust Assets (if any) constitute "securities," the exemption from registration under Section 1145 of the Bankruptcy Code is intended to be applicable to such securities, and such securities would be exempt from registration.  No party to this Agreement shall make a contrary or different contention.

**ARTICLE IV**
**AMENDMENT OF TRUST OR CHANGE IN LIQUIDATION TRUSTEE**

4.1     <u>Resignation of the Liquidation Trustee</u>.  The Liquidation Trustee may resign by an instrument in writing signed by the Liquidation Trustee and filed with the Bankruptcy Court with notice to the U.S. Trustee, *provided* that the Liquidation Trustee shall continue to serve as such after the Liquidation Trustee's resignation until the later of (i) thirty (30) calendar days or (ii) the date the appointment of a successor Liquidation Trustee shall become effective in accordance with Section 4.3 hereof.

4.2     <u>Removal of the Liquidation Trustee</u>.  Any party in interest, on notice and hearing before the Bankruptcy Court, may seek removal of the Liquidation Trustee for cause.  The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section 4.2.  Such removal shall become effective on the date specified in the order of the Bankruptcy Court.  For the purposes of this Agreement, "cause" shall mean:  (a) the willful and continued refusal by the Liquidation Trustee to perform the Liquidation Trustee's duties as set forth herein; or (b) gross negligence, gross misconduct, fraud, embezzlement or theft.

4.3     <u>Appointment of Successor Liquidation Trustee</u>.  In the event of the death, resignation, termination, incompetence or removal of the Liquidation Trustee, any Liquidation Trust Beneficiary or the outgoing Liquidation Trustee may file a motion with the Bankruptcy Court to appoint a successor Liquidation Trustee.  In the event no party in interest seeks the appointment of a successor Liquidation Trustee, the Bankruptcy Court may do so *sua sponte*.  Any successor Liquidation Trustee so appointed:  (a) shall consent to and accept their appointment as successor Liquidation Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of his or her appointment as successor Liquidation Trustee; and (b) shall not have any liability or responsibility for the acts or omissions of any predecessor(s).  Any successor Liquidation Trustee may be appointed to serve only on an interim basis.

4.4     <u>Continuity</u>.  Unless otherwise ordered by the Bankruptcy Court, the death, resignation, termination, incompetence or removal of the Liquidation Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidation Trustee.  In the event of the resignation, termination or removal of the Liquidation Trustee, the Liquidation Trustee shall promptly execute and deliver such documents, instruments, final reports and other writings as may be reasonably requested from time to time by the successor Liquidation Trustee.

4.5     <u>Amendment of Agreement</u>.  This Agreement may be amended, modified or altered without order of the Bankruptcy Court solely in accordance with Section 2.1(z) and the last sentence of Section 2.1 of this Agreement.

## ARTICLE V
## TERMINATION OF LIQUIDATION TRUST

The Liquidation Trust shall be dissolved upon the earlier of (a) the distribution of all of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries and (b) the fifth anniversary of the creation of the Liquidation Trust; *provided that*, if warranted by the facts and circumstances involved in resolving or monetizing any Liquidation Trust Assets, upon application to, and if approved by, the Bankruptcy Court upon a finding that such extension is necessary or appropriate for purposes of resolving or monetizing such Liquidation Trust Assets and distributing the proceeds to Liquidation Trust Beneficiaries, the term of the Liquidation Trust may be extended by the Liquidation Trustee for a specified term in accordance with applicable tax laws and regulations. Such application must be filed with the Bankruptcy Court no earlier than six (6) months before the termination date of the Liquidation Trust.

## ARTICLE VI
## RETENTION OF JURISDICTION

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Liquidation Trust, the Liquidation Trustee, and the Liquidation Trust Assets as provided in the Plan, including without limitation, the determination of all controversies and disputes arising under or in connection with the Liquidation Trust or this Agreement. However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter. All Liquidation Trust Beneficiaries consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware and the state courts sitting in Wilmington, Delaware over all disputes related to this Agreement.

## ARTICLE VII
## MISCELLANEOUS

7.1     <u>Applicable Law</u>.  The Liquidation Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of Delaware without giving effect to principles of conflict of laws, but subject to any applicable federal law.

7.2     <u>Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

7.3     <u>Relationship Created</u>.  Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

7.4     <u>Confirmation of Survival of Provisions</u>.  Without limitation in any way of any provision of this Agreement, the limitation of liability and indemnity provisions in Sections 2.7 through 2.9 shall survive the death, dissolution, liquidation, resignation, replacement or removal, as may be applicable, of the Liquidation Trustee, or the termination of the Liquidation Trust or this Agreement, and shall inure to the benefit of the Liquidation Trustee's (together with and any persons indemnified under this Agreement) heirs and assigns.

