**Exhibit H**

**Certification Regarding Interim Fee Application**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |

## CERTIFICATION OF CANDACE M. ARTHUR IN SUPPORT OF THE FIRST INTERIM FEE APPLICATION OF LATHAM & WATKINS LLP

1. I am a partner with the applicant firm, Latham & Watkins LLP ("**Latham**"), and have been admitted to the bar of the State of New York since 2010.

2. I make this certification regarding the *First Interim Fee Application of Latham & Watkins LLP for Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Bankruptcy Counsel to the Debtors for the Period from June 24, 2025 through August 31, 2025* (the "**Interim Fee Application**") to certify matters addressed in the *Order Pursuant to 11 U.S.C. §§ 331, 330, AND 105(a) and Fed. R. Bankr. P. 2016 (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Processionals, and (II) Granting Related Relief [Docket No. 258]* (the "**Interim Compensation Order**").[2]

3. I have personally performed many of the legal services rendered by Latham as counsel to the Debtors in the chapter 11 cases, and am thoroughly familiar with the other work

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Interim Compensation Order.

performed on behalf of the Debtors by the lawyers in the firm.

4. Specifically, I have reviewed the Interim Fee Application, including each Monthly Fee Application relating to the period from June 24, 2025 through August 31, 2025 (the "**Interim Fee Period**") covered by the Interim Fee Application, and I hereby certify that such applications comply with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. In addition, I hereby certify that, in accordance with the Interim Compensation Order, and in connection with preparing the Interim Fee Application, Latham has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**").

### Disclosures Pursuant to the Revised U.S. Trustee Guidelines

5. By order dated August 11, 2025 [Docket No. 297] the ("**Retention Order**") the Court approved the *Debtors' Application for Entry of An Order Under Authorizing the Employment and Retention of Latham & Watkins LLP as Bankruptcy Counsel as of the Petition Date* [Docket No. 207] (the "**Retention Application**") authorizing the Debtors to retain Latham as their counsel in these chapter 11 cases.

6. Forty-one professionals are included in this Interim Fee Application. Of those 41 professionals, 18 billed fewer than 15 hours during the Interim Fee Period.

7. Latham discussed its rates, fees, and staffing plan with the Debtors at the outset of these chapter 11 cases. Further, Latham (i) provided the Debtors, the Debtors' DIP lender, and the advisors to the Debtors' secured noteholders with a budget in connection with the Debtors' postpetition financing and post-sale winddown process and (ii) also discussed staffing and fees with the Debtors and the advisors to the Debtors' secured noteholders throughout the case

10

(including a significant reduction in staffing following the closing of the Debtors' sales),3 which is attached to the Interim Fee Application as <u>Exhibit F</u>. The difference between the fees budgeted and the compensation sought for the Interim Fee Period is $1,522,802.75 (approximately 32%) lower than the budgeted amount.

8. In accordance with the U.S. Trustee Guidelines, Latham responds to the questions identified therein as follows:

<u>Question 1</u>: Did Latham agree to any variations from, or alternatives to, Latham's standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

<u>Answer</u>: No.

<u>Question 2</u>: If the fees sought in the Interim Fee Application as compared to the fees budgeted for the time period covered by the Interim Fee Application are higher by 10% or more, did Latham discuss the reasons for the variation with the client?

<u>Answer</u>: N/A --- the fees sought are not higher than the fees budgeted.

<u>Question 3</u>: Have any of the professionals included in the Interim Fee Application varied their hourly rate based on geographic location of the bankruptcy case?

<u>Answer</u>: No.

<u>Question 4</u>: Does the Interim Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

<u>Answer</u>: Yes. The Interim Fee Application includes time and fees related to reviewing or revising time records or preparing, reviewing or revising invoices in connection with the preparation of Monthly Fee Applications relating to the Interim Fee Period covered by the Interim Fee Application. Latham is seeking compensation for approximately 9.40 hours and $12,020.50 in fees with respect to reviewing and revising time records with respect to the preparation of such fee applications.

---

3   Latham agreed with the advisors to the Debtors' secured noteholders that the Latham team after the Debtors' sales closed would consist only of Candace Arthur and Jonathan Gordon, with select specialists as needed.

11

US-DOCS\163982559.5

Question 5: Does the Interim Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

    Answer: Yes. The time and fees described in response to Question 4 above includes time expended for such matters during the Interim Fee Period; however, such time was not separately tracked.

Question 6: Does the Interim Fee Application include any rate increases since Latham's retention in these cases?

    Answer: No.

*/s/ Candace M. Arthur*
Candace M. Arthur

12