## Exhibit A

**Proposed Confirmation Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------- x
                                                          :
In re:                                                    :  Chapter 11
                                                          :
ZEN JV, LLC, *et al.*,[1]                                 :  Case No. 25-11195 (JKS)
                                                          :
                          Debtors.                        :  (Jointly Administered)
                                                          :
-------------------------------------------------------- x

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND**
**ORDER (I) APPROVING THE ADEQUACY OF THE DEBTORS' SECOND**
**AMENDED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER**
**11 PLAN OF LIQUIDATION ON A FINAL BASIS AND (II) CONFIRMING THE**
**DEBTORS' SECOND AMENDED COMBINED DISCLOSURE STATEMENT**
**AND JOINT CHAPTER 11 PLAN OF LIQUIDATION**

Zen JV, LLC and its debtor affiliates (collectively, the "**Debtors**") as debtors and

debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") having

filed:

(a)    the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 408], dated October 3, 2025 (as may be amended, modified and/or supplemented and collectively with the exhibits thereto, the "**Combined Plan and Disclosure Statement**"),[2] a true and correct copy of which is attached hereto as **Exhibit A**;

(b)    the *Notice of Filing of Plan Supplement in Connection with Debtors' Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 388] (as may be amended, modified and/or supplemented, the "**Plan Supplement**");

(c)    the *Affidavit of Service* [Docket No. 379] and the *Proof of Publication* [Docket No. 405] (collectively, the "**Confirmation Notice Affidavits**");

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    All capitalized terms not otherwise defined herein have the meanings given to them in the Combined Plan and Disclosure Statement.

(d)    the [*Voting Declaration*] [Docket No. __] (the "**Voting Declaration**");

(e)    the [*Declaration of Jesse DelConte in Support of Confirmation of the Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation*] [Docket No. __] (the "**DelConte Declaration**"); and

(f)    the [*Memorandum of Law in Support of (A) Final Approval of the Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation and (B) Confirmation of the Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation*] [Docket No. __].

and the Court having previously entered the *Order (A) Conditionally Approving the Combined Plan and Disclosure Statement for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, (C) Approving the Forms of Ballots and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [Docket No. 335] (the "**Conditional Approval and Procedures Order**"); and the Court having conducted an evidentiary hearing to consider confirmation of the Combined Plan and Disclosure Statement on October 7, 2025 (the "**Confirmation Hearing**"); the Court having considered (i) the testimony of the witnesses called at the Confirmation Hearing, if any, as well as the declarations admitted into evidence at the Confirmation Hearing, (ii) the arguments of counsel presented at the Confirmation Hearing, (iii) that no objections were filed with respect to Confirmation of the Combined Plan and Disclosure Statement, (iv) the resolution, settlement, or withdrawal of any reservations of rights and certain informal responses and objections and (v) the pleadings and other papers filed by the Debtors and the Committee in support of the Combined Plan and Disclosure Statement; upon the record of the Confirmation Hearing, and after due deliberation thereon; and good and sufficient cause appearing therefor, the Court hereby finds and determines as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.

B.      <u>Jurisdiction, Venue, Core Proceeding</u>.  The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Combined Plan and Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  This Court has jurisdiction to (i) determine whether the Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code and (ii) enter a final order with respect to confirmation thereof.

C.      <u>Sufficiency of Disclosures</u>.  The disclosures contained in the Combined Plan and Disclosure Statement provided Holders of Claims entitled to vote on the Combined Plan and Disclosure Statement with adequate information to make an informed decision as to whether to vote to accept or reject the Combined Plan and Disclosure Statement in accordance with section 1125(a)(1) of the Bankruptcy Code.

D.      <u>Solicitation</u>.  The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and any other applicable rules, laws and regulations.

3

E.      Notice.  As evidenced by the Voting Declaration and the Confirmation Notice Affidavits, all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Combined Plan and Disclosure Statement) have been given due, proper, timely and adequate notice in accordance with the Conditional Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.

F.      Voting.  As evidenced by the Voting Declaration, votes to accept or reject the Combined Plan and Disclosure Statement have been solicited and tabulated fairly, in good faith and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules, the solicitation process set forth in the Conditional Approval and Procedures Order and applicable non-bankruptcy law.

G.      Satisfaction of Section 1129 of the Bankruptcy Code.  Each of the Debtors has met the burden of proving that the Combined Plan and Disclosure Statement satisfies the requirements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence.

