## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                          :
In re:                                    :   Chapter 11
                                          :
ZEN JV, LLC, et al.,¹                     :   Case No. 25-11195 (JKS)
                                          :
            Debtors.                      :   (Jointly Administered)
                                          :
                                          :   Obj. Deadline: October 17, 2025 at 4:00 p.m. (ET)
                                          :   Hr'g Date: November 13, 2025 at 1:00 p.m. (ET)
------------------------------------------------------- x
```

### DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF
### AN ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF
### CERTAIN EXECUTORY CONTRACTS AND (II) GRANTING RELATED RELIEF

> **THIS MOTION SEEKS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS. COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS LISTED ON EXHIBIT 1 TO THE PROPOSED ORDER, WHICH IS ATTACHED HERETO AS EXHIBIT A, TO DETERMINE IF THIS MOTION AFFECTS THEIR RIGHTS.**

Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

### RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) authorizing the Debtors to assume the Assumed Contracts (as defined below) with certain counterparties (the "**Counterparties**")

---

¹ The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

identified in **Exhibit 1** to the Proposed Order, and assign the Assumed Contracts to BOLD

Holdings, LLC ("**BOLD**"), and (ii) granting related relief.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409

3.      The statutory and legal predicates for the relief requested herein are section sections

105, 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6006

and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy

Court for the District of Delaware, the Debtors consent to the entry of a final order or judgment by

the Court in connection with this Motion if it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

## BACKGROUND

**I.      General Background**

5.      On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court

voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Debtors

are authorized to continue operating their business and managing their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee or examiner has been appointed in the Chapter 11 Cases.  On July 2,

2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**")

2

appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").  *See* Docket No. 65.

7.    The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.    The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36], filed on the June 26, 2025 and incorporated herein by reference.

## II.    The Job Board Sale

9.    On July 8, 2025, the Court entered an order [Docket No. 110] (the "**Bidding Procedures Order**"),[2] (i) authorizing and approving bidding procedures in connection with one or more sales or dispositions (the "**Sale**") of all or substantially all of the Debtors' assets, and (ii) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale (the "**Assumption and Assignment Procedures**") and approving the form and manner of notice thereof.

10.    Pursuant to the Assumption and Assignment Procedures, the Debtors filed (i) the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 82] (the "**Initial Cure Notice**"); (ii) the *Amended Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases*

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order.

[Docket No. 129] (the "**First Supplemental Cure Notice**");[3] and (iii) the *Second Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 253] (the "**Second Supplemental Cure Notice**," and together with the Initial Cure Notice and the First Supplemental Cure Notice, each a "**Cure Notice**," and collectively, the "**Cure Notices**").  The Cure Notices identify the Potentially Assigned Contracts that may be assumed and assigned to, among others, BOLD.

11.     On July 28, 2025, the Court entered an order [Docket No. 235] approving the sale of the Debtors' Job Board Assets (the "**Job Board Sale**") pursuant to the Asset Purchase Agreement with BOLD (the "**Job Board APA**").  The Sales closed, including the Job Board Sale, on July 31, 2025 (the "**Closing**").  *See* Docket Nos. 266, 267 & 269.

12.     On August 1, 2025, the Debtors filed the *Notice of Closing of Sale of Job Board Business to BOLD Holdings, LLC* [Docket No. 266] (the "**Sale Closing Notice**").  Attached to the Sale Closing Notice as Exhibit 1 thereto was the list of Assumed Agreements assumed and assigned by BOLD as of the Closing.

13.     After filing the Sale Closing Notice, BOLD identified certain additional contracts (the "**Assumed Contracts**") it wished to acquire that were not identified as Assumed Agreements in the Sale Closing Notice.  As a result of the closing of the Sales, the Debtors no longer have an operating business and, therefore, have no need for the Assumed Contracts.  Accordingly, the Debtors hereby file this Motion seeking authority to assume and assign the Assumed Contracts to BOLD as of the Closing.

---

[3]     The Cure Costs and contract descriptions for certain Potentially Assigned Contracts as set forth in the Initial Cure Notice and the First Supplemental Cure Notice were amended pursuant to the *Notice of Amendment to Contracts Schedule of Potentially Assigned Contracts* [Docket No. 186] and the *Notice of Second Amendment to Contracts Schedule of Potentially Assigned Cont*racts [Docket No. 246].

