## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x

In re:

ZEN JV, LLC, *et al.*,[1]

              Debtors.

-------------------------------------------------------- x

:  Chapter 11
:
:  Case No. 25-11195 (JKS)
:
:  (Jointly Administered)
:
:

## DECLARATION OF JESSE DELCONTE IN SUPPORT OF CONFIRMATION OF THE DEBTORS' SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION

I, Jesse DelConte, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct:

1. I am a Partner and Managing Director at AlixPartners LLP ("**AlixPartners**"). AlixPartners is the financial advisor for the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I am over 21 years of age, and, if called upon to testify, I would testify competently to the facts and opinions set forth in this declaration (the "**Declaration**").

2. I submit this Declaration in support of confirmation and final approval of the adequacy of the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 408] (as may be amended, modified, and/or restated, the "**Combined Plan and Disclosure Statement**"). The statements in this Declaration are, except where specifically noted, based on (a) my personal knowledge, (b) information regarding the

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are:  Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

Debtors' operations and finances that I obtained from the Debtors' advisors or employees, (c) the

Debtors' books, records and relevant documents, (d) information provided to me by my team at

AlixPartners working under my supervision, (e) information provided to me by employees of the

Debtors  and the Debtors' other professionals and advisors and/or (f) my opinions, experience and

knowledge as a restructuring professional.  In that capacity, I have been directly involved in the

Debtors' finances and accounting, financial reporting, and assisting with financial aspects of the

Combined Plan and Disclosure Statement.  I also have reviewed, and am generally familiar with,

the terms and provisions of the Combined Plan and Disclosure Statement, the Liquidation Analysis

(defined below), the documents comprising the Plan Supplement, the proposed Confirmation

Order, the Voting Declaration (defined below), and the requirements for confirmation of the

Combined Plan and Disclosure Statement pursuant to sections 1123 and 1129 of the Bankruptcy

Code.

       3.      Additional information in support of confirmation of the Combined Plan and

Disclosure Statement is set forth in the *Amended Declaration of Jeriad R. Paul Regarding the*

*Solicitation and Tabulation of Votes on the Second Amended Joint Chapter 11 Plan of Zen JV,*

*LLC and its Debtor Affiliates* [Docket No. 413] (the "**Voting Declaration**").

       4.      Additional information regarding the circumstances leading to the commencement

of the Chapter 11 Cases and information regarding the Debtors' business and capital structure is

set forth in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter*

*11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**").

2

## I.    The Combined Plan and Disclosure Statement Satisfies the Bankruptcy Code's Requirements for Confirmation.

5.      It is my understanding, as set forth below, that the Combined Plan and Disclosure Statement satisfies all of the applicable provisions of the Bankruptcy Code and should therefore be confirmed.

### A.    The Combined Plan and Disclosure Statement Satisfies Section 1129(a)(1) of the Bankruptcy Code.

6.      I understand that section 1129(a)(1) of the Bankruptcy Code requires the Combined Plan and Disclosure Statement to comply with the applicable provisions of the Bankruptcy Code. As detailed below, I believe that the Combined Plan and Disclosure Statement satisfies this requirement.

### i.    Bankruptcy Code Section 1122

7.      Article VII of the Combined Plan and Disclosure Statement designates seven Classes of Claims and Equity Interests.  I am familiar with the classification of Claims and Equity Interests in the Combined Plan and Disclosure Statement and believe that such classification system is based upon the legal nature and relative rights of such Claims and Equity Interests, and is not proposed for any improper purposes.  Each Class contains only Claims or Equity Interests that are substantially similar to other Claims and Equity Interests therein.  Additionally, Article IV of the Combined Plan and Disclosure Statement designates (but does not classify) certain Claims under sections 507(a)(2) and 507(a)(8) of the Bankruptcy Code, including Administrative Expense Claims, Professional Fee Claims, Statutory Fees, and Priority Tax Claims.  I also understand that all Claims and Equity Interests within each Class have the same or substantially similar rights as the other Claims and Equity Interests in that Class as required by section 1122 of the Bankruptcy Code.

