IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re: : Chapter 11
:
ZEN JV, LLC, et al.,[1] : Case No. 25-11195 (JKS)
:
    Debtors. : (Jointly Administered)
:
: Hearing Date: November 13, 2025 at 1:00 p.m. (ET)
: Objection Deadline: October 21, 2025 at 4:00 p.m. (ET)
:
------------------------------------------------------------ X

**APPLICATION OF DEBTORS FOR ENTRY
OF AN ORDER (I) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF FORVIS MAZARS, LLP AS TAX SERVICES PROVIDER TO
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF SEPTEMBER
11, 2025, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS PURSUANT TO
LOCAL RULE 2016-1, AND (III) GRANTING RELATED RELIEF**

Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (this "**Application**"):

**RELIEF REQUESTED**

1.    By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) authorizing the employment and retention of Forvis Mazars, LLP ("**Forvis Mazars**") as tax services provider for the Debtors, effective as of September 11, 2025, in accordance with the terms and conditions of that certain engagement letter dated as of September 11, 2025 (the "**Engagement Letter**"), attached hereto as **Exhibit B**, (ii) approving the terms of Forvis Mazars' employment, including the proposed

---

[1]     The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

compensation arrangements and the indemnification provisions set forth in the Engagement Letter, as modified by the Proposed Order, under section 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), (iii) modifying the time-keeping requirements of Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "**U.S. Trustee Guidelines**") established by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") in connection with Forvis Mazars' proposed engagement, and (iv) granting related relief. In support of this Application, the Debtors rely on and incorporate by reference the *Declaration of Timothy Evans in Support of the Application of Debtors for Entry of an Order (I) Authorizing the Retention and Employment of Forvis Mazars, LLP as Tax Services Provider to the Debtors and Debtors in Possession Effective as of September 11, 2025, (II) Waiving Certain Information Requirements Pursuant to Local Rule 2016 1, and (III) Granting Related Relief* (the "**Evans Declaration**"), attached hereto as **Exhibit C** and incorporated herein by reference.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5. On June 24, 2025 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Chapter 11 Cases.  On June 30, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").  *See* Docket No. 65.

7. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Michael Suhajda, Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 36] (the "**First Day Declaration**"), filed on June 26, 2025 and incorporated by reference herein.[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**FORVIS MAZARS QUALIFICATIONS**

9. As detailed in the Evans Declaration, Forvis Mazars is a national advisory firm that provides a range of services including, as relevant here, tax compliance services. Forvis Mazars professionals have extensive experience working with companies to provide tax compliance services. The Debtors have selected Forvis Mazars as their tax compliance professional based upon their experience and, among other things, (i) the Debtors' need to file tax returns in a timely manner and meet tax regulatory requirements, and (ii) Forvis Mazars' experience and excellent reputation in providing tax compliance services.

**SERVICES PROVIDED BY FORVIS MAZARS**

10. The terms and conditions of the Engagement Letter[3] reflect the parties' mutual agreement as to the efforts that will be required by Forvis Mazars in respect of this engagement. The employment of Forvis Mazars also is necessary for taxing and regulatory compliance purposes.

11. Subject to further order of the Court, and consistent with the terms of the Engagement Letter, Forvis Mazars' will perform tax compliance services focused on the preparation of tax return documents for the periods ended in 2024 in the relevant, federal, state, and international jurisdictions. The Debtors believe and submit that Forvis Mazars' resources, capabilities and experience will effectively provide tax advisory services and ensure that the Debtors are in compliance with the various tax law and filing requirements.

---

[3] The summary of the Engagement Letter in this Application is qualified in its entirety by reference to the provisions of the Engagement Letter. To the extent there is any discrepancy between the summary contained in this Application and the terms set forth in the Engagement Letter, the terms of the Engagement Letter shall govern.

**PROFESSIONAL COMPENSATION**

12. Forvis Mazars' decision to advise and assist the Debtors in connection with the Chapter 11 Cases is subject to its ability to be retained in accordance with the terms of the Engagement Letter pursuant to section 328(a), and not section 330, of the Bankruptcy Code.

