## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: Nov. 19, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date:** *Only if objections are filed* |

### THIRD MONTHLY FEE APPLICATION OF COLE SCHOTZ P.C., COUNSEL TO THE COMMITTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM SEPTEMBER 1, 2025 THROUGH SEPTEMBER 30, 2025

| | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Zen JV, LLC, *et al.* |
| Date of retention: | August 8, 2025, effective as of July 2, 2025 |
| Period for which compensation and reimbursement is sought: | September 1, 2025 through September 30, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $82,338.00 (80% of $102,922.50) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $805.86 |
| This is a: |   X  monthly ___ interim ___ final application |

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

Prior Monthly Applications Filed:

| Monthly Application | Requested Fees and Expenses | | Approved Fees and Expenses | |
|---|---|---|---|---|
| **Monthly Fee Period, Application Docket No., and Date Filed** | **Total Fees Requested** | **Total Expenses Requested** | **Total Fees Approved** | **Total Expenses Approved** |
| 7/2/2025 – 7/31/2025 Docket No. 316 8/26/2025 | $378,494.00 | $4,979.91 | $378,494.00 | $4,979.91 |
| 8/1/2025 – 8/31/2025 Docket No. 358 9/12/2025 | $272,385.50 | $865.29 | $272,385.50 | $865.29 |

Prior Interim Applications Filed:

| Monthly Application | Requested Fees and Expenses | | Approved Fees and Expenses | |
|---|---|---|---|---|
| **Monthly Fee Period, Application Docket No., and Date Filed** | **Total Fees Requested** | **Total Expenses Requested** | **Total Fees Approved** | **Total Expenses Approved** |
| 7/2/2025 – 8/31/2025 Docket No. 380 9/22/2025 | $650,879.50 | $5,845.20 | $650,879.50 | $5,845.20 |

## ZEN JV, LLC, *et al.*

## SUMMARY OF BILLING BY PROFESSIONAL
## SEPTEMBER 1, 2025 THROUGH SEPTEMBER 30, 2025

| Attorney Name | Year Admitted | Position (Department) | Hourly Billing Rate[1] | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Justin R. Alberto | 2008 | Member (Bankruptcy) | $1,150.00 | 19.1 | $21,965.00 |
| Steven L. Klepper | 1993 | Member (Litigation) | $1,035.00 | 1.7 | $1,759.50 |
| Seth Van Aalten | 2004 | Member (Bankruptcy) | $1,375.00 | 1.9 | $2,612.50 |
| Sarah A. Carnes | 2015 | Member (Bankruptcy) | $1,000.00 | 31.0 | $31,000.00 |
| Jonathan R. Friedman | 2019 | Associate (Bankruptcy) | $680.00 | 45.8 | $31,144.00 |
| Elazar A. Kosman | 2022 | Associate (Bankruptcy) | $485.00 | 22.4 | $10,864.00 |
| Melissa M. Hartlipp | 2022 | Associate (Bankruptcy) | $485.00 | 1.3 | $630.50 |
| Larry S. Morton | N/A | Paralegal | $420.00 | 5.6 | $2,352.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal | $425.00 | 1.4 | $595.00 |
| **Blended Rate: $790.50** | | | | **130.2** | **$102,922.50** |

---

[1] This rate is Cole Schotz P.C.'s regular hourly rate for legal services. All hourly rates are adjusted by Cole Schotz P.C. on a periodic basis (the last such adjustment occurred on September 1, 2025).

## ZEN JV, LLC, *et al.*

## COMPENSATION BY PROJECT CATEGORY
## SEPTEMBER 1, 2025 THROUGH SEPTEMBER 30, 2025

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 2.1 | $1,153.00 |
| Cash Collateral and Dip Financing | 0.2 | $230.00 |
| Claims Analysis, Administration and Objections | 1.7 | $1,865.00 |
| Committee Matters and Creditor Meetings | 3.5 | $2,573.50 |
| Creditor Inquiries | 0.2 | $97.00 |
| Executory Contracts | 0.9 | $878.50 |
| Fee Application Matters/Objections | 23.4 | $12,115.00 |
| Litigation/ Gen. (Except Automatic Stay Relief) | 0.2 | $230.00 |
| Preparation for and Attendance at Hearings | 7.8 | $5,859.50 |
| Reorganization Plan | 90.0 | $77,691.00 |
| Retention Matters | 0.2 | $230.00 |
| **TOTAL** | **130.2** | **$102,922.50** |

## ZEN JV, LLC, *et al.*

### EXPENSE SUMMARY
### SEPTEMBER 1, 2025 THROUGH SEPTEMBER 30, 2025

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---:|
| Court Fees | PACER | $69.70 |
| Travel | | $470.00 |
| Work Meals | | $9.96 |
| Data Host | Relativity | $252.00 |
| Photocopying/Printing/Scanning (42 pages @ $0.10/page) | | $4.20 |
| **TOTAL** | | **$805.86** |

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: Nov. 19, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date:** *Only if objections are filed* |

### THIRD MONTHLY FEE APPLICATION OF COLE SCHOTZ P.C., COUNSEL TO THE COMMITTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM SEPTEMBER 1, 2025 THROUGH SEPTEMBER 30, 2025

Cole Schotz P.C. (the "Applicant" or "Cole Schotz"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") of Zen JV, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (iv) the *Order Pursuant to 11 U.S.C. §§ 331, 330, and 105(a) and Fed. R. Bankr. P. 2016 (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, and (II) Granting Related Relief* [Docket No. 258] (the "Interim Compensation Order"),[2] for allowance of compensation for services rendered and

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

reimbursement of expenses for the period from September 1, 2025 through September 30, 2025 (the "Application Period"), and respectfully represents as follows:

## Jurisdiction and Venue

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Committee confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1.

