IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | : | Case No. 25-11195 (JKS) |
| Debtors. | : | (Jointly Administered) |
| | : | Re: Docket No. 430 |

---

**CERTIFICATE OF NO OBJECTION REGARDING APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF FORVIS MAZARS, LLP AS TAX SERVICES PROVIDER TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF SEPTEMBER 11, 2025, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS PURSUANT TO LOCAL RULE 2016-1, AND (III) GRANTING RELATED RELIEF**

The undersigned hereby certifies that, as of the date hereof, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have received no answer, objection, or any other responsive pleading with respect to the *Application of Debtors for Entry of an Order (I) Authorizing the Retention and Employment of Forvis Mazars, LLP as Tax Services Provider to the Debtors and Debtors in Possession Effective as of September 11, 2025, (II) Waiving Certain Information Requirements Pursuant to Local Rule 2016-1, and (III) Granting Related Relief* [Docket No. 430] (the "**Application**") filed by the Debtors with the United States Bankruptcy Court for the District of Delaware (the "**Court**") on October 7, 2025.

The undersigned further certifies that they have reviewed the Court's docket in this case and no answer, objection, or other pleading to the Application appears thereon. Pursuant to the

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).  The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

RLF1 34151032v.1

*Notice of Application and Hearing* filed with the Application, any objections or responses to the Application were to be filed no later than October 21, 2025 at 4:00 p.m. (prevailing Eastern Time).

WHEREFORE, the Debtors respectfully request that the Proposed Order be entered at the earlies convenience of the Court.

Dated:  November 11, 2025
       Wilmington, Delaware

|  |  |
|---|---|
| **LATHAM & WATKINS LLP** | */s/ Colin A. Meehan*<br>**RICHARDS, LAYTON & FINGER, P.A.** |
| Ray C. Schrock (admitted *pro hac vice*)<br>Candace M. Arthur (admitted *pro hac vice*)<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 906-1200<br>Facsimile:  (212) 751-4864<br>Email:  ray.schrock@lw.com<br>       candace.arthur@lw.com | Daniel J. DeFranceschi (No. 2732)<br>Zachary I. Shapiro (No. 5103)<br>Huiqi Liu (No. 6850)<br>Clint M. Carlisle (No. 7313)<br>Colin A. Meehan (No. 7237)<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile:  (302) 651-7701<br>Email:  defranceschi@rlf.com<br>      hapiro@rlf.com<br>      liu@rlf.com<br>      carlisle@rlf.com<br>      meehan@rlf.com |
| - and - |  |
| Jonathan C. Gordon (admitted *pro hac vice*)<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone:  (312) 876-7700<br>Facsimile:  (312) 993-9767<br>Email:  jonathan.gordon@lw.com |  |

*Co-Counsel for Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| ZEN JV, LLC, et al.,[1] | : | Case No. 25-11195 (JKS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. 430** |
| | : | |

------------------------------------------------------------ x

**ORDER (I) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF FORVIS MAZARS, LLP AS TAX SERVICES PROVIDER TO
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF
SEPTEMBER 11, 2025, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS
PURSUANT TO LOCAL RULE 2016-1, AND (III) GRANTING RELATED RELIEF**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (a) authorizing the Debtors to, under sections 327 and 328(a) of the Bankruptcy Code, retain and employ Forvis Mazar, LLP ("**Forvis Mazars**") as tax services provider to the Debtors effective as of September 11, 2025 on the terms set forth in the engagement letter dated as of September 11, 2025 (the "**Engagement Letter**") and (b) granting related relief, all as more fully set forth in the Application; and upon and the Evans Declaration; this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and this Court being satisfied that Forvis Mazars neither holds not represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed; and this Court being satisfied that Forvis Mazars is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

      **ORDERED, ADJUDGED, AND DECREED:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ Forvis Mazars as their tax services provider in the Chapter 11 Cases under sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, effective as of September 11, 2025, on the terms and conditions set forth in the Application and the Engagement Letter, attached as **Exhibit B** to the Application, as modified by this Order.

3. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), including the Fee Structure, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

4. Forvis Mazars shall apply to this Court for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court; *provided* that the requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Rule 2016-1 are hereby modified such that Forvis Mazars' professionals shall only be required to maintain summary records in half-hour increments describing each professional's tasks on a daily basis in support of each fee application, including reasonably detailed descriptions of those services and the individuals who provided those services, and will present such records to this Court; *provided*, *further* that Forvis Mazars' professionals shall not be required to keep time records on a project category basis or provide or conform to any schedules of hourly rates.

5.  Forvis Mazars shall be compensated in accordance with the terms of the Engagement Letter as modified by this Order, and in particular, all of Forvis Mazars' fees and expenses in the Chapter 11 Cases are hereby approved pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the fees and expenses payable to Forvis Mazars pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"). This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Forvis Mazars' compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code; provided, that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in the Chapter 11 Cases to the fees paid to other tax services providers for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated solely on the basis of time committed or the length of the Chapter 11 Cases. Accordingly, nothing in this

Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Forvis Mazars' compensation.

6. Notwithstanding anything to the contrary in the Engagement Letter, the indemnification provisions in the Engagement Letter are hereby modified as follows:

    a. Forvis Mazars and any of its partners, principals, shareholders, officers, directors, members, employees, agents, or assigns (collectively, the "**Indemnified Parties**") shall not be entitled to indemnification pursuant to the Engagement Letter for services, unless such services and the indemnification, therefor is approved by this Court;

    b. the Debtors shall have no obligation to indemnify the Indemnified Parties for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from an Indemnified Party's gross negligence, willful misconduct, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege breach of an Indemnified Party's contractual obligations, unless this Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

    c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by an Indemnified Party for indemnification, and not a provision limiting the duration of the Debtors' obligation to indemnify any Indemnified Party. All parties in interest shall retain the right to object to any demand by an Indemnified Party for indemnification.

7. During the pendency of the Chapter 11 Cases, paragraphs 7-9 of the Terms and Conditions Addendum to the Engagement Letter shall be of no force or effect.

8. Forvis Mazars shall not seek reimbursement of fees or expenses of its counsel incurred in defending any of Forvis Mazars' fee applications in the Chapter 11 Cases.

9. Notwithstanding anything to the contrary in the Application, Forvis Mazars shall: (a) to the extent that Forvis Mazars uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in the Chapter 11 Cases, pass through the cost of such Contractors to the Debtors at the same rate that Forvis Mazars pays the Contractors; and (b) seek reimbursement for actual costs only. The Debtors shall require that the Contractors are subject to the same conflicts checks as required for Forvis Mazars, and file with this Court such disclosures required by Bankruptcy Rule 2014.

10. Notwithstanding anything to the contrary in the Application and/or Engagement Letter, Forvis Mazars shall have whatever duties, fiduciary or otherwise, that are imposed upon it by applicable law.

11. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

12. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

15. Notwithstanding anything in the Engagement Letter to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.