**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**April 13, 2026 at 4:00 p.m. (ET)**<br><br>**Hearing Date:**<br>**To be determined.** |

**GOOGLE LLC'S MOTION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE**

Google LLC ("**Google**"), by and through its counsel, files this *Motion for Allowance of Administrative Expense Claim Pursuant to Section 503(b) of the Bankruptcy Code* (the "**Motion**") and states the following in support thereof:

**PRELIMINARY STATEMENT**

1.       During the course of the Debtors' Chapter 11 bankruptcy proceedings, Google provided certain services to and for the benefit of debtors, Zen JV, LLC, *et al.* (the "**Debtors**"), including without limitation services through the Google Ads program (f/k/a AdWords) (the "**Services**"). Google respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Administrative Expense Order**"), which: (a) allows an administrative expense in an amount not less than $1,707,274.12 for the Services provided by Google to the Debtors through October 31, 2025 (the "**Administrative Expense Claim**"), (b) directs the Administrative Expense Claim be paid in full within five (5) business days after entry

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

of the Administrative Expense Order, or at such time as the Court otherwise orders, (c) approves

the Reservation of Rights (as defined below), and (d) grants such other and further relief as may

be deemed just and proper under the circumstances of this case.

## JURISDICTION

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Debtors'

Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

3.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)-(B) and (O).

4.      The statutory predicates for the relief requested herein include Sections 105,

503(a) and (b)(1)(A) and 507 of title 11 of the United States Code (the "**Bankruptcy**

**Code**").

## BACKGROUND

5.      On June 24, 2025, (the "**Petition Date**"), the Debtors filed voluntary petitions

under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District

of Delaware (this "**Court**").

6.      Prior to the Petition Date, Google entered into certain contracts, including the

contracts for advertising services (the "**Google Contracts**") with the Debtors. Pursuant to the

Google Contracts, Google provides advertisings services, and other services to and for the

benefit of the Debtors, including without limitations services through the Google Ads (f/k/a

AdWords). Google's Ads program is an online advertising program that, among other things,

allows advertisers (here, the Debtors) to reach potential customers as they search for designated

words and phrases (i.e., keywords) or browse websites with themes similar to the advertiser's.

7.    The Debtors failed to pay, in full, for the post-petition Services.    Through October 31, 2025, the total amount for the Services which remains unpaid is at least $1,707,274.12 as shown on the account statement (the "**Account Statement**") attached hereto as **Exhibit B**.

8.    On October 7, 2025, the Court entered an Order confirming the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [D.I. 408] (the "**Plan**").    On October 14, 2025, the Debtors filed a *Notice of (A) Findings of Fact, Conclusions of Law and Order (I) Approving the Adequacy of the Debtors' Second Amended Combined Disclosure Statement and Joint Plan of Liquidation on a Final Basis and (II) Confirming the Debtors' Second Amended Combined Disclosure Statement and Joint Plan of Liquidation and (B) Effective Date* [D.I. 458] providing that the deadline for filing requests for payment of administrative expense claims (other than Professional Fee Claims) is November 13, 2025. Therefore, Google's request for payment and allowance of Google's administrative expense claim is timely.

## BASIS FOR RELIEF

9.    Google requests that this Court grant Google an allowed administrative expense in the amount of $1,707,274.12 and order the Debtors to pay such administrative expense pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.

10.    Section 503(b)(1)(A) of the Bankruptcy Code provides that:

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including — (1)(A) the actual, necessary costs and expenses of preserving the estate ...

11 U.S.C. § 503(b)(1)(A).

32493283v.2

11.    Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) (*citing Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 (2d Cir. 1986)); *see also Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689-90 (3d Cir. 1999).

12.    It is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984); *In re Waste Sys. Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002). Fundamentally, "[t]ransactions in the ordinary course of business of the debtor in possession create expenses of administration." *In re Crystal Apparel, Inc.,* 220 B.R. 816, 830 (Bankr. S.D.N.Y. 1998). Simply put: a debtor-in-possession must pay administrative expenses if it induces the counter-contracting party to perform and receives a benefit from that performance. *In re Globe Metallurgical, Inc.,* 312 B.R. 34, 40 (Bankr. S.D.N.Y. 2004).

13.    Courts have the discretion as to whether to provide for immediate payment of an allowed administrative claim. *In re Shihai*, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008); *In re Baptist Medical Ctr. of New York, Inc.*, 52 B.R. 417, 421 (E.D.N.Y. 1985), *aff'd*, 781 F.2d 973 (2d Cir. 1986); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002)

14.     Google is entitled to an allowed administrative expense for the actual cost and value of the services that it provided to the Debtors post-petition.  As evidenced by the Account Statement, $1,707,274.12 is the actual cost incurred by the Debtors.  The Services provided by Google were needed to continue and maintain the Debtors' business during the Chapter 11 proceedings and were necessary to preserve the Debtors' estate.

## RESERVATION OF RIGHTS

15.     Notwithstanding the foregoing, Google expressly reserves all (and does not hereby waive any) of its (a) rights, claims, counterclaims, defenses, interests, actions and remedies related to (i) assumption or rejection of any executory contract or unexpired lease to which it is a counterpart, (ii) any claim or proof of claim that has been filed or may be filed in the future, (iii) any administrative expense claim as may be asserted hereinafter, including without limitation the (A) right to a judicial determination of the amount(s) due and owing with regard to any claim, (B) the right to resolution of all issues implicated by Google's claims and/or contracts between Google and the Debtor, (C) the right to amend, modify or supplement this Motion in response to, or as a result of, any submission by any party-in-interest and (D) the right to adopt any other pleadings filed by any other party related to Google's claims or this Motion (collectively, the "**Reservation of Rights**").

[*Remainder of Page Intentionally Left Blank.*]

32493283v.2

**WHEREFORE**, Google respectfully requests that this Court enter an order substantially in the form of the proposed Administrative Expense Order, granting Google an allowed administrative expense in the amount of $1,707,274.12, ordering the Debtors to pay such administrative expense within five (5) business days after entry of the Administrative Expense Order, without prejudice to Google's right to request payment from the Debtor upon further application to this Court, approving the Reservation of Rights, and granting such additional relief as this Court deems just and proper.

Respectfully submitted,

Date: November 13, 2024                                **WHITE AND WILLIAMS LLP**

By:  */s/ Michael A. Ingrassia*
Michael A. Ingrassia (No. 7068)
600 N. King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 467-4503
Facsimile: (302) 467-4550
ingrassiam@whiteandwilliams.com

*Counsel to Google LLC*