# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Zen JV, LLC,** *et al.*,<br><br>　　　　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 25-11195 (JKS)<br>)<br>) Jointly Administered<br>)<br>) Hearing Date: January 27, 2026 at 2:30 P.M.<br>) Objection Date: January 22, 2026 at 4:00 P.M.<br>)<br>) Docket Nos. 429, 458<br>) |

## ORACLE AMERICA, INC.'S REQUEST FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES

Oracle America, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, hereby requests allowance and payment of an administrative expense in the amount of $573,711.42, pursuant to sections 503(a) and (b) of the Bankruptcy Code (the "Administrative Request"), for post-petition goods and products provided, and services rendered, by Oracle to Zen JV, LLC, et al. ("Debtors").

1.　Oracle is a licensor of computer software and provides software-related products, technical support, maintenance, educational materials, and programs, as well as cloud-based and point of sale services, which Oracle often customizes for the customer's specific needs. Prior to June 24, 2025 (the "Petition Date"), the Debtors and Oracle were parties to several agreements related to such licenses, products and services (the "Oracle Agreements").

2.　The Debtors sought to assume and assign the Oracle Agreements to BOLD Holdings, LLC or its assignee ("Buyer") pursuant to the (1) *Motion of Debtors for Entry of Orders (I) Authorizing and Approving (A) The Bidding Procedures For Sale of the Debtors' Assets Free and Clear, (B) The Scheduling of an Auction and Sale Hearing, (C) The Form and Manner of Notice of Sales, Auctions, and Sale Hearings, (D) Notice and Procedures For the*

*Assumption and Assignment of Executory Contracts and Unexpired Leases, (E) The Designation of Stalking Horse Bidders, and (F) The Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing Designation of Stalking Horse Bidders, and (III) Granting Related Relief* [Dkt. No. 28] ("Sale Motion"); and (2) *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Dkt. No. 82] ("Assumption Notice").

3. On July 14, 2025, Oracle filed its Limited Objection and Reservation of Rights [Dkt. No. 53] ("Rights Reservation") with respect to the Sale Motion and Assumption Notice. The Rights Reservation was based in part on the seeming inaccuracy of the contract descriptions and the associated cure amount of $317,124.00.

4. On July 28, 2025, the Court entered an Order [Dkt. No. 235] approving the Sale Motion, pursuant to which the Debtors sold their Job Board Business to the Buyer. In order to resolve Oracle's Rights Reservation, the Order included the following language:

> Notwithstanding anything to the contrary in this Order or the Purchase Agreement, no Contract between the Debtor and Oracle America, Inc. ("**Oracle**") will be assumed and/or assigned without (1) Oracle's prior written consent; (2) cure of any default under such contract; (3) the provision to Oracle of satisfactory adequate assurance of future performance by the assignee; and (4) execution by the Debtor or its successor and the assignee of mutually agreeable assignment documentation in a final form to be negotiated after entry of this Order. In addition, no provision of this Order or the Transition Services Agreement shall authorize (1) the transfer of any Oracle license agreement to any third party; or (2) use of any Oracle license agreement that is inconsistent with the relevant license grant including, but not limited to, exceeding the number of authorized users, shared use or license splitting, absent Oracle's express prior written consent.

(*See*, ¶24 of the Order).

5. Oracle submits this Administrative Request pursuant to the *Notice of (A) Findings of Fact, Conclusions of Law and Order (I) Approving the Adequacy of the Debtors' Second Amended Combined Disclosure Statement and Joint Plan of Liquidation On a Final Basis and (II) Confirming the Debtors' Second Amended Combined Disclosure Statement and Joint Plan of*

*Liquidation and (B) Effective Date* [Dkt. No. 458] ("Notice").  Pursuant to the Notice, the last day to submit an administrative expense claim is November 13, 2025.

6. Oracle has not received payment on the following Invoices ("Invoices") which are attached hereto as **Exhibit A**.

| Invoice Number | Invoice Date | Service Period | Invoice Amount | Administrative Claim Amount |
|---|---|---|---|---|
| 101979065 | 6/5/25 | 7/1/25-9/30/25 | $380,280.61 | $380,280.61 |
| 102022203 | 7/3/25 | 7/1/25-9/30/25 | $120,000.00 | $120,000.00 |
| 102170393 | 10/8/25 | 10/1/25-12/31/25 | $127,500.00 | $18.016.30 |
| 102119755 | 10/8/25 | 10/1/25-12/31/25 | $392,164.22 | $55,414.51 |

7. Based on the timing of the Invoices, Debtors may believe payment is the responsibility of the Buyer.  However, as of the date of this Administrative Request, the assignment of the Oracle Agreements is not complete. Therefore, in an abundance of caution, and in order to preserve Oracle's right to be paid, Oracle files this Administrative Request.

8. Oracle also filed a general unsecured claim which included certain Invoices. Oracle is not seeking a duplicative recovery. Oracle believes these Invoices are entitled to administrative treatment.  However, to the extent any portion of the sum owing is not allowed as an administrative expense, Oracle seeks to ensure that such sums are allowed, alternatively, as a general unsecured claim.

9. Oracle asserts that it has provided tangible value to the Debtors' estate and/or its assignee, because said parties have used Oracle's products and services throughout these Chapter 11 cases.

**WHEREFORE**, Oracle respectfully requests allowance and payment of an administrative expense in an amount of not less than $573,711.42, and reserves its right to supplement this Administrative Request if additional unpaid administrative amounts accrue.

Dated: November 13, 2025
       Wilmington, Delaware

**MARGOLIS EDELSTEIN**

By:     /s/ James E. Huggett
    James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 888-1112
E-mail: jhuggett@margolisedelstein.com

Mark F. Magnozzi, Esq.
Benjamin Rachelson, Esq.
**THE MAGNOZZI LAW FIRM P.C.**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858
E-mail: mmagnozzi@magnozzilaw.com

Shawn M. Christianson, Esq.
BUCHALTER, A Professional Corporation
A Professional Corporation
425 Market Street, Suite 2900
San Francisco, California 94105
Telephone: (415) 227-0900
E-mail: schristianson@buchalter.com

Peggy Bruggman, Esq.
Colin Farrell, Esq.
ORACLE AMERICA, INC.
500 Oracle Parkway
Redwood City CA  94065
Telephone: (650) 506-5200

**Attorneys for Oracle America, Inc.**