## <u>EXHIBIT A</u>

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>                                    Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 457, 459, 460, 461 & 504** |

**ORDER APPROVING SETTLEMENT STIPULATION REGARDING THE REQUESTS OF SUSAN FALLON, ALLISON WAGNER, MARK NELSON, SARAH BLANSETT, AND ERIC BOUDIN FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A) AND 507(a)(2)**

Upon consideration of the Requests[2] of the Employee Claimants for payment of administrative expense claims pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2) [Docket Nos. 457, 459, 460, 461 & 504], and the *Stipulation Between the Liquidation Trustee and Employee Claimants Regarding the Requests of the Employee Claimants for Payment of Administrative Expense Claims Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2)* (the "Stipulation"), attached hereto as **Exhibit 1**; and this Court having jurisdiction to consider the Requests pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of these Chapter 11 cases and the Requests in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C.

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed in the *Certification of Counsel Regarding Order Approving Settlement Stipulation Regarding the Requests of Susan Fallon, Allison Wagner, Mark Nelson, Sarah Blansett, and Eric Boudin for Payment of Administrative Expense Claims Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2).*

§ 157(b); and this Court having reviewed the Stipulation; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved in its entirety.

2. The Liquidation Trustee is authorized to take any and all actions reasonably necessary to effectuate the terms of this Order and the Stipulation.

3. This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

## **EXHIBIT 1**

**The Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.,*[1] | Case No. 25-11195 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 457, 459, 460, 461 & 504** |

**STIPULATION BETWEEN THE LIQUIDATION TRUSTEE
AND EMPLOYEE CLAIMANTS REGARDING THE REQUESTS OF
THE EMPLOYEE CLAIMANTS FOR PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIMS PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A) AND 507(a)(2)**

The Liquidation Trustee[2] in the above-captioned cases and the Employee Claimants (collectively, the "Parties") hereby stipulate and agree as follows:

**WHEREAS,** on June 24, 2025 (the "Petition Date"), Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under Title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS,** on October 7, 2025, the Court entered an order [Docket No. 429] confirming the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 408], dated October 3, 2025 (together with all exhibits, supplements, and

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed in the *Certification of Counsel Regarding Order Approving Settlement Stipulation Regarding the Requests of Susan Fallon, Allison Wagner, Mark Nelson, Sarah Blansett, and Eric Boudin for Payment of Administrative Expense Claims Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2).*

amendments thereto, the "Plan"). The Plan became effective on October 14, 2025 (the "Effective Date") [Docket No. 458]. On the Effective Date, in accordance with the Plan and Liquidation Trust Agreement (the "LTA"), the Liquidation Trust was established for which the Liquidation Trustee serves.

**WHEREAS,** the Employee Claimants each filed motions requesting payment of administrative expense claims [Docket Nos. 457, 459, 460, 461 & 504] (collectively, the "Requests").

**WHEREAS**, the Parties have engaged in good faith negotiations to resolve the Requests and the treatment of Employee Claimants' claims, and the Parties desire to memorialize their agreement with respect thereto.

**NOW, THEREFORE,** in consideration of the foregoing and for good and valuable consideration, subject to the Court's approval, the Parties hereby agree as follows:

1.      The foregoing recitals are hereby incorporated by reference into this Stipulation.

2.      The Parties acknowledge and agree that this Stipulation is subject to the approval of the Court. The Parties further acknowledge and agree that if this Stipulation is not approved in the form executed by the Parties: (a) the arrangement contemplated herein shall be null and void and of no effect; (b) nothing contained in this Stipulation shall be deemed an admission of liability or culpability on behalf of any Party; and (c) this Stipulation shall not be construed to support the validity of any claim, defense or contention made or asserted by or against any Party.

3.      The Parties further acknowledge and agree that, in exchange for any and all claims of the Employee Claimants in these cases (collectively, the "Employee Claims"):

     a.    Susan Fallon shall have:

          i.    An allowed, administrative expenses claim in the amount of $91,500 (the "Allowed Fallon Administrative Claim"), which shall be treated in

accordance with the Plan, and will be paid promptly after the order approving this Stipulation is entered by the Court; and

ii. An allowed, general unsecured claim classified in Class 5 (General Unsecured Claims) of the Plan in the amount of **$213,500** (the "Allowed Fallon GUC Claim"), which shall be treated in accordance with the Plan.

b.  Allison Wagner shall have:

i. An allowed, administrative expenses claim in the amount of $33,000 (the "Allowed Wagner Administrative Claim"), which shall be treated in accordance with the Plan, and will be paid promptly after the order approving this Stipulation is entered by the Court; and

ii. An allowed, general unsecured claim classified in Class 5 (General Unsecured Claims) of the Plan in the amount of $77,000 (the "Allowed Wagner GUC Claim"), which shall be treated in accordance with the Plan.

