# **EXHIBIT 1**

**Stipulation**

Case 25-11195-JKS   Doc 571-1   Filed 03/10/26   Page 1 of 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 235 & 266** |

### STIPULATION APPROVING THE ASSUMPTION AND ASSIGNMENT OF BLUEPAY MSA TO BOLD HOLDINGS, LLC

This stipulation (the "Stipulation") is made by and between the Liquidation Trustee[2] in the above-captioned cases, BOLD Holdings, LLC (including any permitted assignee, the "Buyer"), and BluePay Processing, LLC (and together with its affiliates, "BluePay" and, together with the Liquidation Trustee and Buyer, the "Parties"). The Parties have agreed to the assumption and assignment of the BluePay MSA to Buyer, on the terms and conditions set forth below:

### RECITALS

**WHEREAS,** on June 24, 2025 (the "Petition Date"), Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the *Revised Certification of Counsel Regarding Stipulation Regarding the Assumption and Assignment of BluePay MSA to Bold Holdings, LLC*.

**WHEREAS,** on July 28, 2025, the Court entered the Sale Order which approved the Debtors' entry into the APA and, among other things, approved the assumption and assignment certain of the Debtors' executory contracts to Buyer in connection with the sale of certain of the Debtors' assets thereunder.

**WHEREAS,** on August 1, 2025, the Debtors filed the Notice of Sale Closing which provided notice that the APA closed on July 31, 2025 (the "Closing Date") and attached the Assigned Contracts List as its Exhibit 1 thereto.

**WHEREAS,** on the Closing Date, the amount of the reserve balance under the BluePay MSA was $3,012,696.78 (the "Pre-Closing Reserve").

**WHEREAS,** on October 7, 2025, the Court entered an order [Docket No. 429] confirming the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 408], dated October 3, 2025 (together with all exhibits, supplements, and amendments thereto, the "Plan"). The Plan became effective on October 14, 2025 (the "Plan Effective Date") [Docket No. 458]. On the Plan Effective Date, in accordance with the Plan and Liquidation Trust Agreement (the "LTA"), the Liquidation Trustee was appointed as the Debtors' authorized representative for all purposes, with the power and authority to perform the acts described in the LTA in addition to any powers granted by law. *See* Plan Section IX.G.1

**WHEREAS**, the Parties have engaged in good faith negotiations and have agreed that the BluePay MSA shall be assumed and assigned to Buyer under the Sale Order and APA, and the Parties desire to memorialize their agreement with respect thereto.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

**UNDERSIGNED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation.

2. The Parties acknowledge and agree that this Stipulation is subject to the approval of the Court. The Parties further acknowledge and agree that if this Stipulation is not approved in the form executed by the Parties: (a) the arrangement contemplated herein shall be null and void and of no effect; (b) nothing contained in this Stipulation shall be deemed an admission of liability or culpability on behalf of any Party; and (c) this Stipulation shall not be construed to support the validity of any claim, defense or contention made or asserted by or against any Party.

3. The Parties acknowledge and agree that, upon the Court's approval of this Stipulation and expressly subject to the Liquidation Trust's receipt of the Pre-Closing Reserve as set forth in section 4 (the "Effective Date"):

   a. The BluePay MSA is assumed and assigned by the Debtors to the Buyer effective as of the Closing Date;

   b. The reserve balance under the BluePay MSA in excess of the Pre-Closing Reserve shall be (i) treated as the Buyer's reserve balance under the BluePay MSA or (ii) transferred to the Buyer;

   c. The APA and any and all schedules or lists attached or related thereto regarding assumed and assigned contracts among and between the Debtors and the Buyer, including, but not limited to, the Assigned Contracts List, are deemed amended to include the BluePay MSA;

   d. The Parties agree there are no Cure Payments (as defined in the APA) or other outstanding costs or obligations due under the BluePay MSA as of the Closing Date;

