## **EXHIBIT 1**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 236** |

**STIPULATION REGARDING MAINTENANCE OF**
**BANK ACCOUNTS AND PAYMENT OBLIGATION**

This stipulation (the "Stipulation") is made by and between the Liquidation Trustee[2] in the above-captioned cases, and Sherrill-Lubinski, LLC and ETI-NET Inc. (collectively, including any permitted assignee, the "Buyer" and, together with the Liquidation Trustee, the "Parties"). The Parties have agreed to the terms and conditions set forth below regarding the maintenance of certain bank accounts and the Buyer's payment obligation in connection therewith:

**RECITALS**

**WHEREAS,** on June 24, 2025 (the "Petition Date"), Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under Title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS,** on July 28, 2025, the Court entered the Sale Order which approved the Debtors' entry into the APA and, among other things, approved the sale of certain of the Debtors'

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed in the Certification.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed in the *Certification of Counsel Regarding Stipulation Regarding Maintenance of Bank Accounts and Payment Obligation.*

Monster Government Solutions business assets to Buyer, including the assumption and assignment of certain executory contracts.

**WHEREAS,** the sale of certain of the Debtors' assets to Buyer pursuant to the APA closed on July 31, 2025 (the "Closing Date").

**WHEREAS,** certain Government Contract novations contemplated under Section 7.25 of the APA have not yet been completed, requiring the continued maintenance of certain bank accounts associated with the Monster Government Solutions business (the "Bank Accounts").

**WHEREAS,** Section 7.25(c) of the APA further provides that, until the transfer and novation of the Government Contracts have been completed, each Selling Entity shall promptly transfer any funds that have been received by or on behalf of any Selling Entity with respect to such Government Contracts to an account or accounts designated in writing by the Buyer.

**WHEREAS,** Section 7.11(e) of the APA provides that, following the Closing and until the transactions have been completed (including the novation of any Government Contracts), each Selling Entity is required to "maintain the legal existence and good standing of each Selling Entity and such Selling Entities' insurance policies, accounts, letters of credit and other arrangements with financial institutions" and to cooperate with the Buyer in consummating the transfer or replacement of the Selling Entities' accounts and other arrangements with financial institutions to the Buyer or its designees, and to transfer any funds received on a daily basis or as requested by the Buyer to an account designated by the Buyer.

**WHEREAS,** on October 7, 2025, the Court entered an order [Docket No. 429] confirming the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 408], dated October 3, 2025 (together with all exhibits, supplements, and amendments thereto, the "Plan"). The Plan became effective on October 14, 2025 (the "Plan Effective Date") [Docket No. 458]. On the Plan Effective Date, in accordance with the Plan and

2

Liquidation Trust Agreement (the "LTA"), the Liquidation Trustee was appointed as the Debtors' authorized representative for all purposes, with the power and authority to perform the acts described in the LTA in addition to any powers granted by law. *See* Plan Section IX.G.1.

**WHEREAS,** the estimated monthly costs associated with maintaining the Bank Accounts, including liquidation trust oversight, contractor costs for cash reporting and reconciliation, and bank fees, is approximately $30,000 per month.

**WHEREAS,** the Parties have engaged in good faith negotiations regarding the costs associated with maintaining the Bank Accounts and have agreed that the Buyer shall pay to the Liquidation Trust the sum of Thirty Thousand Dollars ($30,000) (the "Settlement Payment") in consideration for the Liquidation Trustee's continued maintenance of the Bank Accounts through July 31, 2026.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation.

2. The Parties acknowledge and agree that this Stipulation is subject to the approval of the Court. The Parties further acknowledge and agree that if this Stipulation is not approved in the form executed by the Parties: (a) the arrangement contemplated herein shall be null and void and of no effect; (b) nothing contained in this Stipulation shall be deemed an admission of liability or culpability on behalf of any Party; and (c) this Stipulation shall not be construed to support the validity of any claim, defense or contention made or asserted by or against any Party.

