## Exhibit 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br><br>         Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered) |

**STIPULATION RELATED TO THE**
**WITHDRAWAL OF THE PROOF OF CLAIM OF THE CHUBB COMPANIES**

This stipulation (this "Stipulation") is made by and among the Liquidation Trustee[2] of the Liquidation Trust and ACE American Insurance Company, on its own behalf and on behalf of all its U.S.-based affiliates (collectively, the "Chubb Companies" and, together with the Liquidation Trustee, collectively, the "Parties"), by and through their respective undersigned counsel, regarding the withdrawal of the Proof of Claim (as defined herein).

**RECITALS**

**WHEREAS**, on June 24, 2025 (the "Petition Date"), Zen JV, LLC and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2]    Capitalized terms used but not defined herein shall have the meanings attributed to them in the Plan or the Confirmation Order, as applicable, each as defined herein.

**WHEREAS**, prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to one or more of the Debtors or their predecessors as named insureds or that may otherwise provide coverage to the Debtors;

**WHEREAS**, pursuant to certain Policies and any agreements related thereto (collectively, the "Insurance Program"), the Chubb Companies provide, *inter alia*, international advantage, accidental death and dismemberment, excess, directors' and officers' liability, errors and omissions liability, business and management indemnity, employment practices liability, employed lawyers professional liability, package, automobile liability, employment liability, fiduciary liability, general liability, property liability, umbrella, workers' compensation, accident liability, WorldNet, and certain other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein; and the insureds, including, if applicable, one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Insurance Program (collectively, the "Obligations");

**WHEREAS**, on August 12, 2025, the Court entered the *Order (I) Establishing a General Bar Date to File Proofs of Claim, (II) Establishing a Bar Date to File Proofs of Claim By Governmental Units, (III) Establishing a Rejection Damages Bar Date, (IV) Establishing an Amended Schedules Bar Date; (V) Approving the Form and Manner for Filing Proofs of Claim, (VI) Approving the Proposed Notices of Bar Dates, (VII) Approving Procedures With Respect to*

*Service of the Proposed Notice of Bar Dates, and (VIII) Granting Related Relief* [Doc. No. 298]

(the "Bar Date Order");

**WHEREAS**, on September 11, 2025, pursuant to the terms of the Bar Date Order, the Chubb Companies timely filed a single consolidated proof of claim, which was assigned Claim No. 56, against the Debtors on account of the Obligations (the "Original Proof of Claim");

**WHEREAS**, on September 12, 2025, the Chubb Companies amended the Original Proof of Claim, which was assigned Claim No. 60 (the "Amended Proof of Claim" and, together with the Original Proof of Claim, the "Proof of Claim");

**WHEREAS**, on October 7, 2025, the Court entered the *Findings of Fact, Conclusions of Law and Order (I) Approving the Adequacy of the Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation on a Final Basis and (II) Confirming the Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Doc. No. 429] (the "Confirmation Order"), confirming the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Doc. No. 408] (the "Plan");

**WHEREAS**, paragraph 31 of the Confirmation Order provides:

> Notwithstanding anything to the contrary in the Combined Plan and Disclosure Statement, this Confirmation Order, the Bar Date Order, any other bar date order or notice, any claim objection or notice of satisfaction of claims, or any other document related to any of the foregoing, or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction, discharge or release, confers Bankruptcy Court jurisdiction, or requires a party to opt out of any releases):
>
> (i) on the Effective Date, all insurance policies that have been issued at any time by ACE American Insurance Company and/or any of its U.S.-based affiliates and predecessors (collectively, and solely in their capacities as insurers of one or more of the Debtors, the "Chubb Companies") to (or providing coverage to) any of the Debtors or any

3

of their predecessors, and all agreements, documents or instruments related thereto (each as amended, modified or supplemented and including any exhibit or addenda thereto, collectively, the "Chubb Insurance Program") shall vest, unaltered and in their entireties in the Liquidation Trust, and shall continue in full force and effect thereafter in accordance with their respective terms and conditions;

(ii) on and after the Effective Date, the Liquidation Trust shall be liable in full for all of its and the Debtors' obligations under the Chubb Insurance Program, regardless of whether any such obligations arise or become due before, on, or after the Effective Date, and without the need or requirement for the Chubb Companies to file or serve an objection to any proposed Cure Amount or a request, application, claim, Proof of Claim, or motion for payment or allowance of any Administrative Expense Claim; provided that the Liquidation Trust shall have the right to dispute such obligations in accordance with the terms and conditions of the Chubb Insurance Program;

(iii) nothing shall permit or otherwise effectuate a sale, assignment or other transfer of the Chubb Insurance Program, any portion thereof, and/or any rights, benefits, claims, proceeds, rights to payment, or recoveries under and/or relating to the Chubb Insurance Program without the prior express written consent of the Chubb Companies or approval by an order of the Bankruptcy Court after notice and a hearing, provided further, the Chubb Companies' rights with regard to any such request are specifically preserved and reserved;

