## EXHIBIT 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZEN JV, LLC, *et al.*,[1]<br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-11195 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 235, 236, 266, 269 & 501** |

**STIPULATION REGARDING THE ASSUMPTION AND ASSIGNMENT
OF ORACLE AGREEMENTS TO MCB PUERTO RICO LLC
AND RESOLUTION OF ORACLE ADMINISTRATIVE CLAIM**

This stipulation (the "Stipulation") is made by and between Steven Balasiano, solely in his capacity as the Liquidation Trustee (the "Liquidation Trustee") of the Zen JV Liquidation Trust (the "Liquidation Trust"), MCB Puerto Rico LLC ("MCB Puerto Rico"), as designee of the Job Board Buyer,[2] and Oracle America, Inc. ("Oracle" and together with the Liquidation Trustee and MCB Puerto Rico, the "Parties"). The Parties have agreed to the assumption and assignment of the certain Oracle Agreements to MCB Puerto Rico, on the terms and conditions set forth below:

**RECITALS**

**WHEREAS,** on June 24, 2025 (the "Petition Date"), Zen JV, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508). The Debtors' address is 200 N LaSalle Street #900, Chicago, IL 60601.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the *Certification of Counsel Regarding Stipulation Regarding the Assumption and Assignment of Oracle Agreements to MCB Puerto Rico LLC and Resolution of Oracle Administrative Claim* filed herewith.

District of Delaware (the "Court") under Title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS,** on July 28, 2025, the Court entered the Job Board Sale Order which approved the Debtors' entry into the Job Board APA and, among other things, approved the assumption and assignment of certain of the Debtors' executory contracts to the Job Board Buyer in connection with the sale of certain of the Debtors' assets thereunder.

**WHEREAS,** on August 1, 2025, the Debtors filed the Notice of Job Board Sale Closing which provided notice that the Job Board APA closed on July 31, 2025 (the "Closing Date").

**WHEREAS,** on October 7, 2025, the Court entered an order [Docket No. 429] confirming the Plan.  The Plan became effective on October 14, 2025 (the "Plan Effective Date") [Docket No. 458].  On the Plan Effective Date, in accordance with the Plan and Liquidation Trust Agreement (the "LTA"), the Liquidation Trustee was appointed as the Debtors' authorized representative for all purposes, with the power and authority to perform the acts described in the LTA in addition to any powers granted by law.  *See* Plan Section IX.G.1

**WHEREAS,** prior to the Petition Date, Oracle America, Inc. ("Oracle") and the Debtors were parties to several agreements related to Oracle's licenses, products and services (the "Oracle Agreements").

**WHEREAS,** pursuant to paragraph 24 of the Job Board Sale Order, no Oracle Agreements would be assumed and/or assigned unless and until certain conditions are met, including Oracle's prior written consent and the execution of mutually agreeable assignment documentation.

**WHEREAS**, on September 11, 2025, Oracle filed proof of claim no. 26 against the Debtors' Estates asserting a general unsecured claim in the amount of $503,712.61 ("Claim 26").

**WHEREAS,** on November 13, 2025, Oracle filed the Oracle Administrative Claim seeking allowance of and payment of an administrative claim in the amount of $573,711.42.  That

2

same day, Oracle also filed a corresponding proof of claim no. 95 against the Debtors' estates asserting an administrative claim in the amount of $573,711.42 ("Claim 95").

**WHEREAS,** Oracle, MCB Puerto Rico and the Liquidation Trustee, on behalf of Monster Worldwide Inc. ("Monster Worldwide"), have executed those two certain revised assignment agreements, each dated as of June 24, 2026 (collectively, the "BOLD Assignment Documents"), pursuant to which Monster Worldwide will convey and assign to MCB Puerto Rico, and MCB Puerto Rico will accept, certain Oracle licenses and other Oracle Agreements (such licenses and other Oracle Agreements, the "BOLD Oracle Agreements"), subject to the terms thereof.

**WHEREAS,** On May 27, 2026, MCB Puerto Rico made a payment to Oracle in the amount of $688,585.97 (the "BOLD Payment") as consideration for the assignment of the BOLD Oracle Agreements and the agreements contained in this Stipulation, as further provided herein.

**WHEREAS,** the Parties have engaged in good faith negotiations and agreed to (i) the assumption and assignment of the BOLD Oracle Agreements, subject to certain agreed modifications set forth in the BOLD Assignment Documents, to MCB Puerto Rico effective as of the Closing Date and (ii) the resolution of the Oracle Administrative Claim and satisfaction of other amounts due to Oracle.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      The foregoing recitals are hereby incorporated by reference into this Stipulation.

2.      The Parties acknowledge and agree that this Stipulation is subject to the approval of the Court.  The Parties further acknowledge and agree that if this Stipulation is not approved in

3

the form executed by the Parties: (a) the arrangement contemplated herein shall be null and void and of no effect; (b) nothing contained in this Stipulation shall be deemed an admission of liability or culpability on behalf of any Party; and (c) this Stipulation shall not be construed to support the validity of any claim, defense or contention made or asserted by or against any Party.

