**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZEN JV, LLC, *et al.*,[1] | Case No. 25-11195 (JKS) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: November 19, 2026 at 11:00 a.m. (ET)**<br>**Objection Deadline: October 22, 2026 at 4:00 p.m. (ET)** |

**LIQUIDATION TRUSTEE'S SECOND MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE OBJECTIONS TO CLAIMS**

Steven Balasiano, solely in his capacity as the liquidation trustee (the "Liquidation Trustee")[2] of the Zen JV Liquidation Trust, hereby submits this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the Claims Objection Deadline (as defined below) by 180 days from October 12, 2026, through and including April 12, 2027. In support of the Motion, the Liquidation Trustee respectfully states as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number (to the extent applicable), are: Zen JV, LLC (0225); Monster Worldwide LLC (6555); FastWeb, LLC; Monster Government Solutions, LLC (5762); Camaro Acquisition, LLC; CareerBuilder, LLC (6495); CareerBuilder Government Solutions, LLC (6426); Luceo Solutions, LLC (4426); CareerBuilder France Holding, LLC (9339); and Military Advantage, LLC (9508).

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the Plan (as defined below).

(the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Liquidation Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-1.

**Background**

4. On June 24, 2025, Zen JV, LLC and its affiliated debtors (collectively, the "Debtors") in these Chapter 11 Cases each commenced a voluntary case under chapter 11 of the Bankruptcy Code with the Court.

5. On October 7, 2025, the Court entered the *Findings of Fact, Conclusions of Law and Order (I) Approving the Adequacy of the Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation on a Final Basis and (II) Confirming the Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 429] (the "Confirmation Order") confirming the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 408] (as amended, the "Plan"). The Plan became effective on October 14, 2025 (the "Effective Date"). *See* Docket No. 458.

6. On the Effective Date, the Zen JV Liquidation Trust (the "Trust") was established and Steven Balasiano was appointed as the Liquidation Trustee. *See* Confirmation Order ¶ 9; Plan Arts. IX.A, G.1.

7. Article X.C of the Plan provides:

> The Liquidation Trustee (subject to the limitations set forth in Article IX.G.1 hereof), and any other party in interest to the extent permitted pursuant to section 502(a) of the Bankruptcy Code, shall file and serve any objection to any Claims, including Administrative Expense Claims, no later than the Claims Objection Deadline; *provided*, *however,* the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by the Liquidation Trustee.

Plan Art. X.C.[3]

8. The Plan defines the Claims Objection Deadline as "the first Business Day that is 180 calendar days after the Effective Date or such later date as may be approved by Order of the Bankruptcy Court upon motion of the Liquidation Trustee on behalf of the Liquidation Trust" (the "Claims Objection Deadline"). *See* Plan Art. II.A.34. Accordingly, the initial Claims Objection Deadline was April 13, 2026.

9. On April 8, 2026, the Liquidation Trustee filed the *Liquidation Trustee's Motion for Entry of an Order Extending the Time to File Objections to Claims* [Docket No. 576] (the "First Extension Motion") seeking to extend the Claims Objection Deadline to October 12, 2026, which was approved on April 23, 2026 [Docket No. 591].

## Relief Requested

10. By this Motion, the Liquidation Trustee requests an extension of the Claims Objection Deadline through and including April 12, 2027 (*i.e.*, the first Business Day after 180

3 The "limitations set forth in Article IX.G.1" referenced in Article X.C. of the Plan refer to certain consent rights of the Prepetition Notes Secured Parties with respect to "(i) commencing or settling any litigation related to the Prepetition Notes Reserve or (ii) objecting, either formally or informally, to any Professional Fee Claim of any Professional," which are not applicable to this Motion.

days from the current deadline) without prejudice to the right of the Liquidation Trustee or any other party in interest to seek further extensions of the Claims Objection Deadline.[4]

**Basis for Relief**

11. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that a court may extend the time to act under the Bankruptcy Rules "or a court order require[ing] or allow[ing] an act to be performed at or within a specified period . . . if . . . with or without motion or notice, a request to extend is made before the period . . . expires." *See* FED. R. BANKR. P. 9006(b)(1).

13. As of the date hereof, approximately 275 Claims asserting over $200 million in liabilities have been filed against the Debtors' estates in these Chapter 11 Cases. Further, three (3) claimants have also filed motions with the Court asserting Administrative Expense Claims (*see* Docket Nos. 500, 501, and 502), two of which have been resolved consensually (*see* Docket Nos. 589 and 615), and one of which is subject to an objection (*see* Docket No. 594) that the parties are discussing resolving consensually. Since filing the First Extension Motion, the Liquidation Trustee has continued his review and reconciliation of Claims filed in these Chapter 11 Cases, and absent resolution with certain claimants, expects to file objections to certain Claims shortly. While the Liquidation Trustee has reconciled and resolved certain of the Claims, he requires additional time to review and, if necessary, object to Claims. Accordingly, the Liquidation Trustee requests an extension of the Claims Objection Deadline through and including April 12, 2027.

---

4 Pursuant to Local Rule 9006-2, the Claims Objection Deadline is automatically extended until the Court acts on this Motion.

**Notice**

14. Notice of this Motion shall be provided to: (i) the U.S. Trustee, (ii) any holder of an Administrative Expense Claim that is subject to a pending motion filed with the Court, and (iii) all parties entitled to notice under Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Liquidation Trustee submits that, in light of the nature of the Motion, no other or further notice need be given.

**Conclusion**

**WHEREFORE,** the Liquidation Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) extending the Claims Objection Deadline through and including April 12, 2027 and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: October 8, 2026
Wilmington, Delaware

**COLE SCHOTZ P.C.**
*/s/ Melissa M. Hartlipp*
Justin R. Alberto (No. 5126)
Melissa M. Hartlipp (No. 7063)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-3131
jalberto@coleschotz.com
mhartlipp@coleschotz.com

-and-

Sarah A. Carnes (admitted *pro hac vice*)
Jonathan R. Friedman (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
scarnes@coleschotz.com
jfriedman@coleschotz.com

*Counsel to the Liquidation Trustee of the Zen JV Liquidation Trust*