7.5     <u>Interpretation</u>. Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

7.6     <u>Savings Clause</u>.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

7.7     <u>Entire Agreement</u>.  This Agreement, the Plan, and the Confirmation Order constitute the entire agreement by and among the Parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein.  This Agreement together with the Plan and the Confirmation Order supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the Parties hereto, relating to such subject matter.  Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement, the Plan or the Confirmation Order, nothing in

this Agreement is intended or shall be construed to confer upon or to give any Person, other than the Parties hereto and the Liquidation Trust Beneficiaries and the Prepetition Notes Agent and Randstad US (which are both express third-party beneficiaries under this Agreement), any rights or remedies under or by reason of this Agreement.

7.8     Counterparts.   This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.  This Agreement may also be executed through the use of electronic signature, which the Parties acknowledge and agree is a lawful means of obtaining signatures in the United States.  The delivery of this Agreement and the Parties' executed counterpart signature pages hereto may be made by e-mail transmission of a PDF document, and such signatures shall be treated as original signatures for all applicable purposes.

7.9     Notices.

(a)     All notices to be given to Liquidation Trust Beneficiaries may be given by ordinary mail, or may be delivered by electronic mail, first class mail, commercial carrier delivery or hand delivery to such Liquidation Trust Beneficiaries at the addresses for such Liquidation Trust Beneficiaries appearing on the claims register.  Any notice or other communication which may be or is required to be given, served or sent to the Liquidation Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

    If to the Liquidation Trustee:

    Steven Balasiano
    c/o MHR Advisory Group, LLC
    6701 Bay Parkway, Suite 300
    Brooklyn, New York 11204
    Attn.: Steven Balasiano (steven@mhradvisory.com)

    With a copy to its counsel:

    Cole Schotz P.C.
    500 Delaware Avenue, Suite 600
    Wilmington, DE 19801
    Telephone: (302) 652-3131
    Attn: Justin R. Alberto (jalberto@coleschotz.com)

(b)     Any Person may change the address at which it is to receive notices under this Agreement by furnishing written notice to the Liquidation Trustee in the same manner as above.

7.10    Effective Date.  This Agreement shall become effective as of the Effective Date set forth above.

7.11   <u>Successors and Assigns</u>.  This Agreement shall be binding upon each of the Parties hereto and their respective successors and assigns and shall inure to the benefit of the Parties, the Liquidation Trust Beneficiaries, the Prepetition Notes Agent, Randstad US and, subject to the provisions hereof, their respective successors and assigns.

7.12   <u>Conflict with the Plan</u>.  In the event of any conflict between the terms of the Plan and this Agreement, the terms of the Plan shall govern.

IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the Effective Date.

**Zen JV, LLC; Monster Worldwide LLC; FastWeb, LLC; Monster Government Solutions, LLC; Camaro Acquisition, LLC; CareerBuilder, LLC; CareerBuilder Government Solutions, LLC; Luceo Solutions, LLC; CareerBuilder France Holding, LLC; and Military Advantage, LLC**

/s/ *DRAFT*
By: [NAME]
[TITLE]

**Liquidation Trustee of Zen JV Liquidation Trust**

/s/ *DRAFT*
By: Steven Balasiano
MHR Advisory Group, LLC

**Official Committee of Unsecured Creditors of Zen JV, LLC, *et al.***

/s/ *DRAFT*
By: Oscar Romero
On behalf of Verinext Inc.
Solely in his capacity as Chairperson of the Official Committee of Unsecured Creditors of Zen JV, LLC, *et al*.

<u>**Schedule A**</u>

**Terms of Compensation of Liquidation Trustee**

1.      <u>Compensation</u>.  In consideration for the services of the Liquidation Trustee under this Agreement, the Liquidation Trustee shall receive the following compensation solely from the Liquidation Trust Reserve: (i) a monthly fee of $20,000 for the first six (6) months of the appointment and $15,000 per month thereafter and (ii) reimbursement of reasonable and necessary expenses, including payment of all fees and expenses of the Liquidation Trustee's attorneys.

2.      <u>Payment of Monthly Fee, Full Fee for Initial Month</u>.  The Liquidation Trustee's monthly fee shall be payable out of the Liquidation Trust Reserve beginning on the Effective Date and continuing thereafter until the death, resignation, termination or removal of the Liquidation Trustee or termination or dissolution of the Liquidation Trust.  The first monthly fee shall be incurred immediately on approval of the appointment of the Liquidation Trustee even if the Liquidation Trustee is appointed before the Effective Date and incurred each month thereafter, although in such case the monthly fee(s) shall not become payable until the Effective Date, but shall accrue each month and remain unpaid until the Effective Date occurs.  The Liquidation Trustee shall be entitled to payment of his entire monthly fee, without prorating, for and beginning with the month of October 2025.

3.      <u>Means and Timing of Payment</u>.  The Liquidation Trustee's monthly fee shall be automatically paid from the Liquidation Trust Reserve in advance by wire transfer or equivalent electronic means or from funds held, in the Liquidation Trustee's discretion, on the Effective Date and thereafter on the first business day of each month through and including the month in which the Liquidation Trustee dies, resigns, is terminated or removed or the Liquidation Trust is terminated or dissolved.