H.      Proposed in Good Faith.  The Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement was negotiated at arms-length and without collusion with any Person or Entity.  The Combined Plan and Disclosure Statement has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

4

I.    Best Interest of Creditors.  The Combined Plan and Disclosure Statement satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis attached to the Combined Plan and Disclosure Statement and the other evidence proffered or adduced at the Confirmation Hearing (1) is persuasive and credible, (2) has not been controverted by other evidence and (3) establishes that each Holder of an Impaired Claim or Equity Interest that has not accepted the Combined Plan and Disclosure Statement will receive or retain under the Combined Plan and Disclosure Statement, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

J.    Feasibility. The Combined Plan and Disclosure Statement provides for the liquidation of the Debtors' remaining assets and, accordingly, no further reorganization of the Debtors is contemplated. The information in the Combined Plan and Disclosure Statement, the DelConte Declaration, and the evidence at the Confirmation Hearing together with the record of these Chapter 11 Cases, establishes that the Debtors and the Liquidation Trust, as applicable, have sufficient funds available as of the Effective Date to pay all Claims and expenses that are required to be paid on the Effective Date under the Combined Plan and Disclosure Statement and have funds and/or resources to make the other post-Effective Date Distributions provided for under the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement, therefore, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code and is feasible.

K.    Acceptance by Certain Classes.  Classes 3, 4 and 5 are Impaired under the Combined Plan and Disclosure Statement and voted to accept the Combined Plan and Disclosure Statement.  Classes 1 and 2 were deemed to accept the Combined Plan and Disclosure Statement. Classes 6 and 7 are Impaired under the Combined Plan and Disclosure Statement and are not

5

entitled to receive or retain any property under the Combined Plan and Disclosure Statement, and, therefore, are deemed to have rejected the Combined Plan and Disclosure Statement pursuant to section 1126(g) of the Bankruptcy Code.  As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Plan and Disclosure Statement may be confirmed notwithstanding the fact that Classes 6 and 7 are Impaired and deemed to have rejected the Combined Plan and Disclosure Statement.

L.      Fair and Equitable; No Unfair Discrimination.  Holders in Classes 6 and 7 are deemed to have rejected the Combined Plan and Disclosure Statement.  Based upon the evidence proffered, adduced and presented by the Debtors at the Confirmation Hearing, the Combined Plan and Disclosure Statement does not discriminate unfairly against, and is fair and equitable with respect to, Classes 6 and 7, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  Thus, the Combined Plan and Disclosure Statement may be confirmed notwithstanding the deemed rejection of the Combined Plan and Disclosure Statement by Classes 6 and 7.

M.      Releases, Exculpation and Injunction.  Approval of the release, exculpation and injunction provisions set forth in the Combined Plan and Disclosure Statement is warranted.  The releases provided by the Debtors set forth at Article XII.B of the Combined Plan and Disclosure Statement represent a valid exercise of the Debtors' business judgment.  The releases provided by third parties set forth at Article XII.C of the Combined Plan and Disclosure Statement are consensual.  The exculpation provisions meet the standard to which fiduciaries are held as reflected in *In re PWS Holding Corp*, 228 F.3d 224 (3d Cir. 2000), and the injunction provisions serve to effectuate both the release and exculpation provisions.  Further, the Combined Plan and Disclosure Statement and the Ballots contain sufficient disclosure of the releases provided

6

by third parties set forth at Article XII.C of the Combined Plan and Disclosure Statement, including detailed instructions regarding how to opt-in to such releases, and the Releasing Parties have consented to the third-party releases.

N.    Liquidation Trust.  Entry into the Liquidation Trust Agreement is in the best interests of the Debtors, the Estates and the Holders of Claims.  The establishment of the Liquidation Trust, the selection of Liquidation Trustee and the form of the proposed Liquidation Trust Agreement (as such may be modified or amended) are appropriate and in the best interests of the Debtors, the Estates and Holders of Claims.  The Liquidation Trust Agreement will, upon execution, be valid, binding and enforceable in accordance with its terms.  The Liquidation Trustee is not, and will not be deemed to be, a successor-in-interest of the Debtors for any purpose other than as set forth in the Combined Plan and Disclosure Statement or in the Liquidation Trust Agreement.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Final Approval of Disclosure Statement.  The Combined Plan and Disclosure Statement is approved on a final basis as having adequate information as contemplated by section 1125(a)(1) of the Bankruptcy Code.

2.    Confirmation of the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement, attached hereto as **Exhibit A**, is approved and confirmed under section 1129 of the Bankruptcy Code in each and every respect.

3.    Objections Resolved or Overruled.  All objections, responses, statements and comments in opposition to the Combined Plan and Disclosure Statement (and any reservation of rights contained therein), other than those withdrawn with prejudice, waived or settled prior to, or on the record at, the Confirmation Hearing, are overruled in their entirety and on their merits.