4

## <u>BASIS FOR RELIEF REQUESTED</u>

**I.    The Requirements of Section 365 of the Bankruptcy Code Are Satisfied**

14.    The Bankruptcy Code provides that a debtor may assume or reject any executory contract or unexpired lease, subject to the court's approval.  11 U.S.C. § 365(a).  The decision to assume or reject executory contracts is squarely within the Debtors' business judgment.  *See, e.g.*, *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984) (describing business judgment test as "traditional"); *In re Group of Inst. Investors, Inc. v. Chicago, Milwaukee, St. Paul and Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) ("the question [of assumption] is one of business judgment"); *In re Market Square Inn, Inc.*, 978 F.2d 116, 131 (3d Cir. 1992) (The "resolution of [the] issue of assumption or rejection will be a matter of business judgment by the bankruptcy court."); *In re AbitibiBowater Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) (finding that a debtor's decision to assume or reject an executory contract will stand so long as "a reasonable business person would make a similar decision under similar circumstances"); *In re III Enterprises Inc. V*, 163 B.R. 453, 469 (Bankr. E. D. Pa 1994) ("Generally, a court will give great deference to a debtor's decision to assume or reject the contract.  A debtor need only show that its decision to assume or reject the contract is an exercise of sound business judgment – a standard which we have concluded many times is not difficult to meet.").

15.    A debtor exercises sound business judgment with respect to its decision to assume or reject an executory contract or unexpired lease upon a good-faith determination that the proposed action will benefit the estate.  *See In re Trans World Airlines*, *Inc.*, 261 B.R. 103, 123 (Bankr. D. Del. 2001).  Courts will defer to a debtor's decision to assume or reject an executory contract upon finding that the debtor has exercised its sound business judgment in making such determination.  *See City of Rockford v. Mallinckrodt PLC (In re Mallinckrodt PLC)*, 2022 U.S. Dist. LEXIS 54785, at *19 (D. Del. Mar. 28, 2022) ("The legal standard to . . . 365(a) is the

5

business judgment test, under which a bankruptcy court will authorize debtor-initiated actions if the debtor shows that a sound business purpose justifies such actions.  The test considers the benefit to the debtor's estate and, if a valid business justification exists, then a strong presumption follows that the agreement was negotiated in good faith and is in the best interests of the estate."); *In re Caribbean Petroleum Corp.*, 444 B.R. 263, 268 (Bankr. D. Del. 2010) ("Courts normally leave the decision to reject a contract to the debtor's sound business judgment."); *In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or gross abuse of discretion."); *Trans World Airlines*, 261 B.R. at 121 ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'") (citation omitted).

16.     Here, the Debtors have determined, in the exercise of their business judgment, that it is in the best interests of their estates to assume the Assumed Contracts and assign the Assumed Contracts to BOLD.  As explained above, the Debtors no longer have an operating business and, therefore, have no need for the Assumed Contracts.  In other words, the Assumed Contracts would otherwise be rejected but for BOLD's decision to take assignment of such contracts.  Moreover, BOLD has agreed to pay the Cure Costs (as defined below) associated with the Assumed Contracts and otherwise treat the Assumed Contracts as Assumed Agreements, which inures to the benefit of the Debtors' estates.

17.     When assuming an executory contract, section 365(b) of the Bankruptcy Code requires the debtor to cure any defaults under the contract or provide adequate assurance that it will promptly cure these defaults.  *See* 11 U.S.C. 365(b)(1)(A).  Pursuant to Section 2.3(c) of the Job Board APA, BOLD has agreed to pay all of the cure amounts, if any, necessary to cure all

6

monetary defaults, if any, and to pay all actual or pecuniary losses that have resulted from such defaults under the Assumed Contracts (collectively, the "**Cure Costs**"). The Cure Costs are set forth in the chart attached to the Proposed Order as __**Exhibit 1**__. Accordingly, the Debtors submit that "adequate assurance of future performance" exists within the meaning of section 365 of the Bankruptcy Code.

18.     For the reasons set forth herein, the Debtors believe that they have satisfied the requirements for assumption and assignment of the Assumed Contracts set forth in section 365 of the Bankruptcy Code. The Debtors therefore submit that the relief requested herein is in the best interests of their estates, is a sound exercise of their business judgment, and should be approved by the Court.

## II.     The Requirements of Section 363(b) of the Bankruptcy Code Are Satisfied

19.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Approval of a debtor's actions under section 363(b)(1) of the Bankruptcy Code requires the debtor to show that its decision was based on a reasonable exercise of its business judgment. *See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale, or lease of property outside the ordinary course of business); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (noting that the standard for determining a section 363(b) motion is "good business reason"). To determine whether the business judgment test is satisfied, "the court 'is required to examine whether a reasonable business person would make a similar decision under similar circumstances.'" *In re Dura Auto. Sys. Inc.*, No. 06-11202, 2007 Bankr. LEXIS 2764, at *272 (Bankr. D. Del. Aug. 15, 2007) (*quoting In re Exide Techs., Inc.*, 340 B.R. 222, 239 (Bankr. D. Del. 2006)). Accordingly, for the reasons set forth above, the

7

Debtors submit that the relief requested herein is also appropriate pursuant to section 363 of the Bankruptcy Code.