3

ii.     Bankruptcy Code Section 1123(a)(1)

8.      As previously stated, the Combined Plan and Disclosure Statement designates Classes of Claims and Classes of Equity Interests, as I understand is required by section 1123(a)(1) of the Bankruptcy Code.

iii.    Bankruptcy Code Sections 1123(a)(2) and (3)

9.      Article VII of the Combined Plan and Disclosure Statement specifies whether each Class of Claims and Equity Interests is Impaired or Unimpaired under Combined Plan and Disclosure Statement and the treatment of Impaired Claims, which I understand satisfies the requirements of sections 1123(a)(2) and (3) of the Bankruptcy Code.

iv.     Bankruptcy Code Section 1123(a)(4)

10.     Pursuant to the Combined Plan and Disclosure Statement, the treatment of each Claim or Equity Interest in each particular Class is afforded the same treatment as each other Claim or Equity Interest in such Class (except as otherwise agreed to by a Holder of a particular Claim or Equity Interest), which I understand satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

v.      Bankruptcy Code Section 1123(a)(5)

11.     I believe that the Combined Plan and Disclosure Statement, including the various documents and agreements that comprise the Plan Supplement, provides adequate and proper means for its implementation, which I understand is required by section 1123(a)(5) of the Bankruptcy Code.  Specifically, the Combined Plan and Disclosure Statement provides for: (i) Reserves for, among other things, the payment of all reasonably anticipated Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims, and Allowed Other Secured Claims under Article III.C.5; (ii) the appointment of a Liquidation Trustee; (iii) the formation of the Liquidation Trust for the benefit of Holders of Claims and Equity

4

Interests; (iv) the vesting of the Liquidation Trust Assets in the Liquidation Trust; (v) Distributions under Combined Plan and Disclosure Statement; (vi) the payment of Liquidation Trust Expenses; (vii) the general powers, rights, and responsibilities of the Liquidation Trustee, including but not limited to (a) receive, manage, invest, supervise, and protect Liquidation Trust Assets; (b) pay taxes or other obligations incurred by the Liquidation Trust and the Debtors; (c) issue to employees or other Persons, and/or file with the appropriate Governmental Units, applicable tax and wage returns and forms on behalf of the Liquidation Trust and the Debtors; (d) retain and compensate, without further order of the Bankruptcy Court, the services of employees, professionals, and consultants to advise and assist in the administration, prosecution and Distribution of Liquidation Trust Assets; (e) calculate and implement Distributions of Liquidation Trust Assets; (f) investigate, prosecute, compromise, and settle, in accordance with the specific terms of the Liquidation Trust Agreement and without further order of the Bankruptcy Court the Claims and Causes of Action vested in the Liquidation Trust, as set forth in the Combined Plan and Disclosure Statement and the Liquidation Trust Agreement; (g) resolve issues involving Claims and Equity Interests in accordance with the Combined Plan and Disclosure Statement without any further notice to or action, order or approval by the Bankruptcy Court; (h) undertake all administrative functions of the Chapter 11 Cases, including the payment of Statutory Fees incurred post-Effective Date with respect to distributions from the Liquidation Trust and the ultimate closing of the Chapter 11 Cases and dissolution of the Debtors; and (i) take such other action as may be vested in or assumed by the Liquidation Trustee consistent with the Combined Plan and Disclosure Statement, the Liquidation Trust Agreement, and any applicable Orders of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Combined Plan and Disclosure Statement.

Further, Article X of the Combined Plan and Disclosure Statement details, among other things, provisions governing Distributions under Combined Plan and Disclosure Statement.

vi.    Bankruptcy Code Section 1123(a)(6)

12.    The Combined Plan and Disclosure Statement is a liquidating plan that calls for the eventual dissolution of the Debtors, except as provided in Article XVI.S of the Combined Plan and Disclosure Statement.  Accordingly, I understand that section 1123(a)(6) of the Bankruptcy Code, which, in certain instances, requires the amendment to a debtor's charter, is not applicable.

vii.    Bankruptcy Code Section 1123(a)(7)

13.    In addition, I understand that in accordance with section 1123(a)(7) of the Bankruptcy Code, the Debtors disclosed, as part of the Plan Supplement, the identity and compensation of the Liquidation Trustee in accordance with section 1129(a)(5) of the Bankruptcy Code.  *See* Docket No. 388.  The Liquidation Trustee was selected by the Committee and consented to by the Debtors and the Prepetition Notes Secured Parties.  I understand that these provisions are consistent with the interests of creditors and equity security holders and with public policy in accordance with section 1123(a)(7) of the Bankruptcy Code.

**B.    The Combined Plan and Disclosure Statement Complies with Bankruptcy Code Section 1123(b).**

14.    I understand that section 1123(b) of the Bankruptcy Code sets forth permissive provisions that may be incorporated into a chapter 11 plan and, as discussed in more detail below, I believe that each permissive provision of the Combined Plan and Disclosure Statement is consistent with section 1123(b).

6

i.      Bankruptcy Code Section 1123(b)(1)

15.     As permitted by section 1123(b)(1) of the Bankruptcy Code, Article VII of the Combined Plan and Disclosure Statement Impairs or leaves Unimpaired, as the case may be, each Class of Claims or Equity Interests under the Combined Plan and Disclosure Statement.

ii.      Bankruptcy Code Section 1123(b)(2)

16.     With respect to section 1123(b)(2) of the Bankruptcy Code, I understand that Article XIII of the Combined Plan and Disclosure Statement provides for (i) the assumption of certain Executory Contracts specifically designated on the Assumption Schedule, which was filed with the Plan Supplement and (ii) the rejection of all Executory Contracts and Unexpired Leases not previously rejected, assumed, or assumed and assigned under section 365 of the Bankruptcy Code.

iii.      Bankruptcy Code Section 1123(b)(3)

17.     As permitted by section 1123(b)(3) of the Bankruptcy Code, the Combined Plan and Disclosure Statement also provides, among other things, for (a) the release by the Debtors of the Released Parties in Article XII.B of the Combined Plan and Disclosure Statement (the "**Debtor Releases**"); (b) the release of the Released Parties by the Releasing Parties in Article XII.C of the Combined Plan and Disclosure Statement (the "**Third-Party Releases**" and together with the Debtor Releases, the "**Releases**"); (c) the exculpation of the Exculpated Parties in Article XII.A of the Combined Plan and Disclosure Statement (the "**Exculpation**"); and (d) injunction provisions that prohibit interference with the Combined Plan and Disclosure Statement in Articles XII.D and E of the Combined Plan and Disclosure Statement (the "**Injunction**"). Additional support for the Debtor Releases and Exculpation is set forth further in Part II below.

7

RLF1 33953115v.1

iv.    <u>Section 1123(b)(6) of the Bankruptcy Code</u>

18.    Pursuant to section 1123(b)(6) of the Bankruptcy Code, the Combined Plan and Disclosure Statement may include any other appropriate provision that is not inconsistent with any applicable provisions of the Bankruptcy Code.  It is my understanding that no provisions of the Combined Plan and Disclosure Statement are inconsistent with any applicable provision of the Bankruptcy Code.  In particular, Article XI.D of the Combined Plan and Disclosure Statement provides for the limited substantive consolidation of the Debtors and the Estates to the extent set forth therein.  I understand that such provision is appropriate given, among other things, that no party has objected to it.

**C.    The Combined Plan and Disclosure Statement Satisfies Bankruptcy Code Section 1129(a)(2).**

19.    To the best of my knowledge, the Debtors, as proponents of the Combined Plan and Disclosure Statement, acting through their respective agents, representatives and Professionals, have complied with all applicable provisions of the Bankruptcy Code in proposing the Combined Plan and Disclosure Statement and with the *Order (A) Conditionally Approving the Combined Plan and Disclosure Statement for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, (C) Approving the Forms of Ballots and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [Docket No. 335] (the "**Conditional Approval and Procedures Order**") in commencing and conducting the solicitation of acceptances or rejections of the Combined Plan and Disclosure Statement.

**D. The Combined Plan and Disclosure Statement Was Proposed in Good Faith in Compliance with Bankruptcy Code Section 1129(a)(3).**

20.    Based on my involvement with the Debtors and their agents, representatives, and Professionals throughout these Chapter 11 Cases, the Debtors, as proponents of the Combined Plan and Disclosure Statement, acting through their respective agents, representatives and Professionals, have (a) proposed the Combined Plan and Disclosure Statement (i) in good faith, and (ii) not by any means forbidden by law, and (b) acted in good faith in the negotiation and formulation of the Combined Plan and Disclosure Statement.

**E. The Combined Plan and Disclosure Statement Complies with Bankruptcy Code Section 1129(a)(4).**

21.    I understand that payments made or to be made by the Debtors, or by a person acquiring property under the Combined Plan and Disclosure Statement, for services provided in connection with these Chapter 11 Cases have been approved by, or are subject to the approval of, the Court as reasonable.  Accordingly, I believe that the Combined Plan and Disclosure Statement satisfies section 1129(a)(4) of the Bankruptcy Code.

**F. The Combined Plan and Disclosure Statement Complies with Bankruptcy Code Section 1129(a)(5).**

22.    The identity and compensation of the proposed Liquidation Trustee have been fully disclosed in the Plan Supplement.  *See* Docket No. 388.

**G. The Combined Plan and Disclosure Statement Does Not Contain Any Rate Changes.**

23.    I understand that, because the Combined Plan and Disclosure Statement does not provide for rate changes subject to the jurisdiction of any governmental regulatory agency, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Combined Plan and Disclosure Statement.

9

**H.    The Combined Plan and Disclosure Statement is in the Best Interests of All Creditors and Equity Interest Holders.**

24.    With respect to each Impaired Class, as set forth in more detail below, each Holder of a Claim or Equity Interest either has accepted Combined Plan and Disclosure Statement or, as required by section 1129(a)(7) of the Bankruptcy Code, will receive or retain under Combined Plan and Disclosure Statement on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would have received or retained had the Debtors been liquidated under chapter 7 of the Bankruptcy Code on such date.

25.    In my capacity with AlixPartners, serving as the financial advisor to the Debtors, I was responsible for overseeing the team that prepared a hypothetical chapter 7 liquidation analysis (the "**Liquidation Analysis**"), which was attached to the Combined Plan and Disclosure Statement as **Exhibit 1**.  The Liquidation Analysis demonstrates that, pursuant to the Combined Plan and Disclosure Statement, Holders of Claims in Classes 3, 5, 6, and 7 will receive as much as or more than what they would receive in a hypothetical chapter 7.  Only Class 4 would potentially receive more in a hypothetical chapter 7 because it was assumed that there would be no Global Settlement in that scenario and the Global Settlement (including the Distributions to unsecured Creditors) is funded primarily from recoveries that Class 4 would otherwise receive.  In addition, as set forth in the Voting Declaration, Classes 3, 4 and 5, which are the only Impaired Classes that are entitled to vote on the Combined Plan and Disclosure Statement, voted to accept Combined Plan and Disclosure Statement.  Accordingly, the Combined Plan and Disclosure Statement satisfies section 1129(a)(7) of the Bankruptcy Code.

**I.    The Combined Plan and Disclosure Statement is Fair and Equitable and Does Not Unfairly Discriminate Against Classes.**

26.    I understand that the Combined Plan and Disclosure Statement satisfies all of the applicable requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8).

Classes 3, 4, and 5, which are the only Impaired Classes that are entitled to vote on the Combined Plan and Disclosure Statement, have voted to accept the Combined Plan and Disclosure Statement. I further understand Classes 6 and 7 are not receiving a Distribution or retaining any property under the Combined Plan and Disclosure Statement, and, consequently, Classes 6 and 7 are deemed to have rejected Combined Plan and Disclosure Statement.

27.     However, it is my understanding that pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Plan and Disclosure Statement may still be confirmed, notwithstanding that not all Impaired Classes have voted to accept the Combined Plan and Disclosure Statement, if the Combined Plan and Disclosure Statement is fair and equitable with respect to, and does not unfairly discriminate against, such Classes.  Here, all Equity Interests in Class 7 are deemed cancelled and Intercompany Claims in Class 6 will not receive any Distributions.  Additionally, no Holders of Claims or Equity Interests that are subordinate to Class 5 General Unsecured Claims will receive a Distribution or retain any property under the Combined Plan and Disclosure Statement on account of such Claim or Equity Interest.  Accordingly, it is my understanding that the Combined Plan and Disclosure Statement is fair and equitable with respect to such Classes and does not unfairly discriminate against such Classes.  Therefore, I believe that the Combined Plan and Disclosure Statement complies with section 1129(b) of the Bankruptcy Code and may be confirmed notwithstanding that Classes 6 and 7 are deemed to have rejected the Combined Plan and Disclosure Statement.

J.     **The Combined Plan and Disclosure Statement Provides for Payment in Full of All Allowed Administrative Expense Claims and Priority Tax Claims.**

28.     Article IV.A and C of the Combined Plan and Disclosure Statement provides that, on the Effective Date or as soon thereafter as practicable, each Holder of an Allowed Administrative Expense Claim (subject to the Administrative Expense Claims Bar Date) or

11

Allowed Priority Tax Claim shall receive payment in full in Cash of the Allowed amount of such Claim (as determined by settlement or Final Order of the Court) or such other treatment as may be agreed upon by such Holder of an Allowed Administrative Expense Claim or Allowed Priority Tax Claim.  Accordingly, I believe that the Combined Plan and Disclosure Statement satisfies section 1129(a)(9) of the Bankruptcy Code.

**K.    The Combined Plan and Disclosure Statement Satisfies Bankruptcy Code Section 1129(a)(10).**

29.    I understand that the Combined Plan and Disclosure Statement satisfies Bankruptcy Code section 1129(a)(10), which I understand requires the affirmative acceptance of the Combined Plan and Disclosure Statement by at least one Class of Impaired Claims, determined without including any acceptance of the Combined Plan and Disclosure Statement by any insider.  It is my understanding that the Debtors have met this standard because (a) Classes 3 and 5 are Impaired and (b) Holders of Class 3 and 5 Claims have voted to accept Combined Plan and Disclosure Statement, in each case as determined without including any acceptance of the Combined Plan and Disclosure Statement by any insider holding a Claim in Classes 3 or 5.

**L.    The Combined Plan and Disclosure Statement is Feasible.**

30.    The Combined Plan and Disclosure Statement itself calls for liquidation of the Debtors.  Therefore, confirmation of the Combined Plan and Disclosure Statement is not likely to be followed by the need for further financial reorganization of the Debtors, thereby satisfying (or eliminating the need to consider) section 1129(a)(11) of the Bankruptcy Code.  In any event, I understand that the Combined Plan and Disclosure Statement satisfies the requirement of section 1129(a)(11) of the Bankruptcy Code. The Debtors, with the assistance of AlixPartners, have carefully evaluated the Cash that will be required for the payment of all reasonably anticipated Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority

12

Claims, and Allowed Other Secured Claims and believe that the Claims Reserve that will be established on the Effective Date will be sufficient to satisfy such Claims. Therefore, the Debtors will be able to make the payments required under the terms of the Combined Plan and Disclosure Statement.

**M.    The Combined Plan and Disclosure Statement Complies with Bankruptcy Code Section 1129(a)(12).**

31.    All Statutory Fees presented to date have been paid or provided for under the Combined Plan and Disclosure Statement.  Moreover, as set forth in Article IV.D of the Combined Plan and Disclosure Statement, prior to or after the Effective Date, the Debtors or Liquidation Trustee, as applicable, on behalf of the Estates or Liquidation Trust, as applicable, shall pay any and all Statutory Fees when due and payable, and shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due.  Accordingly, I understand that the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

**N.    Bankruptcy Code Section 1129(a)(13) is Inapplicable to Combined Plan and Disclosure Statement.**

32.    I understand that, because the Debtors do not provide any "retiree benefits" as such term is defined in section 1114 of the Bankruptcy Code, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Combined Plan and Disclosure Statement.

**O.    Bankruptcy Code Section 1129(a)(14) is Inapplicable to Combined Plan and Disclosure Statement**.

33.    I understand that, because the Debtors are not required to pay any domestic support obligations, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Combined Plan and Disclosure Statement.

RLF1 33953115v.1

**P.    Bankruptcy Code Section 1129(a)(15) is Inapplicable to Combined Plan and Disclosure Statement.**

34.    I understand that, because the Debtors are not individuals, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Combined Plan and Disclosure Statement.

**Q.    There is Only One Plan.**

35.    Other than the Combined Plan and Disclosure Statement, no plan has been filed in these Chapter 11 Cases and neither the Debtors nor any other party are presently seeking confirmation of any plan other than the Combined Plan and Disclosure Statement.  Therefore, I understand that the Combined Plan and Disclosure Statement complies with section 1129(c) of the Bankruptcy Code.

**R.    The Principal Purpose of the Combined Plan and Disclosure Statement is Valid.**

36.    I understand that, because the principal purpose of the Combined Plan and Disclosure Statement is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(d) of the Bankruptcy Code.

**S.    The Combined Plan and Disclosure Statement is Dated and Identifies Its Proponents.**

37.    I understand that, because the Combined Plan and Disclosure Statement is dated and identifies the Debtors as the proponents of the Combined Plan and Disclosure Statement, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Rule 3016(a).

**T.    The Combined Plan and Disclosure Statement Complies with Bankruptcy Rule 3016(c).**

38.    I understand that, because the Combined Plan and Disclosure Statement describes in specific and conspicuous bold language all acts to be enjoined and identifies the entities that

14

would be subject to the injunction, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Rule 3016(c).

## II.    The Combined Plan and Disclosure Statement's Releases, Exculpation Provision and Injunction Provision.

39.    As noted above, Article XII.B and C of the Combined Plan and Disclosure Statement provides for the Releases, Article XII.A of the Combined Plan and Disclosure Statement provides for the Exculpation provision, and Article XII.D and E of the Combined Plan and Disclosure Statement provides for the Injunction provisions.

### A.    The Debtor Releases Should be Approved.

40.    I believe that the Debtor Releases are appropriately tailored under the facts and circumstances of the Chapter 11 Cases and are supported by ample consideration. The Debtors, the Prepetition Secured Parties, the Committee and each of their respective Related Parties have substantially contributed to the Chapter 11 Cases.  For example, the Prepetition Notes Secured Parties, among other things, subordinated their Claim to the JMB DIP Facility and allowed their Cash Collateral to be used to fund the Post-Sale Approved Budget and the Reserves, including the Claims Reserve, which, among other things, provides sufficient funding to pay Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Secured Claims and Allowed Other Priority Claims in full.  The Prepetition Notes Secured Parties and the Prepetition Term Loan Secured Parties also agreed to cap their recoveries to the amount of the Prepetition Notes Reserve and the Prepetition Term Loan Reserve, respectively, thereby effectively waiving their significant Deficiency Claims and creating the possibility that the Holders of Allowed General Unsecured Claims will receive a meaningful recovery.  Moreover, the Debtors' directors and officers also substantially contributed by, among other things, assisting with the Chapter 11 Cases and the consummation of the Sales to maximize value for the Estates.

RLF1 33953115v.1

41.     Furthermore, as is discussed in greater detail in the Combined Plan and Disclosure Statement, RL&F, under the oversight of the Strategic Review Committee of the board of Zen, engaged in an investigation of potential claims and Causes of Action, including Avoidance Actions and breach of fiduciary duty claims, that would be subject to the Debtor Releases (the "**SRC Investigation**").  As a result of the SRC Investigation, as is set forth in greater detail in the Combined Plan and Disclosure Statement, the Debtors concluded that there were no claims or Causes of Action worth pursuing that negated the appropriateness of the Debtor Releases, particularly given the valuable consideration being provided pursuant to the Global Settlement.  In addition, as is discussed in greater detail in the Combined Plan and Disclosure Statement and the *Statement of the Official Committee of Unsecured Creditors in Support of Debtors' Amended Combined Disclosure Statement and Joint Chapter 11 Plan* [Docket No. 387], the Committee also engaged in an independent investigation (the "**Committee Investigation**" and together with the SRC Investigation, the "**Investigations**"), which likewise did not reveal any colorable claims or Causes of Action that would, in the Committee's view, materially improve recoveries of the Holders of General Unsecured Claims if litigated.

42.     In light of the conclusions reached in the Investigations, I also do not have any reason to believe that the Debtors are releasing any material claims pursuant to the Debtor Releases.  As such, retaining and potentially pursuing any unknown or speculative claims against the Released Parties is not in the best interests of the Debtors, their Estates or Holders of Claims and Equity Interests, as the costs involved likely would outweigh any potential benefits from pursuing such claims and negate the considerable benefits that the Debtors and the Estates will receive under the Global Settlement.  Accordingly, I believe that approval of the Debtor Releases represents the sound and valid exercise of the Debtors' business judgment and is integral to the

16

Combined Plan and Disclosure that has facilitated the resolution of the Chapter 11 Cases, which ultimately will result in Distributions to the Debtors' creditors.

**B.    The Third-Party Releases Should be Approved.**

43.    I also believe that the Third-Party Releases are consensual, fair and reasonable and should be approved.  It is my understanding that the Third-Party Releases are appropriately tailored and will only bind parties that have been provided notice of, and affirmatively consented to, the Third-Party Releases.   I understand that the Third-Party Releases are applicable only to the "Releasing Parties," which includes: (i) the Debtors; (ii) the Prepetition Secured Parties; (iii) the Committee; (iv) each Holder of a Claim who votes to accept the Combined Plan and Disclosure Statement, abstains from voting on the Combined Plan and Disclosure Statement or votes to reject the Combined Plan and Disclosure Statement and, in each case, affirmatively opts in to the releases provided in the Combined Plan and Disclosure Statement; (v) each current and former Affiliate of each Entity in clause (i) through (iv) for which such Entity is legally entitled to bind such Affiliate to the releases contained in the Combined Plan and Disclosure Statement under applicable non-bankruptcy law; and (vi) each Related Party of each Entity in clause (i) through (iv) for which such Affiliate or Entity is legally entitled to bind such Related Party to the releases contained in the Combined Plan and Disclosure Statement under applicable non-bankruptcy law.

44.    Accordingly, as it relates to Holders of General Unsecured Claims in particular, the Third-Party Releases only apply with respect to Holders that took affirmative action to evidence their consent to the Third-Party Releases by opting in on the Ballot that they submitted in connection with voting on the Combined Plan and Disclosure Statement.  All other Releasing Parties otherwise agreed to provide mutual releases to the Debtors and the other Released Parties pursuant to and/or in connection with negotiation of the terms of the Global Settlement.

**C.    The Exculpation Provision Should be Approved.**

17

45.     In addition to the Releases, I understand that the Combined Plan and Disclosure Statement contains an Exculpation provision, which exculpates the Exculpated Parties for certain acts or omissions.  I also understand that the Exculpation provision does not exculpate acts or omissions that constitute willful misconduct or gross negligence and is limited to estate fiduciaries. I believe that the proposed Exculpation provision is appropriate under the facts and circumstances of these Chapter 11 Cases.  I further believe that the Exculpation provision is important because the Exculpated Parties have participated in the Chapter 11 Cases in good faith, and such provision is necessary to protect them from collateral attacks related to any good faith acts or omissions in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, the negotiations for the Global Settlement or the administration of the Combined Plan and Disclosure Statement or the property to be Distributed under the Combined Plan and Disclosure Statement.  Accordingly, I understand that the Exculpation provision meets the applicable standard for approval.

III.    **Cause Exists to Waive the Stay of the Confirmation Order.**

46.     I understand that, generally, Bankruptcy Rule 3020(e) imposes a 14-day stay of the effectiveness of an order confirming a chapter 11 plan, unless the Court orders otherwise.  I believe that a waiver of the stay, which would permit the Debtors to consummate the Combined Plan and Disclosure Statement and commence implementation without delay after the entry of the Confirmation Order, is in the best interests of the Estates and creditors and will not prejudice any parties in interest.  I believe it is important that the Combined Plan and Disclosure Statement be consummated as soon as possible in order to minimize the incurrence of additional Administrative Expense Claims for the benefit of the Holders of Claims entitled to Distributions under the

Combined Plan and Disclosure Statement.  I also understand that no party has objected to the requested waiver.  Accordingly, I believe that the requested waiver is appropriate.

## **CONCLUSION**

47.    In light of the foregoing, I believe that: (a) the Combined Plan and Disclosure Statement satisfies the applicable provisions of sections 1123 and 1129 of the Bankruptcy Code and complies with all other applicable sections of the Bankruptcy Code, and (b) confirmation of the Combined Plan and Disclosure Statement is in the best interests of the Debtors, their Estates, Holders of Claims and Equity Interests, and other parties in interest in these Chapter 11 Cases.

48.    Accordingly, I believe that the Combined Plan and Disclosure Statement should be confirmed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 6, 2025                      */s/ Jesse DelConte*
                                            Jesse DelConte
                                            Partner and Managing Director
                                            AlixPartners, LLP

19