13. In consideration of the services to be provided by Forvis Mazars, and as more fully described in the Engagement Letter, subject to the Court's approval, the Debtors and Forvis Mazars have agreed that Forvis Mazars shall be compensated under the following fee structure (the "**Fee Structure**"): (i) a flat fee of $165,000.00, and (ii) all reasonable billed travel costs and fees for services provided under this engagement, as well as all reasonable out-of-pocket expenses associate with Forvis Mazars' services.

14. Forvis Mazars will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these Chapter 11 Cases. However, because (a) it is not the general practice of tax service provider firms such as Forvis Mazars to keep detailed time records in connection with tax filing services similar to those customarily kept by attorneys, (b) Forvis Mazars does not ordinarily keep time records on a "project category" basis, and (c) Forvis Mazars' compensation consists solely of a flat fee, the Debtors respectfully request that Forvis Mazars' tax services professionals be required to maintain records (in summary format) of the services rendered for the Debtors, including summary descriptions of those services, the approximate time expended in providing those services (in half-hour increments), and the identity of the professionals who provided those services. Forvis Mazars will present such records to the Court in its fee application(s). Moreover, the Debtors respectfully request that Forvis Mazars' professionals not be required to keep time records on a "project category" basis, that its non-tax compliance professionals and personnel in administrative departments (including legal) not be required to maintain any time records, and that it not be

required to provide or conform to any schedule of hourly rates. To the extent that Forvis Mazars would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, or other applicable procedures and orders of the Court, the Debtors respectfully request that the Court waive such requirements.

15. The Debtors believe the Fee Structure is consistent with, and typical of, compensation arrangements entered into by Forvis Mazars and other comparable firms in connection with the rendering of similar services under similar circumstances, both in and out of bankruptcy proceedings. The Debtors also believe that the Fee Structure is very reasonable given that it is comprised entirely of a flat fee. In determining the Fee Structure and the reasonableness of such compensation, the Debtors compared Forvis Mazars' fee proposal to comparable precedents. After such comparison, followed by discussions and arm's-length negotiations, the Debtors believe that the Fee Structure is in fact reasonable, market-based, and designed to compensate Forvis Mazars fairly for its work.

16. The Debtors request to pay Forvis Mazars' fees and to reimburse Forvis Mazars for its expenses as provided in the Engagement Letter, including, but not limited to, travel costs, fees for the services from other professionals, and all reasonable out-of-pocket expenses associates with Forvis Mazars' services. In the event that Forvis Mazars seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to this Application and the Engagement Letter, Forvis Mazars will include the invoices and supporting time records for the attorneys' fees and expenses in Forvis Mazars' own applications, including in a final application, and these invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been

6

RLF1 33570803v.2

retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Forvis Mazars will not seek reimbursement of fees of its counsel incurred in defending any of Forvis Mazars' fee applications in these Chapter 11 Cases.

17. Forvis Mazars' tax expertise was a critical factor to the Debtors in determining the Fee Structure. The Debtors believe that the ultimate benefits of Forvis Mazars' services hereunder cannot be measured by reference to the number of hours to be expended by Forvis Mazars' professionals in the performance of such services. The Debtors and Forvis Mazars agreed upon the Fee Structure in anticipation that a substantial commitment of professional time and effort would be required of Forvis Mazars and in light of the fact that (a) such commitment could have and may still foreclose other opportunities for Forvis Mazars and (b) the actual time and commitment required of Forvis Mazars and its professionals to perform the tax compliance services.

18. During the ninety (90)-day period before the Petition Date, the Debtors did not make any payments to Forvis Mazars.

## **INDEMNIFICATION**[4]

19. As part of the overall compensation payable to Forvis Mazars under the terms of the Engagement Letter, the Debtors have agreed to certain indemnification obligations set forth in the Engagement Letter. The Engagement Letter provides that the Debtors will indemnify, defend, and hold harmless Forvis Mazars and any of its partners, principals, shareholders, officers, directors, members, employees, agents, or assigns with respect to any and all claims arising from

---

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Engagement Letter.

Forvis Mazars' engagement, except to the extent caused by the intentional or willful misconduct, gross negligence or bad faith of Forvis Mazars.

20. The Engagement Letter's indemnification provisions were fully negotiated by the Debtors and Forvis Mazars at arm's length and in good faith. The Debtors believe that the indemnification provisions in the Engagement Letter are appropriate and reasonable for tax services engagements in Chapter 11 Cases and reflect the qualifications and limitations on indemnification provisions that are customary in the industry as previously determined in this District and other jurisdictions. As such, the Debtors believe that the terms of the indemnification provisions as described in the Engagement Letter are appropriate under the circumstances and should be approved, subject to the modifications set forth in the Proposed Order.

## NO DUPLICATION OF SERVICES

21. The services of Forvis Mazars will complement and not duplicate the services rendered by the Debtors' other professional retained in these Chapter 11 Cases. Forvis Mazars understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors. Forvis Mazars is providing distinct and specific tax services as set forth in the Engagement Letter, and such services are not expected to duplicate those to be provided by any other consultants, legal advisors, or financial advisor.

## FORVIS MAZARS' DISINTERESTEDNESS

22. Forvis Mazars has reviewed the list of parties in interest provided by the Debtors. To the best of the Debtors' knowledge, information, and belief, and except to the extent disclosed herein or in the Evans Declaration, Forvis Mazars: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest

materially adverse to the Debtors' estates; and (c) has no connection to the Debtors, their creditors, or related parties, except as disclosed in the Evans Declaration.

23. Given the large number of parties in interest in the Chapter 11 Cases, despite the efforts to identify and disclose Forvis Mazars' relationships with parties in interest in the Chapter 11 Cases, Forvis Mazars is unable to state with absolute certainty that every client relationship or other connection has been disclosed in the Evans Declaration. Forvis Mazars will make continued inquiries following the filing of this Application, on a periodic basis, with additional disclosures to the Court if necessary or otherwise appropriate.

24. The Debtors are informed that Forvis Mazars will not share any compensation to be paid by the Debtors, in connection with services to be performed after the Petition Date, with any other person, other than principals and employees of Forvis Mazars, to the extent permitted by section 504 of the Bankruptcy Code.

**BASIS FOR RELIEF REQUESTED**

I. **The Debtors Should Be Permitted to Retain and Employ Forvis Mazars in Accordance with the Terms of the Engagement Letter Pursuant to Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code.**

25. The Debtors seek approval of the retention and employment of Forvis Mazars under sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 327(a) of the Bankruptcy Code, in turn, authorizes a debtor in possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for

9

employment under section 327 of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

26. Section 328 of the Bankruptcy Code permits the compensation of professionals, including tax services providers, on more flexible terms that reflect the nature of their services and market conditions. As the U.S. Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrette Secs. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

1233 F.3d at 862 (footnote omitted).

27. Additionally, Bankruptcy Rule 2016 and Local Rule 2016-1 require retained professionals to submit applications for payment of compensation in chapter 11 cases. Local Rule 2016-1(d) also requires retained professionals to submit detailed time entries that set forth, among other things, a detailed description of each activity performed, the amount of time spent on the activity (in tenth of an hour increments), the subject matter of the activity and the parties involved with the activity at issue. Local Rule 2016-1(h), however, allows a retained professional to request a waiver of these requirements for cause.

28. The Court's approval of the Debtors' retention of Forvis Mazars in accordance with the terms and conditions of the Engagement Letter is warranted. First, as discussed above and in

the Evans Declaration, Forvis Mazars satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code.[5] The Debtors believe that Forvis Mazars is well-qualified to provide its services to the Debtors in a cost-effective, efficient, and timely manner. Furthermore, as detailed herein and in the Evans Declaration, Forvis Mazars does not hold or represent an interest adverse to the Debtors' estates and is disinterested.

29. The Debtors submit that the terms and conditions of the Engagement Letter are fair, reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code given: (i) the performance of the services of Forvis Mazars under the Engagement Agreement; (ii) Forvis Mazars commitment to the level of time and effort necessary to address all such issues as they arise; and (iii) the market prices for Forvis Mazars' services for engagements of this nature. Indeed, the Debtors believe that the Fee Structure appropriately reflects: (a) the nature and scope of services to be provided by Forvis Mazars; (b) Forvis Mazars' substantial experience with respect to tax consulting services; (c) the fee structures typically utilized by Forvis Mazars and other leading tax services providers that do not bill their clients on an hourly basis; and (d) indemnification provisions typically utilized by Forvis Mazars in providing similar tax services.

30. Notwithstanding the foregoing, under the Proposed Order, the U.S. Trustee retains all rights to object to Forvis Mazars' fee application (including expense reimbursement) pursuant to section 330 of the Bankruptcy Code.

---

[5] Bankruptcy Rule 2014(a) requires that an application must be made for retention of professionals pursuant to section 327 of Bankruptcy Code. Under Bankruptcy Rule 2014(a), such application must "state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Additionally, the application "shall be accompanied by a verified statement of the person to be employed setting forth the person's connections" to the parties in interest list. Fed. R. Bankr. P. 2014. Here, Bankruptcy Rule 2014 is satisfied by the contents of this Application and the Evans Declaration attached hereto.

31. As set forth above, and notwithstanding approval of the Engagement Letter under section 328 of the Bankruptcy Code, Forvis Mazars intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court, with certain limited modifications requested herein.

32. The Debtors submit that the retention of Forvis Mazars is in the best interests of all parties in interest in the Chapter 11 Cases. The failure to retain Forvis Mazars would cause unnecessary delay and expense to the detriment of all parties in interest. As such, the Debtors respectfully request that the Court authorize the retention and employment of Forvis Mazars as their tax services provider as set forth in this Application.

33. The Debtors request that the requirements of Local Rule 2016-2(d) and the U.S. Trustee Guidelines be tailored to appropriately reflect Forvis Mazars' engagement and its compensation structure. Forvis Mazars has requested, under section 328(a) of the Bankruptcy Code, payment of its flat fee. Additionally, it is not the general practice of tax compliance firms to keep detailed time records similar to those customarily kept by attorneys. As discussed above, however, Forvis Mazars' tax compliance personnel will keep summary time records in half-hour increments describing their daily activities and the identity of persons who performed such tasks. Apart from the time recording practices described above, however, Forvis Mazars' personnel do not maintain their time records on a "project category" basis. As such, the Debtors request modification of the requirements pursuant to Local Rule 2016-1(h).

**II.     The Indemnification Terms of the Engagement Letter are Appropriate**

34.     The indemnification provisions in the Engagement Letter, as modified by the Proposed Order, were fully negotiated between the Debtors and Forvis Mazars at arm's length. The Debtors and Forvis Mazars believe that the indemnification provisions in the Engagement Letter are customary and reasonable for tax compliance engagements. *See United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217, 234 (3d Cir. 2003) (finding indemnification agreement between debtor and financial advisor reasonable under section 328 of the Bankruptcy Code).

35.     Accordingly, the Debtors respectfully submit that the terms of the Engagement Letter, as modified by the Proposed Order, are reasonable and customary and should be approved in these Chapter 11 Cases.

**III.    Retention of Forvis Mazars Is Critical to the Debtors' Restructuring Efforts**

36.     The Debtors submit that the retention of Forvis Mazars is in the best interests of all parties in interest in these Chapter 11 Cases to ensure the Debtors' timely compliance with applicable tax standards. Absent the tax compliance services provided by Forvis Mazars, the Debtors would run the risk of not meeting certain tax reporting requirements. Foris Mazars is integral to ensuring the Debtors remain compliant with applicable tax reporting requirements.

37.     Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to support entry of an order authorizing the Debtors to retain and employ Forvis Mazars in these Chapter 11 Cases on the terms described herein and in the Engagement Letter.

**NOTICE**

38.     Notice of this Application will be provided to (a) the U.S. Trustee; (b) Cole Schotz P.C., as counsel to the Creditors' Committee;  (c) Seward & Kissel LLP, as counsel to the

Prepetition Term Loan Agent; (d) Schulte Roth & Zabel LLP, as counsel to the Required Prepetition Term Loan Lenders; (e) Jones Day, as counsel to the Prepetition Noteholders; (f) the Internal Revenue Service; (g) the state attorneys general for states in which the Debtors conduct business; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 7, 2025                                ZEN JV, LLC, *et al.*

*/s/ Jeff Furman*
Jeff Furman
Chief Executive Officer