## Background

**A.     The Chapter 11 Cases**

4. On June 24, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On July 2, 2025, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee, which is comprised of the following members: (i) Jobverse, Inc.

(ii) Textkernel B.V., c/o Bullhorn Inc., (iii) Talroo, Inc., (iv) Verinext Inc., (v) Appcast, Inc., (vi) Jobcase, Inc., and (vii) Equinix, Inc. *See* Docket No. 65. The Committee selected Verinext Inc. as the chairperson of the Committee. On September 18, 2025, Equinix, Inc. provided a notice of resignation and resigned from the Committee.

**B.    The Retention of Cole Schotz**

6. On July 23, 2025, the Committee applied to the Court for an order authorizing the retention and employment of Cole Schotz as counsel to the Committee, effective as of July 2, 2025. *See* Docket No. 203.

7. On August 8, 2025, the Court entered the *Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 Authorizing and Approving the Retention and Employment of Cole Schotz P.C. as Counsel to the Official Committee of Unsecured Creditors Effective as of July 2, 2025* [Docket No. 293] authorizing the retention and employment of Cole Schotz as counsel to the Committee.

**C.    The Interim Compensation Order**

8. The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that on or after the tenth day of each month following the month for which compensation is sought, each Professional seeking compensation may file a monthly fee application (each, a "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month and serve such Monthly Fee Application on the Fee Notice Parties. Provided that there are no objections to the Monthly Fee Application filed within twenty-one (21) days after service of a Monthly Fee Application, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the compensation and expenses requested in its Monthly Fee Application, after which the Debtors are authorized to pay such

Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application.

### Relief Requested

9. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Cole Schotz is seeking compensation in the amount of $82,338.00, which is equal to eighty percent (80%) of the $102,922.50 in fees for professional services rendered by Cole Schotz during the Application Period. This amount is derived solely from the applicable hourly billing rates of Cole Schotz personnel who rendered such services to the Committee. In addition, Cole Schotz is seeking reimbursement of expenses incurred during the Application Period in the amount of $805.86.

**A.   Compensation Requested**

10. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Cole Schotz with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with Local Rule 2016-1(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories and all meetings or hearings are individually identified. *See* DEL. BANKR. L.R. 2016-1(d).

11. The attorneys and professionals who rendered services related to each category are identified in **Exhibit A**, along with the number of hours for each individual and the total compensation sought for each category.

**B.   Expense Reimbursement Requested**

12. Cole Schotz incurred out-of-pocket expenses during the Application Period in the amount of $805.86. Attached hereto as **Exhibit B** is a description of the expenses actually

incurred by Cole Schotz in the performance of services rendered as counsel to the Committee. The expenses are broken down into categories of charges, including among other things, the following charges: photocopying, printing and scanning, data hosting, court fees and other non-ordinary expenses. *See* DEL. BANKR. L.R. 2016-1(e).[3]

### Valuation of Services

13. Attorneys and professionals of Cole Schotz have expended a total of 130.2 hours in connection with this matter during the Application Period.

14. The amount of time spent by each of the Cole Schotz professionals providing services to the Committee for the Application Period is set forth in **Exhibit A**. The rates are Cole Schotz's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Cole Schotz for the Application Period as counsel to the Committee in these Chapter 11 Cases is $102,922.50.

15. Cole Schotz believes that the time entries included in **Exhibit A** attached hereto and the expense breakdown set forth in **Exhibit B** attached hereto are in compliance with the requirements of Local Rule 2016-1.

16. Cole Schotz's itemized time records for professionals performing services for the Committee during the Application Period are attached hereto as **Exhibit C**.

17. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

---

[3] In accordance with Local Rule 2016-1(e)(iii), Cole Schotz does not charge more than $0.10 per page for photocopies. Applicant does not surcharge for computerized research. DEL. BANKR. L.R. 2016-1(e)(iii).

### **No Prior Request**

18. No prior request for the relief sought in the Application has been made to this or any other court.

### **Certificate of Compliance and Waiver**

19. The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-1, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

### **Notice**

20. Cole Schotz will provide notice and serve this Application on the Fee Notice Parties. In light of the nature of the relief requested in this Application, Cole Schotz submits that no other or further notice is required.

### **Conclusion**

**WHEREFORE**, Cole Schotz respectfully requests (i) interim allowance of (a) compensation in the amount of $82,338.00 (80% of $102,922.50) for professional services rendered and (b) reimbursement for actual and necessary costs in the amount of $805.86; (ii) payment by the Debtors of the foregoing amounts; and (iii) such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 29, 2025  
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Melissa M. Hartlipp (No. 7063)
Elazar A. Kosman (No. 7077)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:    jalberto@coleschotz.com
    mhartlipp@coleschotz.com
    ekosman@coleschotz.com

– and –

Seth Van Aalten (admitted *pro hac vice*)
Sarah A. Carnes (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone:    (212) 752-8000
Facsimile:    (212) 752-8393
Email:    svanaalten@coleschotz.com
    scarnes@coleschotz.com

*Counsel to the Official Committee of Unsecured Creditors*