c.  Mark Nelson shall have:

i. An allowed, administrative expenses claim in the amount of $76,821 (the "Allowed Nelson Administrative Claim"), which shall be treated in accordance with the Plan, and will be paid promptly after the order approving this Stipulation is entered by the Court; and

ii. An allowed, general unsecured claim classified in Class 5 (General Unsecured Claims) of the Plan in the amount of $179,248 (the "Allowed Nelson GUC Claim"), which shall be treated in accordance with the Plan.

d.  Sarah Blansett shall have:

        i.   An allowed, administrative expenses claim in the amount of $28,350 (the "<u>Allowed Blansett Administrative Claim</u>"), which shall be treated in accordance with the Plan, and will be paid promptly after the order approving this Stipulation is entered by the Court; and

        ii.   An allowed, general unsecured claim classified in Class 5 (General Unsecured Claims) of the Plan in the amount of **$66,150** (the "<u>Allowed Blansett GUC Claim</u>"), which shall be treated in accordance with the Plan.

   e.  Eric Boudin shall have:

        i.   An allowed, administrative expenses claim in the amount of $46,650 (the "<u>Allowed Boudin Administrative Claim</u>"), which shall be treated in accordance with the Plan, and will be paid promptly after the order approving this Stipulation is entered by the Court; and

        ii.   An allowed, general unsecured claim classified in Class 5 (General Unsecured Claims) of the Plan in the amount of **$108,850** (the "<u>Allowed Boudin GUC Claim</u>"), which shall be treated in accordance with the Plan.

4.      The Employee Claims shall be otherwise disallowed and expunged, and other than the allowed claims described above, the Employee Claimants will have no other claims against the Debtors, the Liquidation Trustee, or the Liquidation Trust, whether filed, scheduled, or otherwise.

5.      This Stipulation will become null and void and of no effect, as to the respective Employee Claimant, if the Allowed Fallon Administrative Claim, Allowed Wagner Administrative Claim, Allowed Nelson Administrative Claim, Allowed Blansett Administrative Claim, or Allowed Boudin Administrative Claim is not paid within ten (10) business days after the order

approving this Stipulation is entered or such other time as mutually agreed between the respective Employee Claimant and the Liquidation Trustee.

6. For the avoidance of doubt, distributions from the Liquidation Trust, if any, on account of the Allowed Fallon GUC Claim, Allowed Wagner GUC Claim, Allowed Nelson GUC Claim, Allowed Blansett GUC Claim, and Allowed Boudin GUC Claim (collectively, the "Allowed Employee GUC Claims") shall be made in accordance with the Plan and LTA, and nothing contained in this Stipulation shall be deemed an assurance of payment of any amount on account of the Allowed Employee GUC Claims.

7. The Debtors' claims agent is hereby authorized and directed to update the official claims register to reflect the relief granted by this Stipulation and the Order.

8. This Stipulation contains the entire agreement between the Parties and represents the Parties' mutual understandings.

9. This Stipulation will be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

10. The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation.

11. The Court shall have jurisdiction to resolve any and all disputes arising from or related to this Stipulation. Each of the Parties irrevocably consents for all purposes of this Stipulation to the jurisdiction of the Court and agrees that venue is proper in the Court.

12. This Stipulation shall be effective and enforceable for all purposes immediately upon the Court's entry of the order approving it.

13. The Parties each represent to the other that they have taken all actions necessary and have full authority to enter into this Stipulation.

14.     In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

15.     Each Party has reviewed the foregoing Stipulation and voluntarily enters herein, after adequate time for review and, at their discretion, consultation with counsel of their choice.

**WHEREFORE**, and in agreement herewith, by and through their undersigned counsel, the Parties have executed this Stipulation as of the date set forth below.

Dated: December 4, 2025
       Wilmington, Delaware

**COLE SCHOTZ P.C.**
*/s/ Melissa M. Hartlipp*
Justin R. Alberto (No. 5126)
Melissa M. Hartlipp (No. 7063)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-3131
jalberto@coleschotz.com
mhartlipp@coleschotz.com

-and-

Seth Van Aalten (admitted *pro hac vice*)
Sarah A. Carnes (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
svanaalten@coleschotz.com
scarnes@coleschotz.com

*Counsel to the Liquidation Trustee*

Dated: December 4, 2025
       Wilmington, Delaware

                       **BIELLI & KLAUDER, LLC**

                       */s/ David M. Klauder*
                        David M. Klauder (No. 5769)
                        1204 N. King Street
                        Wilmington, DE 19801
                        Telephone: (302) 803-4600
                        dklauder@bk-legal.com

                       *Counsel to the Employee Claimants*