    e. The Buyer shall be solely responsible for any and all costs, liabilities, and obligations due or owed to BluePay under the BluePay MSA, including without limitation any chargebacks, refunds, fines, assessments, indemnification obligations, or similar liabilities relating to transactions processed under the BluePay MSA on or after the Closing Date, provided, however, the Parties agree that no defaults under the BluePay MSA have occurred and are continuing as of the date hereof; and

    f. BluePay, Fiserv Inc. and any and all of their current, former and future affiliates, subsidiaries, officers, directors, managers, members, equity holders, partners, principals, employees, representatives, agents and assigns shall release the Debtors, their estates, the Liquidation Trust and the Liquidation Trustee from any and all obligations, claims and causes of action, arising under the BluePay MSA on or after the Closing Date.

4. No later than seven (7) business days after the Court's approval of this Stipulation, BluePay shall transfer the Pre-Closing Reserve to the Liquidation Trust by wire transfer in accordance with the wire transfer instructions provided by the Liquidation Trustee. For the avoidance of doubt, BluePay shall retain any reserve amounts accrued or withheld after the Closing Date in accordance with the terms of the BluePay MSA, and nothing herein shall limit BluePay's rights to establish, maintain, or modify reserve requirements with respect to the Buyer under the BluePay MSA.

5. This Stipulation shall become null and void and of no effect if BluePay does not remit the Pre-Closing Reserve to the Liquidation Trust within seven (7) business days of the Court's entry of the order approving this Stipulation.

6. This Stipulation contains the entire agreement between the Parties and represents the Parties' mutual understandings.

7. This Stipulation will be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

8. The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation.

9. This Stipulation shall be effective and enforceable for all purposes immediately upon the Effective Date.

10. The Parties each represent to the other that they have taken all actions necessary and have full authority to enter into this Stipulation.

11. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

12. Each Party has reviewed the foregoing Stipulation and voluntarily enters herein, after adequate time for review and, at their discretion, consultation with counsel of their choice.

13. Each of the Parties irrevocably consents for all purposes of this Stipulation to the jurisdiction of the Court and agrees that venue is proper in the Court.

14. The Court shall have jurisdiction to resolve any and all disputes arising from or related to this Stipulation.

By and through their undersigned counsel, or by their authorized signatory, respectively, the Parties have stipulated and agreed as of the date set forth below.

Dated: March 9, 2026
      Wilmington, Delaware

                                  **COLE SCHOTZ P.C.**
                                  */s/ Melissa M. Hartlipp*
                                  Justin R. Alberto (No. 5126)
                                  Melissa M. Hartlipp (No. 7063)
                                  500 Delaware Avenue, Suite 600
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 652-3131
                                  jalberto@coleschotz.com
                                  mhartlipp@coleschotz.com

                                  -and-

                                  Seth Van Aalten (admitted *pro hac vice*)
                                  Sarah A. Carnes (admitted *pro hac vice*)
                                  1325 Avenue of the Americas, 19th Floor
                                  New York, NY 10019
                                  Telephone: (212) 752-8000
                                  svanaalten@coleschotz.com
                                  scarnes@coleschotz.com

                                  *Counsel to the Liquidation Trustee*
                                  *of the Zen JV Liquidation Trust*

Dated: March 9, 2026
      Guaynabo, Puerto Rico

                                          **BOLD HOLDINGS, LLC**
                                          */s/ Nelson Ortiz*
                                          Nelson Ortiz
                                          City View Plaza II, 48 Calle 165, Suite 6000
                                          Guaynabo, PR 00968
                                          nelson.ortiz@bold.com

                                          *Authorized Signatory for BOLD Holdings, LLC*

Dated: March 9, 2026
      Berkeley Heights, New Jersey

                                            **BLUEPAY PROCESSING, LLC**
                                            */s/ Tony Oricoli*
                                              Tony Oricoli
                                              100 Connell Dr
                                              Berkeley Heights, NJ 07922
                                              tony.oricoli@Fiserv.com

                                        *Authorized Signatory for BluePay Processing, LLC*