3. The Parties acknowledge and agree that, upon the Court's approval of this Stipulation (the "Effective Date"):

a. The Buyer shall pay the Settlement Payment to the Liquidation Trust by wire transfer within seven (7) business days after the Effective Date in accordance with the wire transfer instructions provided by the Liquidation Trustee;

b. The Liquidation Trustee shall maintain the Bank Accounts through July 31, 2026 and shall continue to cooperate with the Buyer in connection with the transfer or replacement of the Bank Accounts and the novation of the Government Contracts in accordance with Section 7.11(e) and Section 7.25 of the APA;

c. The Liquidation Trustee shall continue to transfer any funds received by or on behalf of the Liquidation Trust with respect to the Government Contracts to an account or accounts designated in writing by the Buyer, in accordance with Section 7.25(c) of the APA;

d. The Settlement Payment shall constitute full and complete satisfaction of any and all obligations of the Buyer to reimburse or compensate the Liquidation Trust for the costs of maintaining the Bank Accounts through July 31, 2026; and

e. Nothing in this Stipulation shall be construed to modify, amend, or supersede any other obligation of the Liquidation Trustee or the Buyer under the APA, Sale Order, Plan, or LTA, except as expressly set forth herein.

f. Notwithstanding the foregoing, the Parties may, by mutual written agreement (for which email shall suffice), extend the Liquidation Trustee's obligation to maintain the Bank Accounts beyond July 31, 2026, upon payment by the Buyer

4

of Thirty Thousand Dollars ($30,000) per month for each month (or partial month) of extension.

4.      This Stipulation contains the entire agreement between the Parties regarding the subject matter hereof and represents the Parties' mutual understandings with respect to the maintenance of the Bank Accounts and the Settlement Payment.

5.      This Stipulation will be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

6.      The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation.

7.      This Stipulation shall be effective and enforceable for all purposes immediately upon the Effective Date.

8.      The Parties each represent to the other that they have taken all actions necessary and have full authority to enter into this Stipulation.

9.      In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10.     Each Party has reviewed the foregoing Stipulation and voluntarily enters herein, after adequate time for review and, at their discretion, consultation with counsel of their choice.

11.     Each of the Parties irrevocably consents for all purposes of this Stipulation to the jurisdiction of the Court and agrees that venue is proper in the Court.

12.     The Court shall have jurisdiction to resolve any and all disputes arising from or related to this Stipulation.

By and through their undersigned counsel, or by their authorized signatory, respectively,

the Parties have stipulated and agreed as of the date set forth below.

Dated: July 8, 2026
      Wilmington, Delaware

           **COLE SCHOTZ P.C.**
           */s/ Melissa M. Hartlipp*
             Justin R. Alberto (No. 5126)
             Melissa M. Hartlipp (No. 7063)
             500 Delaware Avenue, Suite 600
             Wilmington, Delaware 19801
             Telephone: (302) 652-3131
             jalberto@coleschotz.com
             mhartlipp@coleschotz.com

             -and-

             Seth Van Aalten (admitted *pro hac vice*)
             Sarah A. Carnes (admitted *pro hac vice*)
             1325 Avenue of the Americas, 19th Floor
             New York, NY 10019
             Telephone: (212) 752-8000
             svanaalten@coleschotz.com
             scarnes@coleschotz.com

           *Counsel to the Liquidation Trustee*
           *of the Zen JV Liquidation Trust*

Dated: July 8, 2026
      Riverside, California

                                 **APPLY GOVERNMENT SOLUTIONS, LLC**

                                 */s/ Susan Fallon*_____
                                  Name: Susan Fallon
                                  Title: CEO of Apply Government Solutions, LLC
                                  871 Marlborough Ave, Suite 100
                                  Riverside, CA 92507

                                  *Authorized Signatory for*
                                  *Apply Government Solutions, LLC*

7