(iv) nothing alters or modifies the right and/or duty, if any, that the Chubb Companies have to pay claims covered by the Chubb Insurance Program and the Chubb Companies' right, if any, to seek payment or reimbursement from the Debtors (or after the Effective Date, the Liquidation Trust) with respect thereto; and

(v) from and after the Effective Date, the automatic stay of section 362(a) of the Bankruptcy Code and the injunctions set forth in Article XII of the Combined Plan and Disclosure Statement, if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, solely to the extent necessary to permit: (1) (A) claimants with valid workers' compensation claims or (B) direct action claims against the Chubb Companies under applicable non-bankruptcy law to proceed with their claims against the Chubb Companies and/or under the Chubb Insurance Program; (2) the Chubb Companies to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (A) workers' compensation claims, (B) claims

4

where a claimant asserts a direct claim against any of the Chubb Companies under applicable nonbankruptcy law, or an order has been entered by this Bankruptcy Court granting a claimant relief from the automatic stay and/or the injunctions set forth in Article XII of the Combined Plan and Disclosure Statement to proceed with its claim, and (C) all costs in relation to each of the foregoing; and (3) the Chubb Companies to cancel any part of the Chubb Insurance Program and take other actions relating to the Chubb Insurance Program (including effectuating a setoff and/or asserting any recoupment or subrogation rights or claims), to the extent permissible under applicable non-bankruptcy law and in accordance with the terms and conditions of Chubb Insurance Program.

**WHEREAS**, the Effective Date of the Plan occurred on October 14, 2025 [Doc. No. 458]; and

**WHEREAS**, based upon the treatment of the Insurance Program pursuant to paragraph 31 of the Confirmation Order and the Parties' agreements as set forth herein, the Parties hereby stipulate to the withdrawal of the Proof of Claim.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS ORDERED AS FOLLOWS**:

1.    The recitals set forth above are incorporated herein by this reference as though fully set forth herein.

2.    The Stipulated Withdrawal (as defined herein) shall be effective upon the date the order approving this Stipulation becomes a final, non-appealable order that is not subject to an appeal (the "Stipulation Effective Date").

3.    The Liquidation Trust shall treat any obligations under the Insurance Program in accordance with paragraph 31 of the Confirmation Order.

4.    Upon the Stipulation Effective Date, the Proof of Claim shall be deemed withdrawn based upon the treatment of the Insurance Program under paragraph 31 of the Confirmation Order (the "Stipulated Withdrawal").

5

5.     Subject to the occurrence of the Stipulation Effective Date, the clerk of the Court and the Debtors' claims and noticing agent are hereby authorized to reflect the Stipulated Withdrawal on the docket and claims register for the above-captioned bankruptcy case.

6.     Nothing herein is intended to or shall be deemed to waive, prejudice, release, impair amend, modify or otherwise alter the terms and conditions of the Plan, the Confirmation Order or the Insurance Program.

7.     This Stipulation may be executed in counterparts, each of which shall be deemed an original, and evidence of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

8.     This Stipulation shall be binding upon all successors and assigns of all of the Parties hereto.

9.     Each person who executes this Stipulation on behalf of a Party represents and warrants that he or she is duly authorized and has requisite authority to execute and deliver this Stipulation on behalf of such Party and to bind his or her respective Party to the terms and conditions of this Stipulation.

10.     All representations, warranties, inducements, and/or statements of intention made by the Parties that relate to this Stipulation are embodied in the Stipulation, and none of the Parties relied upon, will be bound by or will be liable for any alleged representation, warranty, inducement or statement of intention that is not expressly set forth in this Stipulation.

11.     This Stipulation constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

[*Signatures follow*]

6

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed as of the day and year written below.

Dated:  July 9, 2026

*/s/ Melissa M. Hartlipp*

COLE SCHOTZ P.C.
Justin R. Alberto (DE 5126
Melissa M. Hartlipp (DE 7063)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Email: jalberto@coleschotz.com
   mhartlipp@coleschotz.com

-and-

Sarah A. Carnes (admitted pro hac vice)
Jonathan R. Friedman (admitted pro hac vice)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Email: scarnes@coleschotz.com
   jfriedman@coleschotz.com

*Counsel for the Liquidation Trustee*
*of the Zen JV Liquidation Trust*

*/s/ Drew S. McGehrin*

DUANE MORRIS LLP
Drew S. McGehrin, Esquire (DE 6508)
1201 North Market St., Suite 501
Wilmington, DE 19801
Telephone: (302) 657-4900
Email: DSMcGehrin@duanemorris.com

-and-

Wendy M. Simkulak, Esquire
Catherine B. Heitzenrater, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Email: wmsimkulak@duanemorris.com
   cbheitzenrater@duanemorris.com

-and-

Jessica Kenney Bonteque, Esquire
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, New York 10017-4669
Telephone: (212) 471-1875

Email: JBonteque@duanemorris.com

*Counsel for the Chubb Companies*