3.　　　The Parties acknowledge and agree that, upon the Court's approval of this Stipulation (the "Effective Date"):

a. The BOLD Oracle Agreements, subject to the modifications set forth in the BOLD Assignment Documents, the terms of which are incorporated herein by reference, are assumed and assigned by the Debtors to MCB Puerto Rico effective as of the Closing Date;

b. The Job Board APA and any and all schedules or lists attached or related thereto regarding assumed and assigned contracts among and between the Debtors and the Job Board Buyer are deemed amended to include the BOLD Oracle Agreements;

c. The BOLD Payment shall be deemed to be full and final satisfaction of any and all outstanding costs or obligations due on account of the BOLD Oracle Agreements or the assumption and assignment thereof for any time period prior to and including June 30, 2026, including any Cure Payments (as defined in the Job Board APA);

d. The Liquidation Trust will, within 30 days of the Effective Date, make a payment to Oracle in the amount of $80,000 (the "Estate Payment"), which payment, together with the BOLD Payment, shall be deemed to be full and final satisfaction of any and all outstanding costs or obligations of the Job Board Buyer, MCB Puerto Rico, the Debtors, their estates, or the Liquidation Trust due

4

on account of the Oracle Agreements or the assumption and assignment thereof for any time period prior to and including June 30, 2026, including any Cure Payments (as defined in the Job Board APA) and including the Oracle Administrative Claim;

e.  The Oracle Administrative Claim, Claim 26, and Claim 95 will be deemed satisfied and withdrawn, subject to Oracle's receipt of the BOLD Payment and the Estate Payment; and

f.  Each of the Parties, the Debtors, their estates, and the Liquidation Trust and any and all of their current, former and future affiliates, subsidiaries, officers, directors, managers, members, equity holders, partners, principals, employees, representatives, agents and assigns shall release each other Party, the Debtors, their estates, and the Liquidation Trust from any and all obligations, claims and causes of action, arising under the Oracle Agreements prior to the Effective Date; provided that the releases contained in this Section 3(f) in favor of the Debtors and their estates shall be contingent on and effective as of the date of Oracle's receipt of the Estate Payment.

4.      This Stipulation contains the entire agreement between the Parties and represents the Parties' mutual understandings.

5.      This Stipulation will be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

6.      The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation.

7.      This Stipulation shall be effective and enforceable for all purposes immediately upon the Effective Date.

8. The Parties each represent to the other that they have taken all actions necessary and have full authority to enter into this Stipulation.

9. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10. Each Party has reviewed the foregoing Stipulation and voluntarily enters herein, after adequate time for review and, at their discretion, consultation with counsel of their choice.

11. Each of the Parties irrevocably consents for all purposes of this Stipulation to the jurisdiction of the Court and agrees that venue is proper in the Court.

12. The Court shall have jurisdiction to resolve any and all disputes arising from or related to this Stipulation.

By and through their undersigned counsel, or by their authorized signatory, respectively, the Parties have stipulated and agreed as of the date set forth below.

Dated: August 12, 2026
      Wilmington, Delaware

                    **COLE SCHOTZ P.C.**
                    */s/ Melissa M. Hartlipp*
                      Justin R. Alberto (No. 5126)
                      Melissa M. Hartlipp (No. 7063)
                      500 Delaware Avenue, Suite 600
                      Wilmington, Delaware 19801
                      Telephone: (302) 652-3131
                      jalberto@coleschotz.com
                      mhartlipp@coleschotz.com

                      -and-

                      Seth Van Aalten (admitted *pro hac vice*)
                      Sarah A. Carnes (admitted *pro hac vice*)
                      1325 Avenue of the Americas, 19th Floor
                      New York, NY 10019
                      Telephone: (212) 752-8000
                      svanaalten@coleschotz.com
                      scarnes@coleschotz.com

                      *Counsel to the Liquidation Trustee*
                      *of the Zen JV Liquidation Trust*

Dated: August 12, 2026
Guaynabo, Puerto Rico

**MCB PUERTO RICO LLC**
*/s/ Nelson Ortiz*
Nelson Ortiz
City View Plaza II, 48 Calle 165, Suite 6000
Guaynabo, PR 00968
nelson.ortiz@bold.com

*Authorized Signatory for MCB Puerto Rico LLC*

8

Dated: August 12, 2026
      Wilmington, Delaware

                                       **ORACLE AMERICA, INC.**

                                       */s/ James E. Huggett*
                                       James E. Huggett, Esq. (#3956)
                                       Margolis Edelstein
                                       300 Delaware Avenue, Suite 800
                                       Wilmington, Delaware 19801
                                       Telephone: (302) 888-1112
                                       E-mail: jhuggett@margolisedelstein.com

                                       *Counsel to Oracle America, Inc.*

9