4.      <u>Occurrence of Effective Date</u>.  The Effective Date of the Combined Plan and Disclosure Statement shall occur on the date determined by the Debtors when the conditions set forth in Article XIV.A of the Combined Plan and Disclosure Statement have been satisfied or, if applicable, waived pursuant to Article XIV.D of the Combined Plan and Disclosure Statement.

5.      <u>No Waiver of Plan Provisions</u>.  The failure to specifically include any particular provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof. The Combined Plan and Disclosure Statement is confirmed and approved.

6.      <u>Binding Effect</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(a), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Combined Plan and Disclosure Statement and Plan Supplement shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidation Trust, any and all the Holders of Claims or Equity Interests (irrespective of whether their Claims or Equity Interests are deemed to have accepted the Combined Plan and Disclosure Statement), all Persons and Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Combined Plan and Disclosure Statement, each Person and Entity acquiring property under the Combined Plan and Disclosure Statement, any and all non-Debtor parties to Executory Contracts with the Debtors, and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries or guardians, if any, with respect to the foregoing.

7.      <u>Vesting of Assets</u>.  All Liquidation Trust Assets shall automatically vest in the Liquidation Trust free and clear of all Claims, Liens and other interests, subject only to the Allowed Claims set forth in the Combined Plan and Disclosure Statement and the Liquidation

8

Trust Expenses, as set forth in the Combined Plan and Disclosure Statement and the Liquidation Trust Agreement.

8.    <u>Implementation of the Combined Plan and Disclosure Statement</u>.  Upon entry of the Confirmation Order, the Debtors and the Liquidation Trustee, as applicable, shall be authorized to execute, deliver, file or record such contracts, instruments, releases, consents, certificates, notices, resolutions, programs, and other agreements, instruments and/or documents, and take such acts and actions as may be reasonably necessary or appropriate to effectuate, implement, substantially consummate and/or further evidence the terms and conditions of the Combined Plan and Disclosure Statement and any transactions described in or contemplated by the Combined Plan and Disclosure Statement.  The Debtors or the Liquidation Trustee, as applicable, may, and all Holders of Allowed Claims receiving Distributions under the Combined Plan and Disclosure Statement or as Liquidation Trust Beneficiaries of the Liquidation Trust, at the request or direction of the Debtors or Liquidation Trustee, as applicable, shall, from time to time, prepare, execute, and deliver any agreements or documents, and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Combined Plan and Disclosure Statement.

9.    <u>Liquidation Trust</u>.  The Liquidation Trust will be established on the Effective Date in accordance with the Combined Plan and Disclosure Statement and the Liquidation Trust Agreement.  The Debtors are authorized to enter into the Liquidation Trust Agreement, and the appointment of the Liquidation Trustee is hereby authorized and approved. The Liquidation Trustee's duties shall commence as of the Effective Date, and the Liquidation Trustee shall have the authority and responsibilities with respect to the Liquidation Trust as set

9

forth in Article IX of the Combined Plan and Disclosure Statement and the Liquidation Trust Agreement.

10.    <u>Limited Substantive Consolidation</u>.  In accordance with, and to the extent described by, Article XI.D of the Combined Plan and Disclosure Statement, the limited substantive consolidation of the Debtors' Estates, but solely for the purposes of the Combined Plan and Disclosure Statement, including voting on the Combined Plan and Disclosure Statement by the Holders of Claims and making any Distributions to Holders of Claims, is approved.

11.    <u>Executory Contracts</u>.  The Executory Contracts provisions of Article XIII of the Combined Plan and Disclosure Statement, and the assumptions, assumptions and assignments or rejections described in Article XIII of the Combined Plan and Disclosure Statement, are approved in all respects.  The Debtors are authorized to assume, assign and/or reject Executory Contracts in accordance with Article XIII of the Combined Plan and Disclosure Statement.

12.    <u>Rejection Damages Bar Date</u>.  Any Claim arising from the rejection of an Executory Contract pursuant to the Combined Plan and Disclosure Statement shall be Filed in accordance with Article XIII.C of the Combined Plan and Disclosure Statement by no later than, for Governmental Units, the Governmental Bar Date and, for non-Governmental Units, 30 days after service of the Effective Date Notice (as defined below).

13.    <u>Administrative Expense Bar Date</u>.  Requests for Administrative Expense Claims (other than a Professional Fee Claim or any Statutory Fees) must be Filed by no later than the Business Day that is 30 days after service of the Effective Date Notice.

14.    <u>Professional Compensation</u>.  In accordance with, and except as provided by, Article VI.B of the Combined Plan and Disclosure Statement, all requests for compensation or

reimbursement of Professionals retained in the Chapter 11 Cases for services performed and expenses incurred prior to the Effective Date shall be Filed and served by no later than 45 days after the Effective Date.  Professional Fee Claims shall be paid in full, in Cash, in such amounts as are Allowed by order of the Bankruptcy Court:  (i) within three Business Days of the date upon which an order relating to any such Allowed Professional Fee Claim is entered; or (ii) on such other terms as may be mutually agreed upon between the Holder of such an Allowed Professional Fee Claim and the Debtors or the Liquidation Trust, as applicable.  Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of business without any further notice to, or action, Order or approval of, the Bankruptcy Court.  Notwithstanding the foregoing, each Professional may seek compensation for fees and expenses in connection with the preparation and prosecution of fee applications in its final fee application and be paid from the Professional Fee Reserve on account of such compensation.

15.    Professional Fee Reserve.  As soon as practicable after the Confirmation Date and not later than the Effective Date, the Debtors shall establish and fund the Professional Fee Reserve.  Funds held in the Professional Fee Reserve shall not be considered property of the Estates or property of the Liquidation Trust.  The Professional Fee Reserve shall be maintained in trust solely for the Professionals and for no other Person until all Professional Fee Claims Allowed by the Bankruptcy Court have been paid in full.  To the extent funds held in the Professional Fee Reserve are insufficient to satisfy the amount of Allowed Professional Fee Claims owing to the Debtors' Professionals, such Professionals shall have an Allowed Administrative Expense Claim for any such deficiency.  In the event there are amounts remaining in the Professional Fee Reserve

11

after the payment of Allowed Professional Fee Claims such amounts will be subject to the Waterfall Recovery in Article III.C.6 of the Combined Plan and Disclosure Statement.

16.    <u>Binding Release, Exculpation and Injunction Provisions</u>.  All release, exculpation and injunction provisions embodied herein, in the Combined Plan and Disclosure Statement, or both, including but not limited to those contained in Articles XII of the Combined Plan and Disclosure Statement, are approved and are effective and binding on all Persons and Entities to the extent set forth herein or therein.

17.    <u>Abandonment of Non-Debtor Equity Interests</u>.  Upon the occurrence of the Effective Date, the Non-Debtor Equity Interests shall be deemed abandoned pursuant to Section 544 of the Bankruptcy Code without further Order or further notice to any Person or Entity.

18.    <u>Payment of Statutory Fees</u>.  Statutory Fees due and payable prior to the Effective Date shall be paid by the Debtors on the Effective Date.  After the Effective Date, the Debtors and the Liquidation Trust shall be jointly and severally liable to pay any and all Statutory Fees when due and payable.  The Debtors shall file all monthly operating reports relating to the time period prior to the Effective Date when they become due, using UST Form 11-MOR.  After the Effective Date, each of the Debtors and the Liquidation Trust shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due.  Each of the Debtors and the Liquidation Trust, as applicable, shall remain obligated to pay Statutory Fees to the Office of the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under Chapter 7 of the Bankruptcy Code.  The U.S. Trustee shall not be required to file any Proof of Claim in the cases and shall not be treated as providing any release under the Combined Plan and Disclosure Statement.

19.     <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, following the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including, without limitation, such jurisdiction as is necessary to ensure that the interests and purposes of the Combined Plan and Disclosure Statement are carried out, including, among other things, jurisdiction over the matters set forth in Article VIII of the Combined Plan and Disclosure Statement.

20.     <u>Exemption from Transfer Taxes and Recording Fees</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, any issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer in connection with the Combined Plan and Disclosure Statement, shall not be taxed under any law imposing a stamp tax or similar tax.

21.     <u>Defects or Omissions</u>.  Subject to those restrictions on modifications set forth in the Combined Plan and Disclosure Statement and the requirements of section 1127 of the Bankruptcy Code, Rule 3019 of the Federal Rules of Bankruptcy Procedure, and, to the extent applicable, sections 1122, 1123, and 1125 of the Bankruptcy Code, each of the Debtors' rights to revoke or withdraw, or to alter, amend or modify the Combined Plan and Disclosure Statement with respect to such Debtor, one or more times, after Confirmation is expressly reserved.  To the extent necessary, the Debtors may initiate proceedings in the Bankruptcy Court to so alter, amend or modify the Combined Plan and Disclosure Statement, or remedy any defect or omission, or reconcile any inconsistencies in the Combined Plan and Disclosure Statement or the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Combined Plan and Disclosure Statement.  Prior to the Effective Date, the Debtors may make appropriate

13

technical adjustments and modifications to the Combined Plan and Disclosure Statement without further Order or approval of the Bankruptcy Court.

22.     <u>Severability</u>.    The provisions of the confirmed Combined Plan and Disclosure Statement and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

23.     <u>Governing Law</u>.  Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Combined Plan and Disclosure Statement provides otherwise, the rights and obligations arising under the Combined Plan and Disclosure Statement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflicts of law of such jurisdiction.

24.     <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

25.     <u>Documents and Instruments</u>.   Each federal, state, commonwealth, local, foreign or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order.

26.     <u>Governmental Approvals Not Required</u>.   To the extent not otherwise prohibited by applicable non-bankruptcy law, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or other governmental authority with respect to the implementation or consummation of the Combined Plan

14

and Disclosure Statement, any documents, instruments or agreements, and any amendments or modifications thereto and any other acts referred to in, or contemplated by, the Combined Plan and Disclosure Statement.

27.    <u>Notice of Entry of Confirmation Order and Effective Date</u>.  The form of notice of entry of this Confirmation Order and the Effective Date, attached hereto as **<u>Exhibit B</u>** (the "**<u>Effective Date Notice</u>**"), is hereby approved.  On the Effective Date, the Debtors or the Liquidation Trust, as applicable, shall file and serve the Effective Date Notice on the following parties:  (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases, (ii) state and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) Holders of Claims or Equity Interests in the Non-Voting Classes, (v) the U.S. Trustee, (vi) all persons or entities listed on the Debtors' creditor mailing matrix, (vii) all non-Debtor Affiliates; and (viii) all Holders of Claims or Equity Interests (to the extent not otherwise included in the foregoing).  The Liquidation Trust may cause a summary version of the Effective Date Notice to be published in the national edition of the *Wall Street Journal* or the *USA Today*, and any other publications the Liquidation Trustee deems appropriate, within ten (10) Business Days after the Effective Date (or as soon as reasonably practicable thereafter).  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of the contents thereof, entry of this Confirmation Order, the occurrence of the Effective Date, the Administrative Expense Bar Date and the deadline to File any Claim arising from the rejection of an Executory Contract pursuant to the Combined Plan and Disclosure Statement.

28.    <u>Waiver of Stay</u>.  The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h) and 6006(d)),

whether for 14 days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

29.    <u>Resolution with JPMorgan Chase Bank N.A.</u>  The Debtors are authorized, but not directed, in their sole discretion, pursuant to section 363(b) of the Bankruptcy Code, to cancel the Standby Letter of Credit No. 210908914-24429001 issued by JPMorgan Chase Bank, N.A. in favor of CareerBuilder, LLC and take such actions and execute such documents as may be necessary to effectuate such cancellation.

30.    <u>Resolution with the United States</u>.  As to the United States, its agencies or any instrumentalities thereof (collectively, the "**<u>United States</u>**"), notwithstanding anything contained in the Combined Plan and Disclosure Statement and Plan Supplement (the "**<u>Plan Documents</u>**"), or this Confirmation Order to the contrary, nothing shall:

i.    limit or be intended to or be construed to bar the United States from pursuing any police or regulatory action or any criminal action;

ii.    discharge, release, exculpate, impair or otherwise preclude: (a) any obligation or liability to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (b) any Claim of the United States arising on or after the Effective Date; (c) any liability of the Debtors under police or regulatory statutes or regulations to the United States as the owner, lessor, lessee or operator of property that such Entity owns, operates or leases after the Effective Date; or (d) any obligation or liability owed by a non-Debtor to the United States, including but not limited to any obligation or liabilities arising under the federal environmental, criminal, civil or common law; provided, however, that the foregoing shall not diminish the scope of any exculpation to which any Person is entitled under section 1125(e) of the Bankruptcy Code and Article XII.A. of the Combined Plan and Disclosure Statement;

iii.    enjoin or otherwise bar the United States from asserting or enforcing, outside the Bankruptcy Court, any obligation or liability described in the preceding clause (ii); *provided*, *however*, that the non-bankruptcy rights and defenses of all Persons with respect to (a)–(d) in clause (ii) are likewise fully preserved;

iv.    affect any valid right of setoff or recoupment of the United States against any of the Debtors, the Liquidation Trust or Liquidation Trustee; *provided*, *however*, that the rights and defenses (other than any rights or defenses based on language in the Combined Plan and Disclosure Statement or the Confirmation Order that may

16

extinguish or limit setoff or recoupment rights) of the Debtors, the Liquidation Trust or Liquidation Trustee with respect thereto are fully preserved;

v.      confer exclusive jurisdiction upon the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code);

vi.     authorize the assumption, assignment, sale or other transfer of any federal (a) grants, (b) grant funds, (c) contracts, (d) agreements, (e) awards, (f) task orders, (g) property, (h) intellectual property, (i) patents, (j) leases, (k) certifications, (l) applications, (m) registrations, (n) billing numbers, (o) national provider identifiers, (p) provider transaction access numbers, (q) licenses, (r) permits, (s) covenants, (t) inventory, (u) guarantees, (v) indemnifications, (w) data, (x) records, or (y) any other interests belonging to the United States (collectively, "**Federal Interests**") without compliance with all terms of the Federal Interests and with all applicable non-bankruptcy law, except as otherwise permitted pursuant to the Bankruptcy Code;

vii.    be interpreted to set cure amounts related to any Federal Interests or to require the United     States to novate, approve or otherwise consent to the assumption, assignment, sale or other transfer of any Federal Interests;

viii.   constitute or be deemed an approval or consent by the United States;

ix.     waive, alter, or otherwise limit the United States' property rights;

x.      be construed as a compromise or settlement of any obligation, liability, Claim, Cause of Action or interest of the United States;

xi.     modify the scope of section 525 of the Bankruptcy Code;

xii.    require rejection damages claims to be filed before the Governmental Bar Date or alter the priority and treatment of such rejection damage claims under the Bankruptcy Code; and

xiii.   require the filing of an administrative claim in order to receive payment for any liability described in Section 503(b)(1)(B) and (C) of the Bankruptcy Code (in accordance with Section 503(b)(1)(D) of the Bankruptcy Code).

Administrative Expense Claims of the United States that are allowed pursuant to the Combined

Plan and Disclosure Statement or the Bankruptcy Code shall accrue interest and penalties as

provided by non-bankruptcy law until paid in full.  Priority Tax Claims of the United States that

are allowed pursuant to the Combined Plan and Disclosure Statement or the Bankruptcy Code will

be paid in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code. To the extent Allowed

Priority Tax Claims of the United States (including any penalties, interest or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in Cash on the Effective Date, then such Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate set forth in Section 511 of the Bankruptcy Code. Further, in the event of an inconsistency or conflict between any provision of the Plan Documents and any provision of this Confirmation Order, then, as to the United States, the provisions of this Confirmation Order and federal law shall control.

31.    <u>Resolution with the Chubb Companies</u>.  Notwithstanding anything to the contrary in the Combined Plan and Disclosure Statement, this Confirmation Order, the Bar Date Order, any other bar date order or notice, any claim objection or notice of satisfaction of claims, or any other document related to any of the foregoing, or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction, discharge or release, confers Bankruptcy Court jurisdiction, or requires a party to opt out of any releases):

    i.    on the Effective Date, all insurance policies that have been issued at any time by ACE American Insurance Company and/or any of its U.S.-based affiliates and predecessors (collectively, and solely in their capacities as insurers of one or more of the Debtors, the "**Chubb Companies**") to (or providing coverage to) any of the Debtors or any of their predecessors, and all agreements, documents or instruments related thereto (each as amended, modified or supplemented and including any exhibit or addenda thereto, collectively, the "**Chubb Insurance Program**") shall vest, unaltered and in their entireties in the Liquidation Trust, and shall continue in full force and effect thereafter in accordance with their respective terms and conditions;

    ii.    on and after the Effective Date, the Liquidation Trust shall be liable in full for all of its and the Debtors' obligations under the Chubb Insurance Program, regardless of whether any such obligations arise or become due before, on, or after the Effective Date, and without the need or requirement for the Chubb Companies to file or serve an objection to any proposed Cure Amount or a request, application, claim, Proof of Claim, or motion for payment or allowance of any Administrative Expense Claim; provided that the Liquidation Trust shall have the right to dispute

18

such obligations in accordance with the terms and conditions of the Chubb Insurance Program;

iii.    nothing shall permit or otherwise effectuate a sale, assignment or other transfer of the Chubb Insurance Program, any portion thereof, and/or any rights, benefits, claims, proceeds, rights to payment, or recoveries under and/or relating to the Chubb Insurance Program without the prior express written consent of the Chubb Companies or approval by an order of the Bankruptcy Court after notice and a hearing, provided further, the Chubb Companies' rights with regard to any such request are specifically preserved and reserved;

iv.    nothing alters or modifies the right and/or duty, if any, that the Chubb Companies have to pay claims covered by the Chubb Insurance Program and the Chubb Companies' right, if any, to seek payment or reimbursement from the Debtors (or after the Effective Date, the Liquidation Trust) with respect thereto; and

v.    from and after the Effective Date, the automatic stay of section 362(a) of the Bankruptcy Code and the injunctions set forth in Article XII of the Combined Plan and Disclosure Statement, if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, solely to the extent necessary to permit: (1) (A) claimants with valid workers' compensation claims or (B) direct action claims against the Chubb Companies under applicable non-bankruptcy law to proceed with their claims against the Chubb Companies and/or under the Chubb Insurance Program; (2) the Chubb Companies to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (A) workers' compensation claims, (B) claims where a claimant asserts a direct claim against any of the Chubb Companies under applicable non-bankruptcy law, or an order has been entered by this Bankruptcy Court granting a claimant relief from the automatic stay and/or the injunctions set forth in Article XII of the Combined Plan and Disclosure Statement to proceed with its claim, and (C) all costs in relation to each of the foregoing; and (3) the Chubb Companies to cancel any part of the Chubb Insurance Program and take other actions relating to the Chubb Insurance Program (including effectuating a setoff and/or asserting any recoupment or subrogation rights or claims), to the extent permissible under applicable non-bankruptcy law and in accordance with the terms and conditions of Chubb Insurance Program

32.    <u>Resolution with the Texas Comptroller of Public Accounts</u>.

Notwithstanding anything else to the contrary in the Combined Plan and Disclosure Statement or this Confirmation Order, these provisions will govern the treatment of the Claims of the Texas Comptroller of Public Accounts (the "**<u>Texas Comptroller</u>**"): (1) nothing provided in the Combined Plan and Disclosure Statement or this Confirmation Order shall affect or impair any

statutory or common law setoff rights of the Texas Comptroller in accordance with 11 U.S.C. § 553, provided, however, that this provision is not admission by any party that such setoff rights exist; (2) nothing provided in the Combined Plan and Disclosure Statement or this Confirmation Order shall affect or impair any rights of the Texas Comptroller to pursue any non-Debtor third parties for tax debts or tax claims; (3) nothing provided in the Combined Plan and Disclosure Statement or this Confirmation Order shall be construed to preclude the payment of interest on the Texas Comptroller's Administrative Expense Claims, if any; (4) to the extent that interest is payable with respect to any Administrative Expense Claims, Priority Tax Claims or Secured Claims on account of taxes of the Texas Comptroller, the interest rate shall be the statutory rate of interest; and (5) the Texas Comptroller is not required to file a motion or application for payment of Administrative Expense Claims pursuant to 11 U.S.C. § 503(b)(1)(D).

33.    Allowed Priority Tax Claims owed to the Texas Comptroller shall be paid, upon allowance, in accordance with section 1129(a)(9)(C) of the Bankruptcy Code. For the avoidance of doubt, to the extent interest is payable with respect to any Allowed Priority Tax Claims, the Texas Comptroller will receive interest on its Allowed Priority Tax Claims after the Effective Date as required by sections 511 and 1129(a)(9)(C) of the Bankruptcy Code.

34.    For the avoidance of doubt, to the extent an Administrative Expense Claim or Priority Tax Claim of the Texas Comptroller is not yet due or has not yet been Allowed as of the Effective Date, the Debtors shall, in accordance with the Combined Plan and Disclosure Statement, include amounts reasonably anticipated to pay the Allowed amounts of such Administrative Expense or Priority Tax Claims in the Claims Reserve.

# EXHIBIT A

**The Combined Plan and Disclosure Statement**

## **EXHIBIT B**

**Effective Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------  x
                                                        :   Chapter 11
In re:                                                  :
                                                        :   Case No. 25-11195 (JKS)
ZEN JV, LLC, et al.,¹                                   :
                                                        :   (Jointly Administered)
                Debtors.                                :
                                                        :   Re: Docket No. [•]
------------------------------------------------------  x
```

## NOTICE OF (A) FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER (I) APPROVING THE ADEQUACY OF THE DEBTORS' SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND JOINT PLAN OF LIQUIDATION ON A FINAL BASIS AND (II) CONFIRMING THE DEBTORS' SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND JOINT PLAN OF LIQUIDATION AND (B) EFFECTIVE DATE

PLEASE TAKE NOTICE that an order (the "**Confirmation Order**") of the Honorable J. Kate Stickles, United States Bankruptcy Judge for the District of Delaware, confirming and approving the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. •], dated October 3, 2025 (as may be amended, modified and/or supplemented and collectively with the exhibits thereto, the "**Combined Plan and Disclosure Statement**")² was entered on [•], 2025 [Docket No. [•]].

PLEASE TAKE FURTHER NOTICE that all conditions precedent to effectiveness pursuant to Article XIV.A of the Combined Plan and Disclosure Statement have been satisfied or waived and that the Debtors have determined that, [•], 2025, is the Effective Date of the Combined Plan and Disclosure Statement.

PLEASE TAKE FURTHER NOTICE that the terms of the Combined Plan and Disclosure Statement and Plan Supplement shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidation Trust, any and all the Holders of Claims or Equity Interests (irrespective of whether their Claims or Equity Interests are deemed to have accepted the Combined Plan and Disclosure Statement), all Persons and Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Combined Plan and Disclosure Statement, each Person and Entity acquiring property under the Combined

---

[1]  The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Combined Plan and Disclosure Statement.

Plan and Disclosure Statement, any and all non-Debtor parties to Executory Contracts with the Debtors, and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, with respect to the foregoing.

**PLEASE TAKE FURTHER NOTICE** that claimants asserting Claims resulting from the Debtors' rejection of an executory contract or unexpired lease pursuant to the Combined Plan and Disclosure Statement must file Proofs of Claim for damages arising from such rejection by **[_____] at [   ]:[   ] [a/p].m. (prevailing Eastern Time)**. Any Proofs of Claim not Filed and served within such time period will be a Disputed Claim and if disallowed will be forever barred from assertion against each of the Debtors, the Liquidation Trust, the Estates, and their respective property. .

**PLEASE TAKE FURTHER NOTICE** that, other than a Professional Fee Claim or any Statutory Fees, requests for Administrative Expense Claims must be Filed by no later than **[_____] at [   ]:[   ] [a/p].m. (prevailing Eastern Time)**. Holders of Administrative Expense Claims that fail to timely file a Proof of Claim may not be treated as a creditor with respect to such Administrative Expense Claims for the purposes of distribution in the Chapter 11 Cases on account of such Administrative Expense Claims; and may be forever barred, estopped, and enjoined from asserting such Administrative Expense Claims against each of the Debtors, the Liquidation Trust, their estates, and their property (or filing a Proof of Claim with respect thereto).

**PLEASE TAKE FURTHER NOTICE** that, after the Effective Date, all notices previously provided to the Debtors shall be addressed to the Liquidation Trustee at the following addresses:

> Steven Balasiano
> c/o MHR Advisory Group, LLC
> 6701 Bay Parkway, Suite 300
> Brooklyn, New York 11204
> Attn.: Steven Balasiano (steven@mhradvisory.com)
>
> With a copy to its counsel:
> Cole Schotz P.C.
> 500 Delaware Avenue, Suite 600
> Wilmington, DE 19801
> Telephone: (302) 652-3131
> Attn: Justin R. Alberto (jalberto@coleschotz.com)

**PLEASE TAKE FURTHER NOTICE** that the copies of the Confirmation Order and the Combined Plan and Disclosure Statement may be obtained and/or are available for review without charge at the website of Omni Agent Solutions, Inc., https://omniagentsolutions.com/CareerBuilderMonster, or by contacting the Claims and Noticing Agent by email, at CareerBuilderMonsterInquiries@OmniAgnt.com.

Dated:  [•], 2025
Wilmington, Delaware                          /s/ _____

**LATHAM & WATKINS LLP**                  **RICHARDS, LAYTON & FINGER, P.A.**

Ray C. Schrock (admitted *pro hac vice*)      Daniel J. DeFranceschi (No. 2732)
Candace M. Arthur (admitted *pro hac vice*)   Zachary I. Shapiro (No. 5103)
1271 Avenue of the Americas                   Huiqi Liu (No. 6850)
New York, New York 10020                      Clint M. Carlisle (No. 7313)
Telephone:  (212) 906-1200                    Colin A. Meehan (No. 7237)
Facsimile:  (212) 751-4864                    One Rodney Square
Email:   ray.schrock@lw.com                   920 North King Street
            candace.arthur@lw.com             Wilmington, Delaware 19801
                                              Telephone:  (302) 651-7700
- and -                                       Facsimile:  (302) 651-7701
                                              Email:   defranceschi@rlf.com
Jonathan C. Gordon (admitted *pro hac vice*)         shapiro@rlf.com
330 North Wabash Avenue, Suite 2800                  liu@rlf.com
Chicago, Illinois 60611                              carlisle@rlf.com
Telephone:  (312) 876-7700                           meehan@rlf.com
Facsimile:  (312) 993-9767
Email:   jonathan.gordon@lw.com

*Co-Counsel for Debtors and Debtors in Possession*