## WAIVER OF BANKRUPTCY RULE 6006(f)(6)

20.     Bankruptcy Rule 6006(f)(6) requires that an omnibus motion to assume multiple executory contracts "be limited to no more than 100 executory contracts or unexpired leases."  Fed. R. Bankr. P. 6006(f)(6).   However, courts may waive the requirements of Bankruptcy Rule 6006(f)(6) for cause.  *See In re Old Carco LLC*, 406 B.R. 180, 207-10 (Bankr. S.D.N.Y. 2009) ("Specifically, the 2007 Advisory Committee Notes to Rule 6006 states that '[a]n omnibus motion to assume, assign, or reject multiple executory contracts and unexpired leases must comply with the procedural requirements set forth in subdivision (f) of the rule, *unless the court orders otherwise.*'") (emphasis added); R. Bankr. P. 6006(e) (a debtor may seek to assume or assign multiple executory contracts in one motion if the court so authorizes).  Bankruptcy Rule 6006(f)(6) is intended to ensure that lease or contract counterparties can easily locate their information in a debtor's omnibus motion.  *See* 10 Collier on Bankruptcy ¶ 6006.05 (15th ed. rev.).

21.     The Debtors respectfully submit that cause exists here to waive the requirements of Bankruptcy Rule 6006(f)(6).  As set forth in **Exhibit 1** attached to the Proposed Order, the Debtors are seeking authority to assume over 300 executory contracts in connection with this Motion. Absent the relief requested herein, the Debtors would be required to file four separate motions requesting the same relief.  A single motion avoids the confusion and inefficiency that might otherwise result if the Debtors were required to file separate pleadings requesting the same relief. Indeed, the Assumed Contracts are all partnership contracts related to the Debtors' Job Board Assets, and the proposed assumption of each Assumed Contracts is premised on the same business rationale.   In addition, the Debtors have listed the Assumed Contracts alphabetically by

8

Counterparty in an organized and clear chart, as required by Bankruptcy Rule 6006(f)(2), and have otherwise complied with all other requirements of Bankruptcy Rule 6006(f), ensuring that each Counterparty has proper notice of the proposed assumption. As such, the purpose behind the limitation of Bankruptcy Rule 6006(f)(6)—ease of identifying the relevant counterparties and agreements—is still satisfied by the Motion.

22.     For the reasons set forth above, the Debtors submit that a waiver of Bankruptcy Rule 6006(f)(6) is appropriate and in the best interests of their estates and should be granted.

## **WAIVER OF BANKRUPTCY RULES 6004(a), 6004(h) AND 6006(d)**

23.     To implement the foregoing successfully, the Debtors requests to the extent Bankruptcy Rule 6004 is applicable to the relief requested herein, that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h) and any other applicable Bankruptcy Rule.

24.     Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Given that the Job Board Sale has closed, there is no reason to delay the effectiveness of the Proposed Order. Therefore, the Debtors request that the Proposed Order waives the fourteen-day stay under Bankruptcy Rule 6006(d) and is immediately enforceable upon its entry.

## **NOTICE**

25.     Notice of this Motion will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as counsel to the Creditors' Committee; (c) Seward & Kissel LLP, as counsel to the Prepetition Term Loan Agent; (d) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term

Loan Lenders; (e) Jones Day, as counsel to the Prepetition Noteholders; (f) each Counterparty; (g) BOLD; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## <u>NO PRIOR REQUEST</u>

26.　　No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page left intentionally blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 3, 2025
       Wilmington, Delaware

/s/ Huiqi Liu

**LATHAM & WATKINS LLP**

Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:  ray.schrock@lw.com
       candace.arthur@lw.com

  - and -

Jonathan C. Gordon (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  jonathan.gordon@lw.com

**RICHARDS, LAYTON & FINGER, P.A.**

Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Huiqi Liu (No. 6850)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  defranceschi@rlf.com
      shapiro@rlf.com
      liu@rlf.com
      carlisle@rlf.com
      meehan@rlf.com

*Co-Counsel for Debtors and Debtors in Possession*

